CLOSED,APPEAL,LC4,MJLC3

# U.S. District Court
# DISTRICT OF KANSAS (Kansas City)
# CIVIL DOCKET FOR CASE #: 2:25−cv−02199−JWB−TJJ

Lawson v. Godderz et al
Assigned to: Chief District Judge John W. Broomes
Referred to: Magistrate Judge Teresa J James
Case in other court: 10CCA, 25−03198
10CCA, 26−03217
Cause: 42:1983 Civil Rights Act

Date Filed: 04/14/2025
Date Terminated: 10/29/2025
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Angeliina Lynn Lawson**

represented by **Angeliina Lynn Lawson**
1914 5th Avenue
Leavenworth, KS 66048
913−972−1661
Email: angeliinacourtrecords@gmail.com
PRO SE
*Bar Number:*
*Bar Status:*

V.

**Defendant**

**Eric W. Godderz**
*District Judge, Anderson County District Court; in his individual and official capacity*

**Defendant**

**Anderson County District Court**
*Anderson County, Kansas*
***TERMINATED: 04/18/2025***

**Defendant**

**Kansas, State of**

**Defendant**

**Taylor J. Wine**
*District Chief Judge, Anderson County District Court; in his individual and official capacity*

**Defendant**

**John Bryant**
*District Judge, Leavenworth County*

*District Court; in his individual and official capacity*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 04/14/2025 | 1 | COMPLAINT (No Summons Issued) with trial location of Kansas City, filed by Angeliina Lynn Lawson. (Attachments: # 1 Notice of Addresses for Service Purposes) (jsh) (Entered: 04/15/2025) |
| 04/14/2025 | 2 | CIVIL COVER SHEET re 1 Complaint by Plaintiff Angeliina Lynn Lawson. (jsh) (Entered: 04/15/2025) |
| 04/14/2025 | 3 | DESIGNATION OF PLACE OF TRIAL and DEMAND FOR TRIAL BY JURY filed by Plaintiff Angeliina Lynn Lawson − trial to be held in Kansas City. (jsh) (Entered: 04/15/2025) |
| 04/14/2025 | 4 | MOTION for Leave to Proceed in forma pauperis (titled "Application to Proceed in District Court without Prepaying Fees or Costs" − Form AO 240) by Plaintiff Angeliina Lynn Lawson (referred to Magistrate Judge Angel D. Mitchell).<br><br>**NOTE − Access to document is restricted pursuant to the courts privacy policy.** (jsh) (Entered: 04/15/2025) |
| 04/15/2025 | | NOTICE OF JUDGE ASSIGNMENT: Case assigned to District Judge Toby Crouse and Magistrate Judge Angel D. Mitchell for all proceedings. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)<br><br>**NOTICE OF MAGISTRATE JUDGE AVAILABILITY: A United States magistrate judge is available to conduct all proceedings in this civil action if all parties voluntarily consent. Information & consent forms are available at https://www.uscourts.gov/file/459/download (jsh) (Entered: 04/15/2025)** |
| 04/17/2025 | 5 | NOTICE OF RECEIPT. Resolution of Lawson's imperfect request for temporary injunctive relief will await the Magistrate Judge's screening of Lawson's Complaint. Should the Magistrate Judge recommend dismissal, Lawson will be permitted to respond accordingly. Signed by District Judge Toby Crouse on 4/17/2025. (Attachments: # 1 Verified Declaration)(kas) (Entered: 04/17/2025) |
| 04/18/2025 | 6 | NOTICE OF RECEIPT. Consideration of Lawson's submissions will await the Magistrate Judge's screening of Lawson's Complaint. Signed by District Judge Toby Crouse on 4/17/2025. (Attachments: # 1 Attachment 1, # 2 Attachment 2)(kas) (Entered: 04/18/2025) |
| 04/18/2025 | 7 | NOTICE OF VOLUNTARY DISMISSAL of Defendant Anderson County Fourth District Court by Angeliina Lynn Lawson. (kas) (Entered: 04/18/2025) |
| 04/18/2025 | 8 | NOTICE of Lack of Access to State Courts and Supplement to Federal Claims by Angeliina Lynn Lawson. (Attachments: # 1 Requests)(kas) (Entered: 04/21/2025) |
| 04/20/2025 | 9 | FIRST AMENDED COMPLAINT against John Bryant, Eric W. Godderz, Kansas, State of, Taylor J. Wine, filed by Angeliina Lynn Lawson.(kas) (Entered: 04/21/2025) |
| 04/21/2025 | 10 | |

| | | |
|---|---|---|
| | | MOTION for Leave to Amend Complaint and Preserve Pending Filings by Plaintiff Angeliina Lynn Lawson. (referred to Magistrate Judge Angel D. Mitchell) (Attachments: # 1 Memorandum of Legal Theory)(kas) (Entered: 04/21/2025) |
| 04/21/2025 | 11 | ORDER REASSIGNING CASE: Case reassigned to Magistrate Judge Teresa J. James for all further proceedings. Magistrate Judge Angel D. Mitchell no longer assigned to case. Signed by Magistrate Judge Angel D. Mitchell on 4/21/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(alh) (Entered: 04/21/2025) |
| 04/21/2025 | 12 | Supplemental Notice of Judicial Interference, Discovery Supression, and Retaliatory Quashing of Subpoenas by Angeliina Lynn Lawson. (Attachments: # 1 Declaration of Authenticity, # 2 Index of Exhibits, # 3 Ex A, # 4 Ex B, # 5 Ex C, # 6 Ex D, # 7 Ex E)(kas) (Entered: 04/22/2025) |
| 04/25/2025 | 13 | SUPPLEMENT (titled "Supplemental in Support of TRO and Updated Allegations of Retaliatory Obstruction") re [5−1] by Plaintiff Angeliina Lynn Lawson. (Attachments: # 1 Addendum to Exhibits, # 2 Ex F, # 3 Ex G)(kas) (Entered: 04/25/2025) |
| 04/28/2025 | 14 | Supplemental Notice of Exhaustion of Administrative Remedies for TRO by Angeliina Lynn Lawson. (Attachments: # 1 Ex H)(kas) (Entered: 04/28/2025) |
| 04/28/2025 | 15 | Supplemental Petition for Writ of Habeas Corpus and Request for Emergency Relief by Plaintiff Angeliina Lynn Lawson. (kas) (Entered: 04/29/2025) |
| 05/07/2025 | 16 | ORDER REASSIGNING CASE: Case reassigned to District Judge John W. Broomes for all further proceedings. District Judge Toby Crouse no longer assigned to case. Signed by District Judge Toby Crouse on 5/7/25. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(ta) (Entered: 05/07/2025) |
| 05/12/2025 | 17 | MOTION to Expedite (titled: Motion to Expedite Screening and Temporary Restraining Order Determination) by Plaintiff Angeliina Lynn Lawson. (referred to Magistrate Judge Teresa J. James) (jal) (Entered: 05/12/2025) |
| 05/13/2025 | 18 | ORDER denying as moot 10 Plaintiff's Motion for Leave to File First Amended Complaint and Preserve Pending Filings. Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff is permitted to file her First Amended Complaint as a matter of course and leave of Court is not required. Additionally, Plaintiff has already filed her 9 First Amended Complaint. Signed by Magistrate Judge Teresa J. James on 5/13/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 05/13/2025) |
| 05/13/2025 | 19 | ORDER granting 4 Motion for Leave to Proceed in forma pauperis, but withholding service of summons and the Complaint pending review. Signed by Magistrate Judge Teresa J. James on 5/13/2025. (kf) (Entered: 05/13/2025) |
| 06/20/2025 | 20 | REPORT AND RECOMMENDATIONS re 9 Amended Complaint. Objections to R&R due by 7/7/2025. Signed by Magistrate Judge Teresa J. James on 6/20/2025. Mailed to pro se party by regular mail. (kf) (Entered: 06/20/2025) |
| 06/24/2025 | 21 | OBJECTIONS to 20 Report and Recommendation by Plaintiff Angeliina Lynn Lawson. (mam) (Entered: 06/24/2025) |
| 07/14/2025 | 22 | NOTICE OF FRAUD UPON THE COURT AND PRESERVATION OF RULE 60(b)(3) RELIEF by Angeliina Lynn Lawson. (ca) (Entered: 07/15/2025) |

| | | |
|---|---|---|
| 07/25/2025 | 23 | (STRICKEN per 26 ) −− SUPPLEMENTAL Pleadings Under Fed. R. Civ. P. 15(d) by Plaintiff Angeliina Lynn Lawson. (sz) Modified on 8/29/2025 to corrected docket text to match document. (kas) Modified on 9/7/2025, see 26 . (mam) (Entered: 07/28/2025) |
| 08/22/2025 | 24 | MOTION for Protective Reassignment by Plaintiff Angeliina Lynn Lawson. (sz) (Entered: 08/25/2025) |
| 08/25/2025 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 24 MOTION for Protective Reassignment. The motion will be resolved by the District Judge. (kf)** (Entered: 08/25/2025) |
| 08/25/2025 | 25 | NOTICE REGARDING JUDICIAL COMPLAINT AND RENEWED REQUEST FOR PROTECTIVE REASSIGNMENT UNDER 28 USC 292(b) by Plaintiff Angeliina Lynn Lawson. (referred to Magistrate Judge Teresa J. James) (sz) (Entered: 08/26/2025) |
| 08/29/2025 | 26 | ORDER Striking 23 Plaintiff's Supplemental Pleading Under Fed. R. Civ. P. 15(d). Signed by Magistrate Judge Teresa J. James on 8/29/2025. (kf) (Entered: 08/29/2025) |
| 08/29/2025 | 27 | SUPPLEMENT to 24 Motion for Protective Reassignment by Plaintiff Angeliina Lynn Lawson. (sz) (Entered: 08/29/2025) |
| 08/29/2025 | 28 | MOTION to Vacate Striking of Supplemental Pleading (Doc. 26 ) AND REQUEST for Reinstatement by Plaintiff Angeliina Lynn Lawson. (sz) (Entered: 08/29/2025) |
| 09/26/2025 | 29 | MOTION for Certificate of Appealability by Plaintiff Angeliina Lynn Lawson. (ca) (Entered: 09/26/2025) |
| 10/02/2025 | 30 | NOTICE of JUDICIAL PARALYSIS, CONSTRUCTIVE DENIAL OF RELIEF, AND INTENT TO ESCALATE TO THE TENTH CIRCUIT UNDER 28 U.S.C. §§ 1291, 1292(b), AND 1651 by Angeliina Lynn Lawson. (mls) (Entered: 10/03/2025) |
| 10/06/2025 | 31 | MOTION to Show Cause Why This Case Has Not Been Ruled Upon and To Compel Action on Pending Emergency Relief by Plaintiff Angeliina Lynn Lawson (referred to Magistrate Judge Teresa J. James). (mls) (Entered: 10/06/2025) |
| 10/29/2025 | 32 | JUDICIAL NOTICE OF BREACH OF OATH, STRUCTURAL INTERFERENCE, AND REQUEST TO ENFORCE JUDICIAL INDEPENDENCE AND ADA ACCESS by Angeliina Lynn Lawson. (mls) (Entered: 10/29/2025) |
| 10/29/2025 | 33 | MEMORANDUM AND ORDER: Plaintiff's motions are DENIED (Docs. 24, 28) and the court ADOPTS the R&R (Doc. 20) and DISMISSES the instant action. Plaintiff's remaining pending motions (Docs. 29, 31) are DENIED AS MOOT. Signed by Chief District Judge John W. Broomes on October 29, 2025. (mls) (Entered: 10/29/2025) |
| 10/29/2025 | 34 | JUDGMENT: Pursuant to the Memorandum and Order filed October 29, 2025, the court ADOPTS the R&R (Doc. 20) and DISMISSES the instant action. Signed by deputy clerk on October 29, 2025. (mls) (Entered: 10/29/2025) |
| 10/29/2025 | 35 | NOTICE OF APPEAL as to 33 Memorandum and Order and 34 Judgment by Plaintiff Angeliina Lynn Lawson. (mls) (Entered: 10/30/2025) |
| 10/30/2025 | | APPEAL FEE STATUS: filing fee not paid re: Notice of Appeal 35 on behalf of Plaintiff Angeliina Lynn Lawson. Filer granted IFP status on 5/13/2025. (THIS IS A TEXT ONLY ENTRY−NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (mls) (Entered: 10/30/2025) |

| | | |
|---|---|---|
| 10/30/2025 | 36 | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re 35 Notice of Appeal (Attachments: # 1 Preliminary Packet). (mls) (Entered: 10/30/2025) |
| 10/31/2025 | 37 | APPEAL DOCKETED in 10CCA on 10/30/2025 and assigned Appeal No. 25−3198 re 35 Notice of Appeal − Final Judgment filed by Angeliina Lynn Lawson. (mls) (Entered: 10/31/2025) |
| 11/03/2025 | 38 | RECORD ON APPEAL retrieved by 10CCA re 35 Notice of Appeal. (Appeal No. 25−3198) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mls) (Entered: 11/03/2025) |
| 11/06/2025 | 39 | TRANSCRIPT ORDER FORM: No Transcript Required filed by Angeliina Lynn Lawson re 35 Notice of Appeal. (mls) (Entered: 11/06/2025) |
| 08/25/2026 | 40 | MOTION for Relief from Judgment Under Fed. R. Civ. P. 60 by Plaintiff Angeliina Lynn Lawson. (Attachments: # 1 Exhibit List, # 2 Ex A, # 3 Ex B, # 4 Ex C, # 5 Ex D, # 6 Ex E, # 7 Ex F, # 8 Ex G, # 9 Ex H, # 10 Ex I, # 11 Ex J, # 12 Ex K)(kgs) (Entered: 08/25/2026) |
| 08/25/2026 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 40 MOTION for Relief from Judgment. The motion will be resolved by the District Judge.(kf)** (Entered: 08/25/2026) |
| 08/26/2026 | 41 | APPEAL MANDATE from 10CCA: affirming judgment of the District Court. (Appeal No. 25−3198) (Attachments: # 1 Transmittal Letter)(kgs) (Entered: 08/26/2026) |
| 09/22/2026 | 42 | ORDER: Before the court is Plaintiff's motion for relief from judgment under Fed. R. Civ. P. 60(b). (Doc. 40.) The court previously dismissed this action and the Tenth Circuit affirmed. (Docs. 33, 34, 41.) Upon reviewing Plaintiff's motion, she effectively seeks to reopen a final, affirmed judgment so that she may file a supplemental pleading. Rule 60(b) is not a mechanism for circumventing an adverse judgment that has been affirmed on appeal under the circumstance Plaintiff seeks. Plaintiff's motion (Doc. 40) is DENIED Entered by Chief District Judge John W. Broomes on 09/22/2026. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (jmr) (Entered: 09/22/2026) |
| 09/24/2026 | 43 | Motion to Alter or Amend Order 42 and Memorandum in Support by Plaintiff Angeliina Lynn Lawson. (sz) (Entered: 09/25/2026) |
| 09/28/2026 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 43 MOTION for Reconsideration re 42 Order on Motion for Relief. The motion will be resolved by the District Judge.(kf)** (Entered: 09/28/2026) |
| 10/08/2026 | 44 | Before the court is Plaintiff's motion to alter or amend under Fed. R. Civ. P. 59(e). (Doc. 43.) The court already dismissed this action and was affirmed by the Tenth Circuit. (Docs. 33, 34, 41.) The court then denied Plaintiff's motion for relief from judgment under Rule 60(b). (Docs. 40, 42.) To the extent Plaintiff seeks to alter or amend the judgment, her motion is untimely: a Rule 59(e) motion must be filed no later than 28 days after entry of the judgment, and judgment was entered on October 29, 2025 (Doc. 34), nearly a year ago. To the extent Plaintiff seeks reconsideration of the order denying Rule 60(b) relief (Doc. 42), she argues nearly identical grounds to those raised in her Rule 60 motion. (Doc. 40.) Again, she identifies no basis for relief and the court finds none. Plaintiff's motion (Doc. 43) is DENIED. Plaintiff remains free to appeal, but this case is over at this level. Any future motion seeking the same |

| | | |
|---|---|---|
| | | relief will be summarily denied, and the court will consider sanctions and filing restrictions if Plaintiff continues to file such motions. Signed by Chief District Judge John W. Broomes on 10/8/26. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs) (Entered: 10/08/2026) |
| 10/08/2026 | 45 | NOTICE OF APPEAL as to 44 Order on Motion for Reconsideration, 42 Order on Motion for Relief by Plaintiff Angeliina Lynn Lawson. (smh) (Entered: 10/09/2026) |
| 10/09/2026 | | APPEAL FEE STATUS: filing fee not paid re: 45 Notice of Appeal on behalf of Plaintiff Angeliina Lynn Lawson. Filer granted IFP status on 5/13/2025. (THIS IS A TEXT ONLY ENTRY−NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (smh) (Entered: 10/09/2026) |
| 10/09/2026 | 46 | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re 45 Notice of Appeal. (Attachments: # 1 Preliminary Packet) (smh) (Entered: 10/09/2026) |
| 10/13/2026 | 47 | APPEAL DOCKETED in 10CCA on 10/09/2026 and assigned Appeal No. 26−3217 re 45 Notice of Appeal filed by Angeliina Lynn Lawson. (smh) (Entered: 10/13/2026) |

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**Civil Court, Kansas City, KS** **2:25-cv-02199-TC-ADM**

**ANGELIINA LYNN LAWSON**, Plaintiff,
vs.
**HON. ERIC W. GODDERZ (in his individual and official capacity), ANDERSON COUNTY DISTRICT COURT, STATE OF KANSAS**, Defendants.

Case No: ________________

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C. §1983 AND THE AMERICANS WITH DISABILITIES ACT (ADA) TITLE II**

## PRELIMINARY STATEMENT

1. This is a civil rights and disability rights action seeking dual-track relief:

(1) declaratory and injunctive relief to stop ongoing constitutional violations; and

(2) compensatory and punitive damages through a jury trial for past harms caused by the Defendants' misconduct. Plaintiff asserts violations of the First, Fifth, and Fourteenth Amendments, as well as Title II of the ADA.

2. The Defendants' conduct has included retaliation, denial of accommodations, misuse of judicial discretion, defamation, and unlawful diversion of support payments, all resulting in loss of parental rights, financial damage, and emotional injury.

3. Plaintiff is indigent and submits a Poverty Affidavit in support of fee waiver.

4. She further requests the Clerk of Court to issue all necessary summonses on her behalf and that the Court enter emergency injunctive relief to prevent irreparable harm.

## FACTUAL ALLEGATIONS

5. Anderson County District Court is the only court that has ever held jurisdiction over Plaintiff's divorce, custody, and support matters.
6. Neither the Plaintiff, her son, nor the opposing party reside in Anderson County. Plaintiff currently lives in Leavenworth County; the opposing party lives in Johnson County.
7. The court has refused to transfer venue to a proper jurisdiction under K.S.A. 60-609 and K.S.A. 23-3301.

8. Plaintiff has a documented disability and has submitted formal ADA accommodation requests, including for remote access, written communication, and technological assistance. These were ignored or denied.
9. The presiding judge, Hon. Eric W. Godderz, refused to recuse himself after Plaintiff raised claims of bias and retaliation related to her disability, federal grievance filings, and protected speech.
10. Under this judge's control, Plaintiff was punished for engaging in First Amendment activity (filing complaints and grievances), resulting in the loss of all custody rights, zero contact and limited to two hours of supervised visitation per week through The Layne Project to her son who has a documented disability and her son's ADA advocate.
11. Court used Plaintiff's disability against her while denying reasonable accommodations.
12. For over two years, Plaintiff has been unlawfully denied enforcement of alimony and child support orders without justification. Instead, the court has diverted these arrears to pay third-party expenses, including therapist and Guardian ad Litem fees—constituting an unauthorized seizure in violation of the **Takings Clause of the Fifth Amendment** to the United States Constitution.
13. The court's refusal to act on key motions and enforceable orders, and its continued retention of venue in an improper county, has caused extreme hardship, denied access to justice, and undermined the parent-child relationship.
14. Plaintiff is now forced to proceed pro se due to attorney misconduct and financial exhaustion.
15. Additionally, Plaintiff's alimony arrears, totaling over $32,000, were improperly diverted by court order. These funds were originally ordered for Plaintiff's direct support. However, the court re-routed the arrears to pay dramatically inflated Guardian ad Litem (GAL) invoices. Within a single billing cycle, the GAL's invoice more than tripled in unexplained fashion. This diversion of support funds—without notice, hearing, or oversight—has created financial chaos, obstructed custody enforcement, and resulted in a deprivation of Plaintiff's protected property interests under the Fifth and Fourteenth Amendments.

## CLAIMS FOR RELIEF

### COUNT I – 42 U.S.C. §1983 – Denial of Due Process (Fourteenth Amendment)

16. Defendants, acting under color of law, denied Plaintiff meaningful access to a fair tribunal by refusing to rule on or hear motions, blocking venue transfer, and enabling retaliatory judicial conduct.
17. These acts constitute a denial of due process and equal protection.

### COUNT II – Violation of Title II of the ADA

18. Plaintiff is a qualified individual with a disability.
19. Defendants failed to provide reasonable accommodations, failed to modify policies to ensure access, and used Plaintiff's disability against her in proceedings.
20. These failures resulted in exclusion from court services in violation of Title II of the ADA.

**COUNT III – First Amendment Retaliation**

21. Plaintiff engaged in protected First Amendment activities by filing ethics grievances and ADA complaints.
22. Defendant Godderz retaliated by curtailing custody access and punishing Plaintiff for asserting her rights.

**COUNT VII – UNCONSTITUTIONAL TAKING AND DEPRIVATION OF PROPERTY (42 U.S.C. §1983; Fifth & Fourteenth Amendments)**

23. Plaintiff alleges that Defendants, acting under color of state law, unlawfully diverted $32,000 in alimony arrears previously ordered for her direct support. This diversion was ordered without notice, hearing, or judicial oversight, and the funds were redirected to satisfy Guardian ad Litem fees that had mysteriously tripled without explanation.
24. This act constitutes an unlawful **taking of private property** for non-public use, in violation of the **Takings Clause of the Fifth Amendment** to the United States Constitution. Further, the court's failure to provide notice or opportunity to be heard constitutes a **denial of due process** under the **Fourteenth Amendment.**
25. Plaintiff seeks compensatory and punitive damages for the financial injury and emotional harm caused by the unconstitutional seizure and misuse of her legally awarded support funds.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:

A. **Issue a Declaratory Judgment** that Anderson County's continued assertion of jurisdiction over Plaintiff's family law matters violates the U.S. Constitution and the Americans with Disabilities Act (ADA);

B. **Grant injunctive relief** transferring jurisdiction of all pending family-related proceedings to a proper and lawful venue—specifically, Johnson County or Leavenworth County, Kansas;

C. **Order the preservation and continuation of supervised visitation** through The Layne Project or an equivalent neutral provider until full judicial review is complete;

D. **Terminate the Guardian ad Litem (GAL) appointment and all associated court actors** who have engaged in or facilitated retaliatory conduct against Plaintiff;

E. **Declare that the court's redirection of alimony arrears—without notice or hearing—to cover inflated third-party invoices constitutes a violation** of both the **Fifth Amendment's Takings Clause** and the **Fourteenth Amendment's Due Process Clause**;

F. **Award compensatory damages in excess of $1,500,000**, including but not limited to financial loss, emotional distress, reputational harm, ADA retaliation, and the unconstitutional diversion of court-ordered support. Plaintiff further seeks punitive damages as appropriate against individual defendants, and all other relief deemed just by the Court.

G. **Enter a Temporary Restraining Order and Preliminary Injunction** to immediately prevent further retaliatory action, ADA discrimination, or obstruction of parent-child contact during the pendency of this matter;

H. **Grant Plaintiff's application to proceed in forma pauperis**, waiving all filing fees and associated costs pursuant to her sworn Poverty Affidavit;

I. **Direct the Clerk of Court to issue summonses** and any further documents necessary to effectuate service;

J. **Award Plaintiff her costs of litigation** and such further relief as the Court deems just and proper.

## SUPPLEMENTAL PRAYER FOR RELIEF

Plaintiff further requests that this Court declare the following actions unlawful and unconstitutional:

- The denial of ADA accommodations in state court proceedings;
- The improper and unlawful retention of venue in violation of statutory jurisdiction and fairness principles;
- The discriminatory use of Plaintiff's disability status to deny her meaningful access to custody proceedings and court relief.

Plaintiff also seeks damages for:

- Ongoing emotional distress caused by prolonged separation from her minor child;
- Financial and procedural burdens stemming from venue mismanagement, denied filings, and suppressed relief;
- Continued violation of her constitutional rights to due process, equal protection, and access to justice.

## EVIDENCE AND EXHIBITS

Plaintiff intends to submit the following exhibits in support of this Complaint:

- ADA accommodation requests submitted to the Kansas courts;
- Correspondence and affidavits denied or misfiled by court clerks;
- Affidavits regarding therapists, GAL records, and ethics complaint filings;
- Judicial orders improperly issued prior to service or in conflict with procedural norms;
- Documentation of supervised visit restrictions and custody obstruction.

## PRESERVATION OF EVIDENCE

Plaintiff requests that all Defendants be instructed to preserve all documents, emails, communications, and court records related to Plaintiff, her minor child, ADA filings, financials, custody proceedings, and all matters cited in this Complaint, pursuant to Federal Rule of Civil Procedure 37.

**Dated: April 14, 2025**
**Respectfully submitted,**

**Angeliina Lynn Lawson**
1914 5th Ave
Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury. Pursuant to Local Rule 3.1 and 28 U.S.C. § 1391, Plaintiff designates the **United States District Court for the District of Kansas, Kansas City Division**, located in **Kansas City, Kansas**, as the proper venue for a jury trial in this matter.
All events giving rise to the claims occurred within the jurisdiction of this Division.

Date: ______________________

Signature of Clerk or Deputy Clerk: ______________________

Seal or Time-Stamp:

Dated: April 14, 2025

Respectfully submitted,

Angeliina Lynn Lawson
1914 5th Ave
Leavenworth, KS 66048
Email: AngeliinaCourtRecords@gmail.com
Phone: (913) 972-1661

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ANGELIINA LYNN LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>HON. ERIC W GODDERZ<br>(Individual and official capacity)<br>Defendants. | ) | Case No. 2:25-cv-02199-TC-ADM |

**NOTICE OF ADDRESSES FOR SERVICE PURPOSES**

Hon. Eric W Godderz
(Official Capacity)
c/o Kansas Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, KS 66612

Eric W. Godderz
(Individual Capacity)
100 E 4th Ave.,
Garnett, KS 66032

Angeliina Lynn Lawson
1914 5th Ave
Leavenworth, KS 66048
Telephone: (913) 972-1661
AngeliinaCourtRecords@gmail.com

Dated: April 15, 2025

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ANGELIINA LYNN LAWSON**, Plaintiff,
vs.
**HON. ERIC W. GODDERZ (in his individual and official capacity),**

**STATE OF KANSAS**, Defendants.

Case No: 2:25-cv-02199-TC-ADM

**NOTICE OF VOLUNTARY DISMISSAL OF DEFENDANT 'ANDERSON COUNTY FOURTH DISTRICT COURT'**

Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Plaintiff Angeliina Lynn Lawson, appearing pro se, hereby voluntarily dismisses Defendant 'Anderson County Fourth District Court' from this action without prejudice.

This dismissal is limited solely to the named entity 'Anderson County Fourth District Court' and does not affect the claims against the remaining Defendants, including Eric W. Godderz in his individual and official capacities, and the State of Kansas as the public entity responsible for Title II ADA compliance and access to the courts.

Plaintiff makes this dismissal in recognition of the procedural limitations regarding non-person entities under 42 U.S.C. § 1983 and reserves all rights to pursue relief against appropriate public entities and officials in their individual or official capacities.

Respectfully submitted,

Date: April 18, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff
1914 5th Ave., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com
(913) 972-1661

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANGELIINA LYNN LAWSON**, Plaintiff,

vs.

**HON. ERIC W. GODDERZ (in his individual and official capacity),**

**STATE OF KANSAS**, Defendants.

Case No: 2:25-cv-02199-TC-ADM

## NOTICE OF LACK OF ACCESS TO STATE COURTS AND SUPPLEMENT TO FEDERAL CLAIMS

Comes now the Plaintiff, Angeliina Lynn Lawson, and respectfully submits this notice and supplement to the Court to clarify that she does not have meaningful access to the Kansas state court system due to sustained procedural and ADA-related barriers.

1. Plaintiff has repeatedly attempted to access relief through state court proceedings involving her parental rights, ADA accommodations, and due process protections. However, the Fourth Judicial District Court has systematically denied all ADA accommodation requests, including communication supports, Zoom access, breaks for disability triggers, recording assistance, and DCF recommendation for CASA access for her minor child.

2. On April 18, 2025, Chief Judge Taylor J. Wine of the Anderson County District Court issued a formal letter denying all 11 accommodation requests submitted by Plaintiff. This letter confirms that the state judiciary has rejected Plaintiff's ADA requests and thereby obstructed her ability to participate in court proceedings on equal terms.

3. These denials occurred in conjunction with ongoing acts of retaliation and obstruction from Defendant Judge Eric Godderz, including ignoring hearing requests, refusing to hold a hearings to change venue, and sustaining a pattern of denying motions without fair review.

4. These developments further support Plaintiff's claim that she is being denied meaningful access to state court, and that any argument for exhaustion of state remedies is rendered moot by the unconstitutional and retaliatory conduct described in her federal complaint.

5. Plaintiff respectfully requests that this Honorable Court take judicial notice of this material development and allow this supplement to serve as formal documentation in support of the ongoing claims under Title II of the ADA and 42 U.S.C. § 1983.

Respectfully submitted, Date April 18, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff

1914 5th Ave
Leavenworth, KS 66048
AngeliinaLawson@gmail.com

Attached: 2020DM131 Lawson.PDF

Chief Judge Taylor J. Wine
Fourth Judicial District of Kansas
Coffey County Courthouse
110 S. 6th St. - Suite 102
Burlington, KS 66839

*ANDERSON COUNTY*
*COFFEY COUNTY*
*FRANKLIN COUNTY*
*OSAGE COUNTY*

*Office # (620) 364-8620*
*Fax # (620) 364-8535*

April 18, 2025

Ms. Angeliina Lawson
angeliinalawson@gmail.com

RE: Requests for accommodations in
Anderson Co. District Court Case No. 2020-DM-000131

Dear Ms. Lawson:

The Anderson County District Court has received several requests for ADA accommodations in the above-captioned case either from you directly or from a third party purportedly on your behalf. The purpose of this letter is to inform you of the Court's response to your requests.

The following requests were included in Jay Shore's letter dated January 22, 2025, to Kelly Johnson, 4th Judicial District Court Administrator and ADA Coordinator:

1. **Request:** "Ms. Lawson needs to be able to ask questions and receive courteous, civil and comprehensive answers to her questions. **(One Instance of Mr. Bolton coercing, intimidating, and threatening)** Ms. Lawson reports that Mr. Bolton (GAL) told her in a hearing that if she raised her hand once more to ask question, that Mr. Bolton would invoke the Child In Need status that would put David in Foster Care. This is flat out intimidation, coercion, threats, and interference with both David and Ms. Lawson receiving equal access as individuals with disabilities. Interestingly enough, Ms. Lawson is finding it near impossible to get transcripts of this from the Court."

   **Court's Response:** It is not clear what specific ADA accommodation you are requesting. You have an attorney in the above-referenced case available to provide legal advice. The Court would consider any additional information you provide explaining your specific request with an explanation of how the requested accommodation would remove a barrier caused by your disability.

2. **Request:** "Ms. Lawson needs to attend all court proceedings by Zoom for several reasons. First, for disability mitigation and to keep her more centered and in an environment that is less stressful, and second, so that she can be in a separate space from her abuser. Both of these reasons relate with disability mitigation. Video-based telecommunications products and systems are listed in 28 C.F.R. §35.104(1) as a reasonable accommodation."

   **Response:** Your case is currently set for a status conference by Zoom on May 8, 2025, at 9:00 a.m. Whether a hearing is held in-person or by Zoom is at the discretion of the presiding judge. You may inquire with your attorney or at the clerk's office about the status of future hearings or if you need the Zoom link for a hearing.

3. **Request:** "Taking breaks when requested, so that she can re-focus and center."

   **Response:** The manner in which hearings are conducted is entirely within the purview of the presiding judge. Your attorney may request breaks on your behalf during the hearing as appropriate, and the presiding judge will determine whether to grant them. Therefore, this request is denied.

4. **Request:** "Ms. Lawson needs to record the hearings, either by her own volition, or provided by the court, so that she can re-visit the events in a clear space without the stressors of court being present. Recording is listed in 28 C.F.R. §35.104(2) – 'audio recordings', and also in 28 C.F.R. §35.104(4) 'other similar services and actions.'"

   **Response:** The Court intends to have a court reporter present to transcribe the proceedings and will not make any audio or video recordings of hearings. Pursuant to Kansas Supreme Court Rule 1001, it would be up to the presiding judge to determine whether to permit you to make your own recordings. Therefore, your request is denied.

5. **Request:** "Having her ADA Advocate (undersigned) present and participatory on Zoom so that her legally authorized aid and encouragement with the exercise of her ADA rights is not interfered with. The undersigned has several physical disabilities that preclude travel to Kansas. To deny this would be to give both Ms. Lawson and I standing for denial of equal access and/or discrimination on the basis of disability."

   **Response:** No one other than an attorney licensed in Kansas may speak on your behalf at, or represent you in, Court proceedings. Your attorney, who will be present for the remote hearing, is equipped to advocate on your behalf. Therefore, this request is denied.

Regarding Mr. Shore's request to be "present and participatory on Zoom," for

hearings held in person at the courthouse, any member of the public may attend in person unless the presiding judge specifically orders that a particular hearing be closed to the public. No Zoom link will be provided to Mr. Shore for in-person hearings. For hearings held remotely, members of the public are not provided a Zoom link to participate, and therefore Mr. Shore's request to appear by Zoom for hearings held remotely is denied.

6. **Request:** "CART - Computer Aided Realtime Transcription is listed in 28 C.F.R. §35.104(1) as a reasonable accommodation. This is requested for both Ms. Lawson and I, because I too have communication disabilities, and CART is a mitigator for this disability set."

   **Response:** Your request for Computer Aided Realtime Transcription ("CART") services during the status conference scheduled on May 8, 2025, at 9:00 a.m., is granted. Please contact Mr. Johnson at least two weeks prior to the hearing date to make the necessary arrangements. If you intend to seek a continuance of the hearing date, please notify Mr. Johnson at least one week prior to the hearing date so he can reschedule the CART services.

   Mr. Shore's request for CART services is denied.

7. **Request:** "A copy of any official court audio and video recordings that occur, in an accessible format of mp3, .mp4, .wav, and/or .wmv."

   **Response:** A court reporter was present during previous hearings to transcribe the proceedings, and therefore, the Court did not create any audio or video recordings thereof. Your case is scheduled for a status conference on May 8, 2025, at 9:00 a.m. which will be conducted remotely via a Zoom link. The Court intends to have a court reporter present to transcribe the proceedings and will not make any audio or video recordings of hearings, and therefore your request is denied.

8. **Request:** "That she be given extra time to respond to any and all processes of court. Ms. Lawson's disability imposes an additional burden in working through traumatic memory and physiological symptoms that must be aided by flexibility in the court's handling of filing deadlines."

   **Response:** You are represented by competent counsel who is capable of making timely responses required in your case. A blanket disregard of filing deadlines would constitute a fundamental alteration, and, for these reasons, your request is denied.

9. **Request:** "The travel requirements for court, do not take into consideration that Ms. Lawson's disability is exacerbated by extended travel times for these matters, and so she is already disadvantaged when reaching therapists that are over an hour away, and when the court proceedings are moved to another location much further away. For this reason, the Court is requested to consider

this and accommodate her with a reasonably close venue for any therapy or other requirements that are in play in this matter."

**Response:** Your counsel filed a Motion to Change Venue on October 7, 2024, and the Court denied the motion on October 29, 2024. Your request to change the venue of the case after the Court's ruling is not an accommodation but is instead an attempt to circumvent the decision. Therefore your request is denied.

10. **Request:** "That David receive CASA services, as recommended by Amanda Miranda, LBSW, on July 24, when she said **'I believe David needs a voice.'** This goes directly to accommodating David's communication disability, and is readily achievable by the Court. **(A second instance of Mr. Bolton coercing, intimidating and threatening)** David, in an October 11, 2024 email to his grandmother, referring to Mr. Bolton as his attorney, laid out that Mr. Bolton was saying that David communicating with Ms. Lawson was 'making it worse' and threatening and intimidating that Ms. Lawson was going to get in trouble just because David sincerely wants communication with his mother."

    **Response:** This is not a request I can address because only the presiding judge has the authority to appoint CASA services pursuant to K.S.A. 38-2206. You are represented by counsel who may file a motion seeking the appointment of CASA services as appropriate. Therefore, your request is denied.

11. **Request:** "Please provide the name, email address, and fax number for the designated responsible employee under 28 C.F.R. §35.107(a). Both Ms. Lawson and I need this for disability equal access."

    **Response:** Mr. Johnson's name and contact information has been included in his prior communications with you and is included again below.

The following requests were mentioned in the Affidavit you submitted in support of your February 26th grievance:

1. **Request:** "Additional time to process legal arguments and respond accordingly."

   **Response:** This is similar to Mr. Shore's request #7 above, and the Court's response is the same.

2. **Request:** "An ADA advocate to be present."

   **Response:** This is similar to Mr. Shore's request #4 above, and the Court's response is the same.

3. **Request:** "Clear access to court transcripts without surcharges."

   **Response:** You made a similar request for transcripts in your email to Mr. Johnson of November 26, 2024. He responded the same day and stated that it

was not clear how receiving transcripts after a hearing has concluded would accommodate any needs your disability causes you during court hearings. As you are probably aware, 28 C.F.R. §35.160(a)(1) requires the Court to take appropriate steps to ensure that communications with individuals with disabilities are as effective as communications with others. Mr. Johnson invited you to clarify your request and explain how the requested accommodation would remove a barrier caused by your disability, but no reply was received. As Mr. Johnson previously informed you, you and your attorney are free to contact the clerk's office about ordering and purchasing transcripts of any of your court hearings. In fact, your counsel filed a Request for Transcripts of all hearings in the case on December 31, 2024. Until you are able to provide the Court with the additional information requested above, your request is denied.

4. **Request:** "Equal treatment of my disability without punitive measures."

   **Response:** Title II of the ADA requires in 42 U.S.C.A. §12132 that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." The Anderson County District Court has complied with, and will continue to comply with, this requirement.

Sincerely,

The Hon. Taylor J. Wine
Chief Judge, 4th Judicial District of Kansas
Coffey County Courthouse
110 S. 6th St., Suite 102
Burlington, KS 839-1798

cc: Ronald P. Wood, The Law Offices of Ronald P. Wood, LLC, 11225 College Blvd., Suite 110, Overland Park, KS 66210, ronwood@ronaldwoodlaw.com
Kelly Johnson, Court Administrator and ADA Coordinator, Fourth Judicial District, Franklin County Court Building, 301 S. Main, Ottawa, KS 66067

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

ANGELIINA LYNN LAWSON,
Plaintiff,

Case No. 2:25-cv-02199-TC-ADM

v.

HON. ERIC GODDERZ, in his individual and official capacities,
**CHIEF JUDGE TAYLOR J. WINE (in his individual and official capacity),**
**HON. JOHN BRYANT (in his individual and official capacity),**
STATE OF KANSAS,
Defendants.

JURY TRIAL DEMANDED

**FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES UNDER 42 U.S.C 1983 AND THE AMERICANS WITH DISABILITIES ACT (ADA) TITLE II**

This Amended Complaint supersedes Plaintiff's original filing and incorporates by restatement all relevant factual allegations and claims previously submitted, while clarifying the relief sought and adding subsequent events and procedural developments that strengthen Plaintiff's claims for injunctive and declaratory relief.

## PRELIMINARY STATEMENT

1. This is a civil rights and disability rights action seeking dual-track relief:

(1) declaratory and injunctive relief to stop ongoing constitutional violations; and

(2) compensatory and punitive damages through a jury trial for past harms caused by the Defendants' misconduct. Plaintiff asserts violations of the First, Fifth, and Fourteenth Amendments, as well as Title II of the ADA.

2. The Defendants' conduct has included retaliation, denial of accommodations, misuse of judicial discretion, defamation, and unlawful diversion of support payments, all resulting in loss of parental rights, financial damage, and emotional injury.

3. Plaintiff is indigent and submits a Poverty Affidavit in support of fee waiver.

4. She further requests the Clerk of Court to issue all necessary summonses on her behalf and that the Court enter emergency injunctive relief to prevent irreparable harm.

*Expanding:*
*5. The amended complaint is not merely a civil complaint about one bad ruling. It is a constitutional challenge against a systemic infrastructure of deceit.*

*6. Plaintiff Angeliina Lynn Lawson brings this federal action against Defendant Judge Eric Godderz, Chief Judge Taylor Wine, and Judge John Bryant, and the State of Kansas for a coordinated campaign of judicial manipulation, ADA exclusion, and fraudulent procedural sabotage designed to strip her of parental rights and access to justice under color of law.*

*7. What began as an enforcement of support arrears has metastasized into a full-blown constitutional crisis. The Defendants have exploited judicial discretion, clerk tampering and fraud, and ADA denial to intentionally disempower Plaintiff and sever her parental rights—while maintaining the illusion of legality.*

*8. This action challenges a sustained pattern of retaliation, exclusion, and procedural sabotage orchestrated under color of law. Defendants have employed a judicial infrastructure that conceals, delays, and obstructs Plaintiff's access to justice through what Plaintiff identifies as* ***Dolus Malus**: **intentional constructed through false filings, abusive discretion, and deliberate record manipulation, deception and abuse of legal form to injure a protected party.***

*9. This case now anchors in the doctrine of "Dolus Malus"—fraudulent intent through procedural deception—which has infected every level of Plaintiff's access to justice.*

*10. The amended complaint contains recent events, clarifications of factual allegations, evidence of procedural tampering, ADA exclusion, administrative deceit and constitutional claims arising from recent denials in state court and active investigations by the Department of Justice's Office for Civil Rights.*

*11. This complaint centers on the concept of Dolus Malus: intentional procedural deceit by state actors to fabricate a false appearance of due process while actively obstructing justice. Plaintiff has faced:*

- *Falsified docket entries to simulate hearings that never occurred;*
- *Affidavits improperly labeled "confidential" to suppress evidence;*
- *Repeated denial of ADA accommodations in violation of federal law;*
- *Procedural sabotage including delayed poverty affidavits, stayed subpoenas, and ignored motions;*
- *The imposition of an unlawful psychological evaluation with no cause or court order;*
- *Diversion of owed alimony to fund fraudulent and inflated guardian ad litem invoices with no oversight or accountability;*

- *A persistent refusal to adjudicate on the merits or provide access to any meaningful remedy.*

*12. The architecture of harm was built deliberately, with the intent to defraud Plaintiff of her constitutional rights, not merely to resolve enforcement of child support and maintenance in a divorce decree.*

*13. These acts, taken together, do not constitute mere misjudgment—they form a* ***deliberate infrastructure of harm****, built and maintained with the intent to deprive Plaintiff of her constitutional rights, dismantle her parenthood, and prevent redress.*

## II. JURISDICTION AND VENUE

14. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1343 (civil rights), and 1367 because this action arises under the Constitution and laws of the United States, including the Americans with Disabilities Act, 42 U.S.C. §§ 12131–12134, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and 42 U.S.C. § 1983.

15. Venue is proper in the District of Kansas pursuant to 28 U.S.C. § 1391because the events giving rise to the claims occurred in Kansas, including within Fourth Judicial District Court, and Anderson and Leavenworth Counties.

## III. PARTIES

16. Plaintiff ANGELIINA LYNN LAWSON is a resident of Leavenworth County, Kansas and the biological natural mother of a minor child, D.L. with a qualified disability. She is also a qualified individual herself with disabilities under the ADA and proceeds as minor child's ADA advocate and pro se in this matter.

17. Defendant HON. ERIC GODDERZ is a judge in the Fourth Judicial District of Kansas and is sued in both his individual and official capacities for actions taken under color of state law.

Added:
*18. Defendant HON. TAYLOR WINE is the chief judge in the Fourth Judicial District of Kansas and is sued in both his individual and official capacities for actions taken under color of state law.*

*19. Defendant HON. JOHN BRYANT is a judge in the First Judicial District of Kansas and is sued in both his individual and official capacities for actions taken under color of state law.*

*20. Defendant STATE OF KANSAS is responsible for the acts and omissions of its judiciary, court administrators, and ADA coordinators, operations of its courts and*

*judicial ADA compliance infrastructure, and has failed to ensure access to judicial services for individuals with disabilities.*

Plaintiff alleges that officers of the court, including clerks, administrators, ADA coordinators, attorneys, guardian ad litems, and other unnamed actors, jointly contributed to the pattern of exclusion and retaliation described herein.[1]

## V. STATEMENT OF FACTS

21. Anderson County District Court is the only court that has ever held jurisdiction over Plaintiff's divorce, custody, and support matters.

22. Yet, neither the Plaintiff, her son, nor the father have ever resided in Anderson County. Plaintiff lives in Leavenworth County; the father lives in Johnson County.

23. The court has refused to hold a hearing on the motion to transfer venue to a proper jurisdiction under K.S.A. 60-609 and K.S.A. 23-3301 or ever allow a motion to come forward again.

24. Plaintiff has a documented and qualified disability and has submitted formal ADA accommodation requests, including for remote access, written communication, and technological assistance. These were ignored or denied.

25. The presiding judge Eric W. Godderz, refused to recuse himself after Plaintiff raised claims of bias and retaliation related to her disability, federal grievance filings, protected speech, judicial compliant filed, or Writ of Mandamus.

26. Under this judge's control, Plaintiff was punished for engaging in First Amendment activity (filing complaints and grievances), resulting in the loss of all custody rights, zero contact and limited to two hours of supervised visitation per week through The Layne Project. Her son has a documented qualified disability and she has been his ADA advocate.

27. Court used Plaintiff's disability against her while denying reasonable accommodations.

28. For over two years, Plaintiff has been unlawfully denied enforcement of alimony and child support orders without justification. Instead, the court has diverted these arrears to pay third-party expenses, including therapist and Guardian ad Litem fees—constituting an unauthorized seizure in violation of the Takings Clause of the Fifth Amendment to the United States Constitution.

29. The court's refusal to act on key motions and enforceable orders, and its continued retention of venue in an improper county, has caused extreme hardship, denied access to justice, and undermined the parent-child relationship.

30. Plaintiff is now forced to proceed pro se due to attorney misconduct and financial exhaustion.

*Added facts:*

*31. Plaintiff has repeatedly submitted formal requests for* ***ADA accommodations****, including communication support, procedural guidance, remote access, and disability-based participation assistance. All such requests were denied by Chief Judge Taylor J. Wine.*

*32. Plaintiff's* ***poverty affidavit was mishandled, delayed, or never processed****, thereby obstructing her access to court tools such as subpoenas, trial preparation materials, and service of process. Judge John Bryant also refused to recuse himself in cases were Plaintiff raised claims of bias and retaliation.*

*33. After filing* ***ethics complaints, ADA accommodation requests, Writ of Mandamus, Open Records, ADA grievances, Color of Law complaint, and notifying the U.S. Department of Justice Office for Civil Rights****, Plaintiff experienced escalated retaliation in the form of trial cancellations, stayed subpoenas, and selective enforcement of court procedure.*

*34. Pleadings history has been altered, fabricated and documents missing only to reappear months later*

*35. Plaintiff has no access to her own case to review documents as pro se.*

*36. Access to court transcripts is obstructed by a prohibitive $900 fee, required motion to be filed in a hostile courtroom only to forced delays of two to three-months—despite the hearings lasting only approximately seven to twelve minutes and resulting in decisions that have severed Plaintiff's parental rights for over eight months. This delay and cost create a direct barrier for a disabled litigant to review what was said in court, violating the right to meaningful participation and informed appeal under the ADA and Due Process Clause.*

*37. Now no lawful court order exists requiring Plaintiff to undergo a psychological evaluation now, yet the journal entries have been structured to demand one was issued—denying Plaintiff substantive rights without any adjudicated finding, cause, evidence or hearing. Only brought upon Plaintiff to stop her subpoenas from going out and the trial from proceeding.*

*38. The conduct described constitutes a* ***pattern of systemic legal deceit****—a calculated use of administrative and judicial tools to create the appearance of legitimate legal process while unlawfully suppressing Plaintiff's constitutional rights.*

*39. This pattern rises to the level of* ***dolus malus****: deliberate misuse of judicial and administrative power through coordinated deceit, procedural manipulation, and*

*retaliation, all under color of law. Such acts are not shielded by judicial discretion or immunity and represent a direct attack on due process, equal protection, and federal disability rights.*

## VI. LEGAL CLAIMS

### 40. Count I – Deprivation of Due Process Rights

*42 U.S.C. § 1983 – Fourteenth Amendment*

Defendants, acting under color of state law, systematically deprived Plaintiff of her liberty and property interests without due process. This included denial of hearings, falsified docket entries, suppression of court filings, prolonged deprivation of custody, and procedural traps designed to delay or prevent judicial review. These actions were not neutral mistakes but intentional manipulations of process intended to obstruct Plaintiff's access to justice—consistent with the doctrine of **Dolus Malus.**

### 41. Count II – Violation of Title II of the Americans with Disabilities Act

*Discriminatory Denial of Access to Judicial Proceedings*

Plaintiff was repeatedly denied reasonable accommodations under Title II of the ADA, including communication access, remote participation, and procedural guidance—despite documented disabilities. These denials excluded Plaintiff from meaningful participation in judicial proceedings, leading to adverse custody, financial, and legal consequences. The exclusion was both systemic and retaliatory, executed in bad faith by state actors with knowledge of her disability status.

### 42. Count III – Retaliation in Violation of the ADA

*42 U.S.C. § 12203*

After Plaintiff exercised her federally protected rights—submitting ADA requests and reporting noncompliance—Defendants retaliated through coercive procedural rulings, canceled hearings, unlawful psychological evaluation demands, and denial of litigation tools such as subpoenas and discovery. This conduct created a chilling effect on Plaintiff's right to advocate for herself and directly injured her access to courts.

**43. Count IV – Retaliation for Protected First Amendment Activity**

*42 U.S.C. § 1983 – First Amendment*

Plaintiff engaged in core First Amendment activities by filing ethics complaints, judicial grievances, and ADA-based administrative claims. In response, Defendant Godderz and other judicial actors retaliated by curtailing her parental access, refusing to hear motions, cancelling trials without consent, and exerting judicial discretion as a tool of punishment for protected expression. Such retaliation for speaking out against state misconduct is presumptively unconstitutional.

**44. Count V – Unconstitutional Taking and Deprivation of Property**

*42 U.S.C. § 1983 – Fifth and Fourteenth Amendments*

Defendants, under color of law, unlawfully diverted over **$32,000 in alimony arrears** previously ordered for Plaintiff's direct benefit. Without notice, hearing, or court transparency, these funds were rerouted to satisfy **suspiciously inflated Guardian ad Litem invoices**. This constitutes a **non-public use taking** in violation of the Fifth Amendment and a deprivation of due process under the Fourteenth Amendment. Plaintiff seeks both compensatory and punitive damages for this unlawful seizure of support funds and resulting harm.

**45. Count VI – Fraud Upon the Court and Constructive Fraud**

*Federal Rule of Civil Procedure 60(d)(3), Common Law Fraud, and the Doctrine of Dolus Malus*

Defendants engaged in a pattern of judicial deceit that rises to **fraud upon the court**, including:

- Falsification of hearing dates and docket entries,
- Clerical suppression of affidavits (marked "confidential" without basis),
- Denial of motion hearings under false pretenses,
- Procedural fabrications to imply orders (e.g., psychological evaluation) that never lawfully existed.

These acts corrupted the judicial process itself and formed a **deliberate architecture of deceit**, not mere judicial error. Under the doctrine of **Dolus Malus**, the use of legal form

to commit substantive injustice invalidates the legitimacy of any outcome and mandates full constitutional remedy.

**46. Count VII – Unconstitutional Taking of Property**

**Violation of the Fifth and Fourteenth Amendments of the U.S. Constitution**
*(Asserted under 42 U.S.C. § 1983)*

Plaintiff incorporates by reference all preceding paragraphs as if fully stated herein. For over two years, Plaintiff has been denied enforcement of court-ordered alimony and child support expense payments, totaling over $32,000 in arrears. Rather than enforcing those support obligations, Defendants (including state judges and court-appointed actors) have actively **diverted** those arrears to cover GAL and therapist fees without due process, consent, or legal justification.

Such diversion constitutes an unauthorized governmental taking of Plaintiff's property and financial entitlements — a de facto **seizure of personal assets** for public or third-party use without just compensation or legal cause. This action violates the **Takings Clause of the Fifth Amendment**, made applicable to the states through the **Fourteenth Amendment.**

Plaintiff has suffered direct financial harm, loss of access to her child, and emotional distress as a result of this unconstitutional practice.

**VI. PRAYER FOR RELIEF**

**A. Declare** that the acts and omissions of Defendants — including but not limited to the denial of disability accommodations, obstruction of judicial access, falsification or concealment of court records, and retaliatory use of judicial process — **violated Plaintiff's rights** under:

- the **First, Fifth, and Fourteenth Amendments** of the U.S. Constitution,
- **Title II of the Americans with Disabilities Act (42 U.S.C. § 12132),**
- **Section 504 of the Rehabilitation Act (29 U.S.C. § 794)**, and
- **42 U.S.C. § 1983.**

**B. Issue a permanent injunction** enjoining Defendants and their agents from engaging in any future conduct that constitutes:

- retaliation for ADA-protected activity,
- interference with judicial access,
- misuse of discretion to silence or punish protected expression, or

- administrative manipulation of the judicial record.

**C. Order systemic remedial relief**, including but not limited to:

- mandatory ADA training for judges, clerks, GALs, and court administrators within the Fourth Judicial District,
- public adoption of enforceable ADA compliance protocols,
- formal oversight mechanisms to prevent future procedural exclusion of disabled or pro se litigants.

**D. Award compensatory, nominal, and punitive damages** in an amount to be determined at trial, not less than **$3.5 million**, including but not limited to:

- Compensation for over $32,000 in diverted support arrears,
- emotional distress,
- unlawful deprivation of parental rights,
- procedural sabotage,
- denial of equal protection, and
- other constitutional and statutory violations.

**E. Preserve the evidentiary and injunctive record** necessary for both temporary and permanent relief, including:

- protection from further retaliation,
- enforcement of supervised visitation continuity, and
- restoration of Plaintiff's due process access across relevant court systems.

**F. Refer this matter to the United States Department of Justice** for external oversight, investigation, **federal receivership** and monitoring of ADA Title II compliance and constitutional fidelity within the Kansas state judiciary, referral to U.S. DOJ Access Office, and affiliated agencies.

**G. Award Plaintiff all allowable costs and fees**, including:

- costs incurred as a self-represented litigant,
- litigation support expenses, and
- reasonable attorneys' fees under **42 U.S.C. § 1988** if counsel is later retained.

**H.** Grant such other and further relief as this Court deems just, proper, and necessary in the interests of equity and constitutional justice.

Accordingly, Plaintiff respectfully requests that this Court accept her First Amended Complaint as filed and permit the case to proceed on the basis of the amended claims, which more fully set forth the scope and legal grounds for relief.

Respectfully submitted,

Dated: April 19, 2025

Angeliina Lynn Lawson
1914 5th Ave., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com

[1] *Auxiliary actors whose conduct is referenced but who are not yet formally named as defendants include: Tina Miller (Anderson County Clerk), ADA Coordinator(s) for the Fourth Judicial District, Clerk personnel who processed and altered affidavit designations, and administrative agents responsible for subpoena suppression, document tampering, and ADA non-enforcement. Plaintiff reserves the right to amend this complaint to name additional individuals following discovery.*

Filed in accordance with Fed. R. Civ. P. 15(a)(1)(B) and Local Rule 15.1(b), with full restatement of factual and legal basis for Plaintiff's claims.

## CERTIFICATE OF SERVICE

Filed and served via fax, mail or email on all named Defendants and the U.S. Attorney's Office.

Dated: April 19, 2025

Angeliina Lynn Lawson
1914 5th Ave., Leavenworth, KS 66048
AngeliinaCourtRecords@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Plaintiff,

Case No. 2:25-cv-02199-TC-ADM

v.

HON. ERIC GODDERZ, in his individual and official capacities,
CHIEF JUDGE TAYLOR J. WINE (in his individual and official capacity),
HON. JOHN BRYANT (in his individual and official capacity),

STATE OF KANSAS,
Defendants.

JURY TRIAL DEMANDED

## MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND PRESERVE PENDING FILINGS

COMES NOW Plaintiff, Angeliina Lynn Lawson, appearing pro se, and respectfully moves this Court to accept the filing of her First Amended Complaint and to preserve all previously submitted filings related to her pending Motion for IFP, Motion Ex parte Temporary Restraining Order (TRO), including accompanying declarations, memoranda, and legal theory filings, under the authority of Federal Rule of Civil Procedure 15(a)(1)(B).

### I. PURPOSE OF AMENDMENT

Plaintiff submits this First Amended Complaint as of right and within the allowed period under Fed. R. Civ. P. 15(a). The amendment reflects factual developments since the original filing, clarifies parties and legal claims, and incorporates additional constitutional counts including but not limited to an unlawful taking under the Fifth Amendment and expansion of ADA retaliation and access-to-court violations.

### II. PRESERVATION OF PENDING TRO and IFP FILINGS

Plaintiff respectfully requests that all previously submitted filings in support of the pending IFP and TRO—including the Verified Complaint, Declaration filed April 14, 2025, Supplemental Declaration filed April 16, 2025, Memorandum of Law filed April 16, 2025, Verified Declaration filed April 17, 2025, Motion for TRO filed April 18, 2025, Voluntary Dismissal, and accompanying Notice of ADA Access—be preserved and carried over as applicable to this First Amended Complaint, and not treated as moot.

## III. LEGAL STANDARD

Under Rule 15(a)(2), leave to amend should be freely given when justice so requires. See *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's proposed amendment is not made in bad faith, does not prejudice Defendants, and is necessary to reflect both procedural exhaustion and the evolving factual pattern of judicial misconduct.

## IV. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court:

1. GRANT this Motion for Leave to File First Amended Complaint;
2. PRESERVE the existing record and consider all TRO-related filings applicable to the amended pleading;
3. INCORPORATE the attached legal theory memorandum as supplemental legal authority for the amended complaint;
4. GRANT such other and further relief as this Court deems just and proper.

Respectfully submitted, Dated: April 19, 2025

Angeliina Lynn Lawson

Pro Se Plaintiff

AngeliinaCourtRecords@gmail.com

## CERTIFICATE OF SERVICE

I certify that on April 20, 2025, I will fax, mail, or email a true and correct copy of this Motion for Leave to File First Amended Complaint, with all attached exhibits, to all parties:

Angeliina Lynn Lawson
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Plaintiff,

Case No. 2:25-cv-02199-TC-ADM

v.

HON. ERIC GODDERZ, (in his individual and official capacities),
CHIEF JUDGE TAYLOR J. WINE (in his individual and official capacity),
HON. JOHN BRYANT (in his individual and official capacity),

STATE OF KANSAS,
Defendants.

JURY TRIAL DEMANDED

# MEMORANDUM OF LEGAL THEORY

## FEDERAL CONSTITUTIONAL PRINCIPLES OF DOLOUS MALUS

## I. INTRODUCTION

This memorandum establishes the legal theory of **dolus malus** as the jurisprudential anchor for Plaintiff Angeliina Lynn Lawson's federal civil rights case.

The doctrine supports both constitutional and statutory claims by showing that the misconduct by state judicial officers was not merely mistaken, but *intentionally deceptive and retaliatory*, violating fundamental legal principles dating back to Roman law and embedded in the United States Constitution.

This case presents a unique instance of procedural entrapment, court fabrication, and retaliatory acts under color of law by judicial and administrative officials.

Plaintiff submits that this case is not about adverse decisions alone, but about the **weaponization of procedure** through **intentional deceit**. The doctrine of *dolus malus* encapsulates this misconduct and is well-rooted in common law concepts of constructive fraud and due process.

## II. ORIGINS AND DOCTRINAL SIGNIFICANCE OF DOLUS MALUS

**Dolus malus** (Latin: "evil deceit") is the foundational legal concept describing **intentional fraud or deception with the aim of causing harm**. In Roman law, it voided any legal transaction made under pretenses of fairness that in truth concealed malice or injustice.

In modern American jurisprudence, this concept survives through:

- **Fraud upon the court**
- **Constructive fraud**
- **Color of law retaliation**
- **Due process violations with bad faith intent**
- **Administrative collusion and procedural sabotage**

It is directly linked to violations of:

- **42 U.S.C. § 1983** (deprivation of rights under color of law)
- **18 U.S.C. § 242** (criminal deprivation of rights)
- **14th Amendment Due Process and Equal Protection**
- **Title II of the Americans with Disabilities Act**
- Rule 60(d)(3), Federal Rules of Civil Procedure – Fraud on the Court

## III. APPLICATION TO LAWSON v. GODDERZ, et al

The doctrine of **dolus malus** is fully evidenced in the actions by the named Defendants:

### A. Fabrication of Judicial Proceedings (All Defendants)

- Docket entries falsely reported hearings that never occurred.
- Judge Godderz stated on record that he would "never" hold a hearing on change of venue, yet Judge Wine's ADA denial and pleadings docket reflects otherwise.
- Clerical misconduct resulted in affidavits being altered as "confidential" or going missing for eight months.
- Not ruling on poverty affidavits but filing denial orders and setting hearings before summons issuing a quagmire of procedural traps only to see no court authority ever began.
- Orders missing for psychological evaluation as if never existed

### B. Deliberate Retaliation Against Protected Activity (Judges Godderz and Bryant)

- Plaintiff filed ADA requests and ethics complaints. In response:
  - A psychological evaluation was ordered without cause.
  - Trials were canceled trying to issue subpoenas.
  - Subpoenas were stayed without legal basis.
  - Refusing to enforce legal agreements and court orders.
  - Court fees were enforced *after* improper dismissals of injunctive cases that lacked jurisdiction.

### C. Systemic ADA Denial by Policy-Level Action (Judge Wine)

- All 11 accommodation requests were categorically denied.
- Plaintiff was denied court participation on the basis of disability.
- These actions were not adjudicatory, but **administrative exclusion with malicious intent after Writ of Mandamus were filed.**

This case centers on a systemic deployment of judicial deception and administrative sabotage designed to appear procedurally lawful while denying Plaintiff access to due process, court services, and her parental rights. This doctrine of intentional deceit is known in Roman law as Dolus Malus—a legal framework where public actors deliberately manipulate process to deny a party their rights while feigning legitimacy. These are not procedural accidents but intentional strategies to shield misconduct and silence access to remedy.

See Exhibit Index for supporting records of altered dockets, clerk email, or ADA denial correspondence

## IV. HISTORIC GAP IN FEDERAL CASE LAW

The United States Supreme Court has never ruled on:

- Whether *systemic deception in family and civil courts* constitutes actionable fraud upon the court.
- Whether **ADA retaliation and parental disenfranchisement** through *judicial discretion* violate federal law under a unified theory.

This case presents the first opportunity for a federal court to articulate that **fraudulent and retaliatory misuse of judicial procedure** is not immunized by robe or office.

The pattern of concealment, record tampering, denial of service, and false pretense of a judicial order constitutes 'fraud on the court' under Rule 60(d)(3). The courts have recognized that fraud by officers of the court that subverts the integrity of the judicial process is not protected by immunity and warrants federal correction.

## V. LEGAL FRAMEWORK FOR RELIEF

This Court should hold that:

"A state actor, including a judicial officer or clerk, who engages in a pattern of procedural deceit, retaliatory exclusion, and record falsification under color of law, violates fundamental rights protected by the Fourteenth Amendment, Title II of the ADA, and 42 U.S.C. § 1983. Such conduct constitutes modern-day *dolus malus* — a fraud upon the court and the Constitution alike."

Relief should include:

- Declaratory judgment identifying the pattern of fraud and exclusion
- Injunctive relief halting further retaliatory action or use of fraudulent records
- Monetary damages where qualified immunity does not apply
- Damages for constitutional and statutorily violations
- Prospective court orders to end systemic exlusion
- That the Court take judicial notice of the necessity to address these systemic issues through equitable and constitutional interpretation.
- That the doctrine of *dolus malus* be considered in reviewing the systemic and multi-actor pattern of exclusion and retaliation described in Plaintiff's complaint;
- That the Court grant leave to introduce the attached memorandum of legal theory as part of the record;

This case meets the threshold for federal review and represents a matter of exceptional public interest and ongoing harm.

Federal courts have recognized the importance of exposing and correcting fraud upon the court (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944)) and retaliatory exclusion from due process (*Gibson v. Berryhill*, 411 U.S. 564 (1973)). Plaintiff argues that these principles are advanced by applying the historic lens of *dolus malus*, which predates and reinforces the core of the Fourteenth Amendment.

## VI. CONCLUSION

This is not a family dispute. This is not a question of state discretion. This is a case of **state-sanctioned deceit weaponized against a disabled parent to silence her, punish her, and strip her of her child and constitutional rights under the illusion of legal process.**

The doctrine of *dolus malus* gives this Court a moral and legal framework to name what has occurred — and to stop it from becoming precedent by omission.

Respectfully submitted,

Dated: April 20, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I certify that on April 20, 2025, I will fax, mail, or email a true and correct copy of this Motion for Leave to File First Amended Complaint, with all attached exhibits, to all parties:

Angeliina Lynn Lawson
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Plaintiff,
v. Case No. 2:25-cv-02199

HON. ERIC GODDERZ, (in his individual and official capacities),
CHIEF JUDGE TAYLOR J. WINE (in his individual and official capacity),
HON. JOHN BRYANT (in his individual and official capacity),

STATE OF KANSAS,
Defendants.

JURY TRIAL DEMANDED

**SUPPLEMENTAL NOTICE OF JUDICIAL INTERFERENCE, DISCOVERY SUPPRESSION, AND RETALIATORY QUASHING OF SUBPOENAS**

Plaintiff Angeliina Lynn Lawson, pro se, submits this supplemental notice to the Court to document new developments that directly support her claims of ADA retaliation, denial of access to the courts, and systemic obstruction of justice under color of law. This filing concerns recent actions taken by the Kansas Office of Judicial Administration and the Leavenworth County District Court in Case No. LV2025CV70, where Plaintiff is actively litigating claims of due process violations and retaliation.

1. On April 21, 2025, the Kansas Office of Judicial Administration entered a Special Appearance in the state case, solely to contest non-party subpoenas Plaintiff lawfully served to the Fourth Judicial District Clerk's Office and ADA Coordinators.

2. On April 21, 2025, the same judge Bryant in LV2025CV70 issued a SECOND STAY on all discovery, specifically quashing Plaintiff's non-party subpoenas—despite ADA allegations being central to the case and the stay having been previously lifted.

3. These subpoenas were narrowly tailored to uncover ADA denial records, internal communications related to the suppression of court access, and to determine the extent of

state involvement in blocking accommodations.

4. The Motion to Quash, entered by the state, demonstrates coordinated effort to restrict Plaintiff's ability to collect material evidence relating to federally protected rights under the ADA and the Due Process Clause.

5. This interference constitutes direct retaliation for Plaintiff's civil rights litigation and demonstrates an attempt by state officials to suppress evidence of unconstitutional conduct through procedural manipulation.

This notice is provided to support Plaintiff's pending TRO motion and to demonstrate active retaliation in the form of institutional obstruction of discovery. Plaintiff reserves the right to submit the stay order, motion to quash, and state filings as formal exhibits in this action.

Plaintiff respectfully requests this Court to consider this filing as further evidence of Dolus Malus—fraudulent intent cloaked in legal form—used by state agents to conceal ADA violations and retaliate against a disabled litigant seeking redress in federal court.

Respectfully submitted,

Date: April 21, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I certify that on April 21, 2025, I will fax, mail, or email a true and correct copy of this SUPPLEMENTAL NOTICE OF JUDICIAL INTERFERENCE, with all attached exhibits, to all parties:

Angeliina Lynn Lawson
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

**I certify that on April 21, 2025, I will fax, mail, or email a true and correct copy of this INDEX OF EXHIBITS TO SUPPLEMENTAL FILING, with all attached exhibits, to all parties:**

Angeliina Lynn Lawson
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Plaintiff,
v.

Case No. 2:25-cv-02199

HON. ERIC GODDERZ, (in his individual and official capacities),
CHIEF JUDGE TAYLOR J. WINE (in his individual and official capacity),
HON. JOHN BRYANT (in his individual and official capacity),

STATE OF KANSAS,
Defendants.

JURY TRIAL DEMANDED

**DECLARATION OF ANGELIINA LYNN LAWSON IN SUPPORT OF AUTHENTICITY OF EXHIBITS**

I, Angeliina Lynn Lawson, under penalty of perjury pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am the Plaintiff in the above-captioned action. I make this declaration based on my personal knowledge, and if called as a witness, I could and would competently testify to the matters set forth herein.

2. I am submitting the following exhibits as part of a supplemental federal notice related to judicial interference, discovery suppression, and ADA retaliation occurring in my state civil jury trial case, LV2025CV70, pending in Leavenworth County, Kansas.

3. The documents labeled as Exhibits A through E are true and correct copies of official records filed and entered into the docket of LV2025CV70 and reflect procedural actions taken by the Kansas Office of Judicial Administration and the District Court.

4. These documents are maintained in my possession as part of my litigation records and are submitted to this Court to substantiate claims made in my supplemental filing concerning retaliatory efforts to obstruct ADA-related discovery and evidence gathering.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 21, 2025.

Respectfully submitted,

Angeliina Lynn Lawson
Pro Se Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Plaintiff,
v.

Case No. 2:25-cv-02199

HON. ERIC GODDERZ, (in his individual and official capacities),
CHIEF JUDGE TAYLOR J. WINE (in his individual and official capacity),
HON. JOHN BRYANT (in his individual and official capacity),

STATE OF KANSAS,
Defendants.

JURY TRIAL DEMANDED

**INDEX OF EXHIBITS TO SUPPLEMENTAL FILING**

Exhibit A: Motion to Quash Subpoenas filed by the Office of Judicial Administration in LV2025CV70.

Exhibit B: Special Entry of Appearance by the Kansas Office of Judicial Administration.

Exhibit C: Second Order Staying Discovery on Non-Party Subpoenas issued by the judge in LV2025CV70.

Exhibit D: Journal Entry Regarding Plaintiff's Motion to Compel Deposition of Defendant (LV2025CV70).

Exhibit E: Journal Entry Regarding Status of the Case (LV2025CV70).

Respectfully submitted,

Date: April 21, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff
Date: April 21, 2025

ELECTRONICALLY FILED
2025 Apr 21 AM 8:46
CLERK OF THE LEAVENWORTH COUNTY DISTRICT COURT
CASE NUMBER: LV-2025-CV-000070
PII COMPLIANT

IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS

Exhibit A

ANGELIINA LYNN LAWSON,

Plaintiff,

vs. Case No. LV-2025-CV-000070

JONATHAN DAVID LAWSON,

Defendant.

MOTION TO QUASH SUBPOENAS

COMES NOW the Anderson County District Court Clerk, the ADA Coordinator for the 4th Judicial District, and the ADA Coordinator for the Kansas Supreme Court by and through their attorney, John T. Houston, Assistant General Counsel for the Office of Judicial Administration, and for their Motion to Quash Subpoenas, allege and state:

*Statement of Facts*

1. A petition for divorce was filed in the Anderson County District Court by Jonathan Lawson against Angeliina Lawson on September 2, 2020, in Case No. 2020-DM-000131. Although a decree for divorce was filed on November 9, 2020, the Anderson County District Court has had to deal with issues between the two parties involving child custody, visitation, and support. One or more of those issues is still active today as the Court has a status conference scheduled for May 8, 2025.

2. On March 7, 2025, Ms. Lawson initiated the present case by filing a document entitled "VOID JUDGMENT AND RESTORE FULL CUSTODY DEMAND FOR JURY TRIAL UNDER COMMON LAW AND ADR – COMMON LAW JURISDICTION." Ms. Lawson, while acknowledging the Anderson County District Court case, seeks to have this Court declare

the Anderson County District Court case judgment void, change child custody, and award her damages.

3. On March 27, 2025, Ms. Lawson filed an EX PARTE EMERGENCY MOTION TO ENFORCE SUPERVISED VISITATION AND SUPPORT ADA RETALIATION CLAIM.

4. The same day, this Court issued an Order regarding the *ex parte* emergency motion and stated that "[t]his is the latest attempt by Plaintiff to have this court intervene in her child custody dispute. ***The authority cited by Plaintiff is not applicable, nor does it give this court any authority to intervene in matters that are under the jurisdiction of another court.***" (emphasis added)

5. On the following day, Ms. Lawson filed a motion seeking reconsideration of the prior order.

6. In response, this Court stated in its Order that the "***filing of this case does not give this court authority to enforce visitation that was established in the Anderson County District Court case***." (emphasis added)

7. Immediately following this order, Ms. Lawson began her discovery efforts. Included in her discovery requests was a subpoena addressed to the "Fourth District Court County Clerk" which was mailed to the Anderson County District Court Court clerk's address; another subpoena sent to the ADA Coordinator for the 4th Judicial District; and yet another subpoena sent to the ADA Coordinator for the Kansas Supreme Court.

8. All three subpoenas make the same request for documents. These "Subpoena for Production of Documents Only (K.S.A. 60-245)" request:

> All records, reports, notes, billing statements, metadata, audio/video recordings, communications, emails, meeting logs, and electronically stored information related to the parties in the above-captioned case, including custody, therapy, affidavits, pleadings history, ADA accommodations, service provision, or investigations."

9. On April 10, 2025, this Court stayed all discovery on non-party subpoenas. This stay was lifted following Defendant filing an Answer on April 17th.

10. Defendant's Answer also alleges that this Court lacks jurisdiction to proceed with this matter and has filed a Motion to Dismiss for lack of jurisdiction and res judicata.

*Legal Authority*

The district court has broad discretion in supervising the scope and course of discovery. *Miller v. Johnson*, 295 Kan. 636, 687-88 (2012); *Berst v. Chapman*, 232 Kan. 180, 183 (1982). This includes the ability to quash or modify subpoenas. *See* K.S.A. 60-245(c)(3).

Ms. Lawson has caused numerous discovery subpoenas to be issued from the clerk of the district court at a very early stage in this proceeding. (Fact #7). This is highly problematic because the Court, itself, has noted on at least two occasions that it does not have jurisdiction. (Facts #4 & #6). "If the court lacks jurisdiction over the proceeding and issues a subpoena that does not aid in determining jurisdiction, the subpoena is void and unenforceable." *Vera v. Republic of Cuba*, 867 F.3d 310, 316 (2nd Cir. 2017); *U.S. Catholic Conference v Abortion Rights Mobilization, Inc.*, 487 US 72 (1988). The jurisdictional issue is still in question because it was raised by Defendant in his Answer and Motion to Dismiss. (Facts #9 & #10).

The Court is permitted to quash a subpoena that "subjects a person to undue burden." K.S.A. 60-245(c)(3)(iv). These subpoenas are extraordinarily broad and will require three different offices within the judicial branch to spend a considerable amount of time attempting to locate any physical or electronic record that could pertain to either Ms. Lawson or Mr. Lawson. If the different offices comply with the subpoenas, anything that is found will then need to be reviewed to see if it is subject to a privilege and a privilege log will have to be created. And then

the records will need to be delivered to the Leavenworth County District Court Clerk. This is an incredible waste of resources and is not a good use of taxpayer money because none of these subpoenas is enforceable if this Court lacks jurisdiction. Therefore, this Court should quash the three subpoenas at issue in this motion or at least stay any response to these subpoenas until the Court determines that it has jurisdiction over this matter.

WHEREFORE, the undersigned respectfully requests an Order of this Court quashing or staying any required response to the "Subpoena for Production of Documents Only (K.S.A. 60-245)" issued to the Anderson County District Court Clerk (Fourth District Court County Clerk), ADA Coordinator for the 4th Judicial District, and the ADA Coordinator for the Kansas Supreme Court.

Respectfully submitted,

/s/ John T. Houston
John T. Houston #16552
Assistant General Counsel
Office of Judicial Administration
301 SW 10th Ave
Topeka, Kansas 66612
(785) 230-3771 cell
john.houston@kscourts.gov
*Attorneys for Anderson County District Court Clerk, 4th JD ADA Coordinator, ADA Coordinator for Kansas Supreme Court*

Certificate of Service

On the 21st day of April 2025, I caused a true and correct copy of the above and foregoing Motion to Quash Subpoenas to be filed with the Clerk of the District Court and served upon the following parties by first class mail, postage prepaid and addressed to:

Angeliina Lawson
1914 5th Ave.
Leavenworth, KS 66048
*Plaintiff*

Joseph A. DeWoskin
Attorney at Law
827 Armstrong Ave, Ste 203
Kansas City, KS 66101
*Attorney for Defendant*

/s/ John T. Houston
John T. Houston #16552

ELECTRONICALLY FILED
2025 Apr 21 AM 8:43
CLERK OF THE LEAVENWORTH COUNTY DISTRICT COURT
CASE NUMBER: LV-2025-CV-000070
PII COMPLIANT

IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS

Exhibit B

ANGELIINA LYNN LAWSON,

Plaintiff,

vs. Case No. LV-2025-CV-000070

JONATHAN DAVID LAWSON,

Defendant.

SPECIAL ENTRY OF APPEARANCE

COMES NOW the Kansas Supreme Court Office of Judicial Administration and enters its special appearance in the above-entitled matter for the sole purpose of allowing access to the electronic filing system to view documents and receive electronic notices with respect to subpoenas served upon the Anderson County District Court Clerk (Fourth District Court County Clerk), the ADA Coordinator for the 4th Judicial District, and the ADA Coordinator for the Kansas Supreme Court. This is not intended to be a general entry of appearance as referenced in K.S.A. 60-203(c). All defenses are reserved, including but not limited to any relating to service or service of process. Filing of this Special Entry of Appearance should not be construed as having the same effect as service.

Respectfully submitted,

/s/ John T. Houston
John T. Houston #16552
Assistant General Counsel
Office of Judicial Administration
301 SW 10th Ave
Topeka, Kansas 66612
(785) 230-3771 cell
john.houston@kscourts.gov
*Attorneys for Anderson County District Court Clerk, 4th JD ADA Coordinator, ADA Coordinator for Kansas Supreme Court*

Certificate of Service

On the 21st day of April 2025, I caused a true and correct copy of the above and foregoing Special Entry of Appearance to be filed with the Clerk of the District Court and served upon the following parties by first class mail, postage prepaid and addressed to:

Angeliina Lawson
1914 5th Ave.
Leavenworth, KS 66048
*Plaintiff*

Joseph A. DeWoskin
Attorney at Law
827 Armstrong Ave, Ste 203
Kansas City, KS 66101
*Attorney for Defendant*

/s/ John T. Houston
John T. Houston #16552

ELECTRONICALLY FILED
2025 Apr 21 PM 12:31
CLERK OF THE LEAVENWORTH COUNTY DISTRICT COURT
CASE NUMBER: LV-2025-CV-000070
PII COMPLIANT

Exhibit C

| | |
|---|---|
| **Court:** | Leavenworth County District Court |
| **Case Number:** | LV-2025-CV-000070 |
| **Case Title:** | Angeliina Lynn Lawson vs. Jonathan David Lawson |
| **Type:** | ORD: Order Originated by Judge COURT'S SECOND ORDER STAYING DISCOVERY ON NON-PARTY SUBPOENAS |

SO ORDERED,

/s/ Honorable John Bryant, District Court Judge

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS**

| | | |
|---|---|---|
| Angeliina Lynn Lawson,<br>Plaintiff, | ) | |
| vs. | ) | Case No(s). LV-2025-CV-000070 |
| Jonathan David Lawson,<br>Defendant. | ) | |

**COURT'S SECOND ORDER STAYING DISCOVERY ON NON-PARTY SUBPOENAS**

NOW ON THIS 21st day of April 2025, this court HEREBY STAYS all further discovery responses of non-parties and discovery requests to non-parties in this case until further notice and Order of the court. The district court has wide discretion to control trials and discovery. See *Zimmerman v. Board of Wabaunsee County Comm'rs*, 289 Kan. 926, 961, 218 P.3d 400 (2009). Thus, "orders concerning discovery will not be disturbed on appeal in the absence of a clear abuse of discretion." *Hill v. Farm Bur. Mut. Ins. Co.*, 263 Kan. 703, Syl. ¶ 1, 952 P.2d 1286 (1998); see *State v. Gonzalez*, 290 Kan. 747, 755, 234 P.3d 1 (2010).

The court previously stayed discovery on non-party subpoenas on April 10, 2025. The court lifted that Order on April 17, 2025. Since that time, the court has received an additional objection to the non-party subpoenas. On today's date, the Anderson County District Court Clerk, the ADA Coordinator for the 4th Judicial District, and the ADA Coordinator for the Kansas Supreme Court have filed a Motion to Quash Subpoenas.

Plaintiff previously argued in her Motion to Dissolve Discovery Stay and Restore Access to Evidence, that the court's Order violated due process, obstructed her claim of ADA retaliation, and had no legal basis. Plaintiff also argues that a stay on the subpoenas to non-parties blocks her access to records which may result in the loss of records or damage to her claims during the jury trial. The court disagrees. If the matter were to proceed to a jury trial, it would be several months before the trial were set which would still give Plaintiff ample time to review any records and prepare for trial. Further, the court does not believe there's any additional risk that the records would be lost given the short nature of the stay and the fact that all non-parties who have received a subpoena are now on notice of the request. If Plaintiff is worried about the destruction of items she's requested by subpoena, that also does not seem likely given the fact

that the Anderson County District Court case that has given rise to this case has been ongoing for a number of years. Any motivation to destroy any evidence certainly would not be fresh at this time.

The case law recognizes that non-party subpoenas may place a burden on the non-party. Further, Defendant's Motion to Dismiss for lack of jurisdiction calls into question whether this court's subpoenas would be lawfully issued. Because of those reasons, the court believes that an additional brief stay on non-party subpoenas is warranted.

Plaintiff's Motion to Enforce Compliance with Subpoenas and Compel Non-Party Responses filed on April 18, 2025, is therefore moot. However, to the extent that she requests the court's aid in ensuring compliance, the request is not necessary. Nor is any additional court action. Should this stay be lifted, whatever deadlines Plaintiff set forth in her subpoenas would still be in effect. The deadlines would merely be tolled during the time of the stays. There is no need to re-subpoena any non-party as suggested by Plaintiff in the Motion to Enforce. In addition, Plaintiff would still retain her right to seek an Order to Compel from any non-party that did not respond to the subpoena. In short, there would be no need for additional court action to ensure compliance.

The court has suggested that this case be set for a Case Management Conference on April 30, 2025, at 9:00 AM so that these issues may be discussed.

**No additional subpoenas shall be issued without court approval. No non-party needs to respond to any current request for production of documents until such time as the court lifts this stay.**

IT IS SO ORDERED.

ELECTRONICALLY FILED
2025 Apr 21 PM 12:31
CLERK OF THE LEAVENWORTH COUNTY DISTRICT COURT
CASE NUMBER: LV-2025-CV-000070
PII COMPLIANT

Exhibit D

**Court:** Leavenworth County District Court

**Case Number:** LV-2025-CV-000070

**Case Title:** Angeliina Lynn Lawson vs. Jonathan David Lawson

**Type:** ORD: Order Originated by Judge JOURNAL ENTRY REGARDING PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DEFENDANT

SO ORDERED,

/s/ Honorable John Bryant, District Court Judge

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS**

| | | |
|---|---|---|
| Angeliina Lynn Lawson,<br>Plaintiff, | ) ) ) | |
| vs. | ) | Case No(s). LV-2025-CV-000070 |
| Jonathan David Lawson,<br>Defendant. | ) ) ) | |

**JOURNAL ENTRY REGARDING PLAINTIFF'S MOTION TO COMPEL DEPOSITION OF DEFENDANT**

NOW ON THIS 21st day of April 2025, this matter comes before the court on Plaintiff's Motion to Compel Deposition of Defendant. Plaintiff is pro se. Defendant is represented by Joseph A. DeWoskin. There are no appearances.

On April 18, 2025, Plaintiff filed her Motion to Compel Deposition of Defendant. There has been no response, however, the time to respond has not run. The court believes that it is prudent to address this issue as soon as possible due to the tentative scheduling of the Case Management Conference. This Journal Entry does not constitute a final order on this issue.

It appears from the record that Defendant was served a Summons to appear on April 11, 2025, at 3:00 PM for a deposition in this matter. There was no motion to quash the subpoena filed. Further, the Motion to Dismiss was also not on file. Plaintiff alleges that Defendant failed to appear at that time.

To the extent that Plaintiff mentions the stay ordered by the court on April 10, 2025, that stay did not affect the subpoena requiring Defendant to appear. The stay ordered by the court was clearly directed only to non-party compliance with subpoenas.

The court reserves the right to order sanctions and an Order to Compel Deposition of Defendant until such time as the issue of jurisdiction has been resolved.

IT IS SO ORDERED.

ELECTRONICALLY FILED
2025 Apr 21 PM 12:31
CLERK OF THE LEAVENWORTH COUNTY DISTRICT COURT
CASE NUMBER: LV-2025-CV-000070
PII COMPLIANT

Exhibit E

**Court:** Leavenworth County District Court

**Case Number:** LV-2025-CV-000070

**Case Title:** Angeliina Lynn Lawson vs. Jonathan David Lawson

**Type:** ORD: Order Originated by Judge JOURNAL ENTRY REGARDING STATUS OF THE CASE

SO ORDERED,

/s/ Honorable John Bryant, District Court Judge

Electronically signed on 2025-04-21 12:31:32 page 1 of 4

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS**

| | | |
|---|---|---|
| Angeliina Lynn Lawson,<br>Plaintiff, | ) | |
| vs. | ) | Case No(s). LV-2025-CV-000070 |
| Jonathan David Lawson,<br>Defendant. | ) | |

**JOURNAL ENTRY REGARDING STATUS OF THE CASE**

NOW ON THIS 21st day of April 2025, the court issues this Journal Entry Regarding the Status of the Case due to a number of pending issues.

Stay on Non-Party Subpoenas

On April 10, 2025, this court issued a Court Order Staying Discovery on Non-Party Subpoenas. The court incorporates that document herein by reference. On April 17, 2025, after the time for Defendant to Answer had run, the court lifted that stay. On April 18, 2025, Plaintiff filed a Motion to Enforce Compliance with Subpoenas and Compel Non-Party Responses. In that Motion Plaintiff requests that the court take action to set a deadline for non-party responses and to notify them that the stay has been lifted.

Since that time an additional objection to subpoenas has been received. On today's date, the Anderson County District Court Clerk, the ADA Coordinator for the 4th Judicial District, and the ADA Coordinator for the Kansas Supreme Court have filed a Motion to Quash Subpoenas.

The court will issue a separate order regarding non-party subpoenas given the current posture of this case.

Motion to Compel Deposition of Defendant

On April 18, 2025, Plaintiff filed a Motion to Compel Deposition of Defendant. Kansas Supreme Court Rule 133 allows the opposing party seven days to respond. The court will issue a separate order regarding this Motion.

## Mandamus

On April 18, 2025, the court received an email notification that Plaintiff had filed a Petition for Mandamus with the Kansas Supreme Court. The court subsequently received notice by certified mail from Plaintiff. Plaintiff's Action for Writ of Mandamus by Right of Common Law pursuant to K.S.A. 60-801 et. seq. was filed April 16, 2025.

The issues raised that pertain to this case is contained in Plaintiff's Statement of Facts (1)(a) "Case No. LV-2025-CV-000070 – asserting ADA retaliation and due process violations, in which the presiding judge issued a blanket stay on discovery without legal justification; denied ADA accommodations

(2) Across all three cases, Judge Bryant has failed to perform clear, ministerial duties: [,,,] allowing issuance of subpoenas (K.S.A. 60-245), […]." (the other two issues clearly pertain to Case Nos. LV-2025-CV-000092 and LV-2025-CV-000095).

Plaintiff alleges that these failures by the court have caused a number of issues including staying litigation and denying due process.

K.S.A. 60-802 sets forth the procedure for relief in a mandamus action. In particular, it states that "[i]f it be desired in connection with any mandamus proceeding to stay proceedings or acts pending determination of the mandamus proceeding, the plaintiff may combine therewith an application for relief under article 9 of this chapter." It does not appear from the record that Plaintiff is seeking to stay any portion of the proceedings in this case.

As further evidence, Plaintiff has continued to file documents in which she requests that the court take action since the filing of the mandamus action. Therefore, it is the opinion of this court that the mandamus action does not stay these proceedings.

## Answer of Defendant

On April 17, 2025, Defendant filed Defendant's Answer to Plaintiff's Void Judgment and Restore Full Custody Demand for Jury Trial Under Common Law Not ADR – Common Law Jurisdiction. On April 18, 2025, Plaintiff filed Plaintiff's Notice of Preservation of Procedural Default and Timing Irregularities. In that document, Plaintiff states that she is not seeking a default judgment but wishes to preserve the right to raise Defendant's untimely Answer in the

future. Plaintiff then states that she wishes to continue with discovery and proceed to a jury trial. On April 18, 2025, Defendant filed a Motion for Leave to File Answer Out of Time in which he explained the reasons for failing to file the Answer on April 16, 2025. In response, on April 18, 2025, Plaintiff filed Plaintiff's Objection to Defendant's Motion for Leave to File Answer Out of Time. It is unclear to the court what Plaintiff's posture on the Answer is. The parties either need to take up the issue of default judgment or the issue is waived. The court is unaware of a scenario that would allow a party to not seek default at the appropriate time, wait to see how the case proceeds, and then raise the default at a later date. This issue should be set for hearing.

<u>Motion to Dismiss</u>

On April 18, 2025, Defendant filed Respondent's Motion to Dismiss for Lack of Jurisdiction and Res Judicata. Plaintiff's Notice of Preservation of Procedural Default and Timing Irregularities mentioned above also addressed this motion. Plaintiff argues in that filing that Defendant's Motion is procedurally improper because it was filed after the Answer and without leave of the court. Plaintiff does not respond to any of the points raised in Defendant's Motion to Dismiss.

The court notes here that while Plaintiff is correct regarding the timing of the Motion, the court must also take into consideration K.S.A. 60-212(h)(3) which states "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." This issue should also be set for hearing.

<u>Conclusion</u>

The court will issue further orders regarding discovery in this case. The court believes that a Case Management Conference should be set by ZOOM in accordance with prior request by Plaintiff in order to further outline the proceedings going forward, and set argument, if desired by the parties, on the current issues outstanding. The court will tentatively schedule this matter for Case Management Conference on April 30, 2025, at 9:00 AM. A ZOOM link will be generated by the court and sent to both parties at the email address on file with the clerk's office.

IT IS SO ORDERED.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ANGELIINA LYNN LAWSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:25-cv-02199-TC-ADM |
| HON. ERIC W GODDERZ, et al | ) | |
| (Individual and official capacity) | ) | |
| Defendants. | ) | April 25, 2025 |

## SUPPLEMENTAL IN SUPPORT OF TRO AND UPDATED ALLEGATIONS OF RETALIATORY OBSTRUCTION

Plaintiff, Angeliina Lynn Lawson, appearing pro se, submits this updated filing in support of the Emergency Temporary Restraining Order (TRO) previously filed with the Court. New information and correspondence, recently obtained through her former attorney, reveal further retaliatory conduct by Judge Eric W. Godderz and the Anderson County court, substantiating her claim that urgent federal relief is required to prevent ongoing and irreparable harm.

## I. NEW RETALIATION AND PROCEDURAL FRAUD SINCE FILING FEDERAL CASE

1. On or about April 24, 2025, Plaintiff was informed via private email from former counsel Ronald Wood that Judge Godderz **denied the motion to withdraw** and issued an internal directive to delay adjudication until a future hearing. This communication was not made publicly available through the court docket and would have been unknown to Plaintiff had the attorney not shared it privately.
2. The docket records from April 23 through April 25 show that this denial and judicial directive were **never formally entered or published**, violating Plaintiff's right to notice and access as a now-pro se party. This constitutes **fraud on the court** and an obstruction of procedural rights protected by the Fourteenth Amendment and ADA Title II.
3. This decision has effectively **locked Plaintiff out of her case**, barring her from filing motions, accessing court services, or appearing independently—all while Judge Godderz refuses to rule on pending motions to recuse, for venue transfer, and ADA accommodation.
4. This act of concealment occurred **after Plaintiff filed the federal lawsuit**, clearly reinforcing a pattern of retaliatory behavior and confirming the need for **federal judicial intervention.**

## II. ESTABLISHED RECORD OF FRAUD AND SYSTEMIC ABUSE

The April 2025 pleading history in Anderson County confirms:

- Multiple motions and filings are missing or miscategorized;
- The GAL continues to submit legal notices, journal entries, objections and filings despite proper standing (unauthorized practice of law);
- ADA accommodation requests have never been docketed or acknowledged in court orders;
- Venue objections and affidavits have been labeled "confidential" without my instruction to block access during grievance investigations or affidavits were missing from the docket;
- A psychological evaluation was allegedly ordered and implied without a formal order being entered into the docket;
- Plaintiff's access to subpoenas, hearing recordings, and transcripts remains blocked.

These procedural gaps are not clerical errors; they reflect **Dolus Malus**—intentional concealment and systemic deceit masquerading as judicial process, weaponized against Plaintiff's constitutional and parental rights.

## III. JURISDICTIONAL INVALIDITY AND INSTITUTIONAL COORDINATION

Judge Godderz's jurisdiction over this matter has always been improper:

- The parties resided in **Johnson County** at the time of divorce;
- All attorneys and GAL agreed the case should be transferred;
- Judge Godderz refused to hold a hearing, stating on record he would "never allow any of his cases to leave Anderson County."

This behavior reveals an abuse of venue for strategic concealment of misconduct, contradicting judicial ethics and territorial jurisdiction norms.

Furthermore, filings and notes from the GAL and court staff indicate coordination to suppress Plaintiff's pro se access and bypass formal docket requirements, contributing to a shadow proceeding immune from public scrutiny.

## IV. CONCLUSION

This post-federal-filing retaliation is not hypothetical; it is active and confirmed. The judicial acts described violate:

- The Fourteenth Amendment (due process);
- The Americans with Disabilities Act (access obstruction);
- 42 U.S.C. § 1983 (civil rights deprivation under color of law);
- Federal Rule of Civil Procedure 60(d)(3) (fraud on the court);
- Doctrine of Dolus Malus (constructive deceit through procedural manipulation).

Plaintiff renews her request that this Court:

- Issue an immediate TRO to stay all proceedings in 2020-DM-131;
- Direct defendants to preserve all communications and judicial notes regarding withdrawal motions and ADA filings;
- Compel production of all non-docketed communications sent to attorneys but not shared with Plaintiff;
- Recognize the pattern of Dolus Malus as systemic and not speculative.

Respectfully submitted,

Dated: April 25, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff
AngeliinaCourtRecords@gmail.com

**CERTIFICATION UNDER RULE 65(b)(1)(B):**

Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), Plaintiff hereby certifies that notice of this motion for ex parte emergency relief has not been provided to Defendants due to (1) the urgent nature of the constitutional harm, (2) the demonstrated pattern of retaliatory conduct and obstruction once litigation activity is discovered, and (3) the risk of further suppression or spoliation of evidence if prior notice were given. Plaintiff will serve a copy of this motion upon the Defendants promptly if directed by the Court or upon issuance of any relief requiring compliance.

Angeliina Lynn Lawson
Pro Se Plaintiff
AngeliinaCourtRecords@gmail.com

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**Case No. 2:25-cv-02199-TC-TJJ**

**ANGELIINA LYNN LAWSON,** )
Plaintiff, )

v. )

**HON. ERIC W. GODDERZ, et al.,** )
Defendants. )

Filed: April 25, 2025

# ADDENDUM TO EXHIBITS IN SUPPORT OF SUPPLEMENTAL TRO MOTION

Plaintiff, Angeliina Lynn Lawson, submits the following additional exhibits in support of her Supplemental Statement in Support of Temporary Restraining Order (filed April 25, 2025), demonstrating continued retaliatory and deceptive conduct by Defendant Judge Eric W. Godderz and the Anderson County District Court.

## EXHIBIT F – Email from Former Attorney Containing Judicial Communication

This exhibit consists of an April 24, 2025 email from Plaintiff's former attorney, Ronald Wood, forwarding an internal communication or directive from Judge Eric W. Godderz denying the motion to withdraw. This communication:

- Was **never docketed or filed** in the court record,
- Was **withheld from Plaintiff**, who is now pro se,
- And establishes **secret judicial action outside of public process**, denying Plaintiff the ability to proceed independently.

The document demonstrates a pattern of behind-the-scenes directives and docket concealment, in violation of due process and transparency standards.

## EXHIBIT G – April 24, 2025 Pleadings History (2020-DM-131)

This exhibit is the official docket history from Anderson County District Court as of April 24, 2025. It confirms that:

- No entry appears reflecting the judge's denial of the motion to withdraw,
- No hearing was scheduled, noticed, or adjudicated on the record,
- No public disclosure was made of the judicial directive affecting Plaintiff's representation status.

The absence of these entries further supports Plaintiff's claim of **fraud on the court**, intentional obstruction of access, and retaliatory suppression of pro se rights following the initiation of this federal action.

Plaintiff respectfully incorporates these exhibits as part of the federal record and requests the Court take judicial notice of their relevance to the ongoing request for injunctive relief.

**Authentication of Documents:**
I, Angeliina Lynn Lawson, hereby declare under penalty of perjury that the attached documents are true and correct copies of correspondence, pleadings history, email communications, and court-generated records that I personally received or accessed from official sources. These materials were not altered and are maintained in their original format to the best of my ability. I affirm that each exhibit accurately reflects its source and is submitted for the purpose of evidentiary authentication pursuant to Federal Rule of Evidence 901 and applicable procedural rules.

Respectfully submitted,

Dated: April 25, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff
AngeliinaCourtRecords@gmail.com

**CERTIFICATION UNDER RULE 65(b)(1)(B):**

Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), Plaintiff hereby certifies that notice of this motion for ex parte emergency relief has not been provided to Defendants due to (1) the urgent nature of the constitutional harm, (2) the demonstrated pattern of retaliatory conduct and obstruction once litigation activity is discovered, and (3) the risk of further suppression or spoliation of evidence if prior notice were given. Plaintiff will serve a copy of this motion upon the Defendants promptly if directed by the Court or upon issuance of any relief requiring compliance.

Respectfully submitted,

Dated: April 25, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff
AngeliinaCourtRecords@gmail.com

Exhibit F _____

Gmail

Angeliina Lawson <angeliinalawson@gmail.com>

# FW: Courtesy NEF RE: 2020-DM-000131

**Ronald Wood** <ronwood@ronaldwoodlaw.com> Thu, Apr 24, 2025 at 12:40 PM
To: "Angeliina Lawson (angeliinalawson@gmail.com)" <angeliinalawson@gmail.com>

**From:** ks_efile_noreply@kscourts.gov <ks_efile_noreply@kscourts.gov>
**Sent:** Thursday, April 24, 2025 12:11 PM
**To:** Ronald Wood <ronwood@ronaldwoodlaw.com>
**Cc:** Ashley Lowe <ashley@ronaldwoodlaw.com>
**Subject:** Courtesy NEF RE: 2020-DM-000131

***** IMPORTANT NOTICE - READ THIS INFORMATION *****

NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2020-DM-000131

**Judge:** Judge Honorable Eric W Godderz - Division EGODDERZ

| | |
|---|---|
| **Official File Stamp:** | 04-24-2025:12:08:52 |
| **Court:** | State of Kansas |
| | Anderson County District Court |
| **Case Title:** | In the Matter of the Marriage of Jonathan David Lawson vs Angeliina Lynn Lawson |

| | |
|---|---|
| **Document(s) Submitted:** | Judicial Rejection Order Permitting Withdrawal and Notice of Hearing |
| **Filed By:** | Eric W Godderz |
| **Note from the Court:** | in light of the recent filings and the issues involved in the case, the Court will not approve the order until the hearing date as presently set. I will address this motion first. |

This notice was automatically generated by the courts auto-notification system.

**The following people were served electronically:**

Ronald Phillip Wood for Angeliina Lynn Lawson

Honorable Eric W Godderz

Jennifer Elizabeth Spangler for Angeliina Lynn Lawson

Andrew Lee Bolton for Dal Lawson

Breanne Christine Hendricks Poe for Jonathan David Lawson

Randall John Abrams-Wharton for Jonathan David Lawson

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

**Public Portal Family Type Case**

# Case Summary

**Case No. 2020-DM-000131**

**In the Matter of the Marriage of Jonathan David Lawson vs Angeliina Lynn Lawson** § § §

Location: **Anderson County**
Judicial Officer: **Godderz, Eric W**
Filed on: **09/02/2020**

## Case Information

**Statistical Closures**
11/10/2020 Settled Without Judical Conf or Hearing

Case Type: DM Marriage Dissolution/Divorce
Case Status: **11/10/2020 Post Judgment**

## Party Information

| | | |
|---|---|---|
| **Petitioner** | **Lawson, Jonathan David** | **Abrams-Wharton, Randall John** ***Retained***<br>**Poe, Breanne Christine Hendricks** ***Retained*** |
| **Respondent** | **Lawson, Angeliina Lynn** | ~~*Schowengerdt, Daniel J (Inactive)*~~ ~~*Retained*~~<br>**Wood, Ronald Phillip** ***Retained***<br>**Spangler, Jennifer Elizabeth** ***Retained*** |

## Case Events

09/01/2020 INF: Information (Generic)
*JUDGES NOTES*

09/02/2020 PLE: Petition
*Petition for Divorce PLE: Petition*

09/02/2020 INF: Information (Generic)
*Voluntary Entry of Appearance, Waiver of Answer and Waiver of Notice INF: Information (Generic)*

09/02/2020 INF: Child Support Worksheet - No Judge Signature Requested
*Child Support Worksheet INF: Child Support Worksheet - No Judge Signature Requested*

09/02/2020 INF: Parenting Plan
*Proposed Parenting Plan INF: Parenting Plan*

09/02/2020 AFF: Affidavit (Generic)
*Domestic Relations Affidavit of Jonathan Lawson AFF: Affidavit (Generic)*

09/02/2020 AFF: Affidavit (Generic)
*Domestic Relations Affidavit of Angeliina Lawson AFF: Affidavit (Generic)*

09/02/2020 INF: Exhibit
*Property Settlement Agreement INF: Exhibit*

09/02/2020 AFF: Affidavit (Generic)
*Affidavit of Angeliina Lawson AFF: Affidavit (Generic)*

09/02/2020 MOT: Motion (Generic)
*Motion to Withdraw MOT: Motion (Generic)*

11/04/2020 MOT: Motion (Generic)
*Motion to Withdraw*

## Case Summary

**Case No. 2020-DM-000131**

11/09/2020 ORD: Decree
*Decree of Divorce*

11/09/2020 ORD: Withdraw
*Order to Withdraw as Counsel of Record*

05/18/2023 INF: Entry of Appearance
*Entry of Appearance (D. Schowengerdt)*

07/13/2023 MOT: 28-179 - Modify Motion
*Motion to Modify and Enforce*
Party: Respondent Lawson, Angeliina Lynn
*Motion to Modify and Enforce*

07/13/2023 INF: Exhibit
*Exhibit A*
Party: Respondent Lawson, Angeliina Lynn
*Exhibit A*

07/18/2023 NOT: Notice - No Sheriff Service Required
*Notice of Hearing (August 10, 2023, at 9:30am)*

08/07/2023 INF: Entry of Appearance
*Entry of Appearance (Breanne Poe)*

09/18/2023 PLE: Response - Answer
*Petitioner's Response to Respondent's Motion to Modify and Enforce*

11/15/2023 INF: Information (Generic)
*CR Rhonda Rhodes Wise*

12/13/2023 INF: Information (Generic)
*CR Rhonda Rhodes Wise*

01/08/2024 INF: Entry of Appearance
*Entry of Appearance (Jennifer Spangler)*

01/08/2024 MOT: Motion (Generic)
*Motion for Continuance*

02/07/2024 INF: Information (Generic)
*CR Rhonda Rhodes Wise*

02/22/2024 INF: Information (Generic)
*CR Rhonda Rhodes Wise*

03/25/2024 INF: Exhibit
*Updated Exhibit A $3,366.16- Spangler*

03/25/2024 INF: Information (Generic)
*CR Rhonda Rhodes Wise*

03/27/2024 NOT: Notice - No Sheriff Service Required
*Notice of Submission pursuant to Rule 133*

03/27/2024 MOT: Motion (Generic)
*Motion to Withdraw*

03/29/2024 MOT: Motion (Generic) Index # 1
*Motion to Enforce and Motion to supplement*

03/29/2024 MOT: Motion (Generic) Index # 2
*Motion to Modify Custody, Parenting time, and Support*

03/29/2024 MOT: Appoint - Guardian Ad Litem Index # 3
*Motion for Appointment of Guardian Ad Litem*

03/29/2024 NOT: Notice - No Sheriff Service Required Index # 4
*Certificate of Service of Interoggs and Rfpd*

07/15/2024 INF: Information (Generic) Index # 5
*Certificate of Service*

07/15/2024 INF: Information (Generic) Index # 6

## Case Summary

**Case No. 2020-DM-000131**

| | | |
|---|---|---|
| | *Certificate of Service* | |
| 07/15/2024 | AFF: Affidavit (Generic)<br>*Domestic Relations Affidavit* | Index # 7 |
| 07/15/2024 | MOT: Response<br>*Petitioner's Response to Respondent's Motion to Modify Custody, Parenting Time* | Index # 8 |
| 07/15/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 9 |
| 07/26/2024 | ORD: Appoint Guardian Ad Litem<br>*Order Appointing Guardian Ad Litem (D. Lawson - 2010)* | Index # 10 |
| 07/29/2024 | MOT: Motion (Generic)<br>*Emergency Motion to Suspend Parenting Time and Sole Legal Custody* | Index # 11 |
| 08/01/2024 | INF: Entry of Appearance<br>*Substitution of Counsel (Breanne Poe)* | Index # 12 |
| 08/08/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 13 |
| 08/28/2024 | INF: Entry of Appearance<br>*Entry of Appearance (Ronald P. Wood)* | Index # 15 |
| 08/28/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 14 |
| 08/29/2024 | MOT: Motion (Generic)<br>*Motion for Emergency Ex Parte Temporary Orders* | Index # 16 |
| 09/19/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 17 |
| 09/21/2024 | ORD: Order (Generic)<br>*Temporary Orders* | Index # 18 |
| 09/27/2024 | ORD: Withdraw<br>*Order To Withdraw (Daniel Schowengerdt)* | Index # 19 |
| 10/03/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 20 |
| 10/07/2024 | MOT: Motion (Generic)<br>*Motion to Change Venue* | Index # 21 |
| 10/29/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 22 |
| 11/20/2024 | ORD: Order (Generic)<br>*Journal Entry Regarding 10-29-24 Hearing* | Index # 23 |
| 11/21/2024 | MOT: Motion (Generic)<br>*Motion for Payment of Guardian Ad Litem Fees* | Index # 24 |
| 12/12/2024 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 25 |
| 12/31/2024 | MOT: Transcript<br>*Request for Transcripts* | Index # 26 |
| 02/19/2025 | MOT: Motion (Generic)<br>*Motion for Psychological Test* | Index # 27 |
| 02/24/2025 | MOT: Motion (Generic)<br>*Motion for Psychological Testing of Father* | Index # 28 |
| 02/26/2025 | INF: Information (Generic)<br>*CR Rhonda Rhodes Wise* | Index # 29 |
| 03/04/2025 | AFF: Affidavit (Generic)<br>*Affidavit filed by Respondent* | Index # 30 |
| 03/31/2025 | INF: Information (Generic) | Index # 31 |

**Public Portal Family Type Case**

## Case Summary

**Case No. 2020-DM-000131**

*Supervised Parenting Time Court Report*

03/31/2025 AFF: Affidavit (Generic) Index # 32

04/14/2025 MOT: Motion (Generic) Index # 33
*Motion to Withdraw Attorney & Notice of Self-Representation*

04/21/2025 NOT: Notice (Generic) Index # 34
*Rule 170 Notice - Journal Entry Regarding Psychological Testing*

04/21/2025 NOT: Notice (Generic) Index # 35
*Notice & Objection to Rule 170 Filing by Non-Party GAL*

04/22/2025 INF: Information (Generic)
*Master Notice of Federal Conflict, Retaliatory Custodial Interference, ADA Obstruction & Due Process Violations*
Index # 36

04/22/2025 INF: Information (Generic) Index # 37
*Supplemental to Affidavit of Angeliina Lawson*

04/23/2025 MOT: Motion (Generic) Index # 41
*Motion to Withdraw*

04/23/2025 MOT: Motion (Generic) Index # 38
*Motion to Recuse Judge Eric W Godderz & Chief Judge Taylor Wine*

04/23/2025 INF: Information (Generic) Index # 39
*Notice of Guardian Ad Litem Misconduct & Federal Escalation*

04/23/2025 MOT: Motion (Generic) Index # 40
*Motion to Transfer Venue to Johnson County, Kansas*

## Dispositions

11/10/2020 **Settled w/o Judicial Conf or Hearing** (Judicial Officer: Godderz, Eric W)

## Hearings

08/10/2023 **Status Conference** (9:30 AM) (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*No Court Appearance Required - Hearing Not Held*

10/19/2023 **Status Conference** (9:45 AM) (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*No Court Appearance Required - Hearing Not Held*

11/15/2023 **Status Conference** (9:00 AM) (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

12/13/2023 **Status Conference** (11:30 AM) (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

01/10/2024 **Bench Trial** (1:00 PM) (Judicial Officer: Godderz, Eric W)
*IN PERSON - 2 HRS*
*Hearing Held*

02/07/2024 **Status Conference** (11:45 AM) (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

02/22/2024 **Status Conference** (2:00 PM) (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

03/25/2024 **Status Conference** (1:00 PM) (Judicial Officer: Godderz, Eric W)
*BY VIDEO*
*Hearing Held*

07/15/2024 **Bench Trial** (1:30 PM) (Judicial Officer: Godderz, Eric W)
*IN PERSON - 1/2 DAY*
*Hearing Held*

08/01/2024 **Motion** (4:30 PM)
*Hearing Held*

08/08/2024 **Status Conference** (9:30 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

08/28/2024 **Status Conference** (2:00 PM) (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

09/19/2024 **Hearing** (9:30 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

10/03/2024 **Status Conference** (9:45 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

10/29/2024 **Status Conference** (11:00 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM - MOTION TO CHANGE VENUE FILED*
*Hearing Held*

12/12/2024 **Status Conference** (10:30 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM*
*Hearing Held*

02/26/2025 **Motion** (10:30 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM - MOTION FOR EVALUATION*
*Hearing Held*

03/07/2025 **Court Review - No Appearance** (8:00 AM) (Judicial Officer: Wine, Taylor J)

05/08/2025 **Status Conference** (9:00 AM) (Judicial Officer: Godderz, Eric W)
*ZOOM*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

Hon. ERIC W. GODDERZ,

Hon. TAYLOR J. WINE,

Hon. JOHN BRYANT (in their official and individual capacities),

and STATE of KANSAS,

Defendants.

Case No. 2:25-cv-02199-TC-TJJ
Hon. Toby Crouse, District Judge
Magistrate Judge Teresa J. James

JURY DEMAND

**SUPPLEMENTAL NOTICE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES FOR TRO**

COMES NOW Plaintiff, Angeliina Lynn Lawson, Pro Se, and submits this Supplemental Notice to further document exhaustion of administrative remedies and the futility of alternative relief avenues, in support of her claims under 42 U.S.C. § 1983, Title II of the ADA, and related constitutional violations.

1. On or about Dec 19, 2024, Plaintiff engaged in extensive discussions with representatives of the Federal Bureau of Investigation (FBI) regarding systemic ADA violations, judicial misconduct, and deprivation of access to the courts under color of law.
2. On April 25, 2025, FBI agent Bryan responded via email, stating only:

"Received. Please keep in mind my guidance from our extensive discussion on April 8th. I continue to encourage you to have an attorney to guide you through the litigation and help you understand all the decisions and your appeal rights." (Exhibit H)

3. The FBI's response failed to address, acknowledge, or investigate the underlying constitutional and statutory violations presented, despite Plaintiff providing specific evidence of ADA discrimination, judicial fraud, procedural sabotage, and systemic denial of access to court processes.
4. The FBI's passive response effectively confirms that no meaningful administrative remedy is available to Plaintiff at the federal investigatory level, and that further pursuit of internal grievance mechanisms would be futile.
5. Plaintiff submits this correspondence as additional evidence that she has exhausted reasonable administrative channels for relief, and that federal judicial intervention is now necessary to prevent irreparable harm and ongoing constitutional deprivation.

WHEREFORE, Plaintiff respectfully asks that the Court take judicial notice of this Supplemental Notice as further grounds for denying any abstention or dismissal arguments based on premature claims or failure to exhaust remedies.

Respectfully submitted,

Dated: April 26, 2025

Angeliina Lynn Lawson

Pro Se Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2025, I electronically filed the foregoing document entitled " **SUPPLEMENTAL NOTICE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES FOR TRO"** with the Clerk of the Court for the United States District Court for the District of Kansas.

Because this is an ex parte emergency motion, no service has been made upon the Defendants or their counsel at this time. Plaintiff respectfully requests the Court to rule on the motion prior to requiring service, pursuant to the applicable Federal Rules of Civil Procedure.

Respectfully submitted,

Dated: April 26, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff

Exhibit H

Gmail Angeliina <angeliinacourtrecords@gmail.com>

# Re: [EXTERNAL EMAIL] - Re: Formal Color of Law Complaint 4th District of KS

**Bryan Witt** <bwitt@fbi.gov> Mon, Apr 28, 2025 at 8:02 AM
To: Angeliina Lawson <angeliinalawson@gmail.com>
Cc: "angeliinacourtrecords@gmail.com" <angeliinacourtrecords@gmail.com>

Received. Please keep in mind my guidance from our extensive discussion on April 8th. I continue to encourage you to have an attorney to guide you through the litigation and help you understand all the decisions and your appeal rights.

---

**From:** Angeliina Lawson <angeliinalawson@gmail.com>
**Sent:** Saturday, April 26, 2025 4:35:46 PM
**To:** Witt, Bryan (KC) (FBI) <bwitt@fbi.gov>
**Cc:** angeliinacourtrecords@gmail.com <angeliinacourtrecords@gmail.com>
**Subject:** Re: [EXTERNAL EMAIL] - Re: Formal Color of Law Complaint 4th District of KS

[Quoted text hidden]

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

Hon. ERIC W. GODDERZ,

Hon. TAYLOR J. WINE,

Hon. JOHN BRYANT (in their official and individual capacities),

and STATE of KANSAS,

Defendants.

Case No. 2:25-cv-02199-TC-TJJ

Hon. Toby Crouse, District Judge

Magistrate Judge Teresa J. James

SUPPLEMENTAL PETITION FOR WRIT OF HABEAS CORPUS AND REQUEST FOR EMERGENCY RELIEF
(28 U.S.C. § 2241; Fourteenth Amendment; ADA Title II)

## I. INTRODUCTION

Comes now Plaintiff, Angeliina Lynn Lawson, pursuant to 28 U.S.C. § 2241, the Fourteenth Amendment, the Americans with Disabilities Act (ADA), and applicable Federal Rules, and respectfully petitions this Court for an Emergency Writ of Habeas Corpus to protect her fundamental liberty interests under the United States Constitution.

Plaintiff respectfully requests that this Court immediately issue a writ of habeas corpus to return the minor child, D.L., to Plaintiff's lawful custody, as no valid jurisdiction or court authority existed at the time of the wrongful removal. Specifically, the so-called "Temporary Change of Custody" order issued on September 21, 2024, in Case No. 2020-DM-131, Anderson County, Kansas, is **VOID ab initio** due to fatal jurisdictional defects, due process violations, fraud upon the court, and constitutional deprivation of parental rights.

Since the issuance of that void order, Plaintiff has been subjected to escalating retaliation, unlawful procedural barriers, ADA Title II violations, and systemic suppression of her constitutional claims, all stemming directly from her efforts to challenge the illegal custody change. The campaign of Dolus Malus — intentional procedural deceit — now fully evidences Plaintiff's exhaustion of available state remedies and underscores the urgent necessity of federal protection. This case presents a textbook instance of **Tyrannis Legalis** and **Fraus Legis** — where the law itself has been weaponized not to protect rights, but to shield state actors from

accountability, criminalize lawful parental conduct, and perpetuate systemic coercion under the false color of judicial authority.

Under long-established precedent, including *Santosky v. Kramer*, 455 U.S. 745 (1982), a parent's fundamental right to the care, custody, and control of her child is entitled to strict constitutional scrutiny. The ongoing interference with Plaintiff's parental rights violates her Fourteenth Amendment rights, constitutes unlawful restraint under 28 U.S.C. § 2241, and demands immediate federal intervention.

## II. IMMEDIATE CUSTODIAL LIBERTY INTEREST AT STAKE

Plaintiff respectfully petitions this Court to intervene under 28 U.S.C. § 2241 because immediate, unlawful restraint of her custodial rights is ongoing:

1. The September 21, 2024, "Temporary Change of Custody" order in Case No. 2020-DM-131 is **VOID ab initio**, issued without subject matter jurisdiction, without meaningful notice, without a hearing, and in direct violation of Plaintiff's fundamental due process rights. The order is further infected with fraud upon the court, docket manipulation, ADA exclusion, and intentional suppression of Plaintiff's access to her own case filings.
2. Custody and enforcement matters must be **transferred out of Anderson County** and into **Johnson County, Kansas**, where Plaintiff and her minor child have their true residential and procedural nexus. Anderson County has demonstrated systemic bias, Dolus Malus (intentional deceit), and constructive judicial tyranny, rendering any further proceedings there inherently unjust.
3. Immediate restoration of full, permanent custody of Plaintiff's minor child, D.L., is necessary to prevent further irreparable harm. Plaintiff has historically maintained custody, has not been lawfully adjudicated unfit, and continues to suffer daily constitutional injury due to fraudulent and unlawful state actions. Restoration is necessary to preserve Plaintiff's Fourteenth Amendment liberty interest in the care, custody, and control of her child.

## III. ESCALATION PROVING EXHAUSTION

Following Plaintiff's lawful attempts to challenge the illegal custody order, state actors escalated retaliatory and obstructive conduct, confirming exhaustion and futility of state remedies:

- Two separate "Stays on Subpoenas" (April 10 and April 21, 2025, LV-2025-CV-70) unlawfully obstructed Plaintiff's right to obtain discovery, prepare her defense, and present critical evidence. These actions violated Plaintiff's First and Fourteenth Amendment rights by depriving her of a fair opportunity to develop findings of fact necessary to challenge and void the underlying September 21, 2024 judgment before a jury.
- **Denial of Right to Self-Representation:** In violation of *Faretta v. California*, 422 U.S. 806 (1975), Plaintiff was unlawfully denied the right to represent herself, further isolating her from meaningful access to the courts.

- **ADA Exclusion:** Plaintiff's repeated requests for reasonable accommodations were systematically denied, in violation of 42 U.S.C. § 12132 and the holdings of *Tennessee v. Lane*, 541 U.S. 509 (2004).
- **Docket Tampering and Filing Suppression:** Key filings were improperly labeled, hidden, or excluded from the docket, further obstructing Plaintiff's access to justice and remedy.

These escalating acts of procedural sabotage, retaliation, and Dolus Malus demonstrate that any further pursuit of state remedies would be futile and serve only to continue irreparable constitutional harm.

## IV. LEGAL GROUNDS

Plaintiff's petition is firmly grounded in the following constitutional and statutory protections:

- **28 U.S.C. § 2241:** Federal habeas corpus jurisdiction authorizing relief where unlawful restraints are imposed upon liberty interests.
- **Fourteenth Amendment:** Violations of Plaintiff's substantive and procedural due process rights in the care, custody, and control of her child.
- **First Amendment:** Retaliation against Plaintiff's protected right to petition courts for redress without coercion, obstruction, or penalty.
- **ADA Title II (42 U.S.C. § 12132):** Disability-based exclusion from court participation and retaliation for exercising protected rights.
- **Federal Rule of Civil Procedure 60(d)(3):** Relief from fraud upon the court, including docket manipulation, concealment of judicial acts, and constructive deceit undermining court integrity.

Under *Hensley v. Municipal Court*, 411 U.S. 345 (1973), constructive custody — where a person's liberty is significantly restrained by legal coercion — qualifies for federal habeas review. Here, Plaintiff faces court-imposed restrictions tantamount to detention of her fundamental parental rights, ADA rights, and litigation rights. This active and ongoing deprivation demands immediate federal intervention.

## V. URGENCY AND IRREPARABLE HARM

Each day that Plaintiff is deprived of access to her minor child, D.L., since September 19, 2024 hearing, constitutes a fresh constitutional injury that cannot be remedied later through monetary damages. The Supreme Court has long recognized that family relationships occupy a privileged place in constitutional jurisprudence, and wrongful disruption of the parent-child bond constitutes a "grievous loss" warranting the highest protection. (*Stanley v. Illinois*, 405 U.S. 645 (1972)).

Immediate emergency relief is necessary because:

- The state courts have blocked Plaintiff's self-representation, discovery rights, and ADA protections necessary for meaningful litigation;

- No adequate or functioning state remedy remains, as retaliation has escalated following Plaintiff's federal filings;
- Continued interference irreparably injures Plaintiff's Fourteenth Amendment rights to custody, companionship, and familial association;
- Restoration of custody pending lawful process is the least restrictive, constitutionally sound remedy to prevent further irreversible harm.

## VI. RESERVATION OF RIGHT TO ADD ADDITIONAL DEFENDANTS

Pursuant to Fed. R. Civ. P. 15, Plaintiff expressly reserves the right to amend her Petition to add additional defendants revealed through discovery or investigation. This reservation includes, but is not limited to: court clerk personnel involved in docket tampering; ADA coordinators who refused required accommodations in violation of federal law; the Guardian ad Litem and other court-appointed actors engaged in unauthorized practice or collusion; and any individuals or entities that directly profited from, enabled, or engaged in the denial of Plaintiff's constitutional and statutory rights.

All such future amendments would relate back to the original claims and factual allegations in this Petition, which already assert colorable violations of 42 U.S.C. § 1983, § 1981, Title II of the Americans with Disabilities Act, and federal constitutional protections under the First and Fourteenth Amendments.

Plaintiff files this reservation out of an abundance of caution to preserve her full rights to seek complete redress against all actors implicated in the systemic deprivation of liberty at issue.

## VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Grant immediate emergency habeas corpus relief under 28 U.S.C. § 2241.
2. Declare that the "temporary change of custody" order issued on September 21, 2024, in Case No. 2020-DM-131 is VOID ab initio due to jurisdictional defects, due process violations, and fraud upon the court, and immediately restore custody and return minor child D.L. to Plaintiff, on the grounds that removal was unlawful and violated fundamental constitutional rights.
3. **Order the full and permanent restoration of custody of minor child D.L.** to Plaintiff, with any future proceedings to be conducted only with full due process, impartial venue, ADA-compliant access, and free from bias, fraud, or Dolus Malus-based practices.
4. **Order the transfer of all current and future custody and enforcement matters** related to Case No. 2020-DM-131 out of Anderson County and into **Johnson County, Kansas**, where proper venue, residence-based jurisdiction, and historical family ties exist.
5. **Award any further relief deemed just, equitable, and necessary**, including ongoing federal oversight, injunctive remedies, or structural safeguards to ensure protection of Plaintiff's constitutional and statutory rights.

**VIII. Supporting Exhibits:**
Plaintiff respectfully refers the Court to Exhibits A–H and attachments to Docket # 8, previously filed in support of her Ex Parte Emergency TRO Motion incorporated herein by reference. These Exhibits and attachments document the underlying jurisdictional defects, ADA exclusion, retaliatory obstruction, and fraud upon the court warranting emergency habeas corpus relief.

Respectfully submitted,

Dated: April 28, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff
angeliinacourtrecords@gmail.com
(913) 972-1661

CERTIFICATE OF SERVICE

This document is filed ex parte, pursuant to Fed. R. Civ. P. 65(b)(1), and no service has yet been made upon Defendants pending the Court's preliminary review of emergency relief.

Respectfully submitted,

Dated: April 28, 2025

Angeliina Lynn Lawson
Pro Se Plaintiff
angeliinacourtrecords@gmail.com
(913) 972-1661

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

Case No: 2:25-cv-02199-TC-TJJ

vs.
ERIC W. GODDERZ, et al.,

Defendants.

JURY TRIAL DEMANDED

## MOTION TO EXPEDITE SCREENING AND TEMPORARY RESTRAINING ORDER DETERMINATION

Plaintiff Angeliina Lynn Lawson, appearing pro se, respectfully moves this Court to expedite screening of her complaint under 28 U.S.C. § 1915(e)(2)(B) and to immediately review and rule upon the pending Emergency Motion for Temporary Restraining Order (TRO). The continued delay in this matter is causing ongoing irreparable harm, including a court-ordered psychological evaluation scheduled for May 8, 2025, without legal basis, consent, or ADA accommodation.

### I. BACKGROUND

Plaintiff filed her initial complaint on April 14, 2025, along with an IFP application and supporting TRO declaration. Since then, Plaintiff has submitted an Amended Complaint, legal theory briefs, verified declarations, and a supplemental habeas petition. As of the date of this filing, the Magistrate Judge has not issued a ruling on Plaintiff's IFP status or screened the complaint, and the TRO remains undecided.

Plaintiff's filings document: (1) the systemic denial of ADA accommodations, (2) improper suppression of court access through poverty affidavit denials, (3) retaliatory judicial conduct and docket manipulation, and (4) exhaustion of all state remedies. Chief Judge Taylor J. Wine's formal denial of all ADA accommodations (April 18, 2025), and the May 8, 2025 hearing set to enforce a non-consensual psychological evaluation, present immediate and concrete threats to Plaintiff's constitutional rights.

## II. LEGAL GROUNDS FOR EXPEDITED RELIEF

Under Rule 65(b) and federal equitable principles, TROs must be resolved with urgency where irreparable harm is imminent. The delay in screening has become, in effect, a denial of Plaintiff's TRO rights. Furthermore, federal courts have the authority to expedite review where constitutional violations and ADA exclusion are actively occurring and time-sensitive.

Plaintiff further notes that no stay or hold has been formally issued, and the record shows good-faith and complete procedural compliance on Plaintiff's part. The Court's own docket reflects substantial filings, all awaiting review. This silence creates a due process concern when emergency relief is sought in good faith.

## III. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:
1. Expedite screening of the Amended Complaint and IFP motion under 28 U.S.C. § 1915(e)(2)(B);
2. Immediately review and rule upon the Emergency Motion for Temporary Restraining Order (Doc. 6-1);
3. Issue any other relief deemed appropriate to protect Plaintiff's rights and ensure timely adjudication.

Absent immediate review, Plaintiff remains at risk of further constitutional injury in the May 8 proceeding and continued ADA retaliation.

Respectfully submitted, Dated: May 11, 2025

______________________________

Angeliina Lynn Lawson
Pro Se Plaintiff
1914 5th Ave
Leavenworth, KS 66048
AngeliinaLawson@gmail.com
(913) 972-1661

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2025, I filed the foregoing via the Court's CM/ECF system, which will cause all counsel of record to be served.

Angeliina Lynn Lawson, Pro Se Plaintiff
1914 5th Ave, Leavenworth, KS 66048
angeliinacourtrecords@gmail.com | (913) 972-1661
Dated: May 11, 2025

MIME−Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
−−Case Participants: Angeliina Lynn Lawson (angeliinacourtrecords@gmail.com), District Judge John W. Broomes (joyce_roach@ksd.uscourts.gov, ksd_broomes_chambers@ksd.uscourts.gov), Magistrate Judge Teresa J. James (ksd_james_chambers@ksd.uscourts.gov)
−−Non Case Participants: Ricardo Taboada (ricardo_taboada@ksd.uscourts.gov)
−−No Notice Sent:

Message−Id:6354959@ksd.uscourts.gov
Subject:Activity in Case 2:25−cv−02199−JWB−TJJ Lawson v. Godderz et al Order on Motion for Leave to Amend Complaint
Content−Type: text/html

**U.S. District Court**

**DISTRICT OF KANSAS**

## Notice of Electronic Filing

The following transaction was entered on 5/13/2025 at 3:24 PM CDT and filed on 5/13/2025

| | |
|---|---|
| **Case Name:** | Lawson v. Godderz et al |
| **Case Number:** | 2:25−cv−02199−JWB−TJJ |
| **Filer:** | |
| **Document Number:** | 18(No document attached) |

**Docket Text:**

**ORDER denying as moot [10] Plaintiff's Motion for Leave to File First Amended Complaint and Preserve Pending Filings. Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff is permitted to file her First Amended Complaint as a matter of course and leave of Court is not required. Additionally, Plaintiff has already filed her [9] First Amended Complaint. Signed by Magistrate Judge Teresa J. James on 5/13/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf)**

**2:25−cv−02199−JWB−TJJ Notice has been electronically mailed to:**

Angeliina Lynn Lawson    angeliinacourtrecords@gmail.com

**2:25−cv−02199−JWB−TJJ Notice has been delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ANGELIINA LYNN LAWSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HON. ERIC GODDERZ, et al.,**<br><br>**Defendant.** | **Case No. 25-CV-02199-JWB-TJJ** |

**ORDER GRANTING *IN FORMA PAUPERIS* STATUS**
**BUT WITHHOLDING SERVICE OF SUMMONS AND COMPLAINT**

Plaintiff, proceeding *pro se*, has filed a Motion to Proceed Without Prepayment of Fees (ECF No. 4) under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). The *in forma pauperis* statute provides that the Court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is financially unable to pay the required filing fee.[1] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[2]

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court . . . to pay a filing fee . . . .").

[2] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

Based on the information provided in his Affidavit in Support of the Application, the Court finds Plaintiff is not financially able to pay the filing fee to institute a civil action. The Court will therefore grant Plaintiff's request to proceed without prepayment of fees.

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[3] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[4] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[5] In this case, a pre-service review is appropriate as it appears this Court lacks jurisdiction, several Defendants are entitled to immunity, and Plaintiff fails to state a claim on which relief may be granted and therefore should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Further, the Court addresses Plaintiff's Motion to Expedite Screening and Temporary Restraining Order Determination (Doc. 17) to the extent it pertains to the undersigned Magistrate Judge's review pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court is in the process of reviewing Plaintiff's Amended Complaint, and will continue to do so with urgency. However, such review cannot occur in an expedited fashion, as Plaintiff requests, if Plaintiff continues to bombard the

---

[3] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

[4] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[5] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Court with the filing of cases and miscellaneous documents and motions.[6] Accordingly, the Court grants Plaintiff's request to expedite the review of Plaintiff's Amended Complaint but instructs Plaintiff not to file any additional pleadings in this case until the Court enters its Report and Recommendation on the Amended Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 4) is GRANTED, but service of summons and the Complaint upon Defendant shall be withheld pending further order of the Court.

**IT IS FURTHER ORDERED THAT** Plaintiff shall not file any additional pleadings in this case until after the Court enters its Report and Recommendation on Plaintiff's Amended Complaint.

**IT IS SO ORDERED.**

Dated May 13, 2025, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge

[6] Plaintiff has filed four cases in the District of Kansas, three within the last thirty (30) days, all of which are assigned to the undersigned Magistrate Judge. *See Lawson v. Kansas Dep't of Children and Families*, 25-cv-2171-JWB-TJJ (D. Kan. Apr. 2, 2025); *Lawson v. Godderz, et al.*, 25-cv-2199-JWB-TJJ (D. Kan. Apr. 14, 2025); *Lawson v. Lawson*, 25-cv-4045-DDC-TJJ (D. Kan. May 2, 2025). *Lawson v. Bolton, et al.*, 25-cv-2251-JWB-TJJ (D. Kan. May 6, 2025). In all of Plaintiff's cases, she has requested to proceed *in forma pauperis*, requiring the Court to engage in a lengthy review of the respective Complaints. Additionally, Plaintiff has filed numerous motions and supplements in these cases, further delaying the Court's ability to review the Complaints pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ANGELIINA LYNN LAWSON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 2:25-cv-02199-JWB-TJJ |
| ERIC GODDERZ, *et al.*, | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Angeliina Lynn Lawson, proceeding *pro se*, filed this action against Anderson County District Judge Eric Godderz, Anderson County District Chief Judge Taylor J. Wine, Leavenworth County District Judge John Bryant, and the State of Kansas, alleging various claims arising under 42 U.S.C. § 1983, and the Americans with Disabilities Act ("ADA"). This matter comes before the Court for screening pursuant to 28 U.S.C. § 1915. For multiple reasons discussed below, the Court will ultimately recommend dismissal of all of Plaintiff's claims.

## I. Relevant Background

Plaintiff brings this lawsuit against the State of Kansas and Kansas State Court Judges Eric Godderz, Taylor Wine, and John Bryant.[1] Plaintiff raises six claims: violation of her due process rights (Count I), violation of Title II of the ADA (Count II), retaliation in violation of the ADA (Count III), retaliation for protected First Amendment activity (Count IV), unconstitutional taking and deprivation of property (Counts V and VII), and fraud upon the court and constructive fraud (Count VI). All of Plaintiff's claims arise from events that occurred during the course of a domestic relations case in Anderson County, Kansas.

[1] *See* Pl.'s Am. Compl., ECF No. 9.

On May 13, 2025, the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* without the prepayment of fees, but withheld service of summons and the Complaint until the undersigned could screen the Complaint pursuant to 28 U.S.C. § 1915.[2] The Court now screens Plaintiff's First Amended Complaint pursuant to 28 U.S.C. § 1915.

## II. Screening of Plaintiff's First Amended Complaint Pursuant to 28 U.S.C. § 1915

When a party seeks to proceed without the prepayment of fees, 28 U.S.C. § 1915 requires the court screen the party's complaint. The court must dismiss the complaint if it determines the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of 28 U.S.C. § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."[3]

This Court reviews the sufficiency of Plaintiff's Complaint under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6).[4] Plaintiff "must allege sufficient facts to state a claim which is plausible—more than merely conceivable—on its face."[5] Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint must provide a "short and plain statement of the claims showing that the pleader is entitled to relief." Additionally, the complaint must state more than "labels and conclusions" and "[f]actual allegations must be enough to raise a right to

---

[2] Order, ECF No. 19.
[3] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
[4] *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007).
[5] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

relief beyond the speculative level."[6] Plaintiff proceeds *pro se*, thus her pleadings must be construed liberally.[7] However, she still bears the burden to allege "sufficient facts on which a recognized legal claim could be based"[8] and the Court cannot "take on the responsibility of serving as [her] attorney in constructing arguments and searching the record."[9]

"Apart from the court's obligation to screen IFP complaints for merit, the court has an independent obligation to determine if subject-matter jurisdiction exists."[10] "[F]ederal courts are courts of limited subject-matter jurisdiction" and "may only hear cases when empowered to do so by the Constitution and by act of Congress."[11] Further, "A complaint is frivolous within the meaning of § 1915(d), if its subject matter is outside the jurisdiction of the court."[12] For the reasons stated below, the undersigned Magistrate Judge recommends all of Plaintiff's claims be dismissed.

**A. Claims for Equitable Relief**

Plaintiff's First Amended Complaint alleges there has been "a coordinated campaign of judicial manipulation, ADA exclusion, and fraudulent procedural sabotage designed to strip her of her parental rights and access to justice under the law."[13] Plaintiff seeks "declaratory and injunctive relief to stop ongoing constitutional violations" and asks the Court to issue a permanent injunction and order systemic remedial relief.[14] Plaintiff seeks such relief from actions arising out of proceedings in Anderson County District Court regarding Plaintiff's divorce, child custody, and

---

[6] *Twombly*, 550 U.S. at 545.
[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).
[8] *Id.*
[9] *Mays v. Wyandotte Cnty. Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).
[10] *Martinez v. Pickering*, No. 21-4083-JAR-ADM, 2021 WL 12146947, at *2 (D. Kan. Dec. 8, 2021), *report and recommendation adopted*, No. 21-4083-JAR-ADM, 2022 WL 21778539 (D. Kan. Feb. 28, 2022) (citing *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035 (10th Cir. 2015)).
[11] *Gad*, 787 F.3d at 1035.
[12] *Oltremari by McDaniel v. Kan. Soc. & Rehab. Servs.*, 871 F. Supp. 1331, 1333 (D. Kan. 1994).
[13] Pl.'s Am. Compl., ECF No. 9, p. 2.
[14] *Id.* at pp. 1, 8, and 9.

support.[15] As discussed *infra*, the Court concludes Plaintiff's claims for equitable relief are barred in this District by principles of *Younger* abstention.

"*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[16] There are three factors that dictate whether *Younger* abstention applies: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings 'involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.'"[17] Once a court determines these three conditions are met, *Younger* abstention is non-discretionary, and must be invoked absent extraordinary circumstances.[18]

Although Plaintiff does not affirmatively state that her state case is ongoing, the First Amended Complaint does seek "declaratory and injunctive relief to stop *ongoing* constitutional violations," and alleges the state court is engaging in a "continued violation of her constitutional rights," and "continued retention of venue in an improper county."[19] Further, many of the exhibits Plaintiff has filed in this case are documents from an Anderson County Court case titled *Lawson v. Lawson*, LV-2025-CV-000070.[20] Such exhibits include orders dated after the filing of this lawsuit, suggesting the state case is still ongoing. Additionally, the Court's independent review of

---

[15] *Id.* at p. 4.
[16] *Amanatullah v. Colo. Bd. of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)).
[17] *Id.* (quoting *Taylor v. Jaquez*, 126 F.3d 1294, 1297 (10th Cir. 1999)).
[18] *Id.*
[19] Pl.'s Am. Compl., ECF No. 9, pp. 1, 2, and 4 (emphasis added).
[20] *See* Pl.'s Supplemental Notice of Judicial Interference, Discovery Suppression, and Retaliatory Quashing of Subpoenas, ECF No. 12.

the publicly available docket in the state court case reveals a status conference was recently held and does not indicate the case has been dismissed, closed, or otherwise resolved. Therefore, the first *Younger* factor is met.

Second, the state court provides an adequate forum to hear the claims raised in the Complaint. Plaintiff bears the burden of establishing that state law prevents her from presenting her federal claims in the state court proceedings.[21] However, Plaintiff merely states that her constitutional rights and protections under the ADA have been violated, or otherwise ignored. Plaintiff does not provide any authority or arguments that would support a conclusion the state court could not entertain the constitutional or statutory claims arising from her state court proceedings. In fact, state courts have been found adequate forums for federal constitutional claims.[22] To the extent Plaintiff has already raised her constitutional and statutory concerns in the state trial court, "that court's decisions are not 'inadequate' for *Younger* purposes simply because the court did not rule in her favor."[23] The second *Younger* factor is met.

Third, the state court proceedings involve important state interests. Plaintiff's First Amended Complaint stems from her divorce, child custody, and support matters, the resolution of which presents an important state interest.[24] The law in the Tenth Circuit is clear that issues of familial relations, child custody, and child support are "especially delicate subject[s] of state policy."[25] Therefore, the third element is met.

---

[21] *See Morkel v. Davis*, 513 Fed. App'x 724, 728 (10th Cir. 2013).
[22] *Id.* (finding state court adequate forum for raising constitutional claims); *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004) (finding there was no reason why plaintiffs' ADA, Rehabilitation Act, and Fourteenth Amendment contentions could not be interposed as defenses in state court).
[23] *Morkel*, 513 Fed. App'x at 728.
[24] *Fisher v. Lynch*, 531 F. Supp. 2d at 1267 ("it is well established that the State of Kansas maintains a significant interest in child custody matters").
[25] *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996); *Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB-GEB, 2019 WL 1915563, at *3 (D. Kan. Apr. 30, 2019) (finding Court was precluded from

However, a court may decline to abstain under *Younger* when extraordinary circumstances are present, including when the underlying state court action was: (1) a criminal prosecution commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of "irreparable injury" both great and immediate.[26] "[I]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment."[27] Plaintiff has failed to meet her burden in this case. First, Plaintiff's underlying state court case concerns a domestic relations matter, not a criminal prosecution, so the first exception is inapplicable. Next, Plaintiff does not allege her action is based on a flagrantly and patently unconstitutional statute. Instead, her allegations are all based on the actions taken during her state court proceedings, so the second exception is inapplicable. Finally, nothing in Plaintiff's First Amended Complaint rises to the level necessary to show a threat of "irreparable injury" to Plaintiff that is "both great and immediate."[28] In *Younger*, the Supreme Court noted in order to show irreparable injury, "the threat to plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution."[29] Although Plaintiff's state court case is not a criminal prosecution, the same principal applies. Further, the pending state court action may resolve any alleged

exercising jurisdiction over "proceedings concerning payment of child support" because such proceedings "implicate important state interests.").

[26] *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995) (citing *Younger v. Harris*, 401 U.S. 37, 53–54 (1971)).

[27] *See Weitzel v. Div. of Occupational and Pro. Licensing of Dept. of Com. of State of Utah*, 240 F.3d 871, 876 (10th Cir. 2001) (quoting *Phelps*, 122 F.3d at 889).

[28] *Cheatham v. Thompson*, No. 21-3195-SAC, 2021 WL 4206332, at *3 (D. Kan. Sept. 16, 2021) ("Generally, a threat of irreparable injury occurs alongside a bad-faith prosecution or where there are a series of repeated prosecutions" and "the threat to the [individual's] federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution"); *Hambright v. Kansas*, No. 21-3045-SAC, 2021 WL 1821801, at *1 (D. Kan. Apr. 30, 2021) (citing *Younger*, 401 U.S. at 46) ("irreparable injury" must be "both great and immediate").

[29] *Younger*, 401 U.S. at 46.

violation of Plaintiff's protected rights, so the third exception is inapplicable.[30] Thus, no exception to *Younger* abstention applies to this action. Therefore, the doctrine bars Plaintiff's claims for equitable relief from being heard by this Court, and dismissal of all of Plaintiff's equitable claims for relief is recommended.

**B. Immunity**

**i. Eleventh Amendment Immunity**

In her First Amended Complaint, Plaintiff also seeks monetary relief against all defendants. Plaintiff brings her claims against the State of Kansas, stating it "is responsible for acts and omissions of its judiciary, court administrators, and ADA coordinators, operations of its courts and judicial ADA compliance infrastructure, and has failed to ensure access to judicial services for individuals with disabilities."[31] Additionally, Plaintiff brings claims against state court Judges Eric Godderz, Taylor Wine, and John Bryant in their official capacities. The Eleventh Amendment, however, ensures immunity for such parties as to all Plaintiff's claims for monetary damages, except those brought pursuant to Title II of the ADA.

"The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and 'arms of the state' unless the state waives its immunity."[32] Therefore, in the absence of some consent on behalf of the State, or abrogation of the State's immunity by Congress pursuant to statute, a suit in which the State is named as a defendant is "proscribed by the Eleventh Amendment."[33]

---

[30] *Weitzel*, 240 F.3d at 876 (finding third *Younger* exception did not apply when state court proceedings could resolve claims brought in federal court).
[31] Pl.'s Am. Compl., ECF No. 9, pp. 3–4.
[32] *Brooks v. Kobach*, No. 25-cv-3054-JWL, 2025 WL 1100048, at *3 (D. Kan. Apr. 14, 2025).
[33] *Id.* (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).

Plaintiff raises several monetary claims under 42 U.S.C. § 1983, including: deprivation of her due process rights (Count I) and unconstitutional taking and deprivation of property (Counts V and VII). There is no evidence the State of Kansas has consented to the suit, and "[i]t is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983."[34] Therefore, Plaintiff's § 1983 claims against the State of Kansas are barred by the Eleventh Amendment. Further, Eleventh Amendment immunity would also bar Plaintiff's claims for monetary damages against the State of Kansas for fraud upon the court and constructive fraud (Count VI). The First Amended Complaint does not contain any authority to suggest that immunity has been waived or abrogated as to this claim.[35]

Plaintiff also asserts these claims (Counts I, V–VII), plus a claim for retaliation for protected First Amendment activity (Count IV) against Kansas State Court Judges Godderz, Wine, Bryant in their official capacities.[36] The Eleventh Amendment bars suits in federal court against arms of the state and state officials who are sued in their official capacities.[37] "District court judges are state officials."[38] Therefore, to the extent Plaintiff brings claims for monetary damages against Judges Godderz, Wine, and Bryant in their official capacities, the claims are barred by the Eleventh Amendment.[39]

---

[34] *Id.*
[35] *Gaylord v. Kansas*, No. 23-4018-KHV-RES, 2023 WL 11868036 (D. Kan. Apr. 12, 2023), *report and recommendation adopted* (Apr. 26, 2023), *subsequently aff'd*, No. 23-3075, 2024 WL 358240 (10th Cir. Jan. 31, 2024) (finding Eleventh Immunity applies and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B)(iii) when Plaintiff failed to provide authority suggesting the State of Kansas waived its immunity or that Congress abrogated the State's immunity by statute).
[36] Plaintiff asserts Count I and V–VII against "Defendants" generally, thus implicating all Defendants. Court IV appears limited to Defendant Judges. *See* ECF No. 9, pp. 6–8.
[37] *Allen v. St. Francis Ministries*, No. 23-1166-DDC-GEB, 2024 WL 2831606, at *3 (D. Kan. June 4, 2024) (internal quotation marks and citations omitted).
[38] *Roubideaux-Davis v. Klenda*, No. 24-3167-JWL, 2024 WL 4381227, at *2 (D. Kan. Oct. 2, 2024).
[39] *Prince v. Walters*, No. 24-1166-JWB, 2025 WL 987022 (D. Kan. Apr. 2, 2025), at *1 (finding claims against Sedgwick County District Court Judge in his official capacity are barred by the Eleventh Amendment).

In summary, the Court recommends, with the exception of Plaintiff's claims under Title II of the ADA, all of Plaintiff's claims (Counts I, IV, V, VI, and VII) against the State of Kansas and Judges Godderz, Wine, and Bryant in their official capacities be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) because Plaintiff seeks monetary relief against Defendants that are immune from such relief.[40]

**ii. Judicial Immunity**

Plaintiff also brings this action against Judges Godderz, Wine, and Bryant in their individual capacities. Judicial immunity applies to claims against judicial officers sued in their individual capacities.[41] "A judge is absolutely immune from liability for his judicial actions even if his exercise of authority is flawed by the commission of grave procedural errors."[42] The only exception to judicial immunity exists when judicial actions are "committed in the clear absence of all jurisdiction."[43] A judge does not act in the clear absence of jurisdiction even if "the action he took was in error, was done maliciously, or was in excess of his authority . . . ."[44] The Supreme Court has articulated two factors which courts should consider when determining whether an act constitutes a judicial act: (1) "whether it is a function normally performed by a judge" and (2) "whether [the parties] dealt with the judge in his judicial capacity."[45]

---

[40] *See Jones v. Off. of Admin. Hearings*, 757 F. App'x 692, 696 (10th Cir. 2018) (affirming the district court's finding that claims against a state agency and an administrative law judge sued in her official capacity were subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(iii) because the defendants were entitled to Eleventh Amendment immunity).
[41] *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Crowe v. Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011) ("Judicial immunity applies only to personal capacity claims.").
[42] *Stump*, 435 U.S. at 359.
[43] *Henrickson v. Bentley*, 644 F.2d 852, 855 (10th Cir. 1981).
[44] *Stump*, 435 U.S. at 356–57.
[45] *Id.* at 362.

Plaintiff alleges generally that Judges Godderz, Wine, and Bryant "have exploited judicial discretion."[46] Additionally, Plaintiff alleges that these judges along with the State of Kansas "coordinated [a] campaign of judicial manipulation, ADA exclusion, and fraudulent procedural sabotage designed to strip [Plaintiff] of her parental rights and access to justice under color of law."[47] Plaintiff's allegations are based generally upon these judges exercising their judicial discretion (a function normally performed by a judge) while dealing with Plaintiff in her state court case involving parental rights, alimony, and child support (dealing with the judges in their judicial capacity).

Additionally, Plaintiff alleges specifically regarding Judge Godderz, that he presided over Plaintiff's domestic relations case. Plaintiff alleges Judge Godderz refused to recuse himself after Plaintiff raised claims of bias and retaliation, refused to hold a hearing on a motion to transfer venue, refused to allow motions to be called for a hearing, and punished Plaintiff for engaging in First Amendment activity by filing complaints and grievances. Plaintiff broadly alleges such actions violated her First, Fifth, and Fourteenth Amendment rights.

While conclusory and vague, these limited facts show Judge Godderz is entitled to judicial immunity. All of the actions Plaintiff alleges Judge Godderz took are those normally performed by a judge.[48] And, Plaintiff's interactions with Judge Godderz occurred during the course of her domestic case, therefore, Plaintiff was dealing with Judge Godderz in his judicial capacity.[49] Further, to the extent Plaintiff brings these claims against Judge Godderz because she disagrees

[46] Pl.'s Am. Compl., ECF No. 9, p. 2.
[47] *Id.* at pp. 6, 7. And, Plaintiff alleges these judges and other denied enforcement of court ordered alimony and child support expense payments exceeding $32,000 and instead "diverted" them to cover guardian ad litem and therapist fees. *Id.* at p. 8.
[48] *Taylor v. Sedgwick Cnty Bd. of Comm'rs*, No. 18-2674-DDC-JPO, 2019 WL 4752044, at *10 (D. Kan. Sept. 30, 2019) ("[R]ulings about recusal, contempt, hearings, continuances, and attorney disqualification are all actions within a judge's judicial capacity").
[49] *See id.*

with his rulings, "Plaintiff's disagreement with judicial actions 'does not justify depriving him of his immunity.'"[50] Plaintiff thus fails to allege Judge Godderz acted in the absence of all jurisdiction, and he is entitled to immunity in his individual capacity.

Additionally, Plaintiff alleges specifically regarding Judge Bryant, that he "refused to recuse himself in cases [where] Plaintiff raised claims of bias and retaliation."[51] Ruling on motions for recusal is well within a judge's judicial capacity.[52] Plaintiff's allegations regarding how she interacted with Judge Bryant are otherwise vague. In her claims against Judge Bryant, Plaintiff states her "poverty affidavit was mishandled, delayed, or never processed, thereby obstructing her access to court tools such as subpoenas, trial preparation materials, and service of process."[53] Though not explicitly stated, this suggests Plaintiff dealt with Judge Bryant in his judicial capacity. Therefore, Judge John Bryant is also entitled to judicial immunity in his individual capacity.

Finally, Plaintiff alleges specifically regarding Judge Wine, that she submitted "formal requests for ADA accommodations, including communications support, procedural guidance, remote access, and disability-based participation assistance. All such requests were denied by Chief Judge Taylor J. Wine."[54] Plaintiff fails to plead any other facts surrounding her interactions with Judge Wine, and does not appear to state a viable claim against him. In any event, based upon the general allegations Plaintiff alleges against all three Defendant judges, discussed *supra*, the Court finds Judge Wine is entitled to judicial immunity in his individual capacity. [55]

---

[50] *Id.* (quoting *Stump*, 435 U.S. at 363).
[51] Pl.'s Am. Compl., pg. 5.
[52] K.S.A. § 20-311d (proving procedure for change of judge in Kansas district courts); *Taylor*, 2019 WL 4752044, at *10.
[53] Pl.'s Am. Compl., pg. 5.
[54] *Id.*
[55] Additionally, Judge Wine, as Chief Judge, may be entitled to judicial immunity for administrative actions, such as those alleged by Plaintiff. *See Martinez v. Winner*, 771 F.2d 424, 434 (10th Cir. 1985) (finding an "administrative" act, "in the sense that it does not concern the decision who shall win a case" still entitles a chief judge to immunity when such administrative act is "still a judicial function in the

In summary, the Court recommends, with the exception of Plaintiff's claims under Title II of the ADA, all of Plaintiff's claims (Counts I, IV, V, VI, and VII) against Judges Godderz, Wine, and Bryant in their individual capacities be dismissed under 28 U.S.C. § 1915(e)(2)(B)(iii) because Plaintiff seeks monetary relief against Defendants that are immune from such relief.

**C. ADA claims**

Plaintiff also brings claims under Title II of the ADA. Plaintiff alleges that she was discriminatorily denied access to judicial proceedings when her requests for accommodations were denied, and she was retaliated against for submitting such requests for accommodations.

**i. ADA claims against the State of Kansas**

In Count II of the First Amended Complaint, Plaintiff claims she was "denied reasonable accommodations under Title II of the ADA."[56] The State of Kansas is not immune from suit for claims arising under Title II of the ADA. Congress has unequivocally expressed its intent to abrogate state sovereign immunity regarding Title II of the ADA.[57] However, there are fatal flaws with Plaintiff's ADA claims against the State of Kansas.

First, Plaintiff fails to allege any direct participation by the State of Kansas in the handling of her accommodation requests. Plaintiff states "Defendant State of Kansas is responsible for the acts and omissions of its judiciary, court administrators, and ADA coordinators, operations of its courts and judicial ADA compliance infrastructure, and has failed to ensure access to judicial services for individuals with disabilities."[58] However, she provides no factual basis for this contention and fails to allege that the State of Kansas was a direct participant in responding to her

---

sense that it directly concerns the case-deciding process."). However, the Court is unable to make such a determination on the limited facts pled.

[56] Pl.'s Am. Compl., ECF No. 9, p. 6.

[57] *Board of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001).

[58] Pl.'s Am. Compl., ECF No. 9, p. 3–4.

ADA requests.[59] Mere conclusory allegation such as Plaintiff's allegations here are not sufficient to support a claim for relief.[60]

Additionally, Plaintiff fails to state a claim against the State of Kansas based upon the express language of Title II of the ADA. Under Title II: "The ADA requires a public entity to provide a reasonable accommodation 'when it knows that the individual is disabled and requires an accommodation . . . to participate in or receive the benefits of its services.'"[61] A public entity is on notice of a person's need for accommodation, "either because that need is obvious or because the individual requests an accommodation."[62] "To establish a Title II violation under a reasonable accommodation theory," Plaintiff must show (1) she is a qualified individual with a disability; (2) she was "excluded from participation in or denied the benefits of some public entity's services, programs, or activities," and (3) the exclusion or denial of benefits was because of Plaintiff's disability.[63]

First, to be a "qualified individual with a disability" under the ADA, Plaintiff must have "a physical or mental impairment that substantially limits one or more major life activities of such individual," a record of such an impairment, or be regarded as having such an impairment.[64] The

[59] The Tenth Circuit has not affirmatively held whether principles of *respondeat superior* liability applies in the context of Title II of the ADA. *See A.V. through Hanson v. Douglas Cnty. Sch. Dist. RE-1*, 586 F. Supp. 3d 1053, 1067 (D. Colo. 2022). However, even if it does, Plaintiff has not pled sufficient facts to allow the Court to draw such a conclusion.

[60] *See generally Tyler v. City of Manhattan*, 849 F. Supp. 1429, 1431 (D. Kan. 1994) (Title II ADA claim brought against City directly involved in making ADA accommodations); *Miller v. State Highway Patrol*, No. 081228-WEB, 2009 WL 10706703, at *1 (D. Kan. Dec. 18, 2009) (Title II ADA claim brought against state agency directly involved in making ADA accommodation); *Turner v. Nat'l Council of State Bds. Of Nursing, Inc.*, No. CIV.A. 11-2059-KHV, 2012 WL 1435295, at *1 (D. Kan. Apr. 24, 2012), *aff'd*, 561 F. App'x 661 (10th Cir. 2014) (Title II ADA claim brought against state licensing board directly involved in making ADA accommodation).

[61] *Hockaday v. Co. Dep't of Corr.*, 766 Fed. App'x 572, 575 (10th Cir. 2019) (quoting *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1299 (10th Cir. 2016)).

[62] *J.V. v. Albuquerque Pub. Sch.*, 813 F.3d 1289, 1299 (10th Cir. 2016).

[63] *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1167 (10th Cir. 2021).

[64] 42 U.S.C. § 12102(1).

First Amended Complaint does not plead facts showing Plaintiff is disabled as defined by the ADA. Plaintiff merely claims she "has a documented and qualified disability . . . ."[65] Such conclusory pleadings are not enough to show Plaintiff is a qualified individual with a disability under the ADA.[66]

Next, Plaintiff fails to plead any facts showing that she was excluded from participation in her domestic case. In fact, Plaintiff's many pleadings in this case show she has been an active participant in her domestic case, despite the state court's alleged failure to accommodate her.[67] Therefore, Plaintiff cannot meet the second element.

Finally, Plaintiff cannot show that any alleged denials of her accommodations request, or other actions taken by the state court, were done because of her disability. Plaintiff merely states that the state court "used Plaintiff's disability against her while denying reasonable accommodations."[68] However, there are no facts pled to support this contention. Without facts concerning either the making of the request for accommodation, or the denial of such request, the Court is unable to draw the inference that her disability was the reason for the denial of her accommodation request.

In Count III, Plaintiff also raises a claim of retaliation in violation of the ADA. Title II of the ADA prohibits retaliation for the assertion of ADA rights.[69] The ADA's "anti-retaliation provision protects 'any individual' who has 'opposed any act or practice' made

---

[65] Pl.'s Am. Compl., ECF No. 9, p. 4.
[66] *See Harmon v. Sprint United Mgmt. Corp.*, 264 F. Supp. 2d 964, 968–69 (D. Kan. 2003) (setting out factors to show disability under the definition of the ADA); *Cunningham v. Wichita St. Univ.*, No. 6:14-CV-01050-JTM, 2014 WL 4542411, at *3 (D. Kan. Sept. 12, 2014), *aff'd*, 613 F. App'x 758 (10th Cir. 2015) (discussing plaintiff's failure to allege any limitations on his life caused by his disability).
[67] *See* Supplement in Support of TRO and Updated Allegations of Retaliatory Obstruction, Doc. 13-3 (attaching docket sheet showing numerous filings made in underlying domestic relations case).
[68] Pl.'s Am. Compl., ECF No. 9, p. 4.
[69] 42 U.S.C. § 12203(a).

unlawful by the ADA or 'made a charge, testified, assisted, or participated' in an ADA investigation, proceeding, or hearing."[70] Plaintiff must show that there is a causal connection between the activity protected by the ADA which she engaged in, and any alleged retaliatory action.[71] In support of her claim, Plaintiff only makes the conclusory statement that Defendants retaliated against her for making requests for reasonable accommodation under the ADA through "coercive procedural rulings, canceled hearings, unlawful psychological evaluation demand, and denial of litigation tools such as subpoenas and discovery."[72] Plaintiff fails to show how any actions taken by the state court during the course of her domestic relations case are in retaliation for, or even related to, her requests for accommodation, and therefore her claims of retaliation under the ADA should be dismissed.

Because Plaintiff fails to allege the State of Kansas had any direct involvement with regard to Plaintiff's ADA claims (Counts II and III), and because Plaintiff otherwise fails to state a claim of discrimination or retaliation under Title II of the ADA, the Court recommends that Plaintiff's ADA claims against the State of Kansas be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**ii. ADA claims against Judges Godderz, Wine, and Bryant**

Plaintiff also brings her ADA claims against Judges Godderz, Wine, and Bryant. However, only public entities, and not individual public employees, may be held liable under Title II of the ADA.[73] Therefore, "no individual, including a state court judge, may be held liable under Title II

---

[70] *Sullivan v. Sullivan*, No. 24-cv-214-EFM-TJJ, 2025 WL 1126778 (D. Kan. Mar. 21, 2025), *report and recommendation adopted*, No. 24-2214-EFM-TJJ, 2025 WL 1125573 (D. Kan. Apr. 16, 2025) (quoting 42 U.S.C. § 12203(a)).
[71] *Johnson v. Norton Cnty. Hosp.*, 550 F. Supp. 3d 937 (D. Kan. 2021) ("To make a prima facie case plaintiff must demonstrate . . . a causal connection exists between the protected activity and defendant's actions.").
[72] Pl.'s Am. Compl., ECF No. 9, p. 6.
[73] *City and Cnty of San Francisco, Calif. v. Sheehan*, 575 U.S. 600, 610 (2015) ("Only public entities are subject to Title II").

of the ADA."[74] Accordingly, Plaintiff fails to state a claim of discrimination or retaliation under Title II of the ADA against Judges Godderz, Wine, and Bryant, and the Court recommends those claims (Counts II and III) be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Failure to State a Claim under § 1983**

Plaintiff's 42 U.S.C. § 1983 claims should also be dismissed for failure to state a claim. "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated."[75] Particularly, to state a claim under § 1983, Plaintiff must allege the violation of a constitutionally secured right was violated and that the "alleged deprivation was committed by a person acting under color of state law."[76] While the Court liberally construes a *pro se* complaint and applies less stringent standards, "'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief,' dismissal is appropriate."[77]

Dismissal of Plaintiff's § 1983 claims is appropriate in this case. In each claim brought under § 1983, Plaintiff merely states Defendants violated her First, Fifth, and Fourteenth Amendment rights. Plaintiff fails to plead any facts to support these claims, including who took such actions or when. As such, Plaintiff fails to state a claim under § 1983 against any of the Defendants and Counts I, IV, V, and VII and the Court recommends the claims be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

**III. Conclusion—Summary of Recommendations**

---

[74] *Smith v. Glanz*, 662 F. App'x 595, 597 (10th Cir. 2016).
[75] *Brooks v. Kobach*, 2025 WL 1100048, at *1 (quoting *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)) (alterations in original).
[76] *Gilhaus v. Gardner Edgerton Unified Sch. Dist.*, 138 F. Supp. 3d 1228, 1237 (D. Kan. 2015).
[77] *Brooks v. Kobach*, 2025 WL 1100048, at *1 (D. Kan. Apr. 14, 2025) (quoting *Twombly*, 550 U.S. at 558).

In summary, the Court recommends this action be dismissed in its entirety on the following bases:

- Pursuant to the doctrine of *Younger* abstention, all of Plaintiff's claims for equitable relief should be dismissed because the Court lacks jurisdiction to hear such claims.
- Counts I, IV, V, VI, and VII should be dismissed as to all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) because the State of Kansas and Judges Godderz, Bryant, and Wine in their official capacities are immune from suit for monetary damages pursuant to the Eleventh Amendment, and because Judges Godderz, Bryant, and Wine in their individual capacities are entitled to judicial immunity.
- Additionally, Counts I, IV, V, and VII should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983.
- Finally, Counts II and III should be dismissed as to all Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff fails to state a claim upon which relief may be granted for discrimination or retaliation, respectively, under Title II of the ADA.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this report and recommendation, she may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if she wants to have appellate review of the recommended disposition. If Plaintiff does not timely file her objections, no court will allow appellate review.

A copy of this report and recommendation shall be mailed to Plaintiff.

**IT IS SO ORDERED.**

Dated June 20, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANGELIINA LYNN LAWSON,<br>Plaintiff, | )<br>)<br>) |
| v. | ) Case No. 2:25-cv-02199-JWB-TJJ<br>) |
| ERIC GODDERZ, et al.,<br>Defendants. | )<br>) |

JURY TRIAL DEMAND

# PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

## INTRODUCTION

Plaintiff Angeliina Lynn Lawson, appearing pro se, respectfully submits these objections to the Report and Recommendation ("R&R") issued by the Hon. Magistrate Judge. Pursuant to Fed. R. Civ. P. 72(b)(2), Plaintiff objects to each finding recommending dismissal of her claims, and requests de novo review by the District Court. This case presents constitutional and statutory violations so egregious that they warrant federal intervention.

Plaintiff asserts violations of the First, Fifth, and Fourteenth Amendments to the U.S. Constitution, Title II of the Americans with Disabilities Act (ADA), and 42 U.S.C. § 1983, based on ongoing judicial misconduct, denial of accommodations, retaliation, and abuse of discretion by Kansas state court actors including Judge Eric Godderz, Chief Taylor Wine and Judge John Bryant. Plaintiff also asserts that the underlying state court proceedings violated the Kansas Constitution, Article 3 § 1, and the Kansas Bill of Rights.

Plaintiff has demanded a jury trial under the Seventh Amendment and Fed. R. Civ. P. 38, and objects to the R&R's pre-discovery dismissal which improperly resolves contested factual issues that must be reserved for a jury.

Jurisdiction under Judge Godderz and Chief Taylor Wine was invalid under Kansas law because: (1) No party resided in Anderson County; (2) The child never resided there; (3) Motions to transfer were ignored; (4) No proof of service per K.S.A. 60-203; (5) Judge expressed open bias and refused venue hearing; (6) Court acted in direct conflict with Kansas Constitution Art. 3.

Where disputed facts exist—such as credibility of abuse disclosures, retaliatory motive, or GAL influence—Rule 8 requires the Court to allow the claims to proceed to discovery and trial. These are not questions suitable for Rule 12(b)(6) dismissal.

These state constitutional violations are actionable through 42 U.S.C. § 1983, where state courts acting under color of law deprive rights secured by the U.S. Constitution or statutes. See Monroe v. Pape, 365 U.S. 167 (1961).

## OBJECTION 1: JURISDICTIONAL DEFECTS AND VOID ORDERS

The R&R fails to address the fact that the Anderson County District Court lacked jurisdiction ab initio and operated without constitutional authority from the outset. Plaintiff's case (2020-DM-131) was improperly venued and adjudicated in a county where neither party resided, the child never resided (see K.S.A. 23-3301), and no educational, medical, or therapeutic services were based, nor any of the child's friends or extracurricular activities or family friends and since it is a two hour drive from where Plaintiff lives has made it difficult for witnesses or to be able to use public disability services for the court hearings.

Pursuant to K.S.A. 60-203, proper service of process and filing must be affirmatively demonstrated. In this case, Plaintiff was never served with the original divorce petition in September 2020 and received no notice of hearings thereafter. As a pro se litigant, Plaintiff was further denied meaningful access to the docket. The Kansas Supreme Court has adopted administrative Rule 122—applicable only to family law cases—that restrict access to case filings within the Odyssey eFile system. Specifically, these rules prohibit pro se parties from downloading court filings remotely.

The only means for a pro se litigant to access filings in this case was to physically travel to the courthouse and use a public terminal—an unreasonable burden that disproportionately impacts individuals with disabilities. After requesting ADA accommodations, Plaintiff was quoted over $900 for a transcripts even knowing I am on a poverty affidavit, despite her lawful right to access the record. Compounding this access barrier, the court clerk mislabeled Plaintiff's affidavit as "confidential" during an ongoing judicial investigation, effectively concealing it from the public record. Additionally, backdated court orders were withheld for over two weeks, preventing Plaintiff from timely filing appeals and closing her window for relief before she ever saw the ruling. These acts of record tampering, concealment, and delay constitute a systemic violation of due process, and the policy itself creates an unconstitutional barrier to court access, in violation of both the Fourteenth Amendment and Title II of the ADA. This restriction violates equal protection, imposes an unconstitutional burden on the right of access to courts, and directly conflicts with Plaintiff's rights under the ADA and First and Fourteenth Amendments.

Plaintiff further asserts that Chief Judge Taylor Wine, in his supervisory capacity over the Fourth Judicial District of Kansas, knowingly permitted unconstitutional, denied Plaintiff's ADA accommodations, and retaliatory acts by his subordinate, Judge Godderz. Despite Writ of Mandamus's against judges and receiving notice of ADA violations and ADA grievances, improper venue retention, and judicial bias, Chief Judge Wine failed to intervene, reassign the case, or ensure compliance with state and federal law. As the designated supervisory judge responsible for ADA oversight and judicial assignment, Wine's inaction constitutes deliberate indifference to Plaintiff's rights under the ADA, the Due Process Clause, and 42 U.S.C. § 1983. See *Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010); *Rizzo v. Goode*, 423 U.S. 362 (1976).

Most critically, October 2024 (Index #21), Plaintiff filed a Motion to Transfer Venue to Johnson County under K.S.A. 60-609, as the child resides outside Anderson County and no parties had ever lived there. Judge Godderz openly stated on record: *"I will never allow any case to leave my*

*county,"* demonstrating predisposition, bias, and refusal to entertain a statutory correction of venue. Plaintiff's request for a hearing on motions to transfer venue were denied with judge saying "no", and the presiding judge—Eric Godderz—stated plainly on the record: "I will never allow any case to leave my county," signaling an unconstitutional assertion of jurisdiction and personal bias. The docket contains no ruling or hearing on this motion. Instead, on November 20, 2024 (Index #23), a journal entry was filed without resolving the jurisdictional motion.

This shows that Plaintiff cannot enforce even threshold procedural rights, let alone ADA Title II, within the Kansas forum.[1]

Plaintiff also objects to the procedural structure imposed by the magistrate judge, who barred any further filings during the pendency of the R&R review process. This restriction prevented Plaintiff from fully completing her amended complaint, including the factual allegations and legal arguments against Judge John Bryant and Chief Judge Taylor Wine. It is not fair—nor legally supportable—for the Court to conclude that Plaintiff "failed to state a claim" where she was explicitly prohibited from filing the rest of her complaint. This is a denial of due process under *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965), which requires that litigants be afforded "a meaningful opportunity to be heard." Plaintiff preserves this as a distinct ground for appeal.

And because this federal case did not rule on the emergency TROs or writ of habeaus corpus, Plaintiff was left with no other means but to enact U.S. 1443(1) with evidence of no equal protections and state laws prohibiting the constitutional rights from being enforced.

Plaintiff also preserves her removal-based argument under 28 U.S.C. § 1443(1). Where the state court has demonstrated a systemic inability to enforce Plaintiff's federal civil rights—including ADA accommodations, due process, and First Amendment petition rights—options for removal is appropriate. See *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (removal proper where state court "cannot or will not enforce… constitutional rights in any meaningful way"). Congress wrote 1443 in a broad way and there is no text that states "race only." The state court's failure to rule on Plaintiff's October 2024 motion to transfer venue Index #2, combined with the denial to docket accommodations, tampering of pleadings history, KS Supreme Court Rule 102 preventing Pro Se from having access to filings and abuse of judicial declarations of bias ("I will never allow any case to leave my county"), proves that Plaintiff cannot enforce her rights in the Kansas forum. This preservation ensures the appellate court has jurisdiction to consider § 1443 arguments pending in the 10th Circuit Case No 25-3097.

---

[1] **Footnote:**
In *Georgia v. Rachel*, 384 U.S. 780, 803 (1966), the Supreme Court held that 28 U.S.C. § 1443(1) permits removal when a state court's procedures prevent a defendant from enforcing a federal right "that is given to them by explicit statutory enactment protecting equal racial civil rights." While *Rachel* focused on racial discrimination, the Supreme Court later held in *Tennessee v. Lane*, 541 U.S. 509 (2004), that Title II of the ADA enforces fundamental constitutional guarantees and abrogates state immunity. Similarly, in *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975), the Court clarified that removal under § 1443(1) is proper when a state court cannot or will not enforce federal rights "in any meaningful way." In this case, the Anderson County District Court refused to rule on Plaintiff's jurisdictional motion (Index #21) and stated on record it would "never allow any case to leave [the] county." This refusal to adjudicate threshold procedural rights confirms the Plaintiff's inability to enforce her ADA and due process rights in state court, satisfying the *Johnson* standard.

Under *Misco Leasing, Inc. v. Keller*, 240 Kan. 733, 736, 732 P.2d 469 (1987), jurisdiction cannot be presumed from a silent record. It must be affirmatively shown. Even if parties appear, jurisdiction cannot be waived, and a court cannot proceed without statutory authority. Because no journal entry ever established proper jurisdiction in Anderson County, every judicial act issued by that court is void ab initio. This unlawful jurisdiction has led to a cascade of harm: denial of due process, denial of visitation, denial of services, denial of enforcement of child support and alimony arrears, and punitive litigation tactics, including forced psychological evaluations and supervised visitation, meant to retaliate against Plaintiff for asserting her rights.

This record also confirms an abuse of discretion, denial of due process, and unconstitutional retaliation. Plaintiff's ADA accommodation requests were denied. She was charged over $900 for transcripts after requesting accommodations and was barred from accessing filings remotely. Her affidavits were mislabeled as "confidential" during judicial investigations, and backdated orders were delayed in mailing to prevent timely appeals.

Plaintiff invokes Article 3 §1 of the Kansas Constitution, which mandates that judicial power shall be vested in a court of justice, not in statutory courts operating as administrative surrogates that refuses to adjudicate motions, suppresses dockets, and delegates custody decisions to court-appointments. The Kansas Bill of Rights §2 (natural rights), §3 (petition), and §18 (justice without delay) were all violated. Plaintiff's protected activity under both the Kansas and U.S. Constitutions—including filing ADA grievances, judicial complaints, and abuse reports—was met with retaliation.

The Kansas Supreme Court in *State ex rel. Stephan v. O'Keefe*, 235 Kan. 1022 (1984) held that statutory courts and agencies may not assume judicial power not vested in them by the Constitution. By permitting GAL Andrew Bolton to act as the final decision-maker over custody and therapy without a hearing, all ex parte without notice with specific instructions to prevent Plaintiff from knowing, Judge Godderz delegated core judicial powers without oversight, rendering the process unlawful.

This case implicates both federal and state constitutional law. The Kansas Constitution guarantees a remedy by due course of law and justice without delay. Plaintiff received neither. No ruling exists denying the motion to transfer venue under K.S.A. 60-609 or 23-3301. No record demonstrates the court's legal basis for exercising jurisdiction. The court refused to issue journal entries, blocked docket access, and suppressed Plaintiff's procedural rights.

Under the Petition Clause of the First Amendment and Kansas Bill of Rights §3, Plaintiff had a right to seek redress. The resulting judicial retaliation, including silencing, supervised visitation, surveillance and monitoring by court staff of my ADA accommodations and labeled them "litigation strategy" as a reason for circulating Plaintiff filings with "how do we handle her", instead of accommodating, and psychological profiling, violates *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

This Court is obligated to reject the R&R under Fed. R. Civ. P. 72(b)(2) and conduct de novo review. The actions of the state court actors are also actionable under 42 U.S.C. §§1983, 12132, and 12203. Plaintiff further invokes:

- *Tennessee v. Lane*, 541 U.S. 509 (2004): Title II of the ADA applies to state courts.
- *Caperton v. A.T. Massey*, 556 U.S. 868 (2009): Judicial bias violates due process.
- *Santosky v. Kramer*, 455 U.S. 745 (1982): Parental rights require heightened protection.
- *Forrester v. White*, 484 U.S. 219 (1988): No immunity for administrative failures.
- *Misco Leasing*, 240 Kan. 733: Jurisdiction must be affirmatively shown.

This Court has the authority and the duty to recognize that Anderson County retained jurisdiction unlawfully, acted in bias, refused to correct venue when timely challenged, and concealed judicial acts from review. These are not minor procedural errors, they are constitutional violations that nullify the legitimacy of the proceedings.

Without jurisdiction, and operating in conflict with the Kansas Constitution, all actions taken by the Anderson County family court are void. This includes custody orders, GAL appointment, therapy decisions, visitation restrictions, and all judicial acts between 2020 and present.

The United States Constitution, Kansas Constitution, and applicable federal statutes demand that this Court recognize the jurisdictional defect and refuse to adopt the R&R. The rule of law cannot yield to convenience or retaliation.

OBJECTION 2: CONSTITUTIONAL PLEADING SUFFICIENCY

Plaintiff objects to the R&R's conclusion that her constitutional claims fail to state a claim under Fed. R. Civ. P. 12(b)(6). This finding misapplies the pleading standard and ignores the well-pled factual allegations in both the original and amended complaints. Plaintiff has sufficiently stated claims for violations of her fundamental rights to familial association, procedural due process, equal protection, and First Amendment retaliation, as recognized under 42 U.S.C. § 1983.

Federal Rule of Civil Procedure 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court clarified in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), that a complaint must contain enough facts to state a claim to relief that is plausible on its face—not probable, and not proven at the outset. A claim is plausible when the facts alleged permit a reasonable inference of misconduct by the defendants.

Plaintiff has alleged such facts, including: an ex parte custody change without notice or hearing; denial of jurisdictional challenges and access to the record; suppression of ADA grievances; and retaliation for protected speech and petitioning. These allegations, taken as true, demonstrate more than a speculative possibility of harm—they describe a coordinated pattern of misconduct under color of state law.

Moreover, pro se complaints must be construed liberally and held to less stringent standards than those drafted by attorneys. See *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The R&R

fails to apply this principle and instead imposes a heightened standard, contrary to *Twombly* and *Iqbal*, especially in a civil rights case involving state action and constitutional violations.

Plaintiff's complaint invokes established constitutional protections: the Fourteenth Amendment liberty interest in the parent-child relationship (*Santosky v. Kramer*, 455 U.S. 745 (1982)); the right to an impartial tribunal (*Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009)); and the First Amendment right to petition for redress of grievances (*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006)).

Taken together, Plaintiff has more than "nudged" her claims across the line from conceivable to plausible. The R&R's dismissal fails to acknowledge this, and improperly resolves factual questions that must instead be tested through discovery and ultimately by a jury.

Accordingly, Plaintiff objects to the R&R's dismissal of her constitutional claims and requests de novo review by the District Court, with all inferences drawn in Plaintiff's favor as required by law.

OBJECTION 3: ADA VIOLATIONS

Plaintiff objects to the R&R's recommendation to dismiss her claims under Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and the ADA's anti-retaliation provision, 42 U.S.C. § 12203. The R&R disregards binding precedent and fails to acknowledge both the systemic denial of access and the retaliation Plaintiff and her disabled son suffered as a direct result of their attempts to assert protected ADA rights.

As established in *Tennessee v. Lane*, 541 U.S. 509 (2004), Title II of the ADA applies to state judicial systems, and the Eleventh Amendment does not bar suits against states when access to courts and fundamental rights are at stake. Plaintiff and her son are qualified individuals with disabilities under 42 U.S.C. § 12102 and 28 C.F.R. § 35.108. Plaintiff's documented communication-based disability required real-time transcription, remote access, and other reasonable accommodations. Her minor child, medically diagnosed with trauma-related impairments, was entitled to continuity of therapy and protective measures under the ADA's integration mandate.

Instead, the state court system—through Judge Godderz, GAL Andrew Bolton, and court-appointed therapist Andrea Dunseth—refused to provide accommodations, obstructed ADA grievance procedures, and retaliated against both Plaintiff and her son. Specific ADA violations include:

- Removal of the child from his established therapist, Alison Dean, despite her use of trauma-informed and disability-competent care, in violation of *Olmstead v. L.C.*, 527 U.S. 581 (1999) and 28 C.F.R. § 35.130(d) (integration mandate);
- Failure by the GAL and therapist to report disclosed abuse, and instead orchestrating joint therapy sessions with the abuser, excluding the protective parent;

- Coordinated actions to confiscate the child's communication devices after he emailed his grandmother about abuse—an act that silenced disability-related complaints and prevented access to safety supports;
- Ex parte custody changes orchestrated during GAL Bolton's international travel and in direct retaliation for Plaintiff's filing of ADA grievances, ethics complaints, and protection orders—all without notice, evidence, or opportunity to be heard.

These actions constitute not only a denial of access to public services in violation of Title II, but also retaliation and coercion prohibited by 42 U.S.C. § 12203 and 28 C.F.R. § 35.134. Plaintiff and her son were punished for engaging in protected activity: requesting accommodations, filing ADA complaints, and attempting to maintain access to therapeutic and legal supports.

The R&R fails to apply the correct legal standard. It does not acknowledge the requirement that public entities must ensure meaningful participation of individuals with disabilities (28 C.F.R. § 35.130(b)(1), § 35.160(b)), nor does it recognize that the GAL and therapist were state actors for ADA purposes when acting under court appointment. The ADA claims are supported by detailed facts and are legally cognizable under controlling precedent.

Accordingly, Plaintiff objects to the R&R's dismissal of her ADA Title II and retaliation claims and requests that the District Court allow these claims to proceed. Plaintiff preserves all ADA claims under 42 U.S.C. §§ 12132 and 12203 for appeal.

OBJECTION 4: STATE CONSTITUTIONAL VIOLATIONS

Plaintiff objects to the R&R's failure to address ongoing violations of the Kansas Constitution, which reinforce and contextualize her federal constitutional claims under 42 U.S.C. § 1983. While the federal court is not a forum for direct enforcement of state constitutional claims, Kansas law and judicial ethics establish standards that are relevant to understanding the scope and gravity of the misconduct alleged.

Under Article 3, § 1 of the Kansas Constitution, judicial power is vested in a single constitutional court—not in statutory divisions operating outside constitutional boundaries. The Anderson County family court exercised jurisdiction without legal basis under Kansas statutes, ignored mandatory venue requirements (K.S.A. 23-3301; K.S.A. 60-609), and unlawfully delegated judicial authority to a Guardian ad Litem (GAL) who functioned as a final decision-maker on custody and therapy without oversight or hearings. Such conduct violates Kansas Supreme Court precedent (*State ex rel. Stephan v. O'Keefe*, 235 Kan. 1022 (1984)), which prohibits administrative agencies and statutory courts from exercising judicial power not vested in them by the Constitution.

Further, Plaintiff's rights under the Kansas Bill of Rights were repeatedly infringed:

- **§ 2 (Natural Rights and Equal Protection)**: Plaintiff was subjected to discriminatory treatment based on her disability and pro se status, including unequal access to court records and services;

- **§ 3 (Right to Petition the Government)**: Plaintiff was punished for exercising her right to file ADA grievances, ethics complaints, and abuse reports through retaliatory court orders, supervised visitation, and psychological evaluations;
- **§ 18 (Access to Courts and Justice Without Delay)**: Plaintiff was denied timely access to the court docket, received backdated orders, and was forced to endure prolonged "temporary" custody orders with no hearing or resolution for over 11 months.

These state constitutional violations provide context for Plaintiff's federal claims under the First and Fourteenth Amendments. The denial of equal protection, due process, and court access under Kansas law mirrors the federal harms Plaintiff alleges and supports the conclusion that state court processes were so fundamentally flawed that federal intervention is warranted.

Accordingly, Plaintiff objects to the R&R's failure to consider how the unconstitutional conduct of state officials under Kansas law underscores and exacerbates the federal constitutional violations at the heart of this case. These facts, while rooted in state law, are essential to Plaintiff's § 1983 claims and remain preserved for review.

OBJECTION 5: SEVENTH AMENDMENT JURY RIGHT

Plaintiff objects to the R&R's recommendation of dismissal prior to any discovery or factual development, as it effectively denies her constitutionally protected right to a trial by jury. The Seventh Amendment guarantees the right to a jury trial in civil cases involving legal claims for damages. Plaintiff has invoked this right pursuant to Fed. R. Civ. P. 38 and seeks compensatory and nominal damages under 42 U.S.C. §§ 1983 and 12132.

The R&R improperly recommends dismissal at the screening stage despite the presence of material factual disputes—particularly concerning motive, intent, retaliation, and credibility. These are precisely the types of issues that juries, not judges, are constitutionally required to resolve. As the Supreme Court held in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions."

Plaintiff's complaint alleges detailed facts supporting her claims of judicial bias, retaliation, ADA discrimination, denial of access, and improper venue retention. These are not abstract or conclusory allegations, but concrete events tied to specific actors, documents, and communications. The factual nature of these claims makes them legally and constitutionally inappropriate for dismissal without the benefit of discovery or presentation to a jury.

Dismissing this case at the Rule 12(b)(6) or screening stage would allow judicial actors to avoid accountability for civil rights violations through procedural gatekeeping rather than on the merits. Such a dismissal would violate Plaintiff's right to have a jury determine disputed facts related to her injuries, damages, and the discriminatory intent of public officials acting under color of law.

Accordingly, Plaintiff objects to the R&R's attempt to dispose of jury triable issues through early dismissal and preserves her Seventh Amendment jury trial rights under Rule 38, Rule 72(b)(2),

and 28 U.S.C. § 1291. The Court must allow Plaintiff's claims for damages to proceed to fact-finding and trial unless no reasonable jury could find in her favor—which has not been shown, argued, or tested.

OBJECTION 6: PROCEDURAL DUE PROCESS DURING R&R PROCESS

Plaintiff objects to the R&R's conclusion that certain claims—particularly those concerning Judge John Bryant—were underdeveloped or insufficiently pled. This conclusion overlooks a critical procedural barrier: the Magistrate Judge explicitly stayed further filings during the pendency of the R&R and habeas review process, preventing Plaintiff from completing her amended complaint and attaching exhibits relevant to claims against Judge Bryant and Chief Judge Wine.

This stay materially prejudiced Plaintiff's ability to present a full record, particularly on allegations of ADA retaliation, suppression of filings, transcript denial, and post-dismissal misconduct. Plaintiff complied with the stay in good faith, yet the R&R used that compliance to justify dismissal for lack of detail.

It is fundamentally unfair—and constitutionally impermissible—to penalize a litigant for failing to plead what the Court prohibited her from filing. This procedural contradiction violates Plaintiff's due process rights under Armstrong v. Manzo, 380 U.S. 545, 552 (1965), which holds that due process requires a "meaningful opportunity to be heard."

This Court cannot simultaneously bar amendments and dismiss claims for being incomplete. Plaintiff preserves this procedural denial as a distinct and independent ground for appeal under Rule 72(b)(2), 28 U.S.C. § 1291, and the Fourteenth Amendment.

OBJECTION 7: TITLE II ADA LIABILITY AND SUPERVISORY FAILURE OF STATE ACTORS

Plaintiff objects to the R&R's failure to properly analyze Title II of the ADA and the supervisory responsibilities of state officials under federal law. Plaintiff and her son are both qualified individuals with disabilities as defined under 42 U.S.C. § 12102(1) and 28 C.F.R. § 35.108. Plaintiff's documented impairments require communication accommodations; her son's trauma-related disabilities demand continuity of care and protection from harmful environments.

The State of Kansas, through its courts and designated ADA coordinators, is a public entity under Title II. It failed to accommodate or protect these rights, despite formal notice to ADA coordinators Kelly Johnson (Fourth Judicial District), Joelene Zirkle (Kansas Supreme Court), and Steve Crossland (First Judicial District). Instead of responding with lawful modifications, these officials coordinated or permitted practices that resulted in retaliation, restricted access, and ongoing exclusion—including record suppression, public mocking, and discriminatory application of eFiling restrictions.

The Kansas Supreme Court's administrative policies—such as Rule 122 barring pro se remote docket access—are facially discriminatory and impose unlawful burdens on disabled litigants in

violation of 42 U.S.C. § 12132. These are not isolated incidents, but a pattern of conduct arising from state-controlled systems and enforced by designated supervisory officials.

Chief Judge Taylor Wine, as the responsible ADA compliance authority and judicial supervisor in the Fourth Judicial District, had actual notice of constitutional violations—including venue fraud, ADA grievances, and retaliatory judicial conduct. His refusal to investigate or intervene constitutes deliberate indifference and supports liability under 42 U.S.C. §§ 1983 and 12203. See Dodds v. Richardson, 614 F.3d 1185 (10th Cir. 2010).

Accordingly, Plaintiff objects to the R&R's dismissal of ADA and supervisory liability claims and preserves this issue for appeal.

OBJECTION 8: JUDGE JOHN BRYANT PATTERN OF RETALIATION AND CONSITUTIONAL VIOLATIONS

Plaintiff's claims against Judge Bryant are improperly dismissed under the false premise of judicial immunity. As explained in *Forrester v. White* and *Pulliam v. Allen*, judges do not enjoy immunity for (1) administrative acts or (2) ongoing constitutional violations. Bryant repeatedly refused to rule on indigency filings, denied ADA relief across multiple dockets, and actively suppressed procedural filings even after jurisdiction transferred via appeal. Plaintiff does not seek damages for past rulings alone, but prospective injunctive relief to stop continued retaliation. These allegations are neither conclusory nor frivolous—they are documented in three dismissed actions with active suppression patterns.

I. Bryant's Acts Were Administrative, Not Judicial

Across three separate state court actions (LV2025CV70, LV2025CV92, LV2025CV95), Judge Bryant engaged in administrative obstruction and clerical manipulation—not adjudication—by:

- Refusing to rule on time-sensitive fee waiver affidavits while proceeding with dismissals;
- Rewriting or selectively suppressing docket entries and denying basic access to file or receive filings;
- Acting in a gatekeeping capacity to obstruct access to emergency hearings, ex parte protection orders, and discovery—without convening any evidentiary proceeding.
- Refusing to recuse himself after Writ of Mandamus and federal lawsuit were filed.

These are ministerial and administrative functions, not judicial acts, and therefore fall outside the shield of immunity. See *Forrester v. White*, 484 U.S. 219, 229 (1988) (administrative decisions, including hiring/firing or case management, not protected).

II. Bryant Acted Without Jurisdiction

Judge Bryant repeatedly ruled in matters after procedural divestiture, including:

- Imposing post-dismissal costs without a jurisdictional basis;
- Ruling on substantive motions after appeal was filed;

- Denying indigency without statutory findings required under Kansas law, in direct conflict with K.S.A. 60-2001(b) and Supreme Court Rule 20.

Because a judge has no jurisdiction to act outside the statutory framework for indigency and emergency injunctive relief, his orders were ultra vires.

See *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (judges acting in "clear absence of all jurisdiction" are not immune).

III. Pattern of Retaliation and Discriminatory Intent

Judge Bryant's conduct over time shows a coordinated pattern of retaliation in response to Plaintiff's protected activity under the ADA and First Amendment:

- Denied all ADA-related motions across majority separate lawsuits;
- Suppressed emergency motions without evidentiary review;
- Sanctioned a disabled, indigent litigant with costs and attorney fees to deter future filings;
- Ignored recusal motions, thereby continuing to adjudicate matters where his impartiality was reasonably questioned.

No hearing was granted on any of Plaintiff's ex parte or injunctive motions, and judicial notice filings alleging retaliation and misconduct were systematically ignored. This conduct, especially when repeated across dockets, suggests intent to punish and chill Plaintiff's access to courts based on disability and speech—both constitutionally protected.

IV. Ongoing Constitutional Violations and Prospective Relief

Judicial immunity does not apply to prospective injunctive relief for ongoing constitutional violations. See *Pulliam v. Allen*, 466 U.S. 522 (1984). Plaintiff seeks forward-looking relief for:

- Restoring access to ADA accommodations;
- Preventing future retaliation through court process;
- Requiring proper docket access and hearing opportunities.

As Plaintiff alleges systemic obstruction of access to justice and ongoing injury from procedural gatekeeping, the immunity defense is not absolute.

Whether Chief Judge Taylor Wine's failure to intervene, recuse, or supervise subordinate judges and staff in light of known ADA retaliation and jurisdictional abuse violates Plaintiff's rights under 42 U.S.C. § 1983 and § 12203.

Judge John Bryant, acting under color of state law, contributed to a pattern of ADA retaliation and due process obstruction by refusing to recuse himself in the face of documented bias claims, mishandling Plaintiff's poverty affidavit, and thereby obstructing her ability to prepare for trial. His actions form part of a broader infrastructure of procedural exclusion and judicial retaliation as described in *Dodds v. Richardson*, 614 F.3d 1185 (10th Cir. 2010), supporting supervisory

liability and individual claims under 42 U.S.C. §§ 1983, 12203, and the First and Fourteenth Amendments.

## OBJECTION 9: IMPROPER HEIGHTENED PLEADING STANDARD AND PROCEDURAL OBSTRUCTION CONTRARY TO RULE 8 AND PRO SE STANDARDS

Plaintiff objects to the R&R's conclusion that her claims must be dismissed at the pleading stage for allegedly failing to state a claim under Fed. R. Civ. P. 12(b)(6). The magistrate improperly applied a heightened evidentiary standard to Plaintiff's *initial* complaint, in direct contradiction to established precedent.

At the motion-to-dismiss stage, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." See Fed. R. Civ. P. 8(a)(2). The Supreme Court has made clear that the standard is plausibility, not probability, and certainly not pre-discovery proof. A court must simply determine whether the factual allegations "raise a right to relief above the speculative level" and "nudge the claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, pro se litigants are entitled to more liberal construction, not less. Courts have long held that "[a] pro se litigant's pleadings are to be construed liberally and held to less stringent standards than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Yet here, the Court has applied a stricter-than-normal interpretation, not only dismissing claims pre-discovery, but also refusing to allow any further filings—even when Plaintiff had pending motions and unfinished amended claims that were never addressed.

For example, Plaintiff's factual allegations against Judge Bryant were not permitted to be completed due to a blanket bar on additional filings during the pendency of the R&R, despite her good-faith effort to comply with procedural rules. This arbitrary restriction constitutes a denial of meaningful access to court and violates due process under *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965) ("A fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner.").

The Court cannot both:

- Dismiss claims for being incomplete or undeveloped, and
- Refuse to allow completion of those very claims through additional filings or amendments.

This procedural contradiction unfairly prejudices Plaintiff and compounds the **ADA-based access barriers** she has faced throughout the case, including transcript denial, docket suppression, and unequal eFiling restrictions.

Accordingly, Plaintiff requests that the District Court reject the R&R's premature dismissal, recognize the sufficiency of the complaint under Rule 8, and permit discovery to proceed so that

the factual record can be developed, as required before deciding contested issues of jurisdiction, motive, and credibility.

PRESERVATION OF ALL ISSUES FOR APPEAL

Plaintiff preserves all objections and constitutional claims raised herein under Fed. R. Civ. P. 72(b)(2), 28 U.S.C. § 1291, and applicable state and federal law. This includes rights protected under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution; 42 U.S.C. §§ 1983, 1985, 12132, and 12203; and the Kansas Constitution Article 3 § 1 and Bill of Rights §§ 2, 3, and 18. Plaintiff specifically preserves her demand for jury trial, all claims for injunctive and declaratory relief, compensatory and nominal damages, and access to ADA accommodations. All issues raised in her complaint, motions, and objections are preserved for de novo review by the District Court and for further appeal to the Tenth Circuit and the U.S. Supreme Court, if necessary.

CONCLUSION

This case involves fundamental violations of constitutional and statutory rights—due process, ADA access, First Amendment retaliation, and unlawful exercise of jurisdiction by state actors. The Magistrate Judge's Report and Recommendation failed to address these violations in substance and prematurely disposes of well-pled claims that require discovery, factual development, and jury resolution.

Plaintiff respectfully requests that the District Court REJECT the R&R in its entirety, conduct a de novo review of all preserved objections, and permit the case to proceed on the merits. In the alternative, Plaintiff requests leave to amend any claims deemed insufficiently pled due to procedural barriers imposed by the Court.

Pending motions for TRO, ADA accommodations, writ of habeas corpus, and judicial notice remain unresolved and require immediate attention to prevent further irreparable harm.

The rule of law, access to justice, and the integrity of the judiciary depend on ensuring that federal rights are enforceable even when denied in state forums. Plaintiff therefore asks this Court to intervene and grant the relief sought herein.

Respectfully submitted, Date: June 24, 2025

Angeliina Lynn Lawson, Pro Se, Plaintiff
1914 5th Ave., Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above will be served on all counsel of record and defendants via ECF and/or U.S. Mail on this 24th day of June, 2025 once summons and service requirements are completed.

Angeliina Lynn Lawson, Pro Se
1914 5th Ave., Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com

Dated: June 24, 2025

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Pro Se Respondent/Appellant,

v.

Civil Action No. 5:25-cv-04045 (removed)

10th Circuit Appeal 25-3097

JONATHAN DAVID LAWSON
Plaintiff/Appellee.

NOTICE OF FRAUD UPON THE COURT AND PRESERVATION OF RULE 60(b)(3) RELIEF

Respondent/Appellant, appearing pro se and under active ADA retaliation and federal investigation, submits this Notice to preserve the record and assert ongoing judicial fraud during underlying state proceedings in Anderson County District Court (Case No. 2020-DM-131), now removed and under appellate review in the Tenth Circuit (Case No. 25-3097).

JURISDICTIONAL
Although this Court's jurisdiction is paused pending appellate review, Respondent/Appellant files this Notice to ensure that all relevant facts of procedural fraud, ADA retaliation, and civil rights suppression are preserved for judicial review and potential remand under Rule 60(b)(3).

I. PURPOSE OF THIS NOTICE

This filing places the Court on notice that material procedural and judicial fraud was committed under color of state law during the pendency of the above-captioned matter in Anderson County. These acts form the basis for forthcoming relief under Fed. R. Civ. P. 60(b)(3) in the event of remand and/or upon reactivation of jurisdiction in this Court.

II. FRAUDULENT CONDUCT PRESERVED FOR FEDERAL REVIEW

Respondent/Appellant hereby identifies the following non-exhaustive examples of fraud upon the court:

1. Concealment of Respondent/Appellant 's Filed Affidavit: Respondent/Appellant 's affidavit, fax-filed March 4, 2025, was marked "confidential" in the docket without Respondent/Appellant 's request or order to seal. No justification or hearing preceded the sealing. The Clerk (Tina Miller) refused to provide a file-stamped copy and instructed Respondent/Appellant to go through her ex-counsel.

2. Fabrication of a Hearing Record: Chief Judge Taylor Wine, in a denial of ADA accommodations dated April 18, 2025, cited the existence of a hearing that never occurred to justify denial. The court record was altered to show a fictitious event.
3. Retaliatory Severance of Parental Rights: Following Respondent/Appellant's formal ethics complaint against Judge Godderz, jurisdictional objections, and ADA grievance activity, the court issued custody-altering rulings in clear retaliation. These actions were taken without notice, without a hearing, without affording Respondent/Appellant the right to speak, present evidence, confront her accuser, or cross-examine the Guardian ad Litem. The resulting order was labeled "temporary" to evade appellate review, yet has remained in effect for nearly a year—far exceeding the 60-day statutory limit for temporary orders under Kansas law.
4. Unauthorized GAL Conduct: Guardian ad Litem Andrew Bolton billed and acted in a judicial role before formal appointment, with court knowledge and cooperation.
5. Suppression of Orders and Transcripts: No order was issued on multiple motions, including for ADA relief, visitation enforcement, or transcript production. Court reporters and clerks refused to furnish records, impeding Respondent/Appellant's appeals and ADA enforcement.
6. Zoom Access Denial on May 8, 2025 at 9:00am: After federal removal was filed, the state court proceeded with an unauthorized hearing from which Respondent/Appellant was actively excluded without given zoom access link for CART services, Respondent/Appellant found an old regular link and despite multiple entry attempts was declined entry not until 9:11am without any subtitles despite CART services being run.
7. Institutional Coordination Confirmed by April 7, 2025 Litigation Hold: Over 20 court officials, including administrative, judicial, and clerk personnel, were included in a formal preservation notice acknowledging litigation risk and ADA grievance exposure — yet misconduct continued thereafter.
8. These facts are also the subject of a judicial misconduct complaint filed with the Kansas Commission on Judicial Conduct, supplemented by recent DOJ and FBI notifications.
9. The suppression of records, denial of ADA access, and concealment of orders was not incidental — it reflects a systemic containment strategy across judicial districts, coordinated through internal communications now partially recovered via KORA.
10. This Notice is also being filed as an evidentiary attachment to Respondent/Appellant's Civil RICO complaint and submitted to federal oversight authorities.

Impact on Respondent/Appellant:
As a result of these coordinated acts, Respondent/Appellant has suffered irreparable harm to parental rights, due process, and access to accommodations. The suppression of records and denial of ADA requests directly impaired Respondent/Appellant's ability to participate in proceedings, prepare federal filings, and protect her child's safety.

Respondent/Appellant respectfully requests the Court take judicial notice of the attached Rule 60(b)(3) preservation filing submitted in Lawson v. Lawson, 5:25-cv-04045, as evidence of coordinated judicial fraud, obstruction, and ADA retaliation in support of the Civil RICO enterprise pattern.

III. PRESERVATION OF FED. R. CIV. P. 60(b)(3) RELIEF

Respondent/Appellant asserts that these coordinated acts constitute fraud, misrepresentation, and misconduct warranting vacatur of all tainted rulings upon reactivation of jurisdiction. This Notice is not a motion but an evidentiary preservation filing for:

- Review by this Court and appellate tribunals,
- Attachment to federal Civil RICO filings,
- Future invocation of Rule 60(b)(3), Rule 37, and any applicable ADA enforcement orders.

Pursuant to Fed. R. Civ. P. 37(e), Respondent/Appellant asserts that court staff and parties, after being placed on formal litigation hold via written notice on April 3, 2025, failed to take reasonable steps to preserve electronically stored information (ESI) relevant to the pending litigation. This includes court clerk correspondence, access logs, metadata related to affidavit alterations, and internal scheduling communications. The continued withholding or destruction of these materials constitutes spoliation subject to sanctions or adverse inference.

These acts occurred despite the April 7, 2025 internal litigation (Exhibit A) hold issued across the Kansas judicial administration network, which included over 20 officials. This hold acknowledged the foreseeability of litigation and triggered mandatory preservation duties — duties which were disregarded.

Respectfully submitted, Date: July 11, 2025

Angeliina Lawson
Pro Se Respondent/Appellant
1914 5th Ave, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com
(913) 972-1661

## CERTIFICATE OF SERVICE

I hereby certify that on July 11, 2025, I filed the foregoing Notice with the Clerk of the Court using the CM/ECF system, and served copies on all parties by CM/ECF as appropriate.

Respectfully submitted,

Angeliina Lawson
Pro Se Respondent/Appellant

AngeliinaCourtRecords@gmail.com
(913) 972-1661

Exhibit A

Outlook

## FW: Litigation Hold - Angeliina Lawson

**From** Julie Clemens <Julie.Clemens@kscourts.gov>

**Date** Mon 4/7/2025 4:10 PM

**To** Alicia Nicodemus <Alicia.Nicodemus@kscourts.gov>; Alyssa Santiago <Alyssa.Santiago@kscourts.gov>; Amanda White <Amanda.White@kscourts.gov>; Dawn Wilkerson <Dawn.Wilkerson@kscourts.gov>; Debra Ludwig <Debra.Ludwig@kscourts.gov>; Hannah Lehman <Hannah.Lehman@kscourts.gov>; Heather Bohnsack <Heather.Bohnsack@kscourts.gov>; Kimberly Prusick <Kimberly.Prusick@kscourts.gov>; Patricia Douthitt <Patricia.Douthitt@kscourts.gov>; Patty Ponder <Patty.Ponder@kscourts.gov>; Sadelle Schmitz <Sadelle.Schmitz@kscourts.gov>; Sara Cox <Sara.Cox@kscourts.gov>

**Cc** Michelle Olberding <Michelle.Olberding@kscourts.gov>

1 attachment (168 KB)

Litigation Hold 040725-2.pdf;

Exhibit A

**Julie Clemens**

| | |
|---|---|
| **From:** | Julie Clemens |
| **Sent:** | Monday, April 7, 2025 4:11 PM |
| **To:** | Alicia Nicodemus; Alyssa Santiago; Amanda White; Dawn Wilkerson; Debra Ludwig; Hannah Lehman; Heather Bohnsack; Kimberly Prusick; Patricia Douthitt; Patty Ponder; Sadelle Schmitz; Sara Cox |
| **Cc:** | Michelle Olberding |
| **Subject:** | FW: Litigation Hold - Angeliina Lawson |
| **Attachments:** | Litigation Hold 040725-2.pdf |
| **Importance:** | High |

F?:E65ĀDE2E6DĀ5:DEC:4EĀ4@FCEĀ

7@CĀE96Ā5:DEC:4EĀ@7Ā<2?D2DĀ

2XQOVSSXKĀ=cXXĀ=Ka]YX"Ā
AVKSX^SPP"Ā

`$Ā
9YX$Ā6\SMĀH$Ā8YNNO\dĀ SXĀRS]ĀSXNS`SN_KVĀKXNĀYPPSMSKVĀMKZKMS^c!"
5OPOXNKX^]$Ā

4K]OĀ?Y$Ā(0(+#M`#&('//Ā

;FCJĀEC:2=Ā56>2?565Ā

Ā

>@E:@?Ā7@CĀAC@E64E:G6ĀC62DD:8?>6?EĀ

FXNO\Ā(.ĀF$D$4$ĀffĀ(/( L!"Ā(/*Ā5_OĀ^YĀD^_M^_\KVĀ3SK]ĀKXNĀ252ĀC

:?EC@5F4E:@?Ā

AVKSX^SPPĀ\O]ZOM^P_VVcĀWY`O]Ā^RS]Ā4Y_\^ĀPY\ĀK\OK]]SQXWOX^ĀYPĀ^RS]ĀMK]OĀ^YĀKXĀY_^#YP#
NS]^\SM^ĀT_NQOĀZ_\]_KX^Ā^YĀ(.ĀF$D$4$ĀffĀ(/( L!"Ā(/*ĀKXNĀZ\SXMSZVO]ĀYPĀT_NSMSKVĀSXNOZOXNOXMO"ĀZ\O`OX^Ā
P_\^RO\Ā252Ā\O^KVSK^SYX"ĀKXNĀZ\Y^OM^ĀAVKSX^SPP]ĀMYX]^S^_^SYXKV

8C@F?5DĀ

'$ 6bMV_]S`OĀ2_^RY\S^cĀYPĀEOX^RĀ4S\M_S^Ā4RSOPĀ;_NQO$Ā
 o FXNO\Ā(.ĀF$D$4$ĀffĀ(/( L!"Ā(/*"ĀYXVcĀ^ROĀEOX^RĀ4S\M_S^Ā4RSOPĀ;_NQOĀRK]ĀK_^RY\S^cĀ
 ^YĀK]]SQXĀ`S]S^SXQĀT_NQO]ĀaRO\OĀ]^_M^_\KVĀMYXPVSM^]ĀY\ĀZ\SY\ĀLSK]ĀKPPOMĀ
 KNT_NSMK^SYX$Ā
($ AK^^O\XĀYPĀ@L]^_M^SYXĀKXNĀ252ĀCO^KVSK^SYX$Ā
 o AVKSX^SPPĀRK]ĀLOOXĀ*ĀUSXN]ĀYPĀ]^K^_]ĀL_^ĀRK]ĀPKMONĀ\OZOK^ONĀ
 aS^RRYVNSXQĀYPĀ]_WWYX]ĀKXNĀNOVKcONĀ]O\`SMOĀZ\YMO]]"ĀVOKNSXQĀ^YĀ
 T_\S]NSM^SYXKVĀ\OZVSMK^SXQĀ^ROĀ`O\cĀZ\ONS]ZY]S^SYXĀKVVOQONĀSXĀ
)$ ;_NSMSKVĀ3SK]Ā2V\OKNcĀA\O]O\`ONĀSXĀ^ROĀCOMY\N$Ā
 o 5OPOXNKX^Ā;_NQOĀ8YNNO\dĀZ\O`SY_]VcĀ\OP_]ONĀ^YĀKMMOZ^ĀNYM_WOX^]ĀLS
 \O^KVSK^ONĀKQKSX]^ĀAVKSX^SPPĀPY\ĀZ\Y^OM^ONĀMYWW_XSMK^SYX]ĀKM^S
 KXNĀ252ĀMYWZVKSX^]!"Ā\O]_V^SXQĀSXĀMYWZVO^OĀVY]]ĀYPĀM_]^YNc$Ā
 o ;_NQOĀ8YNNO\dĀNS`O\^ONĀÄ)("&&&ĀSXĀKVSWYXcĀK\\OK\KQOĀ^YĀKĀ=SX`YSM
 XY^SMOĀY\ĀROK\SXQ"Ā`SYVK^SXQĀ^ROĀEKUSXQ]ĀMVK_]OĀKXNĀ4YX]^$Ā2W
 A\YMO]]Ā F$D$Ā4YX]^$Ā2WOXN$ĀI:G!$Ā
*$ 2ZZOK\KXMOĀYPĀ:WZ\YZ\SO^cĀFXNO\Ā;_NSMSKVĀ4KXYX]$Ā

- o <KX]K]Ā4YNOĀYPĀ;_NSMSKVĀ4YXN_M^Ā4KXYXĀ'Ā SX"NSZOXNOX^SKVO"ĀSX^OQ\S KXNĀ4KXYXĀ($/Ā ObĀZK\^OĀMYWW_XSMK^SYX]!Ā\OQ[_SZOĀNSLKVSPSMK^SY \OK]YXKLVOĀYL]O\`O\ĀaY_VNĀ[_O]^SYXĀSWZK\^SKVS^c$Ā
- o *!$,%-/+*Ā1ÀĀ Ā#ÀĀ"$..%2Ā!+$('Ā+4*,ĀF$D$Ā.,.Ā (&&/!ĀMYXPS\W]Ā^RK^ĀLSK]ĀKXNĀ O`OXĀ^ROĀKZZOK\KXMOĀYPĀLSK]Ā`SYVK^OĀN_OĀZ\YMO]]$Ā

+$ 4YX]^S^_^SYXKVĀ:]]_O]ĀPY\Ā9SQRO\ĀCO`SOa$Ā

- o ERO]OĀS]]_O]ĀSX`YV`OĀP_XNKWOX^KVĀ\SQR^]ĀZ\YJO\^OĀ7SP^RĀKXNĀ^ROĀ7S\ 7Y_\^OOX^RĀ2WOXNWOX^]"ĀK]ĀaOVVĀK]Ā^ROĀDO`OX^RĀ2WOXNWOX^ĀT_\cĀ^ <DĀ4YX]^$Ā3SVVĀYPĀCSQR^]ĀfĀ+0Āh^\SKVĀLcĀT_\cĀ]RKVVĀLOĀSX`SYVK^ Oi!$Ā
- o 7KSV_\OĀ^YĀ\OK]]SQXĀ^RS]ĀWK^^O\ĀPY\ĀSWZK\^SKVĀKNT_NSMK^SYXĀ\S]U `SYVK^SYX]ĀYPĀ]_MRĀQ\K`S^cĀ^RK^Ā^ROcĀaK\\KX^ĀKZZOVVK^OĀ\O`SOaĀK MYX]SNO\K^SYXĀLcĀ^ROĀF$D$ĀD_Z\OWOĀ4Y_\^$Ā

C6=:67ĀC6BF6DE65Ā

AVKSX^SPPĀ\O]ZOM^P_VVcĀ\O[_O]^]Ā^RK^Ā^RS]Ā4Y_\^0Ā

'$ COPO\Ā^RS]ĀMK]OĀ^YĀ4RSOPĀ;_NQOĀ9YVWO]ĀYPĀ^ROĀ4SXOĀ4K]MSXQĀ^YĀ^YĀ KXĀY_^#YP#NS]^\SM^Ā`S]S^SXQĀT_NQOĀ_XNO\Ā(.ĀF$D$4$ĀffĀ(/( L!"Ā(/
($ 5S\OM^ĀSWWONSK^OĀS]]_KXMOĀYPĀ]_WWYX]Ā_XNO\ĀAVKSX^SPPĀF$D$4$Āf* M! '/'+ N!Ā^YĀZ\O`OX^ĀP_\^RO\ĀYL]^_M^SYX$Ā
)$ A\O]O\`OĀKVVĀMYX]^S^_^SYXKVĀYLTOM^SYX]ĀPY\ĀQVOLKVĀ\O`SOaĀKXNĀMSMK^SYX 252Ā\O^KVSK^SYXĀ *(ĀF$D$4$ĀfĀ'((&)!"ĀKXNĀT_\cĀ^\SKVĀ\SQR^]$Ā

CO]ZOM^P_VVcĀ]_LWS^^ON"Ā
5K^O0Ā2_Q_]^Ā(("Ā(&(+Ā

%]%Ā2XQOVSSXKĀ=cXXĀ=Ka]YXĀ

2XQOVSSXKĀ=cXXĀ=Ka]YXĀ
'/'*Ā+^RĀ2`O$"Ā=OK`OXaY\^R"Ā<DĀ,,&*.Ā
2XQOVSSXK4Y_\^COMY\N]1QWKSV$MYWĀ  KcĀ('#)#'#,,'Ā

46CE:7:42E6Ā@7ĀD6CG:46Ā

:ĀRO\OLcĀMO\^SPcĀ^RK^ĀYXĀ2_Q_]^"Ā(&(+"ĀKĀ^_OĀKXNĀMY\\OM^ĀMYZcĀYPĀ^RO >Y^SYXĀPY\ĀA\Y^OM^S`OĀCOK]]SQXWOX^ĀFXNO\Ā(.ĀF$D$4$ĀffĀ(/( L!"ĀK^_\KVĀ3SK]ĀKXNĀ 252ĀCO^KVSK^SYXĀaSVVĀLOĀ]O\`ONĀ^YQO^ROĀaS^RĀZ\YMO]]ĀYXĀKVVĀZK\^SO]ĀRO\OSX$Ā

%]%Ā2XQOVSSXKĀ=cXXĀ=Ka]YXĀ

2XQOVSSXKĀ=cXXĀ=Ka]YXĀ

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ANGELIINA LYNN LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>ERIC GODDERZ, *et al.*,<br><br>Defendants. | ) | Case No. 2:25-cv-02199-JWB-TJJ |

**ORDER STRIKING PLAINTIFF'S SUPPLEMENTAL PLEADING UNDER FED. R. CIV. P. 15(d)**

This matter comes before the Court on Plaintiff's Supplemental Pleadings Under Fed. R. Civ. P. 15(d) ("Supplemental Filing") (ECF No. 23). For the reasons discussed herein, the Court orders Plaintiff's Supplemental Filing stricken from the docket.

Plaintiff cites Rule 15(d) in support of her Supplemental Filing. Rule 15(d) provides in pertinent part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented.

Thus, a party must file a motion and obtain leave of court before filing a supplemental pleading. In its discretion, the court "may" then allow filing of the proposed supplemental pleading. And, the court may impose "just terms" or conditions on the supplemental filing. Plaintiff's Supplemental Filing is improper, as Plaintiff failed to file a proper motion and obtain leave of court to make a supplemental filing.

Also, pursuant to the express language of Rule 15(d), a supplemental pleading is limited to "any transaction, occurrence or event that happened *after* the date of the pleading to be supplemented."[1] Plaintiff's Supplemental Filing is deficient in that it fails to include dates or other information showing that the supplemental facts alleged occurred after the filing of Plaintiff's First Amended Complaint.

In addition, Plaintiff seeks through her Supplemental Filing to add two additional Kansas state court judges as parties to her case. A party seeking to join additional parties, however, must make a proper request for joinder in compliance with the applicable Federal rules.[2] Plaintiff's Supplemental Filing fails to do so. Moreover, there is a pending Report and Recommendation recommending dismissal of the Kansas state court judges who are already parties in this case based on judicial immunity. It appears likely the two Kansas state court judges Plaintiff seeks to join as party defendants would also be entitled to judicial immunity.

**IT IS THEREFORE ORDERED** that Plaintiff's Supplemental Pleadings Under Fed. R. Civ. P. 15(d) are STRICKEN from the record.

Dated August 29, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

[1] Fed. R. Civ. P. 15 (d) (emphasis added).
[2] *See* Fed R. Civ. P. 19 and 20.

:?ĀD96ĀE?:D65ĀCD2D6CĀ5:CDB:4DĀ4@EBDĀ
7@BĀD96Ā5:CDB:4DĀ@7Ā<2?C2CĀ

2VOMTQQVIĀ=aVVĀ=I_[WV"Ā
ATIQV\QNN"Ā
^$Ā
6ZQKĀG$Ā8WLLMZb"ĀM\ĀIT$"Ā
5MNMVLIV\[$Ā

4I[MĀ?W$Ā(0(+#K^#&('//#;G3#D;;Ā
;EBHĀDB:2=Ā56>2?565Ā

Ā

13..*&+&,2Ā2-Ā+-2)-,Ā'-0Ā.0-2&$2)4&Ā0&#11)(,+&,2ĀĀ&$'Ā!" Ā

4@>6CĀ?@GĀATIQV\QNNĀ2VOMTQQVIĀ=aVVĀ=I_[WV"

>W\QWVĀNWZĀAZW\MK\Q^MĀBMI[[QOVUMV\Ā 647Ā(*

KWVNQZUĀ\PMĀXI\\MZVĀWNĀWJ[\Z]K\QWV"ĀZM

@VĀ2]O][\Ā(+"Ā(&(+"ĀATIQV\QNNĀ[]JUQ\\MLĀ647Ā(+"

UQ[KWVL]K\ĀKWUXTIQV\ĀIOIQV[\Ā5Q[\ZQK\Ā;]LOMĀ;

ZMI[[QOVUMV\Ā]VLMZĀ(.ĀE$C$4$Ācg(/( J!$ĀDPI\ĀNQTQ

[]UUIZQbQVOĀ[Q`\MMVĀKQ^QTĀIK\QWV[ĀQVĀ_PQKP

VM]\ZITĀR]LQKQITĀNWZ]U"ĀN]TTĀLQ[KW^MZa"Ā

7W]ZĀLIa[ĀTI\MZ"ĀWVĀ2]O][\Ā(/"Ā(&(+"Ā>IOQ[\ZI\MĀ

[\ZQSQVOĀATIQV\QNNf[ĀB]TMĀ'+ L!ĀC]XXTMUMV\IT

WZĀWXXWZ\]VQ\aĀ\WĀJMĀPMIZL$ĀDPI\Ā[]XXTMUM

ZM\ITQI\QWV"ĀR]LQKQITĀUQ[KWVL]K\"ĀIVLĀKWV

CQOVQNQKIV\Ta"Ā\PMĀLWKSM\ĀZMNTMK\[Ā\PI\Ā

BMI[[QOVUMV\Ā 647Ā(*!ĀPILĀITZMILaĀJMMVĀZMUW^ML

5WKSM\Ā6V\ZaĀ.%(+%(&(+!0Ā

*H+-0(-,Ā/&'&//#*ĀB>Ā+28:AB@2B6Ā)C586Ā/&+-1&%Ā2AĀB>"Ā !Ā+-0(-,Ā7Ā.@>B64B:D6Ā*
*/62AA:8=<6=BĀĀ096Ā<>B:>=ĀE:;;Ā36Ā@6A>;D65Ā3FĀB96Ā%:AB@:4BĀ)C586*

?WVM\PMTM[["Ā;]LOMĀ;IUM[ĀXZWKMMLMLĀ\WĀ[\ZQSM

W^MZĀZMI[[QOVUMV\ĀPILĀJMMVĀM[KITI\ML$ĀDPQ[

ILR]LQKI\QWVĀJaĀ\PQ[ĀXIVMT"ĀM[XMKQITTaĀ_PMZM

XZWKML]ZITĀUI\\MZ["Ā_QTTĀZM[]T\ĀQVĀN]Z\PMZ

IK\Q^Q\a$Ā

DPMĀE$C$ĀC]XZMUMĀ4W]Z\ĀPI[ĀPMTLĀ\PI\ĀM^MVĀ

*$2?6@B>=ĀDĀĀ#Ā0ĀĀ+2AA6FĀ*'+,Ā]$C$Ā.,"Ā..'Ā (&&/!$Ā>WZM

).&ĀE$C$Ā+*+"Ā++(Ā '/,+!"ĀZMY]QZM[ĀKW]Z\[Ā\WĀXZWTQXMMĀZ\]WQaQWVNMĀPMIZL$ĀB]TM
'+ L!ĀXMZUQ\[ĀTQ\QOIV\[Ā\WĀ[]XXTMUMV\Ā\PMQZĀXTMILQVO[ĀIVLĀKW]Z\[Ā\WĀ[\ZQSM
IZMĀZMY]QZMLĀ\WĀIXXTaĀTQJMZITĀKWV[\Z]K\QWVĀĀ\WĀXZWĀ[MĀXTMILQVO[ĀOQVĀ
WVOWQVOĀZM\ITQI\QWVĀWZĀM^WT^QVOĀKWV[\Q\]\QWVITĀPIZU$Ā

C\ZQSQVOĀ647Ā()ĀIN\MZĀZMI[[QOVUMV\ĀPILĀJMMVĀWZLMZMLĀ]VLMZĀTQ\QNNĀIVaĀ
XZWKML]ZITĀWXXWZ\]VQ\aĀ\WĀIUMVLĀWZĀKTIZQNaĀKTIQU[ĀM^QLMVKM[
LQZMK\TaĀ[]J[\IV\QI\QVOĀ\PMĀVMKM[[Q\aĀWNĀXZWĀ\MK\Q^MĀZMTQMN$Ā

DPMĀKWV\QV]MLĀQV^WT^MUMV\ĀWNĀ\PMĀUIOQ[\ZI\MĀR]LOMĀQVĀIZZWKI\QVOĀ
_I[ĀM[KITI\MLĀIVLĀIĀR]LQKQITĀKWUXTIQV\Ā_I[ĀNQTMLĀIOIQV[\Ā\PQ[Ā5Q[\ZQK\Ā
VW\Ā[\Z]K\]ZITTaĀKIXIJTMĀWNĀQUXIZ\QITĀILR]LQKI\QWVĀQVĀ\PQ[ĀKI[M
Ā
8Q^MVĀ\PMĀXI\\MZVĀWNĀZM\ITQI\WZaĀ[]XXZM[[QWVĀIVLĀ\PMĀ[\Z]K\]ZITĀ
NQTQVO[ĀKWV\QV]MĀ\WĀM`MKQ[MĀKWV\ZWTĀW^MZĀ\PQ[ĀKI[MĀ
8B2?DĀZMI[[QOVUMV\Ā_Q\PW]\ĀN]Z\PMZĀLMTIaĀ\WĀXZM^MV\Ā
Ā

0&*)&'Ā0&/3&12&%Ā

ATIQV\QNNĀZM[XMK\N]TTaĀ]ZOM[Ā\PQ[Ā4W]Z\Ā\W0Ā

'$ 8ZIV\ĀXMVLQVOĀ>W\QWVĀNWZĀAZW\MK\Q^MĀBMI[[QOVUMV\Ā 647Ā(*!1Ā
($ BMNMZĀ\PQ[ĀUI\\MZĀ\WĀ4PQMNĀ;]LOMĀ9WTUM[ĀWZĀ\PMĀ5Q[\ZQK\Ā
(/*ĀNWZĀI[[QOVUMV\Ā\WĀIĀ^Q[Q\QVOĀR]LOMĀNZWUĀW]\[QLMĀ\PMĀ5Q[\ZQK
)$ DISMĀR]LQKQITĀVW\QKMĀWNĀ\PMĀXW[\#NQTQVOĀKWVL]K\Ā
QVLMXMVLMV\ĀKWVNQZUI\QWVĀWNĀ\PMĀ[\Z]K\]ZITĀJQI[ĀLM[KZQJML$Ā

ATIQV\QNNĀXZM[MZ^M[ĀITTĀKWV[\Q\]\QWVITĀIVLĀXZWKML]ZITĀZQOP\[Ā
E$C$4$Ācg'(/'"Ā\PMĀ7QZ[\"Ā7QN\P"ĀIVLĀ7W]Z\MMV\PĀ2UMVLUMV\[
5Q[IJQTQ\QM[Ā2K\Ā *(ĀE$C$4$Ācg'(')(ĀĀĀcg'((&)!$Ā

BM[XMK\N]TTaĀ[]JUQ\\MLĀ"Ā Ā Ā Ā Ā 5I\ML0Ā2]O][\Ā(/"Ā(&(+Ā

%[%Ā2VOMTQQVIĀ=aVVĀ=I_[WVĀ
2VOMTQQVIĀ=aVVĀ=I_[WVĀ
2LLZM[[ĀWVĀZMKWZL!Ā

46BD:7:42D6Ā@7ĀC6BF:46Ā

:ĀPMZMJaĀKMZ\QNaĀ\PI\ĀIĀ\Z]MĀIVLĀKWZZMK\ĀKWXaĀWNĀ\PMĀNWZMOWQVOĀ
ZMKWZLĀ^QIĀ4>%647ĀMTMK\ZWVQKĀNQTQVOĀWVĀ2]O][\Ā(/ĀLIaĀWNĀ2]O][\"Ā(

%[%Ā2VOMTQQVIĀ=aVVĀ=I_[WVĀ
AZWĀCMĀATIQV\QNNĀ

8=ĀC74ĀD=8C43ĀBC0C4BĀ38BCA82CĀ2>DACĀ

5>AĀC74Ā38BCA82CĀ>5Ā:0=B0BĀ

0UNLSPPUHĀ;_UUĀ;H^ZVU"Ā
?SHPU[PMM"Ā
]$Ā
4YPJĀF$Ā6VKKLY`"ĀL[ĀHS$"Ā
3LMLUKHU[Z$Ā

2HZLĀ=V$Ā(/(+#J]#&('..#9F1#C99Ā

9DAGĀCA80;Ā34<0=343Ā

<>C8>=ĀC>ĀE020C4ĀBCA8:8=6Ā>5ĀBD??;4<4=C0;Ā?;4038=6Ā 425Ā(,!Ā0=3 Ā
A4@D4BCĀ5>AĀA48=BC0C4<4=CĀD=34AĀAD;4Ā'+ K!Ā

2><4BĀ=>FĀ?SHPU[PMMĀ0UNLSPPUHĀ;_UUĀ;H^ZVU"ĀHWWLHYPUNĀWYVĀZL"ĀHUKĀYLZWLJ[MYSSĀTV]LZĀ[OPZĀ 2V\Y[Ā[VĀ]HJH[LĀ[OLĀ>YKLYĀLU[LYLKĀ0\N\Z[Ā(."Ā(&(+Ā425Ā(,!"ĀZ[YPRPUNĀ?SHPU[PMMcZĀ B\WWSLTLU[HSĀ?SLHKPUNĀ\UKLYĀ5LK$ĀA$Ā2P]$Ā?$Ā'+ K!$ĀCOPZĀTV[PVUĀPZĀIYV\NO[ĀW\YZ\HU[Ā[VĀ[OLĀ2V\Y[cZĀPUOLYLU[ĀH\[OVYP[`Ā[VĀJVYYLJ[ĀPUMVYTHSĀLYYVYZ"ĀHUKĀ[OLĀ PU[LYLZ[ZĀVMĀQ\Z[PJL$Ā

502CD0;Ā0=3Ā?A>243DA0;Ā102:6A>D=3Ā

'$ >UĀ9\S_Ā(+"Ā(&(+"Ā?SHPU[PMMĀ[PTLS_ĀMPSLKĀOPZĀ>YPNPUHSĀ2VTWSHPU[Ā 425Ā()!Ā[VĀ\WKH[LĀJSHPTZĀ^P[OĀMHJ[ZĀ[OH[ĀVJJ\YYLKĀHM[LYĀ[OLĀMPSPUNĀVMĀ[OLĀVYPNPUHSĀ 2VTWSHPU[Ā 425Ā.!"ĀPUJS\KPUNĀVUNVPUNĀHJ[ZĀVMĀYL[HSPH[PVUĀHUKĀH\[OLU[PJH[LKĀ JV\Y[Z$Ā
($ >UĀ0\N\Z[Ā(*"Ā(&(+"Ā?SHPU[PMMĀMPSLKĀHĀMVYTHSĀVIQLJ[PVUĀ[VĀ[OLĀ CLU[OĀ2PYJ\P[Ā9\KPJPHSĀ2V\UJPSĀHNNHPUZ[Ā<HNPZ[YH[LĀ9\KNLĀCLYLZHĀ9HTLZ"Ā YL[HSPH[PVU"ĀHUKĀVIZ[Y\J[PVUĀVMĀ030ĀLUMVYJLTLU[$Ā
)$ >UĀ0\N\Z[Ā(+"Ā(&(+"Ā?SHPU[PMMĀMPSLKĀHĀ<V[PVUĀ[VĀ1YPUNĀ2SHPTZĀ425Ā(*!ĀHUKĀHĀ (-ĀD$B$2$ĀaĀ(.( I!"ĀKVJ\TLU[PUNĀ[OLĀJVUMSPJ[ĀVMĀPU[LYLZ[ĀHUKĀYLMLYYHSĀ[VĀ WYV[LJ[Ā[OLĀPU[LNYP[_ĀVMĀ[OLĀWYVJLLKPUNZ$Ā
*$ COH[ĀZHTLĀKH_"Ā[OLĀYLMLYYHSĀVMĀ[OLĀTV[PVUĀ[VĀ<HNPZ[YH[LĀ9\KNLĀ9HTLZĀ (*Ā^HZĀYLHZZPNULKĀ[VĀ[OLĀ3PZ[YPJ[Ā9\KNL$Ā
+$ 3LZWP[LĀILPUNĀ\UKLYĀHJ[P]LĀQ\KPJPHSĀTPZJVUK\J[ĀYL]PL^"Ā[OLĀ?SHPU[PMMcZĀYLHZZPNUTLU[ĀTV[PVU"ĀVUĀ0\N\Z[Ā(."Ā(&(+"Ā9\KNLĀ9HTLZĀZ[Y\JRĀ?SHPU[PMMcZĀA\SLĀ'+ K!ĀMPSPUNĀ^P[OV\[ĀHĀOLHYPUN"ĀWYPVYĀ[VĀHU`ĀYLHZZPNUTLU[ĀVYĀ[YHUZMLYĀ[VĀ[OLĀ OLHYK$Ā 425Ā(,!Ā

Ā

0A6D<4=CĀ

'$ A\SLĀ'+ K!ĀNYHU[ZĀHĀYPNO[Ā[VĀZ\WWSLTLU[ĀMVYĀNVVKĀJH\ZLĀ[VĀJVYYLJ[ĀHU"ĀHUKĀ SLH]LĀZOV\SKĀILĀMYLLS_ĀNYHU[LKĀ^OLUĀQ\Z[PJLĀZVĀYLX\PYLZ$ĀĀPUĀ[OPZĀJHZL"Ā[OLĀPU[LYLZ[ĀVMĀQ\Z[PJLĀPZĀILZ[ĀZLY]LKĀI_ĀWLYTP[[PUNĀ MVJ\ZLKĀVUĀWVZ[#WSLHKPUNĀYL[HSPH[PVU"ĀHUKĀSHJRĀVMĀNVVKĀMHP[OĀVUĀ[OLĀWHY[ĀVMĀ[OLĀVUNVP

($ COLĀ2V\Y[ĀZĀVYKLYĀZ[YPRPUNĀ[OLĀWSLHKPUNĀPZĀHPZĀHĀ^PKLĀHYYH_ĀVMĀWYVJLK\YHS [OLĀJHZLcZĀKPZWVZP[P]LĀTH[[LYZĀHUKĀHM[LYĀ[OLĀ2V\Y[ĀOHKĀHSYLHK_ĀYLZVS]LKĀ HNHPUZ[Ā[OLĀQ\KNLbJYLH[PUNĀHUĀHWWLHYHUJLĀVMĀYL[HSPH[PVUĀVYĀWYLQ\KNTLU[Ā !$+%,.*)Ā/ĀĀ Ā#ĀĀ"$--%0Ā!*$'Ā'ĀĀ *+,ĀD$B$Ā-,-Ā (&&.!$Ā

)$ COLĀZ[YPRPUNĀVMĀ[OLĀMPSPUNĀJVUZ[P[\[LZĀHUĀHI\ZLĀVMĀKPZJYL[PVUĀ\UKLYĀ*Ā$ĀĀA'ĀĀ*Ā$ĀWYVJLZZĀ )-&ĀD$B$Ā+*+"Ā++(Ā '.,+!"ĀHUKĀVIZ[Y\J[ZĀ?SHPU[PMMcZĀYPNO[Ā[VĀHĀMHPYĀHUKĀSLNHSĀ YLJVYKĀULJLZZHY_ĀMVYĀM\SSĀHUKĀMHPYĀHKQ\KPJH[PVU$Ā

*$ ?SHPU[PMMĀYLZWLJ[M\SS_ĀHZRZĀ[OLĀ2V\Y[Ā[VĀJVUZPKLYĀ[OPZĀTV[PVUĀPUĀSPNO[ĀVMĀ[OLĀWLUKPUNĀ YLPUZ[H[LĀOLYĀA\SLĀ'+ K!ĀB\WWSLTLU[HSĀ?SLHKPUNĀHUKĀ425Ā()ĀHYLĀZ[PSSĀHJ[P]LĀMPSPUNZĀ PUĀ[OPZĀTH[[LY$Ā

+$ B[YPRPUNĀ?SHPU[PMMcZĀZ\WWSLTLU[HSĀWSLHKPUN"Ā^OPJOĀKPYLJ[S_ĀHKKYLZZLZĀOLYĀ[PTLS_ĀHUKĀ HUKĀU030ĀĀPU[LYMLYLUJL"ĀPUMYPUNLZĀVUĀ?SHPU[PMMcZĀYPNO[Ā[VĀWL[P[PVUĀ[OLĀ JV\Y[ĀMVYĀYLKYLZZĀVMĀNYPL]HUJLZĀ^OLYLĀUVĀHS[LYUH[P]LĀYLTLK_ĀLWPZ[ZĀHUKĀHUĀPUJVTWSL[LĀ PUJVTWSL[L$Ā

,$ COLĀKLMLUKHU[ZĀOH]LĀUV[Ā_L[ĀHWWLHYLK"ĀHUKĀZ[YPRPUNĀ?SHPU[PMMcZĀWSLHKPUNĀHUKĀKLMH\S[ĀMVYĀZLY]PJLĀ CO\Z"ĀYLPUZ[H[PUNĀ[OLĀZ\WWSLTLU[HSĀWSLHKPUNĀ^PSSĀUV[ĀWYLQ\KPJLĀHU_Ā^V\SKĀHSSV^ĀMVYĀH WYVWLYĀYLJVYKĀKL]LSVWTLU[ĀWYPVYĀ[VĀHK]LYZHYPHSĀWYVJLLKPUNZ$Ā

2>=2;DB8>=Ā

?SHPU[PMMĀYLX\LZ[ZĀ[OH[Ā[OLĀ2V\Y[/Ā

- E020C4Ā[OLĀ>YKLYĀH[Ā425Ā(,"Ā
- A48=BC0C4Ā?SHPU[PMMcZĀA\SLĀ'+ K!ĀMPSPUNĀH[Ā425Ā()"Ā
- ?LYTP[ĀZ\WWSLTLU[H[PVUĀVMĀ[OLĀYLJVYKĀ^P[OĀWVZ[#WSLHKPUNĀYL[HSPH[PVUĀL]PKLUJL$Ā

ALZWLJ[M\SS_ĀZ\ITP[[LK"Ā
%Z%Ā0UNLSPPUHĀ;_UUĀ;H^ZVUĀ
0UNLSPPUHĀ;_UUĀ;H^ZVU"Ā?YVĀBLĀ
2VU[HJ[ĀPUMVYTH[PVUĀVUĀYLJVYK!Ā

Ā

24AC85820C4Ā>5ĀB4AE824Ā

8ĀOLYLI_ĀJLY[PM_Ā[OH[ĀHĀ[Y\LĀHUKĀJVYYLJ[ĀJVW_ĀVMĀ[OLĀMVYLNVPUNĀ^HZĀZLY]LKĀ\WVUĀHSSĀWHY[PLZĀVMĀ YLJVYKĀ]PHĀ2<%425ĀLSLJ[YVUPJĀMPSPUNĀVUĀ[OPZĀ(&[OĀKH_ĀVMĀ0\N\Z["Ā(

%Z%Ā0UNLSPPUHĀ;_UUĀ;H^ZVUĀ
?YVĀBLĀ?SHPU[PMMĀ

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ERIC W. GODDERZ, et al.,

Defendants.

Case No. 2:25-cv-02199-JWB-TJJ

JURY TRIAL DEMANDED

MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b)

Plaintiff Angeliina Lynn Lawson, appearing pro se, respectfully moves this Court to certify for interlocutory appeal the following legal questions pursuant to 28 U.S.C. § 1292(b), due to judicial inaction, procedural suppression, and denial of fundamental access to the courts under the First, Fifth, and Fourteenth Amendments and Title II of the ADA:

QUESTION PRESENTED:

Whether a pro se ADA litigant may be indefinitely denied access to the court through refusal to issue summons (ECF 19), suppression of ADA retaliation claims (ECF 23, 26), and post-complaint judicial retaliation (ECF 25) despite pending judicial misconduct complaints,

protective reassignment motions, and repeated requests for emergency relief that remain unresolved more than 160 days after filing.

STATEMENT OF GROUNDS:

1. Controlling Question of Law:

Plaintiff presents constitutional claims involving denial of access, ADA retaliation, and bias of judicial officers. The Court's refusal to issue summons, adjudicate motions (ECFs 5, 13, 15, 17), or rule on reassignment (ECF 24), coupled with retaliatory striking of ECF 23 (after notice of judicial complaint), raises a controlling legal issue concerning structural due process under Caperton v. Massey, 556 U.S. 868 (2009).

2. Substantial Ground for Difference of Opinion:

The R&R (ECF 20) applies an improper heightened standard to pro se claims, ignores binding Supreme Court precedent (Armstrong v. Manzo, 380 U.S. 545 (1965); Tennessee v. Lane, 541 U.S. 509 (2004)), and misstates the law on ADA retaliation and Rule 15(d). Whether this Court can procedurally suppress filings and retaliate after judicial complaints raises unsettled and urgent constitutional questions.

3. Immediate Appeal Would Materially Advance the Litigation:

Six months after filing, no defendant has been served, no TRO has been ruled on, and the factual record remains frozen. Interlocutory review will clarify whether federal courts can deny ADA access through sustained suppression and retaliation, and whether reassignment is required to cure judicial paralysis.

RELIEF REQUESTED:

Plaintiff respectfully requests that this Court:

1. Certify for interlocutory appeal the legal question above pursuant to 28 U.S.C. § 1292(b);

2. Stay further magistrate-level proceedings pending Tenth Circuit consideration;

3. Permit expedited briefing and referral to Chief Judge Holmes for reassignment under 28 U.S.C. § 292(b);

4. Preserve all issues for appeal under Rule 72(b)(2), including ADA retaliation (42 U.S.C. § 12203), denial of court access (42 U.S.C. § 1983), and the constitutional right to petition the government.

Respectfully submitted, Date: September 26, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on 26th, of September 2025, I filed the foregoing: MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b) with the Clerk of the Court

using the CM/ECF system. Because no summons has been issued and no Defendant has been served as of this date, service will be effectuated upon issuance of summons or as directed by the Court. Notice of this filing has been sent to the Court and electronically entered into the docket system pursuant to Fed. R. Civ. P. 5 and Local Rule 5.1. I further certify that a copy of this filing will be served on any Defendant(s) or counsel once they have been formally served or have appeared in this matter.

Respectfully submitted,

Dated: September 26, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ERIC W. GODDERZ, et al.,

Defendants.

Case No. 2:25-cv-02199-JWB-TJJ

NOTICE OF JUDICIAL PARALYSIS, CONSTRUCTIVE DENIAL OF RELIEF, AND INTENT TO ESCALATE TO THE TENTH CIRCUIT UNDER 28 U.S.C. §§ 1291, 1292(b), AND 1651

COMES NOW Plaintiff, Angeliina Lynn Lawson, pro se, and submits this Notice to formally preserve and object to continued judicial inaction, structural suppression of her federal claims, and constructive denial of access to the courts. Pursuant to Fed. R. Civ. P. 72(b)(2), 28 U.S.C. §§ 1291, 1292(b), and the All Writs Act (§ 1651), Plaintiff gives notice that she intends to seek interlocutory appeal and/or emergency mandamus relief from the United States Court of Appeals for the Tenth Circuit if this paralysis and suppression persist.

TIMELINE OF PROCEDURAL SUPPRESSION

- April 14, 2025: Complaint filed with verified factual allegations under 42 U.S.C. §§ 1983, 1985, 12132, 12203; TRO, habeas, and ADA motions filed.
- May 13, 2025: IFP granted (ECF 19), but no summons issued under Rule 4(c)(3).
- April – September 2025: Emergency filings, including TRO (ECF 5), habeas (ECF 13), and ADA retaliation motion (ECF 15), remain unruled upon for over 160 days.
- June 20, 2025: R&R issued recommending dismissal without hearing or service (ECF 20).
- June 24, 2025: Plaintiff files Objection to R&R (ECF 21). No ruling to date.
- July 25, 2025: Rule 15(d) Supplement filed (ECF 23) documenting new ADA retaliation.
- August 22, 2025: Motion for Protective Reassignment (ECF 24) filed.
- August 25, 2025: Motion removed from magistrate referral and reassigned to District Judge Broomes.
- August 25, 2025: Notice of Judicial Complaint filed (ECF 25) with Exhibit E (16-case history).
- August 29, 2025: Magistrate Judge James strikes ECF 23 after reassignment was removed—confirming retaliation.
- September 26, 2025: Motion for Certificate of Appealability (ECF 29) filed; no action taken.

To date:

- No Defendant has been served.
- No ruling has issued on any TRO, ADA motion, or habeas relief.
- No action has been taken on Plaintiff's Objections to the R&R.

- The docket is functionally frozen in retaliation for Plaintiff's judicial misconduct notice and § 292(b) reassignment request.

CONSTITUTIONAL HARM

This record of inaction and retaliation constitutes:

- Denial of due process (*Armstrong v. Manzo*, 380 U.S. 545);
- ADA retaliation (42 U.S.C. § 12203);
- Denial of access to courts (*Tennessee v. Lane*, 541 U.S. 509);
- Unconstitutional judicial bias (*Caperton v. A.T. Massey*, 556 U.S. 868).

The cumulative effect is a constructive denial of relief and a chilling of Plaintiff's rights to petition, access accommodations, and litigate her federal claims.

NOTICE OF INTENT TO ESCALATE

If this paralysis continues, Plaintiff will:

1. File a Motion to Certify for Interlocutory Appeal under 28 U.S.C. § 1292(b), and
2. Seek emergency mandamus relief under 28 U.S.C. § 1651 to compel action, issue summons, and reassign the case.

This Notice is submitted to preserve all rights and to inform the Court and Clerk that the record now establishes judicial paralysis, constructive denial, and procedural retaliation.

Respectfully submitted, Dated: October 2, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue

Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I certify that on October 2, 2025, I filed the foregoing NOTICE with the Clerk of the Court via the CM/ECF system. No defendants have been served due to the Court's failure to issue summons under Fed. R. Civ. P. 4(c)(3); therefore, no service is required at this time. Notice will be sent to the Court and filed on the public docket.

/s/ Angeliina Lynn Lawson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ERIC W. GODDERZ, et al.,

Defendants.

Case No. 2:25-cv-02199-JWB-TJJ

JURY TRIAL DEMANDED

## MOTION TO SHOW CAUSE WHY THIS CASE HAS NOT BEEN RULED UPON AND TO COMPEL ACTION ON PENDING EMERGENCY RELIEF

COMES NOW Plaintiff Angeliina Lynn Lawson, pro se, and respectfully moves this Court to show cause for the continued failure to rule on numerous emergency filings in this matter, and to compel immediate action on the unresolved motions, including but not limited to requests for injunctive relief, habeas corpus, ADA enforcement, protective reassignment, and objections to the Magistrate's Report and Recommendation. These motions have now been pending for over 160 days in violation of due process, court access rights, and the ADA.

TIMELINE OF UNRESOLVED FILINGS AND DELAY

| Filing | Docket # | Date Filed | Days Pending (as of Oct. 6, 2025) | Status |
|---|---|---|---|---|
| TRO / Verified Emergency Relief | ECF 5 | 04/17/2025 | 172 days | No ruling |
| Habeas Corpus Petition | ECF 15 | 04/28/2025 | 161 days | No ruling |
| Motion to Expedite TRO Ruling | ECF 17 | 05/12/2025 | 147 days | No ruling |
| Objections to R&R | ECF 21 | 06/24/2025 | 104 days | No ruling |
| Motion for Protective Reassignment | ECF 24 | 08/22/2025 | 45 days | No ruling |
| Motion to Vacate Striking of Supplement | ECF 28 | 08/29/2025 | 38 days | No ruling |
| Motion for Certificate of Appealability | ECF 29 | 09/26/2025 | 10 days | No ruling |
| Summons Still Not Issued | IFP granted ECF 19 | 05/13/2025 | 146+ days | In violation of Rule 4(c)(3) |

Despite the Court granting Plaintiff's motion to proceed in forma pauperis in May 2025 (ECF 19), no summons has issued and no defendant has been served. The combination of prolonged silence and procedural obstruction has now resulted in complete judicial paralysis.

See Docket Entry (8/25/2025): “MOTION REFERRAL to Magistrate Judge REMOVED as to: 24 MOTION for Protective Reassignment. The motion will be resolved by the District Judge.

LEGAL AUTHORITY AND DUE PROCESS VIOLATIONS

The continued withholding of rulings on constitutional claims and ADA relief violates:

1. Fed. R. Civ. P. 4(c)(3) (summons must be issued and served by U.S. Marshal when IFP is granted);
2. Armstrong v. Manzo, 380 U.S. 545 (1965) (due process requires timely and meaningful opportunity to be heard);
3. Tennessee v. Lane, 541 U.S. 509 (2004) (ADA Title II guarantees access to courts);
4. Caperton v. Massey, 556 U.S. 868 (2009) (structural bias constitutes constitutional violation);
5. 28 U.S.C. § 636(b)(1) (district court must review timely objections to R&R).

These delays have now caused irreparable harm and placed Plaintiff at risk of further retaliation, suppression of evidence, and loss of rights, particularly regarding the custody and ADA protections of her disabled minor son.

Federal courts have an affirmative obligation to adjudicate emergency applications involving ongoing constitutional harm. See *In re McBryde*, 117 F.3d 208 (5th Cir. 1997) “The refusal to adjudicate is as much a violation of due process as a wrongful judgment.”.

To preserve the integrity of the record, Plaintiff also reminds the Court that she filed formal Notice of Judicial Complaint and Renewed Request for Protective Reassignment on August 25,

2025 (ECF 25), which remains unanswered. This followed the reassignment motion (ECF 24) and was supplemented by a Rule 15(d) pleading (ECF 23), which was later struck after reassignment was removed from the magistrate judge.

Plaintiff preserves all claims of structural bias, procedural retaliation, and ADA interference under 42 U.S.C. §§ 1983, 12132, and 12203 for further appeal or Rule 60(b)(3) relief.

If the Court continues to withhold action, Plaintiff intends to seek emergency relief from the Tenth Circuit through a Petition for Writ of Mandamus under 28 U.S.C. § 1651 and to pursue interlocutory appellate review under § 1292(b). Judicial silence in the face of constitutional and ADA claims, child harm, following a formal judicial misconduct complaint and procedural retaliation, constitutes constructive denial of relief.

RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Show cause as to why the Court has not ruled on any of the above filings, despite the urgent constitutional and statutory claims involved;
2. Refer this matter to Tenth Circuit Chief Judge under 28 U.S.C. § 292(b) for reassignment to a structurally neutral visiting judge;
3. Immediately issue summons pursuant to Fed. R. Civ. P. 4(c)(3);
4. Enter rulings on the pending motions, including the TRO (ECF 5), habeas petition (ECF 15), motion to expedite (ECF 17), motion for protective reassignment (ECF 24), and objections to the R&R (ECF 21);

5. Schedule a hearing or status conference to address the procedural standstill and clarify the Court's intentions regarding reassignment or mandamus;
6. Preserve Plaintiff's rights for interlocutory appeal under 28 U.S.C. § 1292(b) and mandamus under § 1651.

Respectfully submitted, Dated: October 6, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I certify that on October 6, 2025, I filed the foregoing MOTION with the Clerk of the Court via the CM/ECF system. No defendants have been served to date due to the Court's failure to issue summons as required under Fed. R. Civ. P. 4(c)(3). Notice will be provided through the Court's docketing system.

/s/ Angeliina Lynn Lawson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ERIC W. GODDERZ, et al.,

Defendants.

Case No. 2:25-cv-02199

TRIAL BY JURY DEMANDED

JUDICIAL NOTICE OF BREACH OF OATH, STRUCTURAL INTERFERENCE, AND REQUEST TO ENFORCE JUDICIAL INDEPENDENCE AND ADA ACCESS

COMES NOW Plaintiff Angeliina Lynn Lawson, appearing pro se, and respectfully provides this Judicial Notice to document ongoing structural interference, breach of judicial oath, and unconstitutional inaction in violation of Plaintiff's rights under the First, Fifth, and Fourteenth Amendments and Title II of the ADA. This notice further supports Plaintiff's pending requests for protective reassignment, mandamus relief, and court-ordered enforcement of judicial independence.

## I. FACTUAL CONTEXT AND JUDICIAL PARALYSIS

- This action was filed on April 14, 2025, and Plaintiff's IFP application was granted on May 13, 2025 (ECF 19).
- Despite IFP status, no summons has issued in over 165 days, in violation of Fed. R. Civ. P. 4(c)(3).
- Multiple emergency motions—including a TRO (ECF 5), Habeas Petition (ECF 15), and ADA accommodation filings (ECFs 13, 15)—have received no ruling.
- Plaintiff's Objections to the R&R (ECF 21) have been pending without review since June 24, 2025.
- Plaintiff's Motion to Show Cause (ECF 31), filed October 6, 2025, remains unaddressed as of October 29, 2025.
- Although Magistrate Judge Teresa J. James's referral was formally removed on August 25, 2025, she continues to issue procedural rulings, including the retaliatory striking of ECF 23 and the apparent stall on reassignment (ECF 24).

These delays and retaliatory actions create a pattern of unconstitutional judicial paralysis and suppression.

II. BREACH OF OATH AND FEDERAL JUDICIAL DUTY

Under 5 U.S.C. § 3331 and 28 U.S.C. § 453, all federal judges swear an oath:

"to administer justice without respect to persons, and do equal right to the poor and to the rich, and ... faithfully and impartially discharge and perform all the duties incumbent upon [them]..."

The refusal to process Plaintiff's filings, delay of core constitutional motions, and continuation of proceedings by a magistrate judge whose referral was revoked, violate the letter and spirit of that oath.

The refusal to act on:

- Emergency relief filings;
- Procedural motions to vacate retaliation (ECF 28);
- ADA Title II claims;
- And Plaintiff's First Amendment petition rights

constitutes an active breach of judicial office and a denial of justice.

III. STRUCTURAL INTERFERENCE AND RETALIATION

As documented in ECF 25 and 26, Plaintiff's Rule 15(d) supplement (ECF 23) was struck just four days after Plaintiff filed a judicial misconduct complaint and reassignment request.

Further, despite the removal of referral from Magistrate Judge James, the Court continues to allow her rulings, including on matters connected to reassignment and procedural retaliation. This raises serious concerns about improper internal communication, administrative coordination, or extrajudicial influence, in violation of:

- Canon 2.11(A) of the Code of Conduct for U.S. Judges (appearance of bias),
- Caperton v. Massey, 556 U.S. 868 (2009) (structural bias requires recusal),
- Tennessee v. Lane, 541 U.S. 509 (2004) (ADA access to courts),

- Armstrong v. Manzo, 380 U.S. 545 (1965) (due process requires meaningful hearing), and
- 42 U.S.C. §§ 1983, 12132, and 12203.

## IV. REQUEST FOR JUDICIAL NOTICE AND PROTECTIVE RELIEF

Plaintiff respectfully requests that this Court:

1. Take judicial notice of the ongoing breach of oath, retaliatory procedural conduct, and failure to adjudicate emergency motions;
2. Acknowledge the improper continuation of rulings by Magistrate Judge James post-referral removal (ECF 24);
3. Reaffirm Plaintiff's right to a neutral and independent tribunal, including prompt review of ADA retaliation claims and emergency relief;
4. Issue a protective directive that no further rulings be made by a judicial officer whose referral was removed or who is named in a judicial complaint;
5. Refer this matter to Chief Judge Holmes under 28 U.S.C. § 292(b) for out-of-district judicial reassignment.

Plaintiff preserves all rights under Title II of the ADA, 42 U.S.C. §§ 1983 and 12203, Rule 60(b)(3), and the First, Fifth, and Fourteenth Amendments.

Respectfully submitted, Dated: October 29, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, KS 66048

CERTIFICATE OF SERVICE

I certify that on October 29, 2025, I filed the foregoing Judicial Notice with the Clerk of the Court via CM/ECF. Because no defendants have been served due to the Court's failure to issue summons under Rule 4(c)(3), no further service is required at this time. Notice will be docketed publicly through the federal court system.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON[1],

Plaintiff,

v. Case No. 25-2199-JWB

ERIC GODDERZ, *et al.*,

Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection (Doc. 21) to Magistrate Judge Teresa James' Report and Recommendation ("R&R") (Doc. 20) recommending that Plaintiff's action be dismissed in its entirety; Plaintiff's motion for protective reassignment (Doc. 24); and Plaintiff's motion to vacate striking of supplemental pleading and request for reinstatement under Rule 15(d). (Doc. 28.) After review, Plaintiff's motions are DENIED (Docs. 24, 28), her objection is OVERRULED (Doc. 21), the court ADOPTS the R&R (Doc. 20) and DISMISSES the instant action. Thus, Plaintiff's remaining pending motions (Docs. 29, 31) are DENIED AS MOOT.

**I. Facts**

The facts set forth herein are taken from Angeliina Lynn Lawson's ("Plaintiff's") first amended complaint. (Doc. 9.) Plaintiff brings this lawsuit under 42 U.S.C. § 1983 against Kansas

[1] The court notes that Plaintiff has several pending actions that are presently before the undersigned. On August 25, 2025, Plaintiff filed a "Notice Regarding Judicial Complaint and Renewed Request for Protective Reassignment" in this case. (Doc. 25.) According to the notice, Plaintiff's judicial complaint to the Tenth Circuit was filed due to the undersigned's rulings in Plaintiff's cases. Plaintiff also included an exhibit which identifies adverse rulings in both her federal and state cases. Notably, only one ruling identified was issued by the undersigned. The remaining rulings in the federal cases were issued by the magistrate judge. In any event, although Plaintiff filed a judicial complaint against the undersigned and it remains pending before the Tenth Circuit, this court finds that the judicial complaint is frivolous as it merely complains of an adverse ruling against Plaintiff which is not a basis to find improper judicial conduct. Therefore, the court will proceed to rule on pending motions in this case as there is no basis for the undersigned to recuse from this matter at this time.

state court Judges Eric Godderz, Taylor Wine, and John Bryant in both their individual and official capacities, as well as against the State of Kansas ("Defendants").[2] (*Id*. at 3–4.) Plaintiff's factual allegations center on a state trial court custody and divorce proceeding in Anderson County District Court that she claims has been marked by systemic violations of her rights. (*Id*. at 4–6.) She alleges that the state court has improperly maintained jurisdiction over her case. (*Id*.) According to her, it was only after she began filing various complaints, grievances, and accommodation requests related to her documented disability that the court stripped her of all custody rights and limited her to just two hours of supervised visitation per week. (*Id*.) She asserts the presiding state judge Defendants refused to recuse themselves despite her allegations of bias and have declined to enforce alimony and child support orders. (*Id*.) Plaintiff further contends she has been obstructed from accessing her case files and court transcripts, that pleadings have been altered, and that she was subjected to an order requiring a psychological evaluation—a requirement she characterizes as imposed solely to prevent her trial from proceeding. (*Id*.)

Plaintiff raises six claims: (1) violation of her due process rights ("Count I"), (2) violation of Title II of the ADA ("Count II"), (3) retaliation in violation of the ADA ("Count III"), (4) retaliation for protected First Amendment activity ("Count IV"), (5) unconstitutional taking and deprivation of property ("Counts V" and "Count VII"), and (6) fraud upon the court and constructive fraud ("Count VI") (collectively "Counts"). (*See id*.) Magistrate Judge James screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915 and recommended dismissal of all counts. (Doc. 20.) Plaintiff timely objected.[3] (Doc. 21.) Since filing her objection

---

[2] Plaintiff has another pending action in this court against most of the defendants in this case. *See Lawson v. Godderz*, Case No. 25-1179-JWB.

[3] The court notes that Plaintiff's objection (Doc. 21) largely fails to specifically address any of Magistrate Judge James' R&R ruling. (Doc. 20.) Rather, the document that she filed appears to be Plaintiff's attempt to add facts. Nevertheless, and in the spirit of liberally construing pro se filings, the court will consider Plaintiff's objection as timely, proper, and under a de novo review standard pursuant to Fed. R. Civ. P. 72(b)(3). *See United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).

to Magistrate Judge James' R&R, Plaintiff has filed numerous motions and attempted to file supplemental pleadings. (*See* Docs. 23, 24, 27, 28, 29, 31.)

## II. Standard

R&R Standard of Review. On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'"). When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Rule 12(b)(6) Motion to Dismiss. To withstand a motion to dismiss under Rule 12(b)(6), the complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, the court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

Pro Se Party. Because Plaintiff is proceeding pro se, the court is to liberally construe his

filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III. Analysis

### A. Plaintiff's Motion for Protective Reassignment (Doc. 24)

Plaintiff filed a motion for protective reassignment of this matter to an out of-district judge pursuant to 28 U.S.C. §§ 292(b), 294.[4] (Doc. 24.) Plaintiff asserts that the undersigned is biased because of a previous ruling against Plaintiff involving withholding service of summons. Notably, this ruling was not issued by the undersigned. However, a notice that was filed does accuse the undersigned of bias based on rulings he previously issued in Plaintiff's cases. (*See* Doc. 25.) In any event, Plaintiff seeks referral of the instant case "to Chief Judge Holmes of the Tenth Circuit" to then be reassigned to an out-of-district visiting judge. (Doc. 24.)

As the Tenth Circuit has summarized:

> Disqualification is required both when a judge has "a personal bias or prejudice" against a party, § 144; *see also* § 455(b)(1) (same), or when presiding over the case would create an appearance of bias, *see* § 455(a). Recusal for an appearance of bias is required when "sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." [*United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).] The party seeking a judge's disqualification must show that "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 993 (internal quotation marks omitted). Because this standard is an objective one, "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.*

*United States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020). Plaintiff 's motion is devoid of any fact that could provide a basis for recusal under these standards. Moreover, "judicial rulings

[4] The nature of this motion very closely resembles two other motions filed by Plaintiff in a separate action in this court against almost all of the defendants in this case. *See Lawson v. Godderz*, Case No. 25-1179-JWB. In that case, the undersigned denied Plaintiff's motion for reasons nearly identical to the reasons used to deny Plaintiff's motion for reassignment in the instant case. *See id*. at Doc. 11; *see also Lawson v. Bolton*, Case No. 25-2251-JWB at Doc. 17 (seeking disqualification of the undersigned for many of the same reasons Plaintiff alleges in the instant motion).

alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Nothing in any ruling by the undersigned or Magistrate Judge James indicates that these judicial officials are biased against Plaintiff. Plaintiff also appears to imply that the court has "delayed" ruling on her cases. (Doc. 24.) Plaintiff provides no facts to support this assertion. The court, again, notes that Plaintiff's actions in repetitively filing motions and new cases delays rulings in her cases and in others. Such delay is not a basis for recusal. Thus, Plaintiff's motion seeking protective reassignment (Doc. 24) is denied.

**B. Plaintiff's Motion to Vacate Striking of Supplemental Pleading and Request for Reinstatement (Doc. 28)**

On July 25, 2025, Plaintiff attempted to file a supplemental pleading. (Doc. 23.) In an order dated August 29, 2025, Magistrate Judge James struck the supplemental pleading from the record for failure to comply with the requirements set out in Fed. R. Civ. P. 15(d). (Doc. 26.) Specifically, Magistrate Judge James struck Plaintiff's supplemental pleadings because they were procedurally improper and substantively deficient. Plaintiff failed to file a motion for leave as required by Fed. R. Civ. P. 15(d) before submitting a supplemental pleading. The filing did not show that the alleged facts occurred after the original complaint, as the rule requires. And Plaintiff attempted to add two Kansas state court judges without following proper joinder procedures. (*See* Doc 20.) Plaintiff objected to the striking of her supplemental pleadings. (Doc. 28.) Plaintiff argues that Rule 15(d) entitles her to supplement her complaint whenever she pleases so long as "no responsive pleadings have been filed." (*Id.* at 2.) Plaintiff proceeds to argue that striking her pleading was a retaliatory act because it was issued after she filed a judicial complaint against Magistrate Judge James and thus violates her due process and First Amendment rights.

The language of the Federal Rules of Civil Procedure 15(d), which governs supplemental pleadings, makes clear that a supplemental pleading may not be filed without leave of court. Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Accordingly, the filing of a supplemental pleading is not available to the pleader as a matter of right, but upon proper motion seeking leave of court. *See, e.g.*, *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (explaining the necessary prerequisite of seeking leave "to serve a supplemental pleading"); *T Mobile Ne. LLC v. City of Wilmington, Delaware*, 913 F.3d 311, 317 (3d Cir. 2019) ("[A]ll supplemental pleadings require leave of court under Rule 15(d)"); *Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022) ("The Federal Rules of Civil Procedure make clear that, with leave of court, plaintiffs can supplement their pleadings.").

In the current matter, Plaintiff failed to request leave of court prior to filling her supplemental pleading. (Doc. 23.) "Although [Plaintiff] is proceeding pro se, [s]he 'must follow the same rules of procedure that govern other litigants,'" including Rule 15(d). *Johnson v. Marlar*, 807 F. App'x 791, 796 (10th Cir. 2020) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).[5] Thus, Plaintiff's motion seeking reinstatement of her stricken supplemental pleading (Doc. 28) is denied.

**C. Magistrate Judge James' Report and Recommendation ("R&R") (Doc. 20)**

Pursuant to 28 U.S.C. § 1915, Magistrate Judge James screened Plaintiff's first amended complaint because Plaintiff sought to proceed without the prepayment of fees. (Doc. 20.) Upon

---

[5] Even though pro se complaints are held to less stringent standards than pleadings drafted by lawyers, pro se litigants must follow the same procedural rules as other litigants. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Plaintiff is encouraged to keep this in mind regarding her numerous other federal actions pending in this court.

screening, a district court may dismiss the case at any time if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Grigsby v. Dick*, 671 F. App'x 1031, 1033 (10th Cir. 2016). The sufficiency of Plaintiff's complaint is reviewed under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). The court will address each of Plaintiff's claims below.

**1. Judicial Immunity and Immunity Under the Eleventh Amendment (Counts I, IV, V, VI, and VII)**

Plaintiff brings claims against the State of Kansas alleging it "is responsible for acts and omissions of its judiciary, court administrators, and ADA coordinators . . . and has failed to ensure access to judicial services for individuals with disabilities." (Doc. 9 at 3–4.) Plaintiff also brings claims against state court Judges Godderz, Wine, and Bryant in their individual and official capacities. (*See id.*) Magistrate Judge James recommended dismissal on the basis of immunity; that is, the State of Kansas and Judges Godderz, Wine, and Bryant, in their official capacities, are immune under the Eleventh Amendment, and Judges Godderz, Wine, and Bryant, in their individual capacities, are immune under the doctrine of judicial immunity. (Doc. 20.) Plaintiff objects, arguing that "refus[ing] to rule on indigency filings, den[ying] ADA relief across multiple dockets, and actively suppress[ing] procedural filings" are not judicial acts and thus judicial immunity does not apply. (Doc. 21 at 10–11.) Plaintiff goes on to generally argue that judicial immunity does not apply to ongoing constitutional violations—wherein she vaguely categorizes the constitutional violations currently being committed by state Judges Godderz, Wine, and Bryant as retaliation, "[i]gnor[ing] recusal motions, "[s]uppressed emergency motions, and "[d]enied all

ADA-related motions across [the] majority [of] separate lawsuits." (*Id.*) Ultimately, Plaintiff fails to address the R&R's reasons for dismissal. Accordingly, following a de novo review, the court finds these objections uncompelling and adopts the Magistrate's recommendations regarding immunity in their entirety. (Doc. 20 at 7–12.)

With regard to the State of Kansas, Plaintiff raises monetary claims under § 1983, including: deprivation of her due process rights (Count I) and unconstitutional taking and deprivation of property (Counts V and VII). (Doc. 9 at 6–8.) "The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and 'arms of the state' unless the state waives its immunity." *Brooks v. Kobach*, No. 25-cv-3054-JWL, 2025 WL 1100048, at *3 (D. Kan. Apr. 14, 2025). There is no evidence the State of Kansas has consented to the instant suit, and "[i]t is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983." *Id.* Thus, Plaintiff's § 1983 claims (Counts I, V, VII) against the State of Kansas are barred by the Eleventh Amendment. Plaintiff also asserts a claim against the State of Kansas for fraud upon the court and constructive fraud (Count VI). (Doc. 9 at 7–8.) Plaintiff again has failed to provide any authority suggesting that immunity has been waived or abrogated as to Count VI. Thus, it is dismissed.

Plaintiff similarly asserts Counts I, V, VI, and VII seeking monetary relief under § 1983 against state court Judges Godderz, Wine, and Bryant, plus a claim for retaliation for protected First Amendment activity (Count IV). (*Id.* at 6–8.) The Eleventh Amendment bars suits in federal court against state officials who are sued in their official capacities, unless the state waives its immunity, or its immunity is abrogated. *Allen v. St. Francis Ministries*, No. 23-1166-DDC-GEB, 2024 WL 2831606, at *3 (D. Kan. June 4, 2024); *Brooks v. Kobach*, No. 25-cv-3054-JWL, 2025

WL 1100048, at *3 (D. Kan. Apr. 14, 2025). "District Court judges are state officials." *Roubideaux-Davis v. Klenda*, No. 24-3167-JWL, 2024 WL 4381227, at *2 (D. Kan. Oct. 2, 2024) (citing *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004)). Thus, to the extent Plaintiff seeks monetary relief from the State of Kansas or Judges Godderz, Wine, and Bryant in their official capacities, such claims (Counts I, IV, V, VI, and VII) are barred by the Eleventh Amendment and therefore dismissed.

Plaintiff also brings this action against Judges Godderz, Wine, and Bryant in their individual capacities. (Doc. 9 at 1, 3.) Magistrate Judge James recommends dismissal of all such claims on the basis of judicial immunity. (D0c. 20 at 9–12.) Plaintiff objects to dismissal on the basis that judges do not enjoy judicial immunity for "ongoing constitutional violations." (Doc. 21 at 10.) She alleges such violations include not ruling on filings, falsifying docket entries, denying motions under false pretenses, and generally alleges perceived procedural mistakes in the Anderson County state court divorce and child custody proceedings. (*Id.*; Doc. 9 at 7–8.) Additionally, Plaintiff objects that these actions by the Defendant state judges are properly characterized as "administrative acts," to which judicial immunity does not apply. (Doc. 20 at 10.) Following a de novo review due to Plaintiff's objections, the court nevertheless finds these objections unpersuasive and adopts the reasoning articulated in the R&R.

Judicial immunity applies to this action against Judges Godderz, Wine, and Bryant in their individual capacities. *See Crowe v. Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011) ("Judicial immunity applies only to personal capacity claims."). A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he

will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id*. at 356–57 (citation omitted). Plaintiff alleges that Judges Godderz, Wine, and Bryant are not immune from suit here because they refused to recuse themselves after she filed a motion seeking such relief, that they retaliated against her, and generally alleges that she disagrees with their rulings in her state court case involving parental rights, alimony, and child support. (*See* Doc. 9, 20.)[6] Plaintiff's assertions on these issues are conclusory and fail to assert facts that would show that any of these state judges were acting in the absence of jurisdiction. Plaintiff does argue that jurisdiction was improper in her objections to the R&R, but merely makes conclusory statements about the judges' lack of jurisdiction and cites a Kansas statute that explains the procedure for filing a poverty affidavit in lieu of a docket fee. (Doc. 21 at 10–11.) It is clear from the record that all of the actions taken by Judges Godderz, Wine, and Bryant were in their capacities as state court judges presiding over the child custody proceedings. Plaintiff makes no more than conclusory allegations regarding a lack of jurisdiction. Therefore, judicial immunity properly applies to their actions.

In summary, this court, having reviewed Plaintiff's objection de novo pursuant to Fed. R. Civ. P. 72(b)(3), holds that under 28 U.S.C. § 1915(e)(2)(B)(iii), Counts I, IV, V, VI, and VII are dismissed because the State of Kansas and Judges Godderz, Bryant, and Wine in their official capacities are immune from suit for monetary damages pursuant to the Eleventh Amendment, and Judges Godderz, Bryant, and Wine in their individual capacities are entitled to judicial immunity.

**2. Failure to State a Claim Under Title II of the ADA (Counts II and III)**

Plaintiff brings claims under Title II of the ADA against the State of Kansas and Judges Godderz, Bryant, and Wine, alleging discrimination because she was denied access to judicial

[6] Magistrate Judge James thoroughly explains the numerous allegations that Plaintiff brings against Judges Godderz, Wine, and Bryant. (*See* Doc. 20 at 9–12.)

proceedings after requesting accommodations and retaliation for submitting such accommodation requests. (Doc. 9 at 6.) Magistrate Judge James upon screening Plaintiff's complaint dismissed all ADA-related claims for failure to state a claim. (Doc. 20.) Plaintiff, in her objections, argues that the "ADA claims are supported by detailed facts and are legally cognizable." (Doc. 21.) Ultimately, Plaintiff fails to address the R&R's reasons for dismissal of her ADA claims.

With regard to the State of Kansas, the extent of Plaintiff's allegations regarding these ADA discrimination claim is as follows: "Defendant State of Kansas is responsible for the acts and omissions of its judiciary, court administrators, and ADA coordinators, operations of its courts and judicial ADA compliance infrastructure, and has failed to ensure access to judicial services for individuals with disabilities." (*Id*. at 3–4.) Otherwise, Plaintiff generally alleges that her requests for accommodations have been denied, lost, destroyed, or otherwise mishandled and she has been excluded from participation in judicial proceedings.

First, the court notes that Congress has abrogated state sovereign immunity regarding Title II of the ADA. *See Board of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001). To state a claim under a failure to accommodate theory, Plaintiff must show (1) she is a qualified individual with a disability; (2) she was "excluded from participation in or denied the benefits of some public entity's services, programs, or activities," and (3) the exclusion or denial of benefits was because of Plaintiff's disability. *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1167 (10th Cir. 2021). Plaintiff's conclusory statements fail to plead facts that show Plaintiff has a qualified disability under the ADA, as she merely states she "has a documented and qualified disability." (Doc. 9 at 4.) Additionally, Plaintiff fails to mention any details as to ever making an accommodation request, making denial of such request impossible for this court to infer. Finally,

Plaintiff pleads facts evidencing extensive participation in the state court proceedings, contradicting the requirement that she be excluded from such participation due to her disability.

Plaintiff also raises a claim of retaliation in violation of the ADA. (*Id.* at 6.) However, Plaintiff merely alleges that she was retaliated against through "coercive procedural rulings, canceled hearings, unlawful psychological evaluation demand, and denial of litigation tools such as subpoenas and discovery." (*Id.*) Again, such conclusory statements fail to show any actions taken by the State of Kansas or its actor that could conceivably amount to retaliation. Thus, Plaintiff has failed to state a claim for discrimination or retaliation under the ADA against the State of Kansas.

Plaintiff also brings claims under the ADA against Judges Godderz, Bryant, and Wine. However, "no individual, including a state court judge, may be held liable under Title II of the ADA." *Smith v. Glanz*, 662 F. App'x 595, 597 (10th Cir. 2016). Accordingly, in reviewing Plaintiff's claims de novo pursuant to Fed. R. Civ. P. 72(b)(3), she fails to state a claim of discrimination or retaliation under the ADA against Judges Godderz, Bryant, and Wine.

**3. Failure to State a Claim Under § 1983 (Counts I, IV, V, and VII)**

As an alternative, Plaintiff's § 1983 claims (Counts I, IV, V, and VII) are also deficient for failure to state a claim and thus would be dismissed on that ground. To state a claim under § 1983, Plaintiff must allege the violation of a constitutionally secured right and the "alleged deprivation was committed by a person acting under color of state law." *Gilhaus v. Gardner Edgerton Unified Sch. Dist.*, 138 F. Supp. 3d 1228, 1237 (D. Kan. 2015). In each claim brought under § 1983 in Plaintiff's First Amended Complaint, she merely states Defendants violated her First, Fifth, and Fourteenth Amendment rights. (Doc. 9.) In Plaintiff's objections, she expounds by claiming that her constitutional rights were violated because of "venue fraud, ADA grievances, and retaliatory

judicial conduct" based on Judge Wine's "failure to intervene [and] recuse" himself." (Doc. 21 at 10, 12). In either instance, Plaintiff fails to plead any facts beyond vague, conclusory allegations that would support these claims. Accordingly, all of Plaintiff's claims brought under § 1983 are dismissed.

**4. Equitable Relief Claims Stemming from Plaintiff's Proceedings in Anderson County District Court Regarding Her Divorce, Child Custody, and Support**

Plaintiff's first amended complaint alleges judicial manipulation, ADA exclusion, and fraudulent procedural sabotage that was designed to strip her of parental rights and limit her access to justice. (Doc. 9 at 1, 2, 8, 9.) Magistrate Judge James recommended dismissal based on principles of *Younger* Abstention, concluding that the relief Plaintiff seeks is more appropriately pursued in state court. (Doc. 20 at 3–7.) In Plaintiff's objection, she fails to address the *Younger* abstention doctrine. (Doc. 20.) Instead, she continues to rehash allegations of perceived jurisdictional defects and procedural irregularities in the underlying Anderson County custody and divorce proceedings. (*Id.*) Ultimately, Plaintiff fails to address the R&R's reasons for dismissal. Therefore, the court finds that she has waived this issue by not specifically addressing it. Nevertheless, the court briefly addresses it.

Under the *Younger* doctrine, a federal court is generally required to abstain from interfering with ongoing state legal proceedings. *Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com.*, 240 F.3d 871, 874-75 (10th Cir. 2001) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). It applies when: (1) a state criminal, civil, or administrative proceeding is pending;[7] (2) the state court provides an adequate forum to hear the claim raised in the federal complaint; and (3) the

[7] The reference point for determining if a plaintiff filed her federal complaint during an ongoing state proceeding is the filing date of the complaint. *Dauwe v. Miller*, 364 F. App'x 435, 437 (10th Cir. 2010) (citing *Bettencourt v. Bd. of Registration In Med.*, 904 F.2d 772, 777 (1st Cir. 1990)).

state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Phillips v. Martin*, 315 F. App'x 43, 44 (10th Cir. 2008) (citation omitted).

However, the Supreme Court has limited the application of *Younger* to three categories: (1) criminal prosecutions; (2) certain "civil enforcement proceedings;" and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989). These categories have subsequently been referred to as the "*Sprint* categories" because "the Supreme Court's opinion in *Sprint* said that *Younger* abstention does not extend beyond these categories." *Bellinsky v. Galan*, No. 24-1351, 2025 WL 2047809, at *3 (10th Cir. July 22, 2025) (citing *Sprint*, 571 U.S. at 78). The Tenth Circuit recently noted that "only if the state court proceeding falls within one of" these *Sprint* categories, then a court may assess the *Younger* abstention elements. *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024). Here, the state court proceedings in Plaintiff's case involve her "divorce, custody, and support matters" and she seeks "enforcement of [her] court-ordered alimony and child support." (Doc. 9 at 4, 8.) Thus, Plaintiff's suit concerns child support, child custody, and other domestic relation matters currently being adjudicated by a state court.[8]

In looking at the *Sprint* categories, there is no indication that the child support or other domestic relations matters relate to a criminal prosecution, thus the first exception does not apply. *See Covington*, 2025 WL 1448661, at *5 (stating that "[t]he first category does not apply because

[8] The type of injunctive relief requested by Plaintiff is not completely clear. However, the court believes this construction to be most likely based on the entirety of the complaint. (*See* Doc. 9.) To the extent Plaintiff seeks this court to review the state court orders or overrule them, such actions are barred by the domestic-relations exception to federal court jurisdiction. *See Alfaro v. County of Arapahoe*, 766 F. App'x 657, 660 (10th Cir. 2019) (holding that the domestic-relations exception applied where the plaintiff asked the federal court to "scrutinize[ ]" the "legal merits" of "each order" in the state court divorce and child-custody proceedings).

the state [domestic relations] case is not a criminal prosecution"). The second exception is not applicable because "domestic relations proceedings are not civil enforcement proceedings brought by state actors." *Id*.

Plaintiff's current case, however, falls squarely into the third *Sprint* category. The third category, in short, includes "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function." *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc*., 98 F.4th 1307, 1317 (10th Cir. 2024) (citing *Graff v. Aberdeen Enterprizes, II, Inc*., 65 F.4th 500, 522 (10th Cir. 2023) (internal quotation marks and brackets omitted). Federal courts have repeatedly held that child support, alimony, and similar domestic relations orders fall into this third *Sprint* category. *See, e.g*., *Stephens v. Child Support Servs. of Okla. Dep't of Human Servs*., No. 24-cv-216-JDR-CDL, 2025 WL 1194950, at *4 (N.D. Okla. Apr. 25, 2025) ("Although [the plaintiff] does not directly challenge any state-court orders pertaining to divorce in her motion, she does contest the seizure of funds to pay a child-support award and she disputes the power and authority of those involved in the state-court proceedings."); *Hawkins v. Region 8 IV-D Agency*, No. 24-CV-02802-GPG-KAS, 2025 WL 2197307, at *4 (D. Colo. July 29, 2025) (applying *Younger* where plaintiff sought relief from the state courts orders involving alimony and child support); *Hayes v. Ibarra et al*., No. CIV 25-0783 JB/LF, 2025 WL 2817962, at *1 (D.N.M. Oct. 3, 2025) (applying Younger where plaintiff "alleges the court took his parental rights."). Accordingly, the current matter falls in the third Sprint category and the *Younger* elements can be assessed.[9]

[9] The Tenth Circuit recently rejected application of *Younger* in a similar context, i.e., where a "domestic relations case regarding [the parties'] marriage dissolution and parenting of their children[.]" *See Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *1 (10th Cir. May 19, 2025). There, the Circuit held "[t]he July 2022 order address[ing] a parenting time dispute . . . [did] not concern the state court's ability to enforce compliance with judgments already made." *Id*. at *5 (internal citations, quotation marks, and brackets omitted). However, the Circuit specifically noted that *Younger* still applies to some state court domestic relations cases, so long as they "fall into a *Sprint* category." *Id*. at *5 n.10. Here, Plaintiff alleges she "has been denied enforcement of court-ordered alimony and child support."

Now to the *Younger* elements. Here, Plaintiff filed her federal complaint on April 14, 2025. (Doc. 1.) While Plaintiff does not affirmatively state that her state case is ongoing, the court's independent review of the publicly available docket in the state court case reveals 31 docket entries, with the most recent occurring on October 16, 2025, entered after April 14, 2025.[10] Thus, there is no question that the state proceedings were ongoing at the time Plaintiff filed her complaint in federal court. (*See* Doc. 1.) The first *Younger* factor is met.

Plaintiff has not demonstrated why Kansas state court is an inadequate forum to raise her claims—which is her burden. *Morkel v. Davis*, 513 Fed. App'x 724, 728 (10th Cir. 2013). Plaintiff states that her constitutional rights and ADA protections have been violated. Plaintiff does not provide any authority that would support a conclusion the state court could not entertain these constitutional or statutory claims. In fact, state courts have been found adequate forums for federal constitutional claims. *See id.* (finding state court adequate forum for raising constitutional claims). The second *Younger* factor is met.

Lastly, Plaintiff's federal claims also derive from her child custody proceedings in Anderson County District Court. According to the Tenth Circuit, domestic relations involving husband and wife, parents and children, and relatedly, child custody disputes implicate important state interests. *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) ("Of course, the state proceedings at issue in this case implicate important state interests: '[t]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States.'") (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992)); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack

(Doc. 9 at 8.) Such requests for injunctive relief appear to go directly to the mechanisms through which the state court manages and enforces its child support proceedings.

[10] *See In the Matter of the Marriage of Jonathan David Lawson v. Angeliina Lynn Lawson*, Case No. 2020-DM-000131.

jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child." (brackets and internal quotation marks omitted)). The third *Younger* factor is met, rendering application of the doctrine proper.

Therefore, the *Younger* abstention doctrine properly applies to Plaintiff's claims against state court Judges Godderz, Wine, and Bryant seeking equitable relief stemming from her family law proceedings in Anderson County District Court. Accordingly, all Plaintiff's claims for equitable relief are dismissed.

**IV. Conclusion**

THEREFORE, Plaintiff's motions are DENIED (Docs. 24, 28) and the court ADOPTS the R&R (Doc. 20) and DISMISSES the instant action. Thus, Plaintiff's remaining pending motions (Docs. 29, 31) are DENIED AS MOOT.

IT IS SO ORDERED. Dated this 29th day of October, 2025.

__s/ John W. Broomes________________
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

# United States District Court

**-------------------------- DISTRICT OF KANSAS----------------------------**

**ANGELIINA LYNN LAWSON,**

**Plaintiff,**

**v.** **Case No: 25-cv-2199-JWB**

**ERIC W. GODDERZ,**
**STATE OF KANSAS,**
**TAYLOR J. WINE,**
**JOHN BRYANT,**

**Defendants,**

## JUDGMENT IN A CIVIL CASE

☐ Jury Verdict. This action came before the Court for a jury trial. The issues have been tried and the jury has rendered its verdict.

☒ Decision by the Court. This action came before the Court. The issues have been considered and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that pursuant to the Memorandum and Order filed October 29, 2025, the court ADOPTS the R&R (Doc. 20) and DISMISSES the instant action.

_October 29, 2025_____
Date

SKYLER B. O'HARA
CLERK OF THE DISTRICT COURT

by: ___s/ Joyce Roach___
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ERIC W. GODDERZ, et al.,

Defendants.

Case No. 2:25-cv-02199

TRIAL BY JURY DEMANDED

NOTICE OF APPEAL

Notice is hereby given that Plaintiff Angeliina Lynn Lawson, proceeding pro se and in forma pauperis, hereby appeals to the United States Court of Appeals for the Tenth Circuit from the following:

1. The Memorandum and Order entered on October 29, 2025 (ECF 33), denying Plaintiff's Motion for Protective Reassignment (ECF 24), denying Plaintiff's Motion to Vacate the Strike of Supplemental Pleading (ECF 28), adopting the Report and Recommendation (ECF 20), and dismissing the case in full;
2. The associated Clerk's Judgment entered the same day, October 29, 2025 (ECF 34);

3. All underlying orders, omissions, and procedural inactions that led to the constructive denial of Plaintiff's constitutional, statutory, and ADA rights, including the Court's failure to rule on:
   - Plaintiff's Motion for TRO (ECF 5),
   - Petition for Habeas Corpus and Emergency Relief (ECF 15),
   - Motion to Expedite TRO (ECF 17),
   - Motion to Show Cause (ECF 31), and
   - Failure to issue summons under Rule 4(c)(3) despite IFP being granted (ECF 19).

This appeal includes issues related to structural judicial bias, ADA retaliation, suppression of filings, improper post-referral rulings by Magistrate Judge Teresa J. James, and violations of Plaintiff's rights under the First, Fifth, and Fourteenth Amendments, and Title II of the Americans with Disabilities Act.

Plaintiff preserves all rights under 28 U.S.C. §§ 1291, 1292(b), and 1651, Fed. R. Civ. P. 60(b), and the Constitution of the United States.

Respectfully submitted, Dated: October 29, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, KS 66048

CERTIFICATE OF SERVICE

I certify that on October 29, 2025, I filed the foregoing Notice of Appeal with the Clerk of the Court using the CM/ECF system. No defendants have been served in this matter due to the Court's failure to issue summons under Fed. R. Civ. P. 4(c)(3); therefore, no further service is required at this time.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Plaintiff,

v.

ERIC W. GODDERZ; STATE OF KANSAS;
TAYLOR J. WINE; and JOHN BRYANT,
Defendants.

Case No. 2:25-cv-02199-JWB-TJJ

PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60

Plaintiff Angeliina Lynn Lawson, proceeding pro se, respectfully moves under Fed. R. Civ. P. 60(b)(4) and 60(b)(6) for relief from the Court's October 29, 2025 Memorandum and Order and Judgment, ECF Nos. 33 and 34.

Plaintiff requests judicial notice under Fed. R. Evid. 201 of the docket entries, orders, filings, and Tenth Circuit mandate identified below. If relief from judgment is granted, Plaintiff requests leave to file a properly noticed motion for leave to supplement under Fed. R. Civ. P. 15(d).

Plaintiff seeks relief from this Court's own judgment based on the judgment's pre-service, non-adversarial posture, the withholding of summons after IFP status was granted, the striking of Plaintiff's attempted supplemental pleading, and the extraordinary procedural circumstances described below.

## I. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Take judicial notice under Fed. R. Evid. 201 of the existence, filing dates, sequence, and procedural effect of the docket entries, orders, and appellate mandate identified in this motion;

2. Grant relief under Fed. R. Civ. P. 60(b)(4) if the Court determines that the judgment was entered through a procedure inconsistent with due process;

3. Alternatively, grant relief under Fed. R. Civ. P. 60(b)(6) because extraordinary circumstances make continued enforcement of the judgment inequitable;

4. Vacate ECF Nos. 33 and 34;

5. Reopen the action for the limited purpose of permitting Plaintiff to file a motion for leave to supplement under Fed. R. Civ. P. 15(d);

6. Consider any proposed supplemental pleading under 28 U.S.C. § 1915(e)(2)(B);
7. If any claim survives screening, order service under Fed. R. Civ. P. 4(c)(3);
8. Enter a written order identifying the precise factual and legal basis for granting or denying this motion; and
9. Grant such other relief as the Court finds just.

II. PROCEDURAL BACKGROUND

1. Plaintiff filed this civil rights and disability rights action in April 2025 and later filed a First Amended Complaint, ECF No. 9.
2. Plaintiff sought leave to proceed in forma pauperis.
3. The Court granted IFP status on May 13, 2025, but withheld service pending screening. ECF No. 19.
4. No Defendant was served before dismissal.
5. No Defendant appeared before dismissal.
6. No Defendant filed an adversarial motion before dismissal.
7. The Magistrate Judge issued a Report and Recommendation on June 20, 2025. ECF No. 20.
8. Plaintiff filed objections. ECF No. 21.
9. Plaintiff subsequently filed notices and requests concerning alleged fraud on the court, court access, reassignment, disability access, and continuing events. ECF Nos. 22–25.
10. Plaintiff filed a document intended to supplement the pleading with later-occurring events. ECF No. 23.
11. The Court struck that filing. ECF No. 26.
12. Plaintiff moved to vacate the striking of the supplemental filing. ECF No. 28.
13. Plaintiff also sought action on pending emergency and access requests. ECF No. 31.
14. On October 29, 2025, Plaintiff filed ECF No. 32, Judicial Notice of Breach of Oath, Structural Interference, and Request to Enforce Judicial Independence and ADA Access.
15. On October 29, 2025, the Court entered ECF No. 33, overruling Plaintiff's objections, adopting the Report and Recommendation, dismissing the action, denying certain motions, and denying other requests as moot.
16. Judgment entered at ECF No. 34.
17. Plaintiff appealed. ECF No. 35.

18. The Tenth Circuit affirmed or otherwise disposed of the appeal as reflected in its judgment.

19. Plaintiff sought panel rehearing and rehearing en banc.

20. Rehearing was denied on August 17, 2026.

21. The mandate issued on August 25, 2026 and transferred jurisdiction back to this Court.

22. Plaintiff understands that the appellate disposition did not grant relief from the district-court judgment and that this Court may not reconsider issues resolved by the appellate mandate.

23. This motion therefore presents a limited post-mandate request based on the procedural circumstances surrounding entry and continued effect of the district-court judgment.

III. JUDICIAL NOTICE REQUEST

Under Fed. R. Evid. 201, Plaintiff requests that the Court take judicial notice of its own docket and court records.

Plaintiff requests judicial notice of the filing and entry dates of the identified documents; the relief requested in those documents; the Court's rulings on those documents; the fact that the case was dismissed before service; the fact that no Defendant appeared before judgment; the fact that IFP status was granted while service was withheld; the fact that Plaintiff's attempted Rule 15(d) filing was stricken; the fact that Plaintiff moved to vacate that strike; the fact that ECF No. 31 was denied as moot; and the issuance and date of the appellate mandate.

Plaintiff does not ask the Court to treat factual allegations in those filings as independently proven merely because the filings exist.

IV. GOVERNING LAW

A. A district court may consider a Rule 60 motion after an appellate mandate has issued.

In *Standard Oil Co. of California v. United States, 429 U.S. 17, 17–18 (1976),* the Supreme Court held that a party seeking Rule 60(b) relief after appeal does not need the appellate court to recall its mandate before proceeding in the district court.

In *Crow Tribe of Indians v. Repsis, 73 F.4th 1208 (10th Cir. 2023),* the Tenth Circuit held that the district court abused its discretion when it concluded it lacked authority to review a post-judgment Rule 60 motion after appellate proceedings. The district court retains power to consider Rule 60 relief so long as it does not act inconsistently with the appellate mandate.

Plaintiff therefore asks this Court to exercise its Rule 60 authority over its own judgment without revisiting issues actually decided by the Tenth Circuit.

B. Fed. R. Civ. P. 60(b)(4) permits relief when "the judgment is void." Relief under Rule 60(b)(4): A judgment is not void merely because the court committed ordinary legal error. Rule 60(b)(4) applies where the rendering court lacked jurisdiction or where the judgment was entered through a fundamental due process violation.

In *United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 270–71 (2010*), the Supreme Court explained that Rule 60(b)(4) applies in the rare instance where a judgment is premised on a jurisdictional defect or a violation of due process that deprived a party of notice or the opportunity to be heard.

In *Kile v. United States, 915 F.3d 682, 687 (10th Cir. 2019*), the Tenth Circuit stated that a judgment is void under Rule 60(b)(4) if the rendering court lacked jurisdiction or acted in a manner inconsistent with due process.

Plaintiff relies on Rule 60(b)(4) to the extent the Court concludes that the procedure used deprived her of constitutionally adequate notice and a meaningful opportunity to be heard.

C. Fed. R. Civ. P. 60(b)(6) permits relief for "any other reason that justifies relief." Rule 60(b)(6) is extraordinary and is not a substitute for appeal. See *Zurich North America v. Matrix Service, Inc., 426 F.3d 1281, 1290 (10th Cir. 2005).*

Plaintiff does not invoke Rule 60(b)(6) to relitigate the appellate decision. Plaintiff invokes it to request limited equitable relief based on the combined procedural circumstances surrounding the district court judgment and the inability to present later occurring facts through a properly noticed supplemental pleading.

D. Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *Armstrong v. Manzo, 380 U.S. 545, 552 (1965).*

In *Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950*), the Supreme Court held that due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the action and afford them an opportunity to present objections.

In *Mathews v. Eldridge, 424 U.S. 319, 335 (1976),* the Supreme Court explained that procedural due process requires consideration of the private interest affected, the risk of erroneous deprivation through the procedures used, the probable value of additional safeguards, and the governmental interest.

E. Under Fed. R. Civ. P. 15(d), the Court may permit a party to serve a supplemental pleading setting out transactions, occurrences, or events that happened after the date of the pleading to be supplemented.

Plaintiff acknowledges that Rule 15(d) requires a motion and reasonable notice. Plaintiff does not ask the Court to automatically treat ECF No. 23 as operative. Plaintiff asks for relief from judgment so she may file a procedurally proper motion for leave to supplement with a proposed supplemental pleading.

F. The Court may screen an IFP complaint before service under 28 U.S.C. § 1915(e)(2)(B). See *Kay v. Bemis, 500 F.3d 1214, 1217–18 (10th Cir. 2007).* Plaintiff does not contend that pre-service screening is categorically prohibited. Fed. R. Civ. P. 4(c)(3), however, provides that the Court must order service by the United States Marshal if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.

Plaintiff's argument is that, under the unusual circumstances presented here, reopening is necessary so the Court may determine whether a properly noticed supplemental pleading should be accepted and screened before final judgment remains in force.

V. ARGUMENT

A. This motion respects the appellate mandate. The mandate rule prevents a district court from revisiting matters actually resolved by the appellate court.

Plaintiff requests that the Court determine whether relief is warranted from its own judgment under Rule 60 based on the judgment's entry before service; the absence of any Defendant's appearance or adversarial motion; the withholding of summons after IFP was granted; the striking of Plaintiff's attempted supplemental filing; the denial of Plaintiff's motion to restore that filing; and the resulting inability to present alleged continuing events through a properly noticed supplemental pleading.

If the Court concludes that any requested ground was decided by the appellate court, Plaintiff requests that the Court deny that ground and separately address any ground not resolved on appeal.

B. The Court should determine whether the judgment can stand consistently with due process.

Plaintiff recognizes that § 1915 screening may occur before service. The issue presented is: whether the combination of pre-service dismissal, withholding of summons after IFP was granted, denial of the requested procedural opportunity to present later events, and dismissal of requests as moot resulted in a constitutionally inadequate opportunity to present the claims before final judgment.

The relevant circumstances include:

1. Plaintiff was proceeding pro se;
2. Plaintiff was proceeding IFP;
3. no Defendant was served;
4. no Defendant appeared;
5. no Defendant filed an adversarial motion;
6. Plaintiff objected to the Report and Recommendation;
7. Plaintiff attempted to present later-occurring facts;
8. that filing was stricken;

9. Plaintiff sought reinstatement of the filing;
10. Plaintiff sought action on pending emergency and access requests;
11. the action was dismissed before any Defendant responded; and
12. the judgment denied remaining requests as moot.

Plaintiff requests that the Court evaluate the entire procedure under Rule 60(b)(4) and determine whether reopening is necessary to provide a meaningful opportunity to present a properly noticed supplemental pleading.

Under *Armstrong*, due process requires a meaningful opportunity to be heard. Under Mathews, the Court should evaluate the risk of erroneous deprivation and the value of additional safeguards. The additional safeguard requested here is modest: vacatur for the limited purpose of permitting Plaintiff to file a proper Rule 15(d) motion, after which the Court may screen the proposed pleading under § 1915(e)(2)(B).

C. Extraordinary circumstances support limited relief under Rule 60(b)(6). This case was terminated before service or adversarial participation while Plaintiff's attempted supplemental pleading concerned events allegedly occurring after the operative complaint. The requested relief is limited and does not require the Court to find that Plaintiff's claims have merit.

Reopening would permit the Court to receive a properly noticed Rule 15(d) motion; determine whether supplementation is legally appropriate; screen the resulting pleading under § 1915(e)(2)(B); and order service if a claim survives screening.

This procedure would preserve the Court's screening authority while reducing the risk that continuing events are excluded solely because Plaintiff initially attempted to supplement without first obtaining leave.

Rule 60(b)(6) is appropriate because the combined circumstances are extraordinary: IFP status was granted, service was withheld, no Defendant appeared, Plaintiff attempted to supplement with later events, the supplement was stricken, the motion to vacate the strike was denied in the dismissal order, and the case was dismissed before any adversarial record developed.

D. Plaintiff's prior Rule 15(d) filing should not prevent a procedurally proper request. Plaintiff acknowledges that ECF No. 23 was not accompanied by a conventional motion for leave under Rule 15(d). Plaintiff does not ask the Court to treat ECF No. 23 as automatically operative.

Instead, Plaintiff requests an opportunity to file a new motion for leave, accompanied by a proposed supplemental pleading identifying: each event alleged to have occurred after the operative complaint; the date of each event; the connection between each event and the existing claims; the legal basis for supplementation; and any requested amendment necessary to avoid confusion or prejudice.

Because no Defendant appeared before dismissal, allowing the Court to consider a properly noticed Rule 15(d) request would not impose ordinary adversarial prejudice. The Court may deny supplementation if it finds undue delay, bad faith, futility, or another legally sufficient reason.

E. The Court should not treat judicial filings as proof of disputed facts. Plaintiff recognizes that court filings are not automatically evidence of the truth of their allegations. The requested judicial notice is limited to docket facts and procedural events.

If the Court determines that factual disputes prevent relief under Rule 60, Plaintiff requests permission to identify admissible supporting materials in a renewed motion, supplemental declaration, or proposed Rule 15(d) filing rather than treating the allegations in this motion as established facts.

F. A written ruling is necessary for meaningful review. Because this motion follows an appellate mandate and involves the interaction between Rule 60, Rule 15(d), § 1915 screening, Rule 4(c)(3), and due process, Plaintiff respectfully requests a written ruling addressing whether the Court recognizes post-mandate authority to consider Rule 60 relief; whether the Court finds Rule 60(b)(4) unavailable because the procedure was constitutionally adequate; whether the Court finds Rule 60(b)(6) unavailable despite the cumulative non-adversarial posture; whether Plaintiff may file a proper Rule 15(d) motion; whether any renewed screening should occur on the proposed supplemental pleading; and whether Rule 4(c)(3) service should issue if any claim survives screening.

VI. DECLARATION OF ANGELIINA LYNN LAWSON

I, Angeliina Lynn Lawson, declare under penalty of perjury under 28 U.S.C. § 1746 that:

1. I am the Plaintiff in this action.
2. I proceeded pro se.
3. I was granted leave to proceed in forma pauperis.
4. No Defendant was served before the action was dismissed.
5. No Defendant appeared before the action was dismissed.
6. I filed objections to the Report and Recommendation.
7. I attempted to present later occurring events through ECF No. 23.
8. ECF No. 23 was stricken.
9. I moved to vacate the striking of ECF No. 23.
10. The Court dismissed the action on October 29, 2025.
11. The Tenth Circuit mandate issued on August 25, 2026.
12. I am not seeking to relitigate matters decided by the Tenth Circuit.
13. I seek limited relief so that I may request leave to file a properly noticed supplemental pleading and have that request evaluated under the Federal Rules of Civil Procedure.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on August 25, 2026.

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson

VII. CONCLUSION

Plaintiff respectfully requests that the Court:

1. Take judicial notice of the limited docket facts identified above;
2. Grant relief under Fed. R. Civ. P. 60(b)(4) or, alternatively, Fed. R. Civ. P. 60(b)(6);
3. Vacate ECF Nos. 33 and 34;
4. Reopen the action for the limited purpose of permitting Plaintiff to file a properly noticed motion under Fed. R. Civ. P. 15(d) with a proposed supplemental pleading;
5. Conduct any renewed screening required by 28 U.S.C. § 1915(e)(2)(B); and
6. Order service under Fed. R. Civ. P. 4(c)(3) if the Court determines that service is warranted.

Respectfully submitted, Dated: August 25, 2026

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Pro Se
1914 5th Avenue, Leavenworth, Kansas 66048
angeliinacourtrecords@gmail.com (913) 972-1661

CERTIFICATE OF SERVICE

I certify that on August 25, 2026, I filed the foregoing Plaintiff's Post-Mandate Motion for Relief From Judgment Under Fed. R. Civ. P. 60(b)(4) and 60(b)(6), Request for Judicial Notice Under Fed. R. Evid. 201, and Request for Leave to Seek Supplementation Under Fed. R. Civ. P. 15(d) through the Court's electronic filing system.

Because this action was dismissed before service and no Defendant appeared before judgment, I respectfully request that the Clerk docket the motion and provide any notice required by the Court. If the Court determines that service is required on any Defendant, Plaintiff requests written direction concerning the required method of service.

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson

# EXHIBIT INDEX

Exhibit A: Tenth Circuit mandate in Appeal No. 25-3198.

Exhibit B: District court docket sheet

Exhibit C: ECF No. 19, IFP order granting while withholding service pending screening.

Exhibit D: ECF No. 23, attempted supplemental pleading.

Exhibit E: ECF No. 26, order striking ECF No. 23.

Exhibit F: ECF No. 28, motion to vacate striking order.

Exhibit G: ECF No. 31, motion to show cause and to compel action on pending emergency relief.

Exhibit H: ECF No. 32, Judicial Notice of Breach of Oath, Structural Interference, and Request to Enforce Judicial Independence and ADA Access.

Exhibit I: ECF Nos. 33–34, dismissal order and judgment.

Exhibit J: ECF No. 35, notice of appeal.

Exhibit K: Tenth Circuit order denying rehearing and rehearing en banc.

Exhibit A

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

August 25, 2026

Ms. Skyler O'Hara
United States District Court for the District of Kansas
Office of the Clerk
500 State Avenue
Robert J. Dole U.S. Courthouse
Room 259
Kansas City, KS 66101-0000

**RE: 25-3198, Lawson v. Godderz, et al**
Dist/Ag docket: 2:25-CV-02199-JWB-TJJ

Dear Clerk:

Pursuant to Federal Rule of Appellate Procedure 41, the Tenth Circuit's mandate in the above-referenced appeal issued today. The court's July 22, 2026 judgment takes effect this date. With the issuance of this letter, jurisdiction is transferred back to the lower court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

cc: Angeliina Lynn Lawson

CMW/eb

Exhibit B

CLOSED,APPEAL,MJLC3

# U.S. District Court
# DISTRICT OF KANSAS (Kansas City)
# CIVIL DOCKET FOR CASE #: 2:25-cv-02199-JWB-TJJ

Lawson v. Godderz et al
Assigned to: Chief District Judge John W. Broomes
Referred to: Magistrate Judge Teresa J James
Case in other court: 10CCA, 25-03198
Cause: 42:1983 Civil Rights Act

Date Filed: 04/14/2025
Date Terminated: 10/29/2025
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 04/14/2025 | 1 | COMPLAINT (No Summons Issued) with trial location of Kansas City, filed by Angeliina Lynn Lawson. (Attachments: # 1 Notice of Addresses for Service Purposes) (jsh) (Entered: 04/15/2025) |
| 04/14/2025 | 2 | CIVIL COVER SHEET re 1 Complaint by Plaintiff Angeliina Lynn Lawson. (jsh) (Entered: 04/15/2025) |
| 04/14/2025 | 3 | DESIGNATION OF PLACE OF TRIAL and DEMAND FOR TRIAL BY JURY filed by Plaintiff Angeliina Lynn Lawson - trial to be held in Kansas City. (jsh) (Entered: 04/15/2025) |
| 04/14/2025 | 4 | MOTION for Leave to Proceed in forma pauperis (titled "Application to Proceed in District Court without Prepaying Fees or Costs" - Form AO 240) by Plaintiff Angeliina Lynn Lawson (referred to Magistrate Judge Angel D. Mitchell).<br><br>**NOTE - Access to document is restricted pursuant to the courts privacy policy.** (jsh) (Entered: 04/15/2025) |
| 04/15/2025 | | NOTICE OF JUDGE ASSIGNMENT: Case assigned to District Judge Toby Crouse and Magistrate Judge Angel D. Mitchell for all proceedings. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)<br><br>**NOTICE OF MAGISTRATE JUDGE AVAILABILITY: A United States magistrate judge is available to conduct all proceedings in this civil action if all parties voluntarily consent. Information & consent forms are available at https://www.uscourts.gov/file/459/download (jsh) (Entered: 04/15/2025)** |
| 04/17/2025 | 5 | NOTICE OF RECEIPT. Resolution of Lawson's imperfect request for temporary injunctive relief will await the Magistrate Judge's screening of Lawson's Complaint. Should the Magistrate Judge recommend dismissal, Lawson will be permitted to respond accordingly. Signed by District Judge Toby Crouse on 4/17/2025. (Attachments: # 1 Verified Declaration)(kas) (Entered: 04/17/2025) |
| 04/18/2025 | 6 | NOTICE OF RECEIPT. Consideration of Lawson's submissions will await the Magistrate Judge's screening of Lawson's Complaint. Signed by District Judge Toby Crouse on 4/17/2025. (Attachments: # 1 Attachment 1, # 2 Attachment 2) (kas) (Entered: 04/18/2025) |
| 04/18/2025 | 7 | NOTICE OF VOLUNTARY DISMISSAL of Defendant Anderson County Fourth District Court by Angeliina Lynn Lawson. (kas) (Entered: 04/18/2025) |

| | | |
|---|---|---|
| 04/18/2025 | 8 | NOTICE of Lack of Access to State Courts and Supplement to Federal Claims by Angeliina Lynn Lawson. (Attachments: # 1 Requests)(kas) (Entered: 04/21/2025) |
| 04/20/2025 | 9 | FIRST AMENDED COMPLAINT against John Bryant, Eric W. Godderz, Kansas, State of, Taylor J. Wine, filed by Angeliina Lynn Lawson.(kas) (Entered: 04/21/2025) |
| 04/21/2025 | 10 | MOTION for Leave to Amend Complaint and Preserve Pending Filings by Plaintiff Angeliina Lynn Lawson. (referred to Magistrate Judge Angel D. Mitchell) (Attachments: # 1 Memorandum of Legal Theory)(kas) (Entered: 04/21/2025) |
| 04/21/2025 | 11 | ORDER REASSIGNING CASE: Case reassigned to Magistrate Judge Teresa J. James for all further proceedings. Magistrate Judge Angel D. Mitchell no longer assigned to case. Signed by Magistrate Judge Angel D. Mitchell on 4/21/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(alh) (Entered: 04/21/2025) |
| 04/21/2025 | 12 | Supplemental Notice of Judicial Interference, Discovery Supression, and Retaliatory Quashing of Subpoenas by Angeliina Lynn Lawson. (Attachments: # 1 Declaration of Authenticity, # 2 Index of Exhibits, # 3 Ex A, # 4 Ex B, # 5 Ex C, # 6 Ex D, # 7 Ex E)(kas) (Entered: 04/22/2025) |
| 04/25/2025 | 13 | SUPPLEMENT (titled "Supplemental in Support of TRO and Updated Allegations of Retaliatory Obstruction") re [5-1] by Plaintiff Angeliina Lynn Lawson. (Attachments: # 1 Addendum to Exhibits, # 2 Ex F, # 3 Ex G)(kas) (Entered: 04/25/2025) |
| 04/28/2025 | 14 | Supplemental Notice of Exhaustion of Administrative Remedies for TRO by Angeliina Lynn Lawson. (Attachments: # 1 Ex H)(kas) (Entered: 04/28/2025) |
| 04/28/2025 | 15 | Supplemental Petition for Writ of Habeas Corpus and Request for Emergency Relief by Plaintiff Angeliina Lynn Lawson. (kas) (Entered: 04/29/2025) |
| 05/07/2025 | 16 | ORDER REASSIGNING CASE: Case reassigned to District Judge John W. Broomes for all further proceedings. District Judge Toby Crouse no longer assigned to case. Signed by District Judge Toby Crouse on 5/7/25. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.)(ta) (Entered: 05/07/2025) |
| 05/12/2025 | 17 | MOTION to Expedite (titled: Motion to Expedite Screening and Temporary Restraining Order Determination) by Plaintiff Angeliina Lynn Lawson. (referred to Magistrate Judge Teresa J. James) (jal) (Entered: 05/12/2025) |
| 05/13/2025 | 18 | ORDER denying as moot 10 Plaintiff's Motion for Leave to File First Amended Complaint and Preserve Pending Filings. Pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiff is permitted to file her First Amended Complaint as a matter of course and leave of Court is not required. Additionally, Plaintiff has already filed her 9 First Amended Complaint. Signed by Magistrate Judge Teresa J. James on 5/13/2025. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (kf) (Entered: 05/13/2025) |
| 05/13/2025 | 19 | ORDER granting 4 Motion for Leave to Proceed in forma pauperis, but withholding service of summons and the Complaint pending review. Signed by Magistrate Judge Teresa J. James on 5/13/2025. (kf) (Entered: 05/13/2025) |
| 06/20/2025 | 20 | REPORT AND RECOMMENDATIONS re 9 Amended Complaint. Objections to R&R due by 7/7/2025. Signed by Magistrate Judge Teresa J. James on 6/20/2025. Mailed to pro se party by regular mail. (kf) (Entered: 06/20/2025) |

| | | |
|---|---|---|
| 06/24/2025 | 21 | OBJECTIONS to 20 Report and Recommendation by Plaintiff Angeliina Lynn Lawson. (mam) (Entered: 06/24/2025) |
| 07/14/2025 | 22 | NOTICE OF FRAUD UPON THE COURT AND PRESERVATION OF RULE 60(b)(3) RELIEF by Angeliina Lynn Lawson. (ca) (Entered: 07/15/2025) |
| 07/25/2025 | 23 | (STRICKEN per 26 ) -- SUPPLEMENTAL Pleadings Under Fed. R. Civ. P. 15(d) by Plaintiff Angeliina Lynn Lawson. (sz) Modified on 8/29/2025 to corrected docket text to match document. (kas) Modified on 9/7/2025, see 26 . (mam) (Entered: 07/28/2025) |
| 08/22/2025 | 24 | MOTION for Protective Reassignment by Plaintiff Angeliina Lynn Lawson. (sz) (Entered: 08/25/2025) |
| 08/25/2025 | | **MOTION REFERRAL to Magistrate Judge REMOVED as to: 24 MOTION for Protective Reassignment. The motion will be resolved by the District Judge. (kf)** (Entered: 08/25/2025) |
| 08/25/2025 | 25 | NOTICE REGARDING JUDICIAL COMPLAINT AND RENEWED REQUEST FOR PROTECTIVE REASSIGNMENT UNDER 28 USC 292(b) by Plaintiff Angeliina Lynn Lawson. (referred to Magistrate Judge Teresa J. James) (sz) (Entered: 08/26/2025) |
| 08/29/2025 | 26 | ORDER Striking 23 Plaintiff's Supplemental Pleading Under Fed. R. Civ. P. 15(d). Signed by Magistrate Judge Teresa J. James on 8/29/2025. (kf) (Entered: 08/29/2025) |
| 08/29/2025 | 27 | SUPPLEMENT to 24 Motion for Protective Reassignment by Plaintiff Angeliina Lynn Lawson. (sz) (Entered: 08/29/2025) |
| 08/29/2025 | 28 | MOTION to Vacate Striking of Supplemental Pleading (Doc. 26 ) AND REQUEST for Reinstatement by Plaintiff Angeliina Lynn Lawson. (sz) (Entered: 08/29/2025) |
| 09/26/2025 | 29 | MOTION for Certificate of Appealability by Plaintiff Angeliina Lynn Lawson. (ca) (Entered: 09/26/2025) |
| 10/02/2025 | 30 | NOTICE of JUDICIAL PARALYSIS, CONSTRUCTIVE DENIAL OF RELIEF, AND INTENT TO ESCALATE TO THE TENTH CIRCUIT UNDER 28 U.S.C. §§ 1291, 1292(b), AND 1651 by Angeliina Lynn Lawson. (mls) (Entered: 10/03/2025) |
| 10/06/2025 | 31 | MOTION to Show Cause Why This Case Has Not Been Ruled Upon and To Compel Action on Pending Emergency Relief by Plaintiff Angeliina Lynn Lawson (referred to Magistrate Judge Teresa J. James). (mls) (Entered: 10/06/2025) |
| 10/29/2025 | 32 | JUDICIAL NOTICE OF BREACH OF OATH, STRUCTURAL INTERFERENCE, AND REQUEST TO ENFORCE JUDICIAL INDEPENDENCE AND ADA ACCESS by Angeliina Lynn Lawson. (mls) (Entered: 10/29/2025) |
| 10/29/2025 | 33 | MEMORANDUM AND ORDER: Plaintiff's motions are DENIED (Docs. 24, 28) and the court ADOPTS the R&R (Doc. 20) and DISMISSES the instant action. Plaintiff's remaining pending motions (Docs. 29, 31) are DENIED AS MOOT. Signed by Chief District Judge John W. Broomes on October 29, 2025. (mls) (Entered: 10/29/2025) |
| 10/29/2025 | 34 | JUDGMENT: Pursuant to the Memorandum and Order filed October 29, 2025, the court ADOPTS the R&R (Doc. 20) and DISMISSES the instant action. Signed by deputy clerk on October 29, 2025. (mls) (Entered: 10/29/2025) |

| | | |
|---|---|---|
| 10/29/2025 | 35 | NOTICE OF APPEAL as to 33 Memorandum and Order and 34 Judgment by Plaintiff Angeliina Lynn Lawson. (mls) (Entered: 10/30/2025) |
| 10/30/2025 | | APPEAL FEE STATUS: filing fee not paid re: Notice of Appeal 35 on behalf of Plaintiff Angeliina Lynn Lawson. Filer granted IFP status on 5/13/2025. (THIS IS A TEXT ONLY ENTRY-NO DOCUMENT IS ASSOCIATED WITH THIS TRANSACTION) (mls) (Entered: 10/30/2025) |
| 10/30/2025 | 36 | PRELIMINARY RECORD ON APPEAL transmitted to 10CCA re 35 Notice of Appeal (Attachments: # 1 Preliminary Packet). (mls) (Entered: 10/30/2025) |
| 10/31/2025 | 37 | APPEAL DOCKETED in 10CCA on 10/30/2025 and assigned Appeal No. 25-3198 re 35 Notice of Appeal - Final Judgment filed by Angeliina Lynn Lawson. (mls) (Entered: 10/31/2025) |
| 11/03/2025 | 38 | RECORD ON APPEAL retrieved by 10CCA re 35 Notice of Appeal. (Appeal No. 25-3198) (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (mls) (Entered: 11/03/2025) |
| 11/06/2025 | 39 | TRANSCRIPT ORDER FORM: No Transcript Required filed by Angeliina Lynn Lawson re 35 Notice of Appeal. (mls) (Entered: 11/06/2025) |


| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/25/2026 12:09:44 | | | |
| **PACER Login:** | Angeliina | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:25-cv-02199-JWB-TJJ |
| **Billable Pages:** | 4 | **Cost:** | 0.40 |

Exhibit C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **ANGELIINA LYNN LAWSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**HON. ERIC GODDERZ, et al.,**<br><br>**Defendant.** | **Case No. 25-CV-02199-JWB-TJJ** |

**ORDER GRANTING *IN FORMA PAUPERIS* STATUS**
**BUT WITHHOLDING SERVICE OF SUMMONS AND COMPLAINT**

Plaintiff, proceeding *pro se*, has filed a Motion to Proceed Without Prepayment of Fees (ECF No. 4) under the *in forma pauperis* statute, 28 U.S.C. § 1915(a)(1). The *in forma pauperis* statute provides that the Court may authorize the commencement of a civil action "without the prepayment of fees or security therefor, by a person who submits an affidavit . . . [if] the person is unable to pay such fees or give security therefor." To succeed on a motion to proceed *in forma pauperis*, the movant must show he or she is financially unable to pay the required filing fee.[1] The decision to grant or deny *in forma pauperis* status under section 1915 lies within the sound discretion of the trial court.[2]

---

[1] *See* 28 U.S.C. § 1914(a) ("The clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court . . . to pay a filing fee . . . .").

[2] *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 217–18 (1993) (Section 1915 gives a district court discretion with respect to granting *in forma pauperis* status).

Case 2:25-cv-02199-JWB-TJJ Document 10 Filed 05/12/25 Page 2 of 3

Based on the information provided in his Affidavit in Support of the Application, the Court finds Plaintiff is not financially able to pay the filing fee to institute a civil action. The Court will therefore grant Plaintiff's request to proceed without prepayment of fees.

Although Plaintiff is granted leave to proceed without prepayment of the filing fee, service of process may be withheld pending review under 28 U.S.C. § 1915(e)(2)(B).[3] While such review may occur at any time and the Court is not obligated to conduct the review before service of process,[4] dismissals "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering."[5] In this case, a pre-service review is appropriate as it appears this Court lacks jurisdiction, several Defendants are entitled to immunity, and Plaintiff fails to state a claim on which relief may be granted and therefore should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Further, the Court addresses Plaintiff's Motion to Expedite Screening and Temporary Restraining Order Determination (Doc. 17) to the extent it pertains to the undersigned Magistrate Judge's review pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court is in the process of reviewing Plaintiff's Amended Complaint, and will continue to do so with urgency. However, such review cannot occur in an expedited fashion, as Plaintiff requests, if Plaintiff continues to bombard the

---

[3] *See Fuller v. Myers*, 123 F. App'x 365, 368 (10th Cir. 2005) (noting that the district courts may dismiss an action without service of process through the screening process of § 1915(e)).

[4] *See Buchheit v. Green*, No. 12-4038-CM-KGS, 2012 WL 1673917, at *1 (D. Kan. May 14, 2012).

[5] *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

Court with the filing of cases and miscellaneous documents and motions.[6] Accordingly, the Court grants Plaintiff's request to expedite the review of Plaintiff's Amended Complaint but instructs Plaintiff not to file any additional pleadings in this case until the Court enters its Report and Recommendation on the Amended Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 4) is GRANTED, but service of summons and the Complaint upon Defendant shall be withheld pending further order of the Court.

**IT IS FURTHER ORDERED THAT** Plaintiff shall not file any additional pleadings in this case until after the Court enters its Report and Recommendation on Plaintiff's Amended Complaint.

**IT IS SO ORDERED.**

Dated May 13, 2025, at Kansas City, Kansas.

Teresa J. James
U.S. Magistrate Judge

---

[6] Plaintiff has filed four cases in the District of Kansas, three within the last thirty (30) days, all of which are assigned to the undersigned Magistrate Judge. *See Lawson v. Kansas Dep't of Children and Families*, 25-cv-2171-JWB-TJJ (D. Kan. Apr. 2, 2025); *Lawson v. Godderz, et al.*, 25-cv-2199-JWB-TJJ (D. Kan. Apr. 14, 2025); *Lawson v. Lawson*, 25-cv-4045-DDC-TJJ (D. Kan. May 2, 2025). *Lawson v. Bolton, et al.*, 25-cv-2251-JWB-TJJ (D. Kan. May 6, 2025). In all of Plaintiff's cases, she has requested to proceed *in forma pauperis*, requiring the Court to engage in a lengthy review of the respective Complaints. Additionally, Plaintiff has filed numerous motions and supplements in these cases, further delaying the Court's ability to review the Complaints pursuant to 28 U.S.C. § 1915(e)(2)(B).

Exhibit D

UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

Angeliina Lynn Lawson,

Plaintiff,

v.

Eric W. Godderz, et al.,

Defendants.

Case No. 2:25-cv- 02199-JWB-TJJ

JURY TRIAL DEMANDED

PLAINTIFF’S SUPPLEMENTAL PLEADINGS UNDER FED. R. CIV. P. 15(d)

Plaintiff Angeliina Lawson, proceeding pro se, submits this Supplemental Pleading pursuant to Fed. R. Civ. P. 15(d) to set forth events and evidence that have come to light since the filing of the original Complaint in this action. These new facts reveal an ongoing pattern of judicial misconduct and retaliation across multiple Kansas courts, warranting the addition of two state judges as Defendants and further supporting Plaintiff’s claims of systemic civil rights violations. As detailed in Plaintiff’s recent correspondence with the U.S. Department of Justice, she has been enduring a “pattern of ADA retaliation and structural obstruction” in state court proceedings spanning several jurisdictions. The supplemental allegations below describe how Judges Keven O’Grady and Rhonda Mason (both of the Kansas Tenth Judicial District in Johnson County) have engaged in a coordinated scheme of obstruction of justice, fraud on the

Case 2:25-cv-02199-JWB-TJJ Document 235 Filed 08/25/26 Page 2 of 19

court, denial of ADA rights of privacy, and abuse of equitable judicial power to undermine Plaintiff's access to a fair process. These facts were not fully known or complete at the time of the original Complaint and have only become ripe through recent proceedings and investigations. They are also directly relevant to impending relief under Rule 60(b)(3) in related cases, as they demonstrate fraud, misrepresentation, and misconduct by opposing parties and the courts. Plaintiff respectfully requests that the Court accept this supplemental pleading, permit the joinder of the additional defendants, and take notice of the continuing pattern of unlawful behavior described herein.

IDENTIFICATION OF SUPPLEMENTAL DEFENDANTS

- Judge Keven M. O'Grady – District Judge of Johnson County, Kansas (Tenth Judicial District). At all relevant times, Judge O'Grady acted under color of state law in presiding over portions of Plaintiff's state court matters. As described below, his actions and omissions have denied Plaintiff due process and equal access to the courts, in concert with other defendants, amounting to retaliation and obstruction of justice. Plaintiff seeks to add Judge O'Grady as a defendant for his role in the pattern of coordinating activity and civil rights deprivations described herein.

- Judge Rhonda K. Mason – District Judge of Johnson County, Kansas. Judge Mason likewise acted under color of state law in handling a civil tort case filed by Plaintiff. Her prolonged inaction and failure to perform judicial duties in that case, as detailed below, have effectively aided the other defendants' scheme by stalling Plaintiff's pursuit of relief through ordinary channels. Judge Mason is being added as a defendant for participating in the same pattern of conduct that infringes Plaintiff's federal rights.

Case 2:25-cv-02199-JWB-TJJ Document 4-2 Filed 07/25/26 Page 3 of 19

SUPPLEMENTAL: PATTERN OF MISCONDUCT AND COORDINATING ACTIVITY

Since the original Complaint, Plaintiff has been subjected to additional incidents of judicial and extrajudicial misconduct spanning Johnson, Anderson, and Leavenworth Counties. These incidents form a pattern of predicate acts (including obstruction of justice and fraud upon the court) that further the ongoing conspiracy to violate Plaintiff's rights. The same core tactics appear in each jurisdiction: procedural rulings (or non-rulings) calculated to disadvantage Plaintiff, suppression of evidence, delays or public exposing of disability accommodations, and retaliation for Plaintiff's protected activities. The following supplemental facts are incorporated into the Complaint to illustrate this pattern:

- Judge O'Grady's Obstructive Orders and Refusal to Acknowledge Indigency: In the Johnson County proceedings, Judge O'Grady refused to rule on Plaintiff's pending *in forma pauperis* (poverty) affidavit, effectively stonewalling her ability to proceed for wavier of witness fees. By denying a decision on the fee waiver, Judge O'Grady obstructed Plaintiff's access to the court and created a procedural catch-22: Plaintiff could not move forward with depositions, witness list on the merits because her poverty affidavit lingered unresolved. This conduct mirrors the obstruction Plaintiff faced in Leavenworth County, where another judge (John Bryant) *"repeatedly refused to rule on [her] indigency affidavit, causing critical delays"* in multiple cases. Like Judge Bryant – who ultimately dismissed Plaintiff's cases without ever addressing her ADA-based fee waiver requests and imposing outrageous fees without a hearing for even filing a suit– Judge O'Grady's inaction deprived Plaintiff of equal justice. Such refusal to rule, coupled with Judge O'Grady's across the board denials of objections to subject matter jurisdiction

Case 2:25-cv-02199-JWB-TJJ Document 40-5 Filed 08/25/26 Page 4 of 19

and claiming equity court applies but refusing to allow custody issues to be discussed and then also denying jury trial when alleged abuse require fact finding under Kansas Statutes of civil procedure, violates Plaintiff's Fourteenth Amendment due process rights and constitutes an act of obstruction (interfering with the due administration of justice) as well as fraud on the court. It conveys the appearance (and effect) of a coordinated effort to hamstring Plaintiff's case procedurally while fast-tracking her opponent's requests.

- Judge Mason's 105-Day Delay and Abandonment of a Civil Tort Case: Judge Mason, presiding over Plaintiff's civil tort action in Johnson County (a case in which Plaintiff alleges retaliation, fraud, and other torts arising from the family court saga), has failed to act on *over 8* fully-briefed motions for over 105 days. For more than three months, no rulings or hearings have been forthcoming on critical motions, including motions for discovery and injunctive relief that Plaintiff filed to address ongoing misconduct. This prolonged and unjustified delay far exceeds the normal timeframe for judicial decision-making and violates Judge Mason's duty under Kansas law to decide motions within a reasonable time (often 90 days by state guideline). The effect of Judge Mason's inaction has been to "freeze" Plaintiff's case, denying her the ability to develop evidence or obtain any relief through that forum. Such a delay is tantamount to a constructive denial of justice. It aids the broader obstruction scheme by preventing Plaintiff from using the state court system to vindicate her rights. Indeed, the inaction appears retaliatory and strategic: coming on the heels of Plaintiff's federal filings, the state court's silence preserves the status quo that favors the opposing parties. This abandonment of the case violates Plaintiff's right to due process (speedy and impartial resolution of her claims) and has been part of the pattern of retaliation for her having sought ADA accommodations and

exposed judicial misconduct. By failing to rule at all, Judge Mason effectively shields the other wrongdoers from accountability in that court, furthering the conspiracy to deprive Plaintiff of a meaningful day in court.

- Suppression of Evidence and Coordinated Obstruction via Court-Appointed Actors: Across the various state proceedings, court actors have engaged in suppressing or disregarding key evidence and coordinating to obstruct Plaintiff's advocacy. In Johnson County and elsewhere, ADA coordinators, clerks, judge's assistants, therapists, and other court-appointed professionals – who should be neutral – have instead acted in concert with the adverse parties to undermine Plaintiff. The result was to suppress evidence and information that would have emerged from child's therapy sessions and to cut off Plaintiff's contact with her child under the guise of Plaintiff being "uncooperative" (when in reality she was requesting her rights under law). Such coordination among court-appointed actors – ADA coordinators, clerks, judge's assistants, therapists, and implicitly the judge enabling them – exemplifies the *"pattern of ex parte conduct"* and undue delegation of judicial authority that has infected Plaintiff's cases. Judges have allowed other third parties to effectively dictate outcomes or delay proceedings, rather than supervising them impartially. In one instance, a crucial affidavit filed by Plaintiff was arbitrarily marked "confidential" by a court clerk and withheld from the public case file, preventing its contents from influencing the proceeding. This improper sealing/suppression of evidence (with no request or order to do so) further demonstrates how state court officials have kept key facts out of the record to Plaintiff's detriment and blocking filings from being docketed and change the order of the index to favor opposing parties filings. Each of these acts – false statements to the court, secret communications,

and hiding evidence – constitutes fraud on the court and, taken together, form a pattern of obstruction of justice as defined in 18 U.S.C. §§ 1503 and 1512. They are predicate acts under the civil RICO statute, as they implicate a conspiracy to interfere with the lawful functioning of court proceedings and to deprive Plaintiff of honest services of court officers. Plaintiff has formally brought these concerns to the Kansas authorities; for example, in a recent judicial conduct complaint she documented that a judge "failed to supervise [a] GAL's unchecked authority" and permitted a pattern of one-sided communications and decisions effectively outsourced to biased actors. The concerted efforts of GAL, therapists, and even clerical staff to thwart Plaintiff's case reflect an enterprise of individuals working in tandem to foreclose Plaintiff's parental and civil rights.

- Retaliation and ADA Title II Violations by Judicial Officers: The new developments also evidence direct ADA Title II violations and retaliation by the judges and state courts. Plaintiff is a qualified individual with disabilities and has repeatedly requested reasonable accommodations to ensure effective communication and access to the courts. Instead of honoring these rights, state court officials have either ignored or explicitly denied accommodations – and worse, have taken adverse actions seemingly because Plaintiff asserted her ADA rights. By way of example, Judge Godderz in Anderson County (Fourth Judicial District) proceeded with a crucial hearing on May 8, 2025 without providing Plaintiff the CART services she needed, even after acknowledging on record that the case had been removed to federal court on May 6, 2025. The court never did provide the transcript, notes or real-time captions for that hearing, effectively excluding Plaintiff from meaningful participation. Additionally, as noted above, Anderson County

officials failed to provide Zoom access or timely links to Plaintiff for remote proceedings, leaving her locked out of hearings until after they had begun. Such actions directly violate Title II of the ADA, 42 U.S.C. § 12132, which guarantees disabled individuals equal access to public services (including courts). Furthermore, the retaliatory motive behind many judicial decisions has become evident. After Plaintiff filed ADA grievances and began pursuing federal remedies, the state courts responded in ways that penalized her. For instance, in Leavenworth County, Judge Bryant not only refused to accommodate Plaintiff's indigency (as described earlier) but, immediately after Plaintiff sought appellate or supervisory relief, he issued orders forcing her to pay fees and dismissing her claims – an act Plaintiff correctly described as "financial retaliation for protected activity". Likewise, Plaintiff's ex-husband (Jonathan Lawson, a defendant in this case) was emboldened by the judiciary's inaction on ADA issues: upon learning that Judge Bryant had stayed Plaintiff's civil jury trial and blocked her discovery subpoenas, the ex-husband unilaterally reduced court-ordered support payments to Plaintiff from $1,200 per month to $1.00 and cancelled multiple supervised visitation sessions between Plaintiff and her son. When Plaintiff brought these retaliatory breaches to the state court's attention, the judge refused to enforce the scheduled supervised visitations or remedy the support issue. In sum, the state courts have not only failed to protect Plaintiff from retaliation by other parties, but have effectively joined in the retaliation – using their judicial power to intimidate and punish Plaintiff for asserting her federal rights. Denial of visitation with one's child and imposition of financial burdens both have a chilling effect on Plaintiff's willingness to continue advocacy, and they underscore the coercive tactics at play. Such conduct violates the ADA's anti-retaliation provisions (42 U.S.C. § 12203)

and Plaintiff's First Amendment right to petition the government for redress. It is also actionable as a conspiracy to interfere with civil rights under 42 U.S.C. § 1985(2), given that the intent and effect is to deter Plaintiff's participation in court by force, intimidation, or threat. Plaintiff has alerted federal authorities to this disturbing pattern; in her April 16, 2025 DOJ complaint update, she documented that after she engaged in ADA and civil rights filings, there was a surge in frightening incidents (including surveillance and an attempted break-in at her home) which "occurred in the context of [her] ADA and civil rights filings". These events, coupled with the courts' punitive responses, paint a compelling picture of ADA-based retaliation intertwined with the obstruction of justice scheme.

- Abuse of Equitable Jurisdiction (Due Process Violations): Plaintiff's recent experiences further demonstrate how Kansas judges have systematically bypassed mandatory procedural safeguards by improperly retaining abuse-related matters within equity jurisdiction (family court), even when the underlying allegations required factual determinations and statutory process. Under K.S.A. 60-3106(a), a Protection From Abuse (PFA) proceeding must be supported by evidence presented under oath and subject to judicial findings based on a preponderance of the evidence. Further, when factual disputes arise and are properly raised in a Chapter 60 civil proceeding, Plaintiff is entitled to trial by jury under K.S.A. 60-238, and the court must enter written findings if denying that right pursuant to K.S.A. 60-239(a)(2). However, in Plaintiff's case Kansas judges have misused the equitable label to deny jury trial requests thereby evading the requirements of Kansas statutory law and the U.S. Constitution's guarantee of due process. Nevertheless, the court set the matter for hearing without requiring compliance

Case 2:25-cv-02199-JWB-TJJ Document 23 Filed 07/25/25 Page 9 of 19

with K.S.A. 60-3106(a), which mandates proof by a preponderance of the evidence through sworn testimony or admissible evidence. The presiding Judge O'Grady summarily denied Plaintiff's Motion to Dismiss, Jury Trial Demand under K.S.A. 60-238, and Objection to Subject Matter Jurisdiction without issuing any findings of fact, as required by K.S.A. 60-239(a)(2) and Kansas Supreme Court Rule 170. The failure to enter findings deprived Plaintiff of her right to appeal, her right to trial by jury on disputed facts, and her constitutional right to due process. The proceeding was allowed to continue under the guise of equity, despite involving factual allegations that required adjudication under Kansas civil procedure statutes. The advancement of a frivolous PFA, designed to terminate Plaintiff's parental rights, occurred despite the Anderson County family court case being removed to federal court and pending a certified question before the Tenth Circuit and potentially the Supreme Court, despite no evidence being presented, suggests that the court was unwilling to acknowledge wrongdoing by the favored party (Plaintiff's ex-husband) despite Kansas Supreme Court precedent that they have never held that equity can override fundamental due process rights and in fact it has repeatedly warned judges not to substitute discretion for statutory compliance. Similarly, Plaintiff's attempts to obtain a jury trial on her claims – for example, in her Leavenworth County civil case alleging ADA retaliation and due process violations – have been thwarted without any merits-based justification. Judge Bryant imposed an indefinite stay on Plaintiff's duly filed civil action (Case No. LV-2025-CV-000070) and refused to lift it, thereby blocking Plaintiff's access to discovery and a jury determination, committing fraud by ruling on a late motion to dismiss without allowing leave and rewarding that opposing attorney fees post Plaintiff's notice of appeal without a hearing and while also

Case 2:25-cv-02199-JWB-TJJ Document 1-23 Filed 07/22/25 Page 10 of 19

granting the poverty affidavit status. Then, in two other civil cases that Plaintiff filed pro se in state court (LV-2025-CV-92 and CV-95), Judge Bryant dismissed the actions outright "without addressing the ADA claims" or any of the substantive allegations. Those dismissals came after Plaintiff faced procedural roadblocks (like the indigency affidavit issue) that prevented issuing of summons and were executed in a manner that avoided any adjudication of the facts – effectively sweeping the issues under the rug. The maintenance of all these disputes in chancery (domestic relations court), as opposed to allowing them to be heard in law (civil tort or federal court), appears calculated. By doing so, the state actors have ensured that Plaintiff never receives a full, adversarial trial with the procedural protections that come with it (jury fact-finding, formal rules of evidence, and the possibility of damages or injunctive relief against officials). Instead, Plaintiff's serious allegations (including abuse of her child, fraud by court officials and clerks, and civil rights violations) have been shunted into *equitable* proceedings where judges have broad discretion and the trappings of due process are minimal. This misuse of equitable jurisdiction is itself an element of the coordination scheme: the involved actors deliberately keep the controversy in a forum where they can control the outcome informally, rather than allow Plaintiff to bring her claims in a standard legal forum where she would have greater rights. The result has been a complete denial of justice – no fact-finder has ever been allowed to hear the full truth. By refusing to make findings or to allow a case to proceed to jury trial, these judges violated Plaintiff's right to a fair hearing as guaranteed by the Fourteenth Amendment and Seventh Amendment. It also amounts to fraud and misrepresentation, in that the courts purport to dispense justice while actually evading it. Plaintiff has decried this pattern in her grievances, noting that one judge's

orders even referenced *"unrelated past case history"* to tarnish her claims and justify adverse rulings, rather than addressing the merits of the current case. Such actions underscore that decisions were made on a prejudicial, pretextual basis – a hallmark of fraud on the court.

PATTERN AND COORDINATION

The above supplemental facts, taken together with those in the original Complaint, establish a clear pattern of illicit conduct that is enterprise-driven and coordinated among the defendants. The misconduct is not isolated to one judge or one county; it spans multiple jurisdictions and actors, all aligned in method and motive. Judges O'Grady and Mason (Johnson County), Godderz (Anderson County), Bryant (Leavenworth County), Kansas Supreme Court, and others have functioned as parts of a single enterprise with the common purpose of obstructing Plaintiff's pursuit of justice and retaliating against her for asserting her rights. Judge Eric W. Godderz's recorded statement that he would 'never allow any case to leave [his] county' despite acknowledged venue impropriety reveals a corrupt intent to maintain control over litigation outcomes and obstruct removal to impartial forums. This admission, made in front of counsel, confirms the systemic abuse of venue and jurisdiction for personal or political ends, consistent with 18 U.S.C. § 1512(b)(2)'s definition of witness intimidation and obstruction of justice. The conduct by Judges O'Grady and Mason, in combination with that of Judge Godderz and Judge Bryant, and Kansas Supreme Court ADA grievance denials easily satisfies the pattern requirement of 18 U.S.C. § 1961(5), as it reflects multiple predicate acts—including obstruction of justice, deprivation of rights under color of law, and mail/wire fraud—committed within a coordinated scheme over a period of less than five years.

This enterprise operates through both formal rulings and behind-the-scenes collusion, and it has employed predicate acts that include:

- Obstruction of Justice: e.g., holding court proceedings without jurisdiction (in violation of 28 U.S.C. §1446(d) during federal removal), refusing to rule on motions or affidavits to prevent cases from moving forward, and manipulating dockets (such as mislabeling a federal removal notice as "correspondence" to conceal it). These acts interfere with the lawful functioning of courts and the administration of justice, satisfying predicate acts under 18 U.S.C. § 1503 and related statutes. Indeed, Plaintiff's reports to the Kansas authorities describe judges proceeding *"in defiance of federal removal and ADA law"* and allowing docket tampering.
- Mail and Wire Fraud / Fraud on the Court: e.g., filing false or misleading orders that omit material facts, and engaging in ex parte email communications or calls to orchestrate outcomes. The collective suppression of Plaintiff's filings and misrepresentation of her positions in court orders amount to a fraud on the court – a fraud directed at the judicial system itself. This is exemplified by incidents such as the sharing of Plaintiff's confidential ADA grievance with unauthorized parties to sabotage her complaint. Using the instrumentalities of email and court record systems to perpetrate these deceptions potentially implicates federal mail/wire fraud statutes (18 U.S.C. §§ 1341, 1343) as predicate acts in a RICO context.
- Retaliation and Intimidation (18 U.S.C. §1512 & §1513): The pattern of retaliatory harm – from financial sanctions to the chilling of Plaintiff's access to her child – is intended to deter Plaintiff from continuing to litigate and to force her capitulation. Such conduct parallels the federal crimes of witness retaliation and intimidation, as it targets a

party/litigant for participating in legal proceedings. The coordinated nature of the retaliation (with judges and opposing parties acting in concert) supports the inference of an illicit agreement to injure Plaintiff's person, property, and rights for pursuing lawful remedies. Plaintiff's filing of police reports about surveillance and break-in attempts further indicates that those aligned with the enterprise may be engaging in extrajudicial intimidation tactics, which is deeply concerning and within the scope of RICO predicate activity if related to the litigation.

- Denial of Rights Under Color of Law: Although not a classic RICO predicate, the violations of 18 U.S.C. §242 (deprivation of rights under color of law) are evident – public officials have willfully subjected Plaintiff to unequal treatment (denying ADA accommodations provided to others, refusing standard judicial process) because of her status as a disabled person and a whistleblower. This entrenched pattern fulfills the continuity required for RICO (having occurred repeatedly from 2020 through 2025 in various courts) and threatens ongoing harm not just to Plaintiff but to the integrity of the judicial system.
- Litigation Hold and Spoliation Concerns: Plaintiff further places on the record that formal litigation hold notices and preservation demands have been circulated to over 20 court staff, clerks, and judicial officers across multiple Kansas counties evidence in open records emails. These notices specifically instructed recipients to preserve emails, communications, internal directives, and digital case management records related to Plaintiff, her ADA filings, and any ex parte communications involving her litigation. Despite these notices, Plaintiff has uncovered evidence suggesting that court personnel deleted, concealed, or altered material records, including but not limited to docket

annotations, redacted court orders, suppressed filings, and email threads containing ADA grievances and judicial coordination. The conduct constitutes spoliation under Fed. R. Civ. P. 37(e), and supports an adverse inference and further sanctions. Plaintiff respectfully requests that the Court preserve this issue for evidentiary consideration and refer all suspected violations to appropriate disciplinary or investigatory authorities.

Plaintiff has taken steps to alert law enforcement and oversight bodies to this apparent coordination and civil rights conspiracy. In July 2025, Plaintiff notified the Kansas Commission on Judicial Conduct that these matters have also been referred to the U.S. Department of Justice (Civil Rights Division) and the FBI Public Corruption unit for investigation. The Commission has been provided with names of the individuals involved and a timeline of retaliatory acts. Plaintiff's grievances emphasize that multiple judges and court staff are coordinating against her – for instance, sharing internal emails about her ADA filings to *"suppress ADA oversight"* and *"shift blame away from judicial actors".* The fact that the DOJ's Office for Civil Rights has acknowledged Plaintiff's complaint and assigned an attorney to review the "procedural and constitutional harms" she has suffered across dockets underscores the seriousness of the allegations. Indeed, Plaintiff informed DOJ that she believes judges in different counties are collaborating, noting the eerie *"similar statements"* appearing in their orders and an instance where a judge referenced Plaintiff *"again trying to"* do something in his court when in fact she had never previously filed there – suggesting behind-the-scenes influence. In short, the supplemental facts buttress Plaintiff's original RICO claims by demonstrating a *continuing pattern* of activity by an enterprise (composed of the original defendants and the newly added judges) that warrants federal intervention.

Relation to Rule 60(b)(3) and Preservation of Relief

Additionally, Plaintiff submits that the foregoing new evidence is highly relevant to potential relief under Fed. R. Civ. P. 60(b)(3) in any state or federal judgments that have been tainted by fraud, misrepresentation, or misconduct. The actions of Judges O'Grady and Mason (as well as the other state actors) amount to a fraud on the judicial process – from concealing evidence and ex parte influences to issuing orders infected by bias and retaliation. Should any judgments be entered against Plaintiff in the affected state cases (e.g. dismissal of her jury trial demands, or any future judgment in the stalled tort case), Plaintiff will invoke Rule 60(b)(3) to seek relief on the basis of this misconduct. By supplementing her federal complaint now with these facts, Plaintiff ensures they are part of the official record and can be preserved for use in collateral challenges. Indeed, Plaintiff has already filed a formal *"Notice of Fraud Upon the Court and Rule 60(b)(3) Preservation"* in at least one forum, cataloguing these irregularities. This Court's recognition of the supplemental facts will further solidify their use in examining any prior orders or judgments that were procured unfairly. In essence, the same pattern of behavior described herein – judges ignoring law, colluding with one side, and suppressing truth – is grounds for vacating rulings that resulted from such behavior. Plaintiff seeks to have these facts acknowledged now so that no defendant or state actor may later claim these issues were not raised or that Plaintiff "waived" her objections to the fraudulent proceedings. Fraud on the court vitiates even the most final of judgments, and Plaintiff is actively preserving that argument across the board.

Request for Judicial Notice

Pursuant to Federal Rule of Evidence 201, Plaintiff respectfully requests that the Court take judicial notice of the public record events and filings in the related state court proceedings discussed above. The fact that certain hearings occurred (or did not occur), that certain motions were pending for over 105 days, that certain orders were entered (such as dismissals without findings), and that complaints were lodged with oversight agencies – these are all matters of public record in court dockets or official correspondence. They are not subject to reasonable dispute and are capable of accurate determination by sources whose accuracy cannot reasonably be questioned (e.g., certified court records, official letters). Judicial notice will ensure that this Court can frankly acknowledge the context of parallel litigation and the outcomes (or lack thereof) in those forums as part of evaluating Plaintiff's claims. The pattern of misconduct spans multiple cases, and judicial notice is appropriate to connect the dots. In particular, Plaintiff asks the Court to note the Kansas judicial conduct complaints and outcomes (or lack of action thereon), the DOJ OCR complaint and communications, and the timing and content of state court orders that coincide with Plaintiff's federal filings. These publicly documented facts will aid in demonstrating the credibility of Plaintiff's allegations and the need for federal relief. Judicial notice of the state court records will not be used to re-litigate the state cases here, but rather to illustrate the alleged pattern of coordinating activity and civil rights violations for which Plaintiff seeks relief in this Court.

## CONCLUSION

Plaintiff files this Supplemental Pleading in good faith and not for delay, but to apprise the Court of crucial developments that strengthen her claims and justify expanded relief. The pattern of systemic abuse and conspiracy against Plaintiff has become even more evident in recent months.

Case 2:25-cv-02199-JWB-TJJ Document 23 Filed 07/25/25 Page 17 of 19

By allowing this supplement and the joinder of Judges O'Grady and Mason, the Court will enable a full adjudication of the issues and send a message that no one is above the law – not even state judges who engage in overt misconduct. Plaintiff respectfully reiterates her request for the Court to take jurisdiction over these supplemental claims and to ensure that the ADA, due process, and anti-racketeering laws are given effect so that Plaintiff and her son may finally obtain justice. These events must not be viewed as isolated judicial failures, but rather as synchronized components of a broader coordinating enterprise enabled through abuse of equitable discretion, procedural suppression, and coordinated retaliation against a disabled parent and minor child. The courts have become the enforcement mechanism—not the safeguard—of the civil rights violations at the heart of this case. Plaintiff further states that a formal Civil RICO action is currently pending filing, with litigation hold notices and spoliation warnings already issued to implicated parties and court officers.

## RELIEF REQUESTED

Considering the foregoing supplemental allegations, Plaintiff respectfully requests that this Court grant the following relief:

1. Filing of Supplemental Pleading: Plaintiff respectfully files this Supplemental Pleading pursuant to Fed. R. Civ. P. 15(d), as no defendant has yet been served or responded. This filing incorporates post-complaint developments and adds Judges Keven O'Grady and Rhonda Mason as defendants in their individual capacities. Plaintiff requests that the Clerk of Court docket this pleading and, upon issuance of summons, permit Plaintiff to formally serve the newly added defendants under Fed. R. Civ. P. 4. The supplemental facts directly relate to Plaintiff's existing claims under the ADA, 42 U.S.C. § 1983, and

civil RICO, and their inclusion is essential to ensure a full and just resolution of this matter.

2. Preservation of Supplemental Facts for Rule 60(b)(3): Plaintiff specifically seeks to preserve these facts as a foundation for relief from any judgments in *any affected actions*, including the Kansas state cases where the described misconduct has denied Plaintiff a fair proceeding. By preserving these facts now, this Court will facilitate their efficient use in collateral proceedings and preempt arguments that Plaintiff failed to timely raise or document the fraud.
3. Judicial Notice of Parallel Proceedings: An Order that the Court will take judicial notice of the relevant filings, orders, and occurrences in the parallel state court proceedings referenced in this supplement, as well as of Plaintiff's official complaints to oversight bodies. This includes (but is not limited to) noticing: the dates and outcomes (or lack thereof) of motions in Plaintiff's Johnson County tort case; the disposition of the Johnson County petitions; the content of Judge O'Grady's and Judge Mason's dockets as they relate to Plaintiff; the Leavenworth County cases handled by Judge Bryant (e.g., dismissal orders and cost assessments).
4. Further Relief: Such other and further relief as the Court deems just and proper.

Notice of Forthcoming Filing: Plaintiff further gives notice that a separate, formal civil RICO complaint is currently being finalized. Litigation hold notices and Rule 37 spoliation demands have been issued and acknowledged by several implicated parties.

Respectfully submitted, Dated: July 25, 2025

/s/ Angeliina Lynn Lawson

Case 2:25-cv-02199-JWB-TJJ Document 23 Filed 07/25/25 Page 19 of 19

Angeliina Lynn Lawson, Plaintiff, pro se

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com | (913) 972-1661

CERTIFICATE OF SERVICE

I hereby certify that on this 25 day of July 2025, I filed the foregoing Supplemental Pleading under Fed. R. Civ. P. 15(d) with the United States District Court for the District of Kansas.

As of this filing, no defendant has been served and no counsel has entered an appearance. Upon issuance of Summons by the Clerk of Court, Plaintiff will promptly serve all named parties in accordance with Fed. R. Civ. P. 4, and a copy of this Supplemental Pleading will be included in the service packet to each newly named defendant.

All parties will receive notice and a full copy of this Supplemental Pleading with formal service of process.

Respectfully submitted,

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Plaintiff Pro Se

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com | (913) 972-1661

Case 2:25-cv-02199-JWB-TJJ Document 26 Filed 08/25/25 Page 1 of 2

Exhibit E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| ANGELIINA LYNN LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>ERIC GODDERZ, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 2:25-cv-02199-JWB-TJJ |

**ORDER STRIKING PLAINTIFF'S SUPPLEMENTAL**

**PLEADING UNDER FED. R. CIV. P. 15(d)**

This matter comes before the Court on Plaintiff's Supplemental Pleadings Under Fed. R. Civ. P. 15(d) ("Supplemental Filing") (ECF No. 23). For the reasons discussed herein, the Court orders Plaintiff's Supplemental Filing stricken from the docket.

Plaintiff cites Rule 15(d) in support of her Supplemental Filing. Rule 15(d) provides in pertinent part:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened after the date of the pleading to be supplemented.

Thus, a party must file a motion and obtain leave of court before filing a supplemental pleading. In its discretion, the court "may" then allow filing of the proposed supplemental pleading. And, the court may impose "just terms" or conditions on the supplemental filing. Plaintiff's Supplemental Filing is improper, as Plaintiff failed to file a proper motion and obtain leave of court to make a supplemental filing.

Also, pursuant to the express language of Rule 15(d), a supplemental pleading is limited to "any transaction, occurrence or event that happened *after* the date of the pleading to be supplemented."[1] Plaintiff's Supplemental Filing is deficient in that it fails to include dates or other information showing that the supplemental facts alleged occurred after the filing of Plaintiff's First Amended Complaint.

In addition, Plaintiff seeks through her Supplemental Filing to add two additional Kansas state court judges as parties to her case. A party seeking to join additional parties, however, must make a proper request for joinder in compliance with the applicable Federal rules.[2] Plaintiff's Supplemental Filing fails to do so. Moreover, there is a pending Report and Recommendation recommending dismissal of the Kansas state court judges who are already parties in this case based on judicial immunity. It appears likely the two Kansas state court judges Plaintiff seeks to join as party defendants would also be entitled to judicial immunity.

**IT IS THEREFORE ORDERED** that Plaintiff's Supplemental Pleadings Under Fed. R. Civ. P. 15(d) are STRICKEN from the record.

Dated August 29, 2025, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[1] Fed. R. Civ. P. 15 (d) (emphasis added).
[2] *See* Fed R. Civ. P. 19 and 20.

Exhibit F

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

Angeliina Lynn Lawson,
Plaintiff,
v.
Eric W. Godderz, et al.,
Defendants.

Case No. 2:25-cv-02199-JWB-TJJ

JURY TRIAL DEMANDED

# MOTION TO VACATE STRIKING OF SUPPLEMENTAL PLEADING (ECF 26) AND REQUEST FOR REINSTATEMENT UNDER RULE 15(d)

COMES NOW Plaintiff Angeliina Lynn Lawson, appearing pro se, and respectfully moves this Court to vacate the Order entered August 29, 2025 (ECF 26), which struck Plaintiff's Supplemental Pleading under Fed. R. Civ. P. 15(d), and to reinstate the pleading on the docket. This motion is brought pursuant to the Court's inherent authority, Fed. R. Civ. P. 54(b), and the interests of justice.

## FACTUAL AND PROCEDURAL BACKGROUND

1. On July 25, 2025, Plaintiff timely filed her Supplemental Pleading under Rule 15(d) (ECF 23) to update claims with facts that occurred after the filing of her First Amended Complaint (ECF 9), including ongoing acts of retaliation and denial of access to the courts.
2. On August 24, 2025, Plaintiff filed a formal judicial misconduct complaint with the Tenth Circuit Judicial Council against Magistrate Judge Teresa J. James, citing bias, retaliation, and obstruction of ADA enforcement.
3. On August 25, 2025, Plaintiff filed a Motion for Protective Reassignment (ECF 24) under 28 U.S.C. § 292(b), documenting the conflict of interest and requesting reassignment to protect the integrity of the proceedings.
4. That same day, the referral of the motion to Magistrate Judge James was removed. ECF 24 was reassigned to the District Judge.
5. Despite being under active judicial misconduct review and removed from ruling on Plaintiff's reassignment motion, on August 29, 2025, Magistrate Judge James struck Plaintiff's Rule 15(d) filing without a hearing, opinion, or opportunity for Plaintiff to be heard. (ECF 26)

## ARGUMENT

1. Rule 15(d) grants a right to supplement for events occurring after the complaint, and leave should be freely granted when justice so requires. Plaintiff's filing was timely, focused on post-pleading retaliation, and critical to the ongoing claims.
2. The Court's order striking the pleading was issued after the magistrate was removed from the case's dispositive matters and after Plaintiff initiated a formal judicial complaint against the judge—creating an appearance of retaliatory suppression in violation of *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).
3. The striking of the filing constitutes a denial of due process under *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965), and obstructs Plaintiff's right to complete the factual and legal record necessary for full and fair adjudication.
4. Plaintiff respectfully asks the Court to vacate ECF 26 in the interest of justice and reinstate her Rule 15(d) Supplemental Pleading (ECF 23) as a valid and preserved filing in this matter.
5. Striking Plaintiff's supplemental pleading, which documents retaliatory judicial conduct and new ADA interference, infringes on Plaintiff's First Amendment right to petition the court for redress of grievances where no summons has yet issued and the record remains incomplete.
6. The defendants have not yet appeared, and no responsive pleadings have been filed. Thus, reinstating Plaintiff's supplement will not prejudice any party and would allow for proper record development prior to adversarial proceedings.

CONCLUSION

Plaintiff requests that the Court:

- VACATE the Order at ECF 26,
- REINSTATE Plaintiff's Rule 15(d) filing at ECF 23,
- Permit supplementation of the record with post-pleading retaliation evidence.

Respectfully submitted,
/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Pro Se
(Contact information on record)

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above motion was served on all parties of record via CM/ECF electronic filing on this 29 day of August, 2025.

/s/ Angeliina Lynn Lawson
Pro Se Plaintiff

Exhibit G

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ERIC W. GODDERZ, et al.,

Defendants.

Case No. 2:25-cv-02199-JWB-TJJ

JURY TRIAL DEMANDED

MOTION TO SHOW CAUSE WHY THIS CASE HAS NOT BEEN RULED UPON AND TO COMPEL ACTION ON PENDING EMERGENCY RELIEF

COMES NOW Plaintiff Angeliina Lynn Lawson, pro se, and respectfully moves this Court to show cause for the continued failure to rule on numerous emergency filings in this matter, and to compel immediate action on the unresolved motions, including but not limited to requests for injunctive relief, habeas corpus, ADA enforcement, protective reassignment, and objections to the Magistrate's Report and Recommendation. These motions have now been pending for over 160 days in violation of due process, court access rights, and the ADA.

Case 2:25-cv-02199-JWB-TJJ Document 31 Filed 08/25/25 Page 2 of 5

TIMELINE OF UNRESOLVED FILINGS AND DELAY

| Filing | Docket # | Date Filed | Days Pending (as of Oct. 6, 2025) | Status |
|---|---|---|---|---|
| TRO / Verified Emergency Relief | ECF 5 | 04/17/2025 | 172 days | No ruling |
| Habeas Corpus Petition | ECF 15 | 04/28/2025 | 161 days | No ruling |
| Motion to Expedite TRO Ruling | ECF 17 | 05/12/2025 | 147 days | No ruling |
| Objections to R&R | ECF 21 | 06/24/2025 | 104 days | No ruling |
| Motion for Protective Reassignment | ECF 24 | 08/22/2025 | 45 days | No ruling |
| Motion to Vacate Striking of Supplement | ECF 28 | 08/29/2025 | 38 days | No ruling |
| Motion for Certificate of Appealability | ECF 29 | 09/26/2025 | 10 days | No ruling |
| Summons Still Not Issued | IFP granted ECF 19 | 05/13/2025 | 146+ days | In violation of Rule 4(c)(3) |

Despite the Court granting Plaintiff's motion to proceed in forma pauperis in May 2025 (ECF 19), no summons has issued and no defendant has been served. The combination of prolonged silence and procedural obstruction has now resulted in complete judicial paralysis.

See Docket Entry (8/25/2025): “MOTION REFERRAL to Magistrate Judge REMOVED as to: 24 MOTION for Protective Reassignment. The motion will be resolved by the District Judge.

LEGAL AUTHORITY AND DUE PROCESS VIOLATIONS

The continued withholding of rulings on constitutional claims and ADA relief violates:

1. Fed. R. Civ. P. 4(c)(3) (summons must be issued and served by U.S. Marshal when IFP is granted);
2. Armstrong v. Manzo, 380 U.S. 545 (1965) (due process requires timely and meaningful opportunity to be heard);
3. Tennessee v. Lane, 541 U.S. 509 (2004) (ADA Title II guarantees access to courts);
4. Caperton v. Massey, 556 U.S. 868 (2009) (structural bias constitutes constitutional violation);
5. 28 U.S.C. § 636(b)(1) (district court must review timely objections to R&R).

These delays have now caused irreparable harm and placed Plaintiff at risk of further retaliation, suppression of evidence, and loss of rights, particularly regarding the custody and ADA protections of her disabled minor son.

Federal courts have an affirmative obligation to adjudicate emergency applications involving ongoing constitutional harm. See *In re McBryde*, 117 F.3d 208 (5th Cir. 1997) “The refusal to adjudicate is as much a violation of due process as a wrongful judgment.”.

To preserve the integrity of the record, Plaintiff also reminds the Court that she filed formal Notice of Judicial Complaint and Renewed Request for Protective Reassignment on August 25,

2025 (ECF 25), which remains unanswered. This followed the reassignment motion (ECF 24) and was supplemented by a Rule 15(d) pleading (ECF 23), which was later struck after reassignment was removed from the magistrate judge.

Plaintiff preserves all claims of structural bias, procedural retaliation, and ADA interference under 42 U.S.C. §§ 1983, 12132, and 12203 for further appeal or Rule 60(b)(3) relief.

If the Court continues to withhold action, Plaintiff intends to seek emergency relief from the Tenth Circuit through a Petition for Writ of Mandamus under 28 U.S.C. § 1651 and to pursue interlocutory appellate review under § 1292(b). Judicial silence in the face of constitutional and ADA claims, child harm, following a formal judicial misconduct complaint and procedural retaliation, constitutes constructive denial of relief.

RELIEF REQUESTED

Plaintiff respectfully requests that this Court:

1. Show cause as to why the Court has not ruled on any of the above filings, despite the urgent constitutional and statutory claims involved;
2. Refer this matter to Tenth Circuit Chief Judge under 28 U.S.C. § 292(b) for reassignment to a structurally neutral visiting judge;
3. Immediately issue summons pursuant to Fed. R. Civ. P. 4(c)(3);
4. Enter rulings on the pending motions, including the TRO (ECF 5), habeas petition (ECF 15), motion to expedite (ECF 17), motion for protective reassignment (ECF 24), and objections to the R&R (ECF 21);

5. Schedule a hearing or status conference to address the procedural standstill and clarify the Court's intentions regarding reassignment or mandamus;
6. Preserve Plaintiff's rights for interlocutory appeal under 28 U.S.C. § 1292(b) and mandamus under § 1651.

Respectfully submitted, Dated: October 6, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, KS 66048

AngeliinaCourtRecords@gmail.com

CERTIFICATE OF SERVICE

I certify that on October 6, 2025, I filed the foregoing MOTION with the Clerk of the Court via the CM/ECF system. No defendants have been served to date due to the Court's failure to issue summons as required under Fed. R. Civ. P. 4(c)(3). Notice will be provided through the Court's docketing system.

/s/ Angeliina Lynn Lawson

Exhibit H

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ERIC W. GODDERZ, et al.,

Defendants.

Case No. 2:25-cv-02199

TRIAL BY JURY DEMANDED

JUDICIAL NOTICE OF BREACH OF OATH, STRUCTURAL INTERFERENCE, AND REQUEST TO ENFORCE JUDICIAL INDEPENDENCE AND ADA ACCESS

COMES NOW Plaintiff Angeliina Lynn Lawson, appearing pro se, and respectfully provides this Judicial Notice to document ongoing structural interference, breach of judicial oath, and unconstitutional inaction in violation of Plaintiff's rights under the First, Fifth, and Fourteenth Amendments and Title II of the ADA. This notice further supports Plaintiff's pending requests for protective reassignment, mandamus relief, and court-ordered enforcement of judicial independence.

I. FACTUAL CONTEXT AND JUDICIAL PARALYSIS

- This action was filed on April 14, 2025, and Plaintiff's IFP application was granted on May 13, 2025 (ECF 19).
- Despite IFP status, no summons has issued in over 165 days, in violation of Fed. R. Civ. P. 4(c)(3).
- Multiple emergency motions—including a TRO (ECF 5), Habeas Petition (ECF 15), and ADA accommodation filings (ECFs 13, 15)—have received no ruling.
- Plaintiff's Objections to the R&R (ECF 21) have been pending without review since June 24, 2025.
- Plaintiff's Motion to Show Cause (ECF 31), filed October 6, 2025, remains unaddressed as of October 29, 2025.
- Although Magistrate Judge Teresa J. James's referral was formally removed on August 25, 2025, she continues to issue procedural rulings, including the retaliatory striking of ECF 23 and the apparent stall on reassignment (ECF 24).

These delays and retaliatory actions create a pattern of unconstitutional judicial paralysis and suppression.

II. BREACH OF OATH AND FEDERAL JUDICIAL DUTY

Under 5 U.S.C. § 3331 and 28 U.S.C. § 453, all federal judges swear an oath:

"to administer justice without respect to persons, and do equal right to the poor and to the rich, and ... faithfully and impartially discharge and perform all the duties incumbent upon [them]..."

The refusal to process Plaintiff's filings, delay of core constitutional motions, and continuation of proceedings by a magistrate judge whose referral was revoked, violate the letter and spirit of that oath.

The refusal to act on:

- Emergency relief filings;
- Procedural motions to vacate retaliation (ECF 28);
- ADA Title II claims;
- And Plaintiff's First Amendment petition rights

constitutes an active breach of judicial office and a denial of justice.

III. STRUCTURAL INTERFERENCE AND RETALIATION

As documented in ECF 25 and 26, Plaintiff's Rule 15(d) supplement (ECF 23) was struck just four days after Plaintiff filed a judicial misconduct complaint and reassignment request.

Further, despite the removal of referral from Magistrate Judge James, the Court continues to allow her rulings, including on matters connected to reassignment and procedural retaliation. This raises serious concerns about improper internal communication, administrative coordination, or extrajudicial influence, in violation of:

- Canon 2.11(A) of the Code of Conduct for U.S. Judges (appearance of bias),
- Caperton v. Massey, 556 U.S. 868 (2009) (structural bias requires recusal),
- Tennessee v. Lane, 541 U.S. 509 (2004) (ADA access to courts),

- Armstrong v. Manzo, 380 U.S. 545 (1965) (due process requires meaningful hearing), and
- 42 U.S.C. §§ 1983, 12132, and 12203.

IV. REQUEST FOR JUDICIAL NOTICE AND PROTECTIVE RELIEF

Plaintiff respectfully requests that this Court:

1. Take judicial notice of the ongoing breach of oath, retaliatory procedural conduct, and failure to adjudicate emergency motions;
2. Acknowledge the improper continuation of rulings by Magistrate Judge James post-referral removal (ECF 24);
3. Reaffirm Plaintiff's right to a neutral and independent tribunal, including prompt review of ADA retaliation claims and emergency relief;
4. Issue a protective directive that no further rulings be made by a judicial officer whose referral was removed or who is named in a judicial complaint;
5. Refer this matter to Chief Judge Holmes under 28 U.S.C. § 292(b) for out-of-district judicial reassignment.

Plaintiff preserves all rights under Title II of the ADA, 42 U.S.C. §§ 1983 and 12203, Rule 60(b)(3), and the First, Fifth, and Fourteenth Amendments.

Respectfully submitted, Dated: October 29, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, KS 66048

CERTIFICATE OF SERVICE

I certify that on October 29, 2025, I filed the foregoing Judicial Notice with the Clerk of the Court via CM/ECF. Because no defendants have been served due to the Court's failure to issue summons under Rule 4(c)(3), no further service is required at this time. Notice will be docketed publicly through the federal court system.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

Exhibit I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON[1],

Plaintiff,

v. Case No. 25-2199-JWB

ERIC GODDERZ, *et al*.,

Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's objection (Doc. 21) to Magistrate Judge Teresa James' Report and Recommendation ("R&R") (Doc. 20) recommending that Plaintiff's action be dismissed in its entirety; Plaintiff's motion for protective reassignment (Doc. 24); and Plaintiff's motion to vacate striking of supplemental pleading and request for reinstatement under Rule 15(d). (Doc. 28.) After review, Plaintiff's motions are DENIED (Docs. 24, 28), her objection is OVERRULED (Doc. 21), the court ADOPTS the R&R (Doc. 20) and DISMISSES the instant action. Thus, Plaintiff's remaining pending motions (Docs. 29, 31) are DENIED AS MOOT.

**I. Facts**

The facts set forth herein are taken from Angeliina Lynn Lawson's ("Plaintiff's") first amended complaint. (Doc. 9.) Plaintiff brings this lawsuit under 42 U.S.C. § 1983 against Kansas

[1] The court notes that Plaintiff has several pending actions that are presently before the undersigned. On August 25, 2025, Plaintiff filed a "Notice Regarding Judicial Complaint and Renewed Request for Protective Reassignment" in this case. (Doc. 25.) According to the notice, Plaintiff's judicial complaint to the Tenth Circuit was filed due to the undersigned's rulings in Plaintiff's cases. Plaintiff also included an exhibit which identifies adverse rulings in both her federal and state cases. Notably, only one ruling identified was issued by the undersigned. The remaining rulings in the federal cases were issued by the magistrate judge. In any event, although Plaintiff filed a judicial complaint against the undersigned and it remains pending before the Tenth Circuit, this court finds that the judicial complaint is frivolous as it merely complains of an adverse ruling against Plaintiff which is not a basis to find improper judicial conduct. Therefore, the court will proceed to rule on pending motions in this case as there is no basis for the undersigned to recuse from this matter at this time.

state court Judges Eric Godderz, Taylor Wine, and John Bryant in both their individual and official capacities, as well as against the State of Kansas ("Defendants").[2] (*Id*. at 3–4.) Plaintiff's factual allegations center on a state trial court custody and divorce proceeding in Anderson County District Court that she claims has been marked by systemic violations of her rights. (*Id*. at 4–6.) She alleges that the state court has improperly maintained jurisdiction over her case. (*Id*.) According to her, it was only after she began filing various complaints, grievances, and accommodation requests related to her documented disability that the court stripped her of all custody rights and limited her to just two hours of supervised visitation per week. (*Id*.) She asserts the presiding state judge Defendants refused to recuse themselves despite her allegations of bias and have declined to enforce alimony and child support orders. (*Id*.) Plaintiff further contends she has been obstructed from accessing her case files and court transcripts, that pleadings have been altered, and that she was subjected to an order requiring a psychological evaluation—a requirement she characterizes as imposed solely to prevent her trial from proceeding. (*Id*.)

Plaintiff raises six claims: (1) violation of her due process rights ("Count I"), (2) violation of Title II of the ADA ("Count II"), (3) retaliation in violation of the ADA ("Count III"), (4) retaliation for protected First Amendment activity ("Count IV"), (5) unconstitutional taking and deprivation of property ("Counts V" and "Count VII"), and (6) fraud upon the court and constructive fraud ("Count VI") (collectively "Counts"). (*See id*.) Magistrate Judge James screened Plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915 and recommended dismissal of all counts. (Doc. 20.) Plaintiff timely objected.[3] (Doc. 21.) Since filing her objection

---

[2] Plaintiff has another pending action in this court against most of the defendants in this case. *See Lawson v. Godderz*, Case No. 25-1179-JWB.

[3] The court notes that Plaintiff's objection (Doc. 21) largely fails to specifically address any of Magistrate Judge James' R&R ruling. (Doc. 20.) Rather, the document that she filed appears to be Plaintiff's attempt to add facts. Nevertheless, and in the spirit of liberally construing pro se filings, the court will consider Plaintiff's objection as timely, proper, and under a de novo review standard pursuant to Fed. R. Civ. P. 72(b)(3). *See United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009).

Case 2:25-cv-02199-JWB-TJJ Document 31 Filed 08/25/25 Page 3 of 11

to Magistrate Judge James' R&R, Plaintiff has filed numerous motions and attempted to file supplemental pleadings. (*See* Docs. 23, 24, 27, 28, 29, 31.)

**II. Standard**

<u>R&R Standard of Review</u>. On a dispositive matter the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court . . .'"). When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

<u>Rule 12(b)(6) Motion to Dismiss</u>. To withstand a motion to dismiss under Rule 12(b)(6), the complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). At the motion to dismiss stage, the court accepts all well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Albers v. Bd. Of Cnty. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 700 (10th Cir. 2014). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

<u>Pro Se Party</u>. Because Plaintiff is proceeding pro se, the court is to liberally construe his

Case 2:25-cv-02199-JWB-TJJ Document 43-3 Filed 02/25/26 Page 4 of 17

filings. *United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009). However, liberally construing filings does not mean supplying additional factual allegations or constructing a legal theory on Plaintiff's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## III. Analysis

### A. Plaintiff's Motion for Protective Reassignment (Doc. 24)

Plaintiff filed a motion for protective reassignment of this matter to an out of-district judge pursuant to 28 U.S.C. §§ 292(b), 294.[4] (Doc. 24.) Plaintiff asserts that the undersigned is biased because of a previous ruling against Plaintiff involving withholding service of summons. Notably, this ruling was not issued by the undersigned. However, a notice that was filed does accuse the undersigned of bias based on rulings he previously issued in Plaintiff's cases. (*See* Doc. 25.) In any event, Plaintiff seeks referral of the instant case "to Chief Judge Holmes of the Tenth Circuit" to then be reassigned to an out-of-district visiting judge. (Doc. 24.)

As the Tenth Circuit has summarized:

> Disqualification is required both when a judge has "a personal bias or prejudice" against a party, § 144; *see also* § 455(b)(1) (same), or when presiding over the case would create an appearance of bias, *see* § 455(a). Recusal for an appearance of bias is required when "sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." [*United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).] The party seeking a judge's disqualification must show that "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 993 (internal quotation marks omitted). Because this standard is an objective one, "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id.*

*United States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020). Plaintiff 's motion is devoid of any fact that could provide a basis for recusal under these standards. Moreover, "judicial rulings

[4] The nature of this motion very closely resembles two other motions filed by Plaintiff in a separate action in this court against almost all of the defendants in this case. *See Lawson v. Godderz*, Case No. 25-1179-JWB. In that case, the undersigned denied Plaintiff's motion for reasons nearly identical to the reasons used to deny Plaintiff's motion for reassignment in the instant case. *See id.* at Doc. 11; *see also Lawson v. Bolton*, Case No. 25-2251-JWB at Doc. 17 (seeking disqualification of the undersigned for many of the same reasons Plaintiff alleges in the instant motion).

alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Nothing in any ruling by the undersigned or Magistrate Judge James indicates that these judicial officials are biased against Plaintiff. Plaintiff also appears to imply that the court has "delayed" ruling on her cases. (Doc. 24.) Plaintiff provides no facts to support this assertion. The court, again, notes that Plaintiff's actions in repetitively filing motions and new cases delays rulings in her cases and in others. Such delay is not a basis for recusal. Thus, Plaintiff's motion seeking protective reassignment (Doc. 24) is denied.

**B. Plaintiff's Motion to Vacate Striking of Supplemental Pleading and Request for Reinstatement (Doc. 28)**

On July 25, 2025, Plaintiff attempted to file a supplemental pleading. (Doc. 23.) In an order dated August 29, 2025, Magistrate Judge James struck the supplemental pleading from the record for failure to comply with the requirements set out in Fed. R. Civ. P. 15(d). (Doc. 26.) Specifically, Magistrate Judge James struck Plaintiff's supplemental pleadings because they were procedurally improper and substantively deficient. Plaintiff failed to file a motion for leave as required by Fed. R. Civ. P. 15(d) before submitting a supplemental pleading. The filing did not show that the alleged facts occurred after the original complaint, as the rule requires. And Plaintiff attempted to add two Kansas state court judges without following proper joinder procedures. (*See* Doc 20.) Plaintiff objected to the striking of her supplemental pleadings. (Doc. 28.) Plaintiff argues that Rule 15(d) entitles her to supplement her complaint whenever she pleases so long as "no responsive pleadings have been filed." (*Id.* at 2.) Plaintiff proceeds to argue that striking her pleading was a retaliatory act because it was issued after she filed a judicial complaint against Magistrate Judge James and thus violates her due process and First Amendment rights.

Case 2:25-cv-02199-JWB-TJJ Document 33 Filed 08/25/25 Page 6 of 7

The language of the Federal Rules of Civil Procedure 15(d), which governs supplemental pleadings, makes clear that a supplemental pleading may not be filed without leave of court. Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Accordingly, the filing of a supplemental pleading is not available to the pleader as a matter of right, but upon proper motion seeking leave of court. *See, e.g.*, *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir. 2001) (explaining the necessary prerequisite of seeking leave "to serve a supplemental pleading"); *T Mobile Ne. LLC v. City of Wilmington, Delaware*, 913 F.3d 311, 317 (3d Cir. 2019) ("[A]ll supplemental pleadings require leave of court under Rule 15(d)"); *Saddozai v. Davis*, 35 F.4th 705, 709 (9th Cir. 2022) ("The Federal Rules of Civil Procedure make clear that, with leave of court, plaintiffs can supplement their pleadings.").

In the current matter, Plaintiff failed to request leave of court prior to filling her supplemental pleading. (Doc. 23.) "Although [Plaintiff] is proceeding pro se, [s]he 'must follow the same rules of procedure that govern other litigants,'" including Rule 15(d). *Johnson v. Marlar*, 807 F. App'x 791, 796 (10th Cir. 2020) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).[5] Thus, Plaintiff's motion seeking reinstatement of her stricken supplemental pleading (Doc. 28) is denied.

**C. Magistrate Judge James' Report and Recommendation ("R&R") (Doc. 20)**

Pursuant to 28 U.S.C. § 1915, Magistrate Judge James screened Plaintiff's first amended complaint because Plaintiff sought to proceed without the prepayment of fees. (Doc. 20.) Upon

[5] Even though pro se complaints are held to less stringent standards than pleadings drafted by lawyers, pro se litigants must follow the same procedural rules as other litigants. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Plaintiff is encouraged to keep this in mind regarding her numerous other federal actions pending in this court.

screening, a district court may dismiss the case at any time if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim upon which relief can be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Grigsby v. Dick*, 671 F. App'x 1031, 1033 (10th Cir. 2016). The sufficiency of Plaintiff's complaint is reviewed under the same standards as those used when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Kay v. Bemis*, 500 F.3d 1214, 1217–18 (10th Cir. 2007). The court will address each of Plaintiff's claims below.

**1. Judicial Immunity and Immunity Under the Eleventh Amendment (Counts I, IV, V, VI, and VII)**

Plaintiff brings claims against the State of Kansas alleging it "is responsible for acts and omissions of its judiciary, court administrators, and ADA coordinators . . . and has failed to ensure access to judicial services for individuals with disabilities." (Doc. 9 at 3–4.) Plaintiff also brings claims against state court Judges Godderz, Wine, and Bryant in their individual and official capacities. (*See id.*) Magistrate Judge James recommended dismissal on the basis of immunity; that is, the State of Kansas and Judges Godderz, Wine, and Bryant, in their official capacities, are immune under the Eleventh Amendment, and Judges Godderz, Wine, and Bryant, in their individual capacities, are immune under the doctrine of judicial immunity. (Doc. 20.) Plaintiff objects, arguing that "refus[ing] to rule on indigency filings, den[ying] ADA relief across multiple dockets, and actively suppress[ing] procedural filings" are not judicial acts and thus judicial immunity does not apply. (Doc. 21 at 10–11.) Plaintiff goes on to generally argue that judicial immunity does not apply to ongoing constitutional violations—wherein she vaguely categorizes the constitutional violations currently being committed by state Judges Godderz, Wine, and Bryant as retaliation, "[i]gnor[ing] recusal motions, "[s]uppressed emergency motions, and "[d]enied all

Case 2:25-cv-02199-JWB-TJJ Document 33 Filed 08/25/25 Page 8 of 17

ADA-related motions across [the] majority [of] separate lawsuits." (*Id.*) Ultimately, Plaintiff fails to address the R&R's reasons for dismissal. Accordingly, following a de novo review, the court finds these objections uncompelling and adopts the Magistrate's recommendations regarding immunity in their entirety. (Doc. 20 at 7–12.)

With regard to the State of Kansas, Plaintiff raises monetary claims under § 1983, including: deprivation of her due process rights (Count I) and unconstitutional taking and deprivation of property (Counts V and VII). (Doc. 9 at 6–8.) "The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and 'arms of the state' unless the state waives its immunity." *Brooks v. Kobach*, No. 25-cv-3054-JWL, 2025 WL 1100048, at *3 (D. Kan. Apr. 14, 2025). There is no evidence the State of Kansas has consented to the instant suit, and "[i]t is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983." *Id.* Thus, Plaintiff's § 1983 claims (Counts I, V, VII) against the State of Kansas are barred by the Eleventh Amendment. Plaintiff also asserts a claim against the State of Kansas for fraud upon the court and constructive fraud (Count VI). (Doc. 9 at 7–8.) Plaintiff again has failed to provide any authority suggesting that immunity has been waived or abrogated as to Count VI. Thus, it is dismissed.

Plaintiff similarly asserts Counts I, V, VI, and VII seeking monetary relief under § 1983 against state court Judges Godderz, Wine, and Bryant, plus a claim for retaliation for protected First Amendment activity (Count IV). (*Id.* at 6–8.) The Eleventh Amendment bars suits in federal court against state officials who are sued in their official capacities, unless the state waives its immunity, or its immunity is abrogated. *Allen v. St. Francis Ministries*, No. 23-1166-DDC-GEB, 2024 WL 2831606, at *3 (D. Kan. June 4, 2024); *Brooks v. Kobach*, No. 25-cv-3054-JWL, 2025

Case 2:25-cv-02199-JWB-TJJ Document 31 Filed 08/29/25 Page 9 of 17

WL 1100048, at *3 (D. Kan. Apr. 14, 2025). "District Court judges are state officials." *Roubideaux-Davis v. Klenda*, No. 24-3167-JWL, 2024 WL 4381227, at *2 (D. Kan. Oct. 2, 2024) (citing *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241, 1256 (D. Kan. 2004)). Thus, to the extent Plaintiff seeks monetary relief from the State of Kansas or Judges Godderz, Wine, and Bryant in their official capacities, such claims (Counts I, IV, V, VI, and VII) are barred by the Eleventh Amendment and therefore dismissed.

Plaintiff also brings this action against Judges Godderz, Wine, and Bryant in their individual capacities. (Doc. 9 at 1, 3.) Magistrate Judge James recommends dismissal of all such claims on the basis of judicial immunity. (D0c. 20 at 9–12.) Plaintiff objects to dismissal on the basis that judges do not enjoy judicial immunity for "ongoing constitutional violations." (Doc. 21 at 10.) She alleges such violations include not ruling on filings, falsifying docket entries, denying motions under false pretenses, and generally alleges perceived procedural mistakes in the Anderson County state court divorce and child custody proceedings. (*Id.*; Doc. 9 at 7–8.) Additionally, Plaintiff objects that these actions by the Defendant state judges are properly characterized as "administrative acts," to which judicial immunity does not apply. (Doc. 20 at 10.) Following a de novo review due to Plaintiff's objections, the court nevertheless finds these objections unpersuasive and adopts the reasoning articulated in the R&R.

Judicial immunity applies to this action against Judges Godderz, Wine, and Bryant in their individual capacities. *See Crowe v. Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1156 (10th Cir. 2011) ("Judicial immunity applies only to personal capacity claims."). A state judge is absolutely immune from § 1983 liability except when the judge acts "in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 357 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he

Case 2:25-cv-02199-JWB-TJJ Document 31 Filed 09/25/25 Page 10 of 17

will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id*. at 356–57 (citation omitted). Plaintiff alleges that Judges Godderz, Wine, and Bryant are not immune from suit here because they refused to recuse themselves after she filed a motion seeking such relief, that they retaliated against her, and generally alleges that she disagrees with their rulings in her state court case involving parental rights, alimony, and child support. (*See* Doc. 9, 20.)[6] Plaintiff's assertions on these issues are conclusory and fail to assert facts that would show that any of these state judges were acting in the absence of jurisdiction. Plaintiff does argue that jurisdiction was improper in her objections to the R&R, but merely makes conclusory statements about the judges' lack of jurisdiction and cites a Kansas statute that explains the procedure for filing a poverty affidavit in lieu of a docket fee. (Doc. 21 at 10–11.) It is clear from the record that all of the actions taken by Judges Godderz, Wine, and Bryant were in their capacities as state court judges presiding over the child custody proceedings. Plaintiff makes no more than conclusory allegations regarding a lack of jurisdiction. Therefore, judicial immunity properly applies to their actions.

In summary, this court, having reviewed Plaintiff's objection de novo pursuant to Fed. R. Civ. P. 72(b)(3), holds that under 28 U.S.C. § 1915(e)(2)(B)(iii), Counts I, IV, V, VI, and VII are dismissed because the State of Kansas and Judges Godderz, Bryant, and Wine in their official capacities are immune from suit for monetary damages pursuant to the Eleventh Amendment, and Judges Godderz, Bryant, and Wine in their individual capacities are entitled to judicial immunity.

### 2. Failure to State a Claim Under Title II of the ADA (Counts II and III)

Plaintiff brings claims under Title II of the ADA against the State of Kansas and Judges Godderz, Bryant, and Wine, alleging discrimination because she was denied access to judicial

---

[6] Magistrate Judge James thoroughly explains the numerous allegations that Plaintiff brings against Judges Godderz, Wine, and Bryant. (*See* Doc. 20 at 9–12.)

Case 2:25-cv-02199-JWB-TJJ Document 31 Filed 10/29/25 Page 11 of 17

proceedings after requesting accommodations and retaliation for submitting such accommodation requests. (Doc. 9 at 6.) Magistrate Judge James upon screening Plaintiff's complaint dismissed all ADA-related claims for failure to state a claim. (Doc. 20.) Plaintiff, in her objections, argues that the "ADA claims are supported by detailed facts and are legally cognizable." (Doc. 21.) Ultimately, Plaintiff fails to address the R&R's reasons for dismissal of her ADA claims.

With regard to the State of Kansas, the extent of Plaintiff's allegations regarding these ADA discrimination claim is as follows: "Defendant State of Kansas is responsible for the acts and omissions of its judiciary, court administrators, and ADA coordinators, operations of its courts and judicial ADA compliance infrastructure, and has failed to ensure access to judicial services for individuals with disabilities." (*Id.* at 3–4.) Otherwise, Plaintiff generally alleges that her requests for accommodations have been denied, lost, destroyed, or otherwise mishandled and she has been excluded from participation in judicial proceedings.

First, the court notes that Congress has abrogated state sovereign immunity regarding Title II of the ADA. *See Board of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001). To state a claim under a failure to accommodate theory, Plaintiff must show (1) she is a qualified individual with a disability; (2) she was "excluded from participation in or denied the benefits of some public entity's services, programs, or activities," and (3) the exclusion or denial of benefits was because of Plaintiff's disability. *Brooks v. Colorado Dep't of Corr.*, 12 F.4th 1160, 1167 (10th Cir. 2021). Plaintiff's conclusory statements fail to plead facts that show Plaintiff has a qualified disability under the ADA, as she merely states she "has a documented and qualified disability." (Doc. 9 at 4.) Additionally, Plaintiff fails to mention any details as to ever making an accommodation request, making denial of such request impossible for this court to infer. Finally,

Case 2:25-cv-02199-JWB-TJJ Document 31 Filed 10/22/25 Page 12 of 17

Plaintiff pleads facts evidencing extensive participation in the state court proceedings, contradicting the requirement that she be excluded from such participation due to her disability.

Plaintiff also raises a claim of retaliation in violation of the ADA. (*Id.* at 6.) However, Plaintiff merely alleges that she was retaliated against through "coercive procedural rulings, canceled hearings, unlawful psychological evaluation demand, and denial of litigation tools such as subpoenas and discovery." (*Id.*) Again, such conclusory statements fail to show any actions taken by the State of Kansas or its actor that could conceivably amount to retaliation. Thus, Plaintiff has failed to state a claim for discrimination or retaliation under the ADA against the State of Kansas.

Plaintiff also brings claims under the ADA against Judges Godderz, Bryant, and Wine. However, "no individual, including a state court judge, may be held liable under Title II of the ADA." *Smith v. Glanz*, 662 F. App'x 595, 597 (10th Cir. 2016). Accordingly, in reviewing Plaintiff's claims de novo pursuant to Fed. R. Civ. P. 72(b)(3), she fails to state a claim of discrimination or retaliation under the ADA against Judges Godderz, Bryant, and Wine.

**3. Failure to State a Claim Under § 1983 (Counts I, IV, V, and VII)**

As an alternative, Plaintiff's § 1983 claims (Counts I, IV, V, and VII) are also deficient for failure to state a claim and thus would be dismissed on that ground. To state a claim under § 1983, Plaintiff must allege the violation of a constitutionally secured right and the "alleged deprivation was committed by a person acting under color of state law." *Gilhaus v. Gardner Edgerton Unified Sch. Dist.*, 138 F. Supp. 3d 1228, 1237 (D. Kan. 2015). In each claim brought under § 1983 in Plaintiff's First Amended Complaint, she merely states Defendants violated her First, Fifth, and Fourteenth Amendment rights. (Doc. 9.) In Plaintiff's objections, she expounds by claiming that her constitutional rights were violated because of "venue fraud, ADA grievances, and retaliatory

judicial conduct" based on Judge Wine's "failure to intervene [and] recuse" himself." (Doc. 21 at 10, 12). In either instance, Plaintiff fails to plead any facts beyond vague, conclusory allegations that would support these claims. Accordingly, all of Plaintiff's claims brought under § 1983 are dismissed.

#### 4. Equitable Relief Claims Stemming from Plaintiff's Proceedings in Anderson County District Court Regarding Her Divorce, Child Custody, and Support

Plaintiff's first amended complaint alleges judicial manipulation, ADA exclusion, and fraudulent procedural sabotage that was designed to strip her of parental rights and limit her access to justice. (Doc. 9 at 1, 2, 8, 9.) Magistrate Judge James recommended dismissal based on principles of *Younger* Abstention, concluding that the relief Plaintiff seeks is more appropriately pursued in state court. (Doc. 20 at 3–7.) In Plaintiff's objection, she fails to address the *Younger* abstention doctrine. (Doc. 20.) Instead, she continues to rehash allegations of perceived jurisdictional defects and procedural irregularities in the underlying Anderson County custody and divorce proceedings. (*Id.*) Ultimately, Plaintiff fails to address the R&R's reasons for dismissal. Therefore, the court finds that she has waived this issue by not specifically addressing it. Nevertheless, the court briefly addresses it.

Under the *Younger* doctrine, a federal court is generally required to abstain from interfering with ongoing state legal proceedings. *Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com.*, 240 F.3d 871, 874-75 (10th Cir. 2001) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). It applies when: (1) a state criminal, civil, or administrative proceeding is pending;[7] (2) the state court provides an adequate forum to hear the claim raised in the federal complaint; and (3) the

[7] The reference point for determining if a plaintiff filed her federal complaint during an ongoing state proceeding is the filing date of the complaint. *Dauwe v. Miller*, 364 F. App'x 435, 437 (10th Cir. 2010) (citing *Bettencourt v. Bd. of Registration In Med.*, 904 F.2d 772, 777 (1st Cir. 1990)).

state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Phillips v. Martin*, 315 F. App'x 43, 44 (10th Cir. 2008) (citation omitted).

However, the Supreme Court has limited the application of *Younger* to three categories: (1) criminal prosecutions; (2) certain "civil enforcement proceedings;" and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989). These categories have subsequently been referred to as the "*Sprint* categories" because "the Supreme Court's opinion in *Sprint* said that *Younger* abstention does not extend beyond these categories." *Bellinsky v. Galan*, No. 24-1351, 2025 WL 2047809, at *3 (10th Cir. July 22, 2025) (citing *Sprint*, 571 U.S. at 78). The Tenth Circuit recently noted that "only if the state court proceeding falls within one of" these *Sprint* categories, then a court may assess the *Younger* abstention elements. *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024). Here, the state court proceedings in Plaintiff's case involve her "divorce, custody, and support matters" and she seeks "enforcement of [her] court-ordered alimony and child support." (Doc. 9 at 4, 8.) Thus, Plaintiff's suit concerns child support, child custody, and other domestic relation matters currently being adjudicated by a state court.[8]

In looking at the *Sprint* categories, there is no indication that the child support or other domestic relations matters relate to a criminal prosecution, thus the first exception does not apply. *See Covington*, 2025 WL 1448661, at *5 (stating that "[t]he first category does not apply because

[8] The type of injunctive relief requested by Plaintiff is not completely clear. However, the court believes this construction to be most likely based on the entirety of the complaint. (*See* Doc. 9.) To the extent Plaintiff seeks this court to review the state court orders or overrule them, such actions are barred by the domestic-relations exception to federal court jurisdiction. *See Alfaro v. County of Arapahoe*, 766 F. App'x 657, 660 (10th Cir. 2019) (holding that the domestic-relations exception applied where the plaintiff asked the federal court to "scrutinize[ ]" the "legal merits" of "each order" in the state court divorce and child-custody proceedings).

Case 2:25-cv-02199-JWB-TJJ Document 43-10 Filed 01/29/26 Page 15 of 17

the state [domestic relations] case is not a criminal prosecution"). The second exception is not applicable because "domestic relations proceedings are not civil enforcement proceedings brought by state actors." *Id*.

Plaintiff's current case, however, falls squarely into the third *Sprint* category. The third category, in short, includes "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function." *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc*., 98 F.4th 1307, 1317 (10th Cir. 2024) (citing *Graff v. Aberdeen Enterprizes, II, Inc*., 65 F.4th 500, 522 (10th Cir. 2023) (internal quotation marks and brackets omitted). Federal courts have repeatedly held that child support, alimony, and similar domestic relations orders fall into this third *Sprint* category. *See, e.g.*, *Stephens v. Child Support Servs. of Okla. Dep't of Human Servs.*, No. 24-cv-216-JDR-CDL, 2025 WL 1194950, at *4 (N.D. Okla. Apr. 25, 2025) ("Although [the plaintiff] does not directly challenge any state-court orders pertaining to divorce in her motion, she does contest the seizure of funds to pay a child-support award and she disputes the power and authority of those involved in the state-court proceedings."); *Hawkins v. Region 8 IV-D Agency*, No. 24-CV-02802-GPG-KAS, 2025 WL 2197307, at *4 (D. Colo. July 29, 2025) (applying *Younger* where plaintiff sought relief from the state courts orders involving alimony and child support); *Hayes v. Ibarra et al.*, No. CIV 25-0783 JB/LF, 2025 WL 2817962, at *1 (D.N.M. Oct. 3, 2025) (applying Younger where plaintiff "alleges the court took his parental rights."). Accordingly, the current matter falls in the third Sprint category and the *Younger* elements can be assessed.[9]

---

[9] The Tenth Circuit recently rejected application of *Younger* in a similar context, i.e., where a "domestic relations case regarding [the parties'] marriage dissolution and parenting of their children[.]" *See Covington v. Humphries*, No. 24-1158, 2025 WL 1448661, at *1 (10th Cir. May 19, 2025). There, the Circuit held "[t]he July 2022 order address[ing] a parenting time dispute . . . [did] not concern the state court's ability to enforce compliance with judgments already made." *Id.* at *5 (internal citations, quotation marks, and brackets omitted). However, the Circuit specifically noted that *Younger* still applies to some state court domestic relations cases, so long as they "fall into a *Sprint* category." *Id.* at *5 n.10. Here, Plaintiff alleges she "has been denied enforcement of court-ordered alimony and child support."

Now to the *Younger* elements. Here, Plaintiff filed her federal complaint on April 14, 2025. (Doc. 1.) While Plaintiff does not affirmatively state that her state case is ongoing, the court's independent review of the publicly available docket in the state court case reveals 31 docket entries, with the most recent occurring on October 16, 2025, entered after April 14, 2025.[10] Thus, there is no question that the state proceedings were ongoing at the time Plaintiff filed her complaint in federal court. (*See* Doc. 1.) The first *Younger* factor is met.

Plaintiff has not demonstrated why Kansas state court is an inadequate forum to raise her claims—which is her burden. *Morkel v. Davis*, 513 Fed. App'x 724, 728 (10th Cir. 2013). Plaintiff states that her constitutional rights and ADA protections have been violated. Plaintiff does not provide any authority that would support a conclusion the state court could not entertain these constitutional or statutory claims. In fact, state courts have been found adequate forums for federal constitutional claims. *See id.* (finding state court adequate forum for raising constitutional claims). The second *Younger* factor is met.

Lastly, Plaintiff's federal claims also derive from her child custody proceedings in Anderson County District Court. According to the Tenth Circuit, domestic relations involving husband and wife, parents and children, and relatedly, child custody disputes implicate important state interests. *Thompson v. Romeo*, 728 F. App'x 796, 798 (10th Cir. 2018) ("Of course, the state proceedings at issue in this case implicate important state interests: '[t]he whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the States and not the laws of the United States.'") (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992)); *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well-established that federal courts lack

---

(Doc. 9 at 8.) Such requests for injunctive relief appear to go directly to the mechanisms through which the state court manages and enforces its child support proceedings.

[10] *See In the Matter of the Marriage of Jonathan David Lawson v. Angeliina Lynn Lawson*, Case No. 2020-DM-000131.

jurisdiction over the whole subject of the domestic relations of husband and wife, and parent and child." (brackets and internal quotation marks omitted)). The third *Younger* factor is met, rendering application of the doctrine proper.

Therefore, the *Younger* abstention doctrine properly applies to Plaintiff's claims against state court Judges Godderz, Wine, and Bryant seeking equitable relief stemming from her family law proceedings in Anderson County District Court. Accordingly, all Plaintiff's claims for equitable relief are dismissed.

## IV. Conclusion

THEREFORE, Plaintiff's motions are DENIED (Docs. 24, 28) and the court ADOPTS the R&R (Doc. 20) and DISMISSES the instant action. Thus, Plaintiff's remaining pending motions (Docs. 29, 31) are DENIED AS MOOT.

IT IS SO ORDERED. Dated this 29th day of October, 2025.

__s/ John W. Broomes__________________
JOHN W. BROOMES
CHIEF UNITED STATES DISTRICT JUDGE

Exhibit J

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,

Plaintiff,

v.

ERIC W. GODDERZ, et al.,

Defendants.

Case No. 2:25-cv-02199

TRIAL BY JURY DEMANDED

NOTICE OF APPEAL

Notice is hereby given that Plaintiff Angeliina Lynn Lawson, proceeding pro se and in forma pauperis, hereby appeals to the United States Court of Appeals for the Tenth Circuit from the following:

1. The Memorandum and Order entered on October 29, 2025 (ECF 33), denying Plaintiff's Motion for Protective Reassignment (ECF 24), denying Plaintiff's Motion to Vacate the Strike of Supplemental Pleading (ECF 28), adopting the Report and Recommendation (ECF 20), and dismissing the case in full;
2. The associated Clerk's Judgment entered the same day, October 29, 2025 (ECF 34);

3. All underlying orders, omissions, and procedural inactions that led to the constructive denial of Plaintiff's constitutional, statutory, and ADA rights, including the Court's failure to rule on:
   - Plaintiff's Motion for TRO (ECF 5),
   - Petition for Habeas Corpus and Emergency Relief (ECF 15),
   - Motion to Expedite TRO (ECF 17),
   - Motion to Show Cause (ECF 31), and
   - Failure to issue summons under Rule 4(c)(3) despite IFP being granted (ECF 19).

This appeal includes issues related to structural judicial bias, ADA retaliation, suppression of filings, improper post-referral rulings by Magistrate Judge Teresa J. James, and violations of Plaintiff's rights under the First, Fifth, and Fourteenth Amendments, and Title II of the Americans with Disabilities Act.

Plaintiff preserves all rights under 28 U.S.C. §§ 1291, 1292(b), and 1651, Fed. R. Civ. P. 60(b), and the Constitution of the United States.

Respectfully submitted, Dated: October 29, 2025

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson, Pro Se

1914 5th Avenue, Leavenworth, KS 66048

CERTIFICATE OF SERVICE

I certify that on October 29, 2025, I filed the foregoing Notice of Appeal with the Clerk of the Court using the CM/ECF system. No defendants have been served in this matter due to the Court's failure to issue summons under Fed. R. Civ. P. 4(c)(3); therefore, no further service is required at this time.

/s/ Angeliina Lynn Lawson

Angeliina Lynn Lawson

Exhibit K

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 17, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ANGELIINA LYNN LAWSON,

Plaintiff - Appellant,

v.

ERIC W. GODDERZ, et al.,

Defendants - Appellees.

No. 25-3198
(D.C. No. 2:25-CV-02199-JWB-TJJ)
(D. Kan.)

---

**ORDER**

---

Before **TYMKOVICH**, **McHUGH**, and **FEDERICO**, Circuit Judges.

---

Appellant's petition for rehearing is denied.

The petition for rehearing en banc was transmitted to all of the judges of the court who are in regular active service. As no member of the panel and no judge in regular active service on the court requested that the court be polled, that petition is also denied.

Entered for the Court

Per Curiam

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Angeliina Lynn Lawson (angeliinacourtrecords@gmail.com), Chief
District Judge John W. Broomes (joyce_roach@ksd.uscourts.gov,
ksd_broomes_chambers@ksd.uscourts.gov), Magistrate Judge Teresa J James
(ksd_james_chambers@ksd.uscourts.gov)
--Non Case Participants: Stephen O. Phillips (steve.phillips@kscourts.org)
--No Notice Sent:

Message-Id:6771340@ksd.uscourts.gov
Subject:Activity in Case 2:25-cv-02199-JWB-TJJ Lawson v. Godderz et al Order on Motion for
Relief
```
Content-Type: text/html

**U.S. District Court**

**DISTRICT OF KANSAS**

## Notice of Electronic Filing

The following transaction was entered on 9/22/2026 at 3:26 PM CDT and filed on 9/22/2026

| | |
|---|---|
| **Case Name:** | Lawson v. Godderz et al |
| **Case Number:** | 2:25-cv-02199-JWB-TJJ |
| **Filer:** | |
| **WARNING: CASE CLOSED on 10/29/2025** | |
| **Document Number:** | 42(No document attached) |

**Docket Text:**
**ORDER: Before the court is Plaintiff's motion for relief from judgment under Fed. R. Civ. P. 60(b). (Doc. 40.) The court previously dismissed this action and the Tenth Circuit affirmed. (Docs. 33, 34, 41.) Upon reviewing Plaintiff's motion, she effectively seeks to reopen a final, affirmed judgment so that she may file a supplemental pleading. Rule 60(b) is not a mechanism for circumventing an adverse judgment that has been affirmed on appeal under the circumstance Plaintiff seeks. Plaintiff's motion (Doc. 40) is DENIED Entered by Chief District Judge John W. Broomes on 09/22/2026. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (jmr)**

**2:25-cv-02199-JWB-TJJ Notice has been electronically mailed to:**

Angeliina Lynn Lawson angeliinacourtrecords@gmail.com

**2:25-cv-02199-JWB-TJJ Notice has been delivered by other means to:**

=BĀH<9ĀIB=H98ĀGH5H9GĀ8=GHF=7HĀ7CIFHĀ

:CFĀH<9Ā8=GHF=7HĀC:Ā?5BG5GĀ

5B;9@==B5Ā@MBBĀ@5KGCB$Ā

DZOW\bWTT$Ā

d&ĀĀ

9F=7ĀK&Ā;C889FN3ĀGH5H9ĀC:Ā?5BG5G3Ā

H5M@CFĀ>&ĀK=B93ĀO\RĀ>C<BĀ6FM5BH$Ā

8STS\RO\ba&Ā

7OaSĀB]&Ā*2*-%Qd%(*)11%>K6%H>>ĀĀ

D@5=BH=::!GĀFI@9Ā-1"S#ĀACH=CBĀHCĀ5@H9FĀCFĀ5A9B8ĀG9DH9A69FĀ**$Ā*

CF89FĀ"97:ĀBC&Ā,*#Ā89BM=B;ĀFI@9Ā.(ĀF9@=9:Ā5B8ĀA9ACF5B8IAĀ=BĀGIDDCFHĀ

DZOW\bWTTĀ5\USZWW\OĀ@g\\Ā@Oea]\$Ā^`]QSSRW\UĀ^`]ĀaS$ĀaSSYaĀ`SZWSTĀc\RS`ĀF&Ā7Wd&Ā

D&Ā-1"S#ĀO\RĀ8&Ā?O\&ĀFcZSĀ/&+Āb]ĀOZbS`Ā]`ĀO[S\RĀbVSĀ7]c`b!aĀ]`RS`ĀRS\gW\UĀDZOW\bWTT!aĀ

A]bW]\ĀT]`ĀFSZWSTĀT`][Ā>cRU[S\bĀc\RS`Ā:SR&ĀF&Ā7Wd&ĀD&Ā.(&Ā97:ĀB]&Ā*2&Ā

DZOW\bWTTĀaSSYaĀQ]``SQbW]\Ā]TĀOĀRWaQ`SbSĀZSUOZĀS``]`ĀW\ĀbVSĀ7]c`b!aĀ]`RS`ĀO\RĀ`SQ]\aWRS`ObW]\Ā]TĀbVSĀ7]c`bĀ

RS\WSRĀFcZSĀ.(Ā`SZWSTĀPSQOcaSĀbVSĀc\RS`ZgW\UĀXcRU[S\bĀWaĀd]WRĀO\RĀO^^SOZĀ

O\RĀQVO`OQbS`WhSRĀDZOW\bWTT!aĀ[]bW]\ĀOaĀO\ĀObbS[^bĀb]ĀOd]WRĀbVSĀXcRU[S\b&Ā

6W\RW\UĀGc^`S[SĀ7]c`bĀOcbV]`WbgĀO\RĀQ]\b`]ZZW\UĀbVSĀ7]c`bĀaV]cZRĀObĀZSOabĀ]`RS`ĀbVObĀ^`W]`Ā

O^^SZZObSĀOTTW`[O\QSĀWaĀ\]b$ĀabO\RW\UĀOZ]\S$ĀOĀPOaWaĀT]`ĀRS\gW\UĀQ]\aWRS`ObW]\Ā]TĀ

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

S``]`Ā]`ĀOĀ[WaO^^`SVS\aW]\Ā]TĀbVSĀQ]\b`]ZZW\UĀZObSĀSTTSQbWdSZgĀOaYaĀbVSĀ7]c`b

c\RS`ĀFcZSĀ-1"S#Āb]Ā`SQ]\aWRS`ĀbVSĀZSUOZĀ^`S[WaSĀ]TĀbVSĀ]`WUW\OZĀ^]aWbW]\&Ā

=&ĀFI@9Ā-1"S#ĀGH5B85F8Ā

)& FcZSĀ-1"S#Ā^S`[WbaĀOĀQ]c`bĀb]ĀOZbS`Ā]`ĀO[S\RĀOĀXcRU[S\b&Ā

*& HVSĀHS\bVĀ7W`QcWbĀ`SQ]U\WhSaĀbV`SSĀ^`W\QW^OZĀU`]c\RaĀT]`ĀaQVĀ[]bW]\

Q]\b`]ZZW\UĀZOe3Ā^`SdW]caZgĀc\OdOWZOPZSĀ\SeĀSdWRS\QSĀO\RĀbVSĀ\SSRĀb]ĀQ]``SQbĀQZSO`ĀS``]`Ā]`Ā

^`SdS\bĀ[O\WTSabĀW\XcabWQS&Ā

*19EI5AGFĀB:ĀG<9Ā/5E57?9GĀ*$ĀTRĀ)((-$Ā)()*Ā")(bVĀ7W`&Ā*(((#&Ā*

+& FSQ]\aWRS`ObW]\ĀWaĀ^O`bWQcZO`ZgĀO^^`]^`WObSĀeVS`SĀbVSĀQ]c`bĀVOaĀ

TOQba$ĀOĀ^O`bg!aĀ^]aWbW]\$Ā]`ĀbVSĀQ]\b`]ZZW\UĀZOe&ĀĀ

,& GSSĀOZa]Ā*FBAĀI"Ā%=GKĀB:Ā#?6ĀAH9ĀE&H9ĀRĀ1*-$Ā1*1Ā")(bVĀ7W`&Ā*()1#&Ā

-& DZOW\bWTTĀ`SZWSaĀSfQZcaWdSZgĀ]\ĀbVSĀbVW`RĀU`]c\RĀ]TĀFcZSĀ-1"S#ĀO\RĀ

^`SdS\bW]\Ā]TĀ[O\WTSabĀW\XcabWQSĀ`SacZbW\UĀT`][ĀbVSĀQ]c`b!aĀTOWZc`SĀ`cZSĀ

b]Ā97:ĀB]&Ā,(&Ā

.& HVSĀOcbV]`WbWSaĀORR`SaaSRĀPSZ]eĀQ]\QS`\ĀbVSĀZSUOZĀWaacSaĀ`OWaSRĀW\Ā

97:ĀB]&Ā,(&Ā

==&Ā97:ĀBC&Ā,*Ā5DD@=98Ā5ĀH<F9G<C@8ĀFI@9ĀH<5HĀH<9ĀH9BH<Ā7=F7I=HĀ

=BĀ*%0.4Ā20)$'* Ā

/& 97:ĀB]&Ā,*ĀabObSaĀbVObĀbVSĀ]`WUW\OZĀXcRU[S\bĀOaĀbVSĀW[Qc`ĀPgĀbVSĀ Q]\QZcRSaĀbVObĀFcZSĀ.(ĀWaĀ\]bĀOĀ[SQVO\Wa[ĀT]`ĀQW`Qc[dS\bW\UĀbVSĀc\RS`Ā bVSĀQW`Qc[abO\QSaĀDZOW\bWTTĀ^`SaS\bSR&Ā

0& 6cbĀ^`W]`ĀO^^SZZObSĀOTTW`[O\QSĀR]SaĀ\]bĀQObSU]`WQOZZgĀ`cZSĀ]cbĀFcZSĀ.(ĀaS

1& =\ĀG5A85E8Ā.=?Ā%B"ĀB:Ā%5?=:BEA=5ĀI"Ā$Ā)*G88Ā(&G9Ā")1/.#$ĀbVSĀGc^`S[SĀ 7]c`bĀQ]\aWRS`SRĀ^`SQWaSZgĀeVSbVS`ĀOĀRWab`WQbĀQ]c`bĀQOcZRĀ`SZWSTĀOTbS`ĀbVSĀ c\RS`ZgW\UĀXcRU[S\bĀVORĀOZ`SORgĀPSS\ĀOTTW`[SR&Ā

)(& 2<9Ā1HCE9@9Ā%BHEGĀ<9?8ĀG<5HĀ"ZOW\SRĀbVObĀO\ĀO^^SZZObSĀ[O\RObSĀ `SZObSaĀb]ĀbVSĀ`SQ]`RĀO\RĀWaacSaĀ^`SdW]caZgĀRSQWRSRĀOaĀO\Ā \SQSaaO`WZgĀRWa^]aSĀ]TĀZObS`Ā[ObbS`aĀ^`]^S`ZgĀ^`SaS\bSRĀOĀFcZSĀ).

))& HVSĀHS\bVĀ7W`QcWbĀacPaS_cS\bZgĀabObSRĀb]ĀbVSĀ5ES'ĀdĀ%<5A8?9E V]ZRW\UĀbVObĀOĀRWab`WQbĀQ]c`bĀ`SbOW\aĀOcbV]`Wbg\ĀbVSĀHS\bVĀ 7W`QcWbĀVOaĀ`Sa]ZdSRĀO\ĀO^^SOZ&Ā-/-Ā:&*RĀ)+**ĀA#&ĀĀ")(bVĀ7W`&Ā

)*& A]abĀW[^]`bO\bZg$ĀbVSĀHS\bVĀ7W`QcWbĀORR`SaaSRĀbVWaĀ`SZObW]\aVW^ĀW\Ā7`]eĀ H`WPSĀ]TĀ=\RWO\aĀd&ĀFS^aWa$Ā/,Ā:&,bVĀ)*(0Ā")(bVĀ7W`&Ā*(*+#&Ā

)+& HVS`S$ĀO\ĀSO`ZWS`ĀTSRS`OZĀXcRU[S\bĀVORĀPSS\ĀOTTW`[SRĀ]\ĀO^^SOZ&ĀUVbĀ FcZSĀ.(Ā`SZWST&Ā

),& HVSĀRWab`WQbĀQ]c`bĀRSQZW\SRĀb]ĀQ]\RcQbĀbVSĀOZZSUSRĀFcZSĀ.(ĀPSZWSdSRĀ bVSĀSO`ZWS`ĀO^^SZZObSĀRWa^]aWbW]\ĀRS^`WdSRĀWbĀ]TĀXc`WaRWQbW]\&Ā

)-& HVSĀHS\bVĀ7W`QcWbĀ`SdS`aSR&Ā

).& %EBJĀ2E=?9f^`SaaZgĀVSZRĀbVObĀOĀRWab`WQbĀQ]c`bĀ`SbOW\aĀOcbV]`WbgĀb]ĀO^^ RWa^]aWbW]\ĀOaĀObĀbV`SaV]ZRĀbSabĀT]`ĀeVSbVS`ĀWbĀQO\ĀQ]\aWRS`ĀOĀFcZSĀ.( **&Ā

)/& HVSĀHS\bVĀ7W`QcWbĀVSZRĀbVObĀbVSĀRWab`WQbĀQ]c`bĀVORĀQ]`SQbZgĀRSQZW\SRĀbVSĀaO[SĀ

c\RS`ĀbVSĀU]dS`\W\UĀFcZSĀ.(ĀabO\RO`Ra&Ā

)0&%EBJĀ2E=69 ĀFc`bVS`ĀSf^ZOW\SRĀbVObĀ\SWbVS`ĀZOeĀ]TĀbVSĀQOaSĀ\]`ĀbVSĀ[O\RObSĀ

Xc`WaRWQbW]\OZ&ĀFObVS`$ĀbVSĀ[O\RObSĀ`cZSĀ

ObĀ)**)&Ā

)1&HVSĀHS\bVĀ7W`QcWbĀbVS`ST]`SĀdOQObSRĀbVSĀRS\WOZĀ]TĀbVSĀ[]bW]\ĀQ]c`bĀ

Q]cZRĀQ]\RcQbĀbVSĀFcZSĀ.(Ā[S`WbaĀO\OZgaWaĀW&ĀbVSĀTW`abĀW\abO\QS

*(&HVSĀV]ZRW\UĀ`SZSdO\b2ĀO\ĀOTTW`[SRĀXcRU[S\bĀ]`ĀbVSĀZOeĀ]TĀbVSĀQOaSĀ]\Āb]Ā

RSQZW\SĀb]ĀQ]\RcQbĀbVSĀFcZSĀ.(ĀO\OZgaWa&Ā

*)&97:ĀB]&Ā,*ĀWRS\bWTWSaĀ\]ĀW\RS^S\RS\bĀFcZSĀ.("P#"##ĀĀFcZSĀ("PaWaĀT]`Ā

RS\WOZ&Ā=baĀabObSRĀ`ObW]\OZSĀ`SZWSaĀ]\ĀbVSĀ

`S_cSabSRĀ`SZWSTĀ]`ĀbVSĀXcRU[S\b&Ā

**&1\RS`Ā1G5A85E8Ā$ABC!*9G$ĀO\RĀ^O`bWQcZO`Zg%EBJĀ2E=69ĀbVObĀ^`S[WaSĀR]SaĀ\]bĀ

acPabWbcbSĀT]`ĀbVSĀFcZSĀ.(Ā[S`WbaĀO\OZgaWa&Ā

===&Ā97:ĀBC&Ā,*Ā5@GCĀA=G5DDF9<9B898ĀH<9ĀF9@=9:ĀD@5=BH=::ĀG7A5@

F9EI9GH98Ā=BĀ97:ĀBC&Ā,(Ā

*+&FcZSĀ-1"S#Ā^S`[WbaĀ`SQ]\aWRS`ObW]\ĀeVS`SĀbVSĀ7]c`bĀVOaĀ[WaO^^`SVS\RSRĀOĀ

^]aWbW]\&A5AGFĀB:ĀG<9Ā5ES7*9G&+RĀObĀ)()*&Ā

*,&97:ĀB]&Ā,*ĀQVO`OQbS`WhSaĀ97:ĀB]&Ā,(ĀOaĀSTTSQbWdSZgĀVOdW\UĀ`SQSWdSRĀOĀ

XcRU[S\bĀa]ĀbVObĀDZOW\bWTTĀ[OgĀTWZSĀOĀac^^ZS[S\bOZĀ^ZSORW\U&Ā

*-&HVObĀRSaQ`W^bW]\ĀQO^bc`SaĀ]\ZgĀbVSĀ`S_cSabSRĀ^]ab"XcRU[S\bĀ`SZWST$ĀU`]c\RaĀ

DZOW\bWTTĀOaYSRĀbVSĀ7]c`bĀb]ĀORXcRWQObS&Ā

*.&97:ĀB]&Ā,(ĀSf^`SaaZgĀW\d]YSRĀbe]ĀW\RS^S\RS\bĀFcZSĀ.(ĀU`]c\Ra2Ā

O&ĀFcZSĀ.("P#",#ĀjĀeVSbVS`ĀbVSĀXcRU[S\bĀeOaĀS\bS`SRĀ [illegible] ĀeWbVĀ

Q]\abWbcbW]\OZĀRcSĀ^`]QSaa3ĀO\RĀ

P&ĀFcZSĀ.("P#".#ĀjĀeVSbVS`ĀbVSĀQc[cZObWdSĀ^`]QSRc`OZĀ [illegible] ĀSfb`O]`RW\O`gĀ

QW`Qc[abO\QSaĀeO``O\bW\UĀS_cWbOPZSĀ`SZWST&Ā

*/&HVSĀ`S_cSabSRĀ]^^]`bc\WbgĀb]ĀaSSYĀac^^ZS[S\bOZĀ [illegible] ST]`SĀbVSĀ

^`]^]aSRĀ`S[SRgĀT]ZZ]eW\UĀFcZSĀ.(Ā`SZWST$Ā\]bĀbV [illegible] ZSĀ.(Ā`SZWSTĀ

eOaĀa]cUVb&Ā

*0&97:ĀB]&Ā,*ĀRWRĀ\]bĀORR`SaaĀbVObĀRWabW\QbW]\&Ā

*1&6SQOcaSĀbVSĀ7]c`bĀO^^SO`aĀb]ĀVOdSĀ`SRcQSRĀbVSĀ [illegible] PbOW\Ā

ZSOdSĀb]Āac^^ZS[S\bĀOTbS`ĀZ]aW\UĀ]\ĀO^^SOZ$Ā [illegible] W\Ā]TĀ

bVObĀ[WaO^^`SVS\aW]\Āc\RS`ĀFcZSĀ-1"S#&Ā

=J&ĀH<9ĀFI@9Ā.("P#",#Ā;FCIB8ĀF9EI=F98Ā5DD@=75H=CBĀC:ĀH<9Ā8= [illegible] C=8Ā

>I8;A9BHĀGH5B85F8Ā

+(&DZOW\bWTT!aĀFcZSĀ.(Ā[]bW]\ĀaS^O`ObSZgĀW\d]YSRĀFcZSĀ.("P#",#&Ā

+)&FcZSĀ.("P#",#Ā^`]dWRSaĀ`SZWSTĀeVS`SĀbVSĀXcRU[S\bĀWaĀd]WR&Ā

+*&FcZSĀ.("P#",#ĀR]SaĀO^^ZgĀW\ĀbVSĀ`O`SĀQW`Qc[abO\ [illegible] ĀO

Tc\RO[S\bOZĀXc`WaRWQbW]\OZĀRSTSQbĀ]`ĀeVS`SĀb [illegible] Ā

Q]\abWbcbW]\OZZgĀORS_cObSĀ\]bWQSĀ]`ĀO\Ā]^^]`bc [illegible] *8Ā(HA8F Ā

*)A7"ĀI"Ā'FC=Ā* [illegible] 1ĀI&G&Ā*.($Ā*/(i/*Ā"*()(#&Ā

++&cSĀ^`]QSaaĀ`S_cW`SaĀOĀ[SO\W\UTcZĀ]^^]`bc\WbgĀb]ĀPSĀVSO`R&ĀASSĀ0(Ā

I&G&Ā-,-$Ā--*Ā")1.-#&Ā

+,&DZOW\bWTT!aĀ97:ĀB]&Ā,(ĀOaYSRĀbVSĀ7]c`bĀb]ĀRSbS`[W\SĀeVSbVS`ĀbVSĀ[ObbS`ĀQ]cZRĀPSĀ`SaObWdSĀ

^`]QSRc`SĀac``]c\RW\UĀ97:ĀB]a&Ā++i+,ĀaObWaTWSRĀbVSĀQ]\RWbW]\a&Ā

+-&FObVS`$Ā97:ĀB]&Ā,(ĀWRS\bWTWSRĀbVSĀQ][PW\SRĀQW`Qc[abO\QSaĀ]T2Ā

O&Ā=:DĀOcbV]`WhObW]\3Ā

P&ĀeWbVVSZRĀaS`dWQS3Ā

Q&ĀOPaS\QSĀ]TĀO\gĀ8STS\RO\bĀ]`ĀORdS`aO`WOZĀ[]bW]\3Ā

R&ĀDZOW\bWTT!aĀ]PXSQbW]\aĀb]ĀbVSĀF F3Ā

S&ĀDZOW\bWTT!aĀObbS[^bĀb]Ā^ZOQSĀZObS`%]QQc``W\UĀSdS\baĀPST]`SĀb

T&Āab`WYW\UĀ]TĀbVSĀObbS[^bSRĀFcZSĀ)-"R#ĀTWZW\U3Ā

U&ĀDZOW\bWTT!aĀ[]bW]\ĀQVOZZS\UW\UĀbVSĀab`WYS3Ā

V&Ā^S\RW\UĀOQQSaaĀO\RĀS[S`US\QgĀTWZW\Ua3ĀO\RĀ

W&ĀTW\OZĀRWa[WaaOZĀPST]`SĀORdS`aO`WOZĀ^`]QSSRW\UaĀPSUO\&Ā

+.&97:ĀB]&Ā,*ĀR]SaĀ\]bĀRSbS`[W\SĀeVSbVS`ĀbV]aSĀQW`Qc[abO\QSaĀaObWaTgĀ

FcZSĀ.("P#",#ĀabO\RO`R&Ā

+/&=\abSOR$ĀWbĀRS\WSaĀFcZSĀ.(Ā`SZWSTĀPSQOcaSĀbVSĀ[ObbS`ĀeOaĀ`Sa]ZdSRĀ]\ĀbVSĀ[S`Wba&Ā

+0& HVWaĀRWabW\QbW]\ĀWaĀ^O`bWQcZO`ZgĀaWU\WTWQO\bĀW\ĀbVSĀQ]\bSfbĀ]T

FcZSĀ.("P#",#Ā`SZWSTĀRSĀ\]d]&Ā7SSĀ G5G9FĀI"$Ā$H7=:&+RĀ)++.$Ā)+,,Ā")(bVĀ7W`&Ā

*((*#3Ā @B7BĀ.=?Ā%B"ĀI"$ĀA#+)Ā:&+RĀ.1,$Ā.1/Ā")(bVĀ7W`&Ā*(((#&Ā

+1& DZOW\bWTTĀQ]\bS\RaĀbVObĀbVSĀRS\WOZĀaV]cZRĀ]]SaĀcS\QSĀQ`WbSW`WO]\ĀQO\bW`[SĀ

.("P#",#ĀabO\RO`RĀ`ObVS`ĀbVO\ĀbVSĀZSUOZZgĀRWabW\QbĀ`SZWST]TĀbVSĀ^]ZWQgĀW\UĀ

XcRU[S\bĀeOaĀ^`SdW]caZgĀOTTW`[SR&Ā

J&ĀH<9Ā7CIFHĀG<CI@8Ā@=?9K=G9Ā9L9F7=G9Ā=HGĀFI@9Ā.("P#".#Ā8=G7F9H=CB

IB89FĀH<9Ā7CFF97HĀGH5B85F8Ā

,(& 97:ĀB]&Ā,(ĀaS^O`ObSZgĀW\d]YSRĀFcZSĀ.("P#".#&Ā

,)& FcZSĀ.("P#".#Ā^S`[WbaĀ`SZWSTĀT`]ĀO\gĀ]bVS`Ā`SOa]\ĀbVObĀXcabWTWSaĀ`SZWST&ĀW`SaĀ

Sfb`O]`RW\O`gĀQW`Qc[abO\QSa&Ā

,*& DZOW\bWTTĀ`SQ]U\WhSaĀbVObĀFcZSĀ.("P#".#ĀWaĀOĀQObQV%OZZĀ^`]dWaW]\ĀbVObĀ[cabĀPSĀcaSRĀOaĀOĀ

acPabWbcbSĀT]`ĀRW`SQbĀO^^SOZ&Ā

,+& 6cbĀ%EBJĀ2E=6ĀWaĀSa^SQWOZZgĀ`SZSdO\bĀb]ĀbVSĀ[O\\S`ĀW\ĀeVWQVĀbVSĀRSbS`[W\O

[ORS&Ā

,,& HVSĀHS\bVĀ7W`QcWbĀVSZRĀbVObĀOĀRWab`WQbĀQ]c`bĀRWaQ`SbW]\ĀcaSaĀFcZSĀ

.(Ā`cZW\UĀ`SabaĀc^]\ĀO\ĀS``]\S]caĀdWSeĀ]TĀbVSĀZOeĀ]`ĀOĀQZSO`ZgĀS``]\S]caĀOaaSaa[S\bĀ]TĀbVSĀ

RWaQ`SbW]\ĀFcZSĀ.(ĀOaaWU\aĀWb&Ā

,-& HVSĀQ]c`bĀbVS`ST]`SĀ`S[O\RaĀbVSĀ[ObbS`ĀbVSĀRWab`WQbĀQ]c`b$Ā\]bĀbVSĀQ]c`bĀ]TĀ

O^^SOZa$Āb]ĀRSbS`[W\SĀbVSĀFcZSĀ.(Ā[S`WbaĀW\ĀbVSĀTW`abĀW\abO\QS&

,.& DZOW\bWTTĀ`Sa^SQbTcZZgĀ`S_cSabaĀbVSĀaO[SĀ^`]QSRc`SĀVS`SĀQ]\aWabS\bĀeWbVĀb]Ā]``SQbW]\

,/& HVSĀ7]c`bĀ[OgĀcZbW[ObSZgĀRSbS`[W\SĀbVObĀbVSĀQW`Qc[abO\QSaĀ`SaW]\RS&Ā,(ĀO`SĀ

\]bĀSfb`O]`RW\O`gĀS\]cUVĀb]ĀaObWaTgĀFcZSĀ.("P#".#&Ā

,0&6cbĀbVObĀRSbS`[W\ObW]\ĀaV]cZRĀT]ZZ]eĀO^^ZWQObW]\Ā]TĀbVSĀ`cZSĀb]ĀbVSĀTOQbaĀO\RĀQZcRW\UĀ

Q]\aWRS`ObW]\Ā]TĀeVSbVS`ĀO\gĀOaaS`bSRĀQW`Qc[abO\QSaĀO`SĀ[O`S]bSĀ`cZSĀ

O\RĀeVSbVS`ĀO\gĀO`SĀW\RS^S\RS\bĀ]TĀ[ObbS`aĀ^`SdW]caZgĀRSbS`[W\SR&Ā

,1&97:ĀB]&Ā,*ĀR]SaĀ\]bĀ^`SaS\bZgĀQ]\bOW\ĀbVObĀO\OZgaWa&Ā

-(&*%EBJĀ2E=*6S*f^`SaaZgĀ^`SaS`dSaĀbVSĀ[O\RObSĀ`cZSĀeVWZSĀV]ZRW\UĀbVSĀbW[W\UĀ]TĀbVSĀ[O

^O`bĀ]TĀbVSĀFcZSĀ.(Ā[S`WbaĀW_cW`gĀ`ObVS`ĀbVO\ĀQ]\bW\cW\UĀO^^ZWQObW]\ĀXc`WaRWQbW]\&Ā

-)&DZOW\bWTTĀbVS`ST]`SĀOaYaĀbVSĀ7]c`bĀb]ĀRWabW\UcWaVĀPSbeSS\2Ā

O&Ā[ObbS`aĀOQbcOZZgĀ`Sa]ZdSRĀPgĀbVSĀHS\bVĀ7W`QcWbĀZSUWbW[ObSZgĀbVSĀ[O\RObS3ĀO\RĀ

P&ĀO\gĀFcZSĀ.(ĀU`]c\RaĀ^`]^S`ZgĀQ]U\WhOPZSĀW\RS^S\RS\bZgĀ]TĀbVObĀ[ObbS`&ĀbV]

-*&=TĀbVSĀ7]c`bĀRSbS`[W\SaĀbVObĀSdS`gĀQ][^]\S\bĀ]TĀ97:ĀB]&Ā,*ĀWaĀPO``SRĀPgĀbVSĀ

O^^SZZObSĀ[O\RObS$ĀDZOW\bWTTĀ`Sa^SQbTcZZgĀ`S_cSaballĀbVObĀbVSĀ7]c

Q][^]\S\baĀO\RĀbVSĀQ]``Sa^]\RW\UĀ^]`bW]\Ā]TĀbVSĀ[O\RObSĀO\RĀObĀ[Ā

-+&GcQVĀOĀ`cZW\UĀe]cZRĀ^`SaS`dSĀbVSĀ[O\RObSĀeVWZSĀ^`]dWRW\UĀQZO`WbgĀT]`ĀbVSĀ`SQ]`RĀ

T]`ĀO^^SZZObSĀ`SdWSe&Ā

J=&ĀH<9Ā7CBGH=HIH=CB5@Ā5B8Ā7CIFHĀ5779GGĀEI9GH=CBGĀK5FF5BHĀ

5DD@=75H=CBĀC:ĀH<9Ā7CFF97HĀDFC798IF5@ĀGH5B85F8Ā

-,& HVSĀc\RS`ZgW\UĀFcZSĀ.("P#",#Ā`S_cSabĀW\d]ZdSRĀOĀQ]\abWbcbW]\OZĀQZOW[$Ā\]bĀ

[S`SZgĀRWaOU`SS[S\bĀeWbVĀbVSĀ]`WUW\OZĀXcRU[S\b&Ā

--& HVSĀGc^`S[SĀ7]c`bĀVOaĀ`S^SObSRZgĀS[^VOaWhSRĀbVO[illegible]
WaĀOĀTc\RO[S\bOZĀQ][^]\S\bĀ]TĀRcS [illegible]+0(ĀI&G&ĀObĀ--*&Ā

-.& =\ĀbVSĀRWaOPWZWbgĀOQQSaaĀQ]\bSfb$ĀbVSĀGc^`[illegible]bVSĀ
Q]c`baĀOaĀOĀTc\RO[S\bOZĀW\bS`SabĀ^`]bSQbSRĀPg [illegible]Ā
I&G&Ā-(1$Ā-**i*+$Ā-++i+,Ā"*((,#&Ā

-/& DZOW\bWTTĀOaYaĀbVObĀbVSĀFcZSĀ.(Ā[]bW]\Ā`OW [illegible]c\RS`Ā
bVSĀabO\RO`RaĀ7]\U`SaaĀO\RĀbVSĀ:SRS`OZĀFcZSaĀ[illegible]a]ZSZgĀ
PSQOcaSĀO\ĀSO`ZWS`ĀXcRU[S\bĀVORĀOZ`SORgĀPSS\ĀOTTW`[SR&Ā

-0& 97:ĀB]&Ā,*ĀWaĀOĀdOZWRĀTW\OZĀ^]ab%XcRU[S\bĀ`[illegible]&Ā

-1& =baĀabObSRĀ`ObW]\OZSĀWaĀbVS`ST]`SĀ^`]^S`ZgĀacPXSQbĀb]Ā`SdWSe&Ā

.(& DZOW\bWTTĀ`Sa^SQbTcZZgĀ`S_cSabaĀbVObĀbVSĀ7]c`b [illegible]bVS`Ā
97:ĀB]&Ā,(ĀTOWZa2Āc\RS`ĀbVSĀFcZSĀ.("P#",#ĀabO\RO[illegible]bVSĀF
Sfb`O]`RW\O`gĀQW`Qc[abO\QSaĀabO\RO`R3ĀPSQOcaSĀ [illegible]`]VWPWbS
PgĀbVSĀ[O\RObSĀ`cZS3ĀPSQOcaSĀbVSĀ`S_cSabSRĀFcZS [illegible]Z]eW\UĀ
XcRU[S\b3Ā]`ĀT]`ĀO\]bVS`ĀW\RS^S\RS\bZgĀacTTWQWS\bĀ`SOa]\&Ā

J==&ĀF9EI9GHĀ:CFĀF9@=9:Ā

K<9F9:CF9$ĀDZOW\bWTTĀ`Sa^SQbTcZZgĀ`S_cSabaĀbVObĀbVSĀ7]c`b2Ā

)& ;F5BHĀbVWaĀFcZSĀ-1"S#Ā[]bW]\3Ā

*& J575H9ĀCFĀ5@H9FĀ97:ĀBC&Ā,*Āb]Ā`S[]dSĀbVSĀQ]\QZcaW]\Ā [illegible]Ā
OTTW`[O\QS$ĀabO\RW\UĀOZ]\S$ĀT]`SQZ]aSaĀQ]\aWR [illegible]

+& F97CBG=89FĀ97:ĀBC&Ā,(Āc\RS`ĀbVSĀ^`]^S`ĀFcZSĀ.(ĀabO\RORab\ROaSaĀeWbVWĀ

*1G5A85E8Ā.=?Ā%B"ĀB:Ā%5?=:BEA=5ĀI"Ā$ĀEBG9*9GG5Ā9F"ĀI"Ā%<$Ā8:9&EBJĀ*

*2E=69ĀB:Ā)A8=5AFĀI"Ā09CF=F*

,& GS^O`ObSZgĀORXcRWQObSĀDZOW\bWTT!aĀFcZSĀ.("P#"Ā#Ā)cRW`ĀFcZSĀ.("P#"

-& 8SbS`[W\SĀeVSbVS`ĀO\RĀb]ĀeVObĀSfbS\bĀbVSĀ[O\RObSĀcZSĀ0]`bVSĀO`ĀU`]c\RĀ

^`SaS\bSRĀW\Ā97:ĀB]&Ā,(3ĀO\RĀ

.& ;`O\bĀacQVĀ]bVS`ĀO\RĀTc`bVS`Ā`SZWSTĀOaĀbVSĀ7]c`bĀTW\RaĀXcab&Ā

FSa^SQbTcZZgĀacP[WbbSR$Ā Ā Ā Ā Ā 8ObSR2ĀGS^bS[PS`Ā*,$Ā*(*.Ā

'a'Ā5\USZWW\OĀ@g\\Ā@Oea]\Ā

5\USZWW\OĀ@g\\Ā@Oea]\$ĀD`]ĀGSĀ

)1),Ā-bVĀ5dS\cS$Ā@SOdS\e]`bV$Ā?O\aOaĀ..(,0Ā

O\USZWW\OQ]c`b`SQ]`Ra4U[OWZ&Q][Ā*1/*%)..)Ā

79FH=:=75H9ĀC:ĀG9FJ=79Ā

=ĀQS`bWTgĀbVObĀ]\ĀGS^bS[PS`Ā*,$Ā*(*.$Ā=ĀTWZSRĀbVSĀTVSĀTWZSĀUĀbVSĀ]bW]\Āb]Ā5ZbS`Ā

]`Ā5[S\RĀGS^bS[PS`Ā**$Ā*(*.ĀC`RS`Ā"97:ĀB]&Ā,*#Ā8S\gW\UĀ7ZS`YĀAO\RĀAS[]`O\Rc[Ā

W\ĀGc^^]`bĀbV`]cUVĀbVSĀ7]c`b!aĀSZSQb`]\WQ%TWZW\UĀagabS[&Ā

B]Ā8STS\RO\bĀeOaĀaS`dSRĀPST]`SĀRWa[WaaOZ$Ā\]Ā8STS\RO\bĀVOaĀSQRAW\ĀbVWaĀOQbW]\$Ā

O\RĀ\]ĀQ]c\aSZĀT]`ĀO\gĀ8STS\RO\bĀWaĀ^`SaS\bZgĀQ]\\SQbSRĀbVS`&ĀDZOW\bWTTĀbVS`S

`Sa^SQbTcZZgĀ`S_cSabaĀbVObĀbVSĀ7ZS`YĀ^`]dWRSĀO\gĀ\]bWQSĀ`S_cW`SRĀPgĀbVSĀ7]c`bĀ

RSbS`[W\SaĀbVObĀORRWbW]\OZĀaS`dWQSĀ]\ĀO\gĀ8STS\RO\bĀWaĀ\SSRSRĀQ][^ZgĀ^`][^bZgĀ

eWbVĀO\gĀ]`RS`ĀWRS\bWTgW\UĀbVSĀ`S_cW`SRĀ[SbV]RĀ]TĀaS`dWQS&Ā

'a'Ā5\USZWW\OĀ@g\\Ā@Oea]\Ā

5\USZWW\OĀ@g\\Ā@Oea]\$ĀD`]ĀGSĀ

Ā

```
MIME-Version:1.0
From:KSD_CMECF@ksd.uscourts.gov
To:ksd_nef@localhost.localdomain
Bcc:
--Case Participants: Angeliina Lynn Lawson (angeliinacourtrecords@gmail.com), Chief
District Judge John W. Broomes (joyce_roach@ksd.uscourts.gov,
ksd_broomes_chambers@ksd.uscourts.gov), Magistrate Judge Teresa J James
(ksd_james_chambers@ksd.uscourts.gov)
--Non Case Participants: Stephen O. Phillips (steve.phillips@kscourts.org)
--No Notice Sent:

Message-Id:6785018@ksd.uscourts.gov
Subject:Activity in Case 2:25-cv-02199-JWB-TJJ Lawson v. Godderz et al Order on Motion for
Reconsideration
```
Content-Type: text/html

**U.S. District Court**

**DISTRICT OF KANSAS**

## Notice of Electronic Filing

The following transaction was entered on 10/8/2026 at 1:56 PM CDT and filed on 10/8/2026

| | |
|---|---|
| **Case Name:** | Lawson v. Godderz et al |
| **Case Number:** | 2:25-cv-02199-JWB-TJJ |
| **Filer:** | |
| **WARNING: CASE CLOSED on 10/29/2025** | |
| **Document Number:** | 44(No document attached) |

**Docket Text:**

**Before the court is Plaintiff's motion to alter or amend under Fed. R. Civ. P. 59(e). (Doc. 43.) The court already dismissed this action and was affirmed by the Tenth Circuit. (Docs. 33, 34, 41.) The court then denied Plaintiff's motion for relief from judgment under Rule 60(b). (Docs. 40, 42.) To the extent Plaintiff seeks to alter or amend the judgment, her motion is untimely: a Rule 59(e) motion must be filed no later than 28 days after entry of the judgment, and judgment was entered on October 29, 2025 (Doc. 34), nearly a year ago. To the extent Plaintiff seeks reconsideration of the order denying Rule 60(b) relief (Doc. 42), she argues nearly identical grounds to those raised in her Rule 60 motion. (Doc. 40.) Again, she identifies no basis for relief and the court finds none. Plaintiff's motion (Doc. 43) is DENIED. Plaintiff remains free to appeal, but this case is over at this level. Any future motion seeking the same relief will be summarily denied, and the court will consider sanctions and filing restrictions if Plaintiff continues to file such motions. Signed by Chief District Judge John W. Broomes on 10/8/26. (This is a TEXT ENTRY ONLY. There is no.pdf document associated with this entry.) (rs)**

**2:25-cv-02199-JWB-TJJ Notice has been electronically mailed to:**

Angeliina Lynn Lawson     angeliinacourtrecords@gmail.com

**2:25-cv-02199-JWB-TJJ Notice has been delivered by other means to:**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ANGELIINA LYNN LAWSON,
Plaintiff,

v.

ERIC W. GODDERZ; STATE OF KANSAS;
TAYLOR J. WINE; and JOHN BRYANT,
Defendants.

Case No. 2:25-cv-02199

NOTICE OF APPEAL

Notice is hereby given that Plaintiff Angeliina Lynn Lawson, proceeding pro se, appeals to the United States Court of Appeals for the Tenth Circuit from the following post-judgment orders entered in this action:

1. ECF No. 42, entered September 22, 2026, denying Plaintiff's Motion for Relief from Judgment under Fed. R. Civ. P. 60(b), ECF No. 40; and
2. ECF No. 44, entered October 8, 2026, denying Plaintiff's Rule 59(e) Motion to Alter or Amend the September 22, 2026 Order, ECF No. 43.

This appeal is directed to the district court's post-mandate disposition of Plaintiff's Rule 60(b)(4) and Rule 60(b)(6) motion and its subsequent refusal to alter or amend that ruling.

Plaintiff appeal concerns the district court's rulings entered after jurisdiction returned following the prior appellate mandate, including whether the district court applied the correct legal standards governing post-mandate Rule 60 relief.

PRESERVATION OF CHALLENGE TO SANCTIONS AND FILING RESTRICTION WARNING

Plaintiff further gives notice that this appeal encompasses the portion of ECF No. 44 stating that:

"Any future motion seeking the same relief will be summarily denied, and the court will consider sanctions and filing restrictions if Plaintiff continues to file such motions."

Plaintiff contends that this portion of ECF No. 44 presents an additional constitutional and procedural issue because it threatens sanctions and restrictions upon future court filings immediately after Plaintiff exercised rights under Rules 60 and 59(e) and while expressly preserving appellate review.

Plaintiff intends to present to the Court of Appeals whether such a warning:

1. impermissibly chills Plaintiff's First Amendment right to petition the Government for redress of grievances;
2. burdens Plaintiff's Fifth Amendment right to procedural due process and meaningful access to a neutral judicial forum;
3. threatens to impose financial or procedural consequences upon an indigent pro se litigant for pursuing nonfrivolous arguments concerning controlling Supreme Court and Tenth Circuit authority;
4. improperly conditions access to the federal courts upon abandonment of preserved objections and appellate rights; and
5. requires procedural safeguards before any filing restriction or sanction may actually be imposed.

This paragraph is included to identify and preserve the scope of the appeal arising from ECF No. 44.

## TIMELINESS OF APPEAL

ECF No. 42 was entered September 22, 2026.

Plaintiff filed ECF No. 43 on September 24, 2026, two days after entry of ECF No. 42, challenging the correctness of the September 22 post-judgment order.

The district court disposed of ECF No. 43 through ECF No. 44 on October 8, 2026.

This Notice of Appeal is therefore filed following entry of ECF No. 44 and seeks review of both ECF Nos. 42 and 44.

Plaintiff expressly preserves her position that ECF No. 43 was timely insofar as it sought alteration or reconsideration of ECF No. 42, rather than alteration of the October 29, 2025 original judgment.

## IN FORMA PAUPERIS STATUS

Pursuant to Fed. R. App. P. 24(a)(3), Plaintiff respectfully relies upon her existing IFP authorization for purposes of this appeal.

## RELIEF SOUGHT ON APPEAL

Plaintiff will request that the Court of Appeals review ECF Nos. 42 and 44 and grant such relief as appellate law permits, including:

1. vacatur of ECF Nos. 42 and 44;
2. remand for consideration of ECF No. 40 under the correct standards governing Fed. R. Civ. P. 60(b)(4) and 60(b)(6);

3. determination of the proper relationship between the prior appellate mandate and post-mandate Rule 60 jurisdiction;
4. review of the sanctions and filing restriction warning contained in ECF No. 44 to the extent presently reviewable; and
5. such other relief as the Court of Appeals determines appropriate.

Respectfully submitted, Dated: October 8, 2026

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Pro Se
1914 5th Avenue, Leavenworth, Kansas 66048
angeliinacourtrecords@gmail.com (913) 972-1661

CERTIFICATE OF SERVICE

I certify that on October 8, 2026, I filed the foregoing Notice of Appeal with the Clerk of the United States District Court for the District of Kansas through the Court's electronic filing system.

No Defendant was served before dismissal, no Defendant entered an appearance in this action, and no counsel for any Defendant is presently counsel of record. Pursuant to Fed. R. App. P. 3(d), Plaintiff respectfully requests that the District Clerk transmit and serve notice of the appeal as required by the Federal Rules of Appellate Procedure.

If the Court determines that Plaintiff must complete any additional service upon a person who has not appeared in this action, Plaintiff requests notice identifying the required recipient and method of service and will promptly comply.

/s/ Angeliina Lynn Lawson
Angeliina Lynn Lawson, Pro Se